UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:25-cv-00161-FWS-DFM | Date: September 16, 2025 |
| Title: Trenton Smith *et al.* v. John Shahidi *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [68]**

  In this putative class action, Plaintiff Trenton Smith brings claims against Defendant Nelk, Inc. doing business as Nelk or Full Send, Defendant Nelk USA, Inc., Defendant Metacard LLC, Defendant Kyle Forgeard ("Kyle"), and Defendant John Shahidi ("John") (collectively, "Defendants") related to the purchase of Metacard. (*See generally* Dkt. 57 ("First Amended Complaint" or "FAC").) Before the court is Defendants' Motion to Dismiss. (Dkt. 68 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 69 ("Opposition" or "Opp.").) Defendants filed a reply in support of the Motion. (Dkt. 71 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for September 18, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.[1]

---

[1] Plaintiff dismissed Michael Burrow from this case pursuant to Burrow's agreement with Defendants. (Opp. at 5; Reply at 6; Dkt. 70 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:25-cv-00161-FWS-DFM | Date: September 16, 2025 |
| Title: Trenton Smith *et al.* v. John Shahidi *et al.* | |

## I.   Summary of the First Amended Complaint's Allegations[2]

Kyle and John are famous YouTube personalities known for their YouTube Channel "Nelk Boys" which gained a following of 8.22 million subscribers from its prank videos and podcasts. (FAC ¶ 2.) Following the success of their channel and podcast, Kyle and John developed a brand called "Full Send." (*Id.* ¶ 3.) The Full Send business venture at issue is Kyle and John's company Metacard, LLC. (*Id.* ¶ 4.) Metacard, LLC was created to sell digital assets that provide its holders access to business investment opportunities in ventures such as lounges, gyms, festivals, casinos, and restaurants, as well as access to products and services including apparel, virtual stores, virtual festivals, Metaverse casinos, and recording artists. (*Id.* ¶¶ 4, 38.) The digital assets were in the form of Full Send Metacard Non-Fungible Tokens ("Metacards"). (*Id.* ¶ 5.) Non-Fungible Tokens ("NFTs") are a form of digital assets that can be purchased, sold, and transferred on other cryptocurrencies, such as the OpenSea NFT marketplace. (*Id.* ¶ 6.)

On January 18, 2022, the day before the official release of Metacards, Kyle and John used their podcast to promote the sale of Metacards. (*Id.* ¶ 26.) On the same day, Defendants held a livestream attended by more than 240,000 individuals and posted on Instagram to promote the sale of Metacards. (*Id.* ¶¶ 27-28.) Instead of being a piece of digital art, Defendants represented that Metacard would provide specific benefits to purchasers. (*Id.* ¶ 31.) For example, Metacard purchasers would have exclusive access to Defendants' current and future business endeavors. (*Id.* ¶ 32.) In addition, Defendants would provide exclusive access to merchandise, Nelk Boys content, including behind-the-scenes videos, bonus footage, and unreleased material, and invitations or early access to virtual meetings, live streams, or digital meetups with the Nelk Boys. (*Id.* ¶¶ 33, 39.) Metacard holders would have access to the Full Send and Nelk Boys community, including exclusive forums and chat groups with the Nelk Boys and other NFT holders, and discounts on Full Send branded merchandise such as clothing and accessories. (*Id.* at ¶ 39.)

---

[2] For purposes of the Motion, the court "accept[s] factual allegations in the [FAC] as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM                                               Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

On January 19, 2022, Defendants launched the Metacards, selling all 10,000 NFTs within 10 minutes and earning over $23 million. (*Id.* ¶ 46.) Metacard purchasers relied on the representations made by Defendants leading up to the Metacard sale. (*Id.* ¶ 40.) Despite earning over $23 million, Defendants did not use the funds to provide the promised benefits and perks of owning a Metacard. (*Id.* ¶ 48.) Rather, Defendants used the funds for their own personal benefit. (*Id.*) As months passed, Defendants failed to make progress on any of the promised business ventures and Metacard holders expressed frustration in the Full Send discord channel. (*Id.* ¶¶ 50-51.)

Defendants arranged a few exclusive events such as a Snoop Dogg performance in April 2022 and private watch parties for Metacard holders. (*Id.* ¶¶ 52, 55.) For discounts and products, Defendants offered a 50% off coupon for Full Send branded supplements. (*Id.* ¶ 60.) Defendants also made a claim on social media that they gave away $250,000 worth of merchandise to Metacard holders, but Plaintiff did not receive any merchandise, product, or apparel. (*Id.* ¶ 61.) In March of 2022, Kyle announced that Full Send would open a sports bar with well-known Miami restauranteur Dave Grutman, who Kyle claimed owned the rarest of Metacards. (*Id.* ¶ 53.) The sports bar never opened. (*Id.*)

In April 2024, Defendants announced Metacard owners could join a "landmark initiative at the intersection of products, crypto, and digital assets that will help pave the way for the future of decentralized community ownership of real-world products." (*Id.* ¶ 91.) The "landmark initiative" involved the official launch of Defendants' "Bored Jerky" line of beef jerky products, which was announced as an "exclusive Metacard Holder Program." (*Id.* ¶ 95.) Under the Metacard Holder Program, Defendants represented that they "reserved 40% of Bored Jerky as a company for YOUR [Metacard holders'] benefit." (*Id.* ¶ 96.) For those who did not want to participate in the Program, Defendants stated they would refund the Metacard purchase price with interest. (*Id.* ¶ 100.) To obtain the refund, the Metacard holder was required to sign a "Token Rescission Agreement" with Metacard LLC, which provided that the Metacard holder would return all "Full-Send Metacard" blockchain-based tokens held by the Metacard holder in exchange for payment of $2,300. (*Id.* ¶ 101.) The offers described above were only available for thirty days—from May 20, 2024, to June 20, 2024—and were communicated through the OpenSea and discord channels that were largely unused by Defendants to communicate with Metacard purchasers. (*Id.* ¶ 104.) Accordingly, the communication was not reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00161-FWS-DFM  Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

designed to reach Metacard purchasers, and not all Metacard purchasers saw the communication until after the thirty-day deadline passed. (*Id.* ¶ 105.) Once the deadline passed, Defendants discontinued any benefits of the Metacard and ceased pursuing any of the promised benefits of the Metacard, rendering the Metacard completely valueless and obsolete. (*Id.* ¶ 108.) In addition, Defendants failed to pursue Bored Jerky in good faith by adequately funding, staffing, and planning the business. (*Id.* ¶ 112.) Bored Jerky was a simple rebranding of a pre-existing beef jerky company. (*Id.* ¶ 66.) More importantly, Defendants offered no equity in Bored Jerky to Metacard holders despite promising that holding a Metacard granted partnership into all Full Send business ventures. (*Id.*)

Plaintiff purchased a Metacard on January 19, 2022, for $2,300 after receiving and relying on the misrepresentations by Defendants. (*Id.* ¶ 116.) Specifically, Plaintiff listened to Defendants' podcast episode and watched Defendants' livestream. (*Id.* ¶ 117.) In deciding to purchase the Metacard, Plaintiff relied on Defendants' statements regarding the benefits of owning a Metacard. (*Id.* ¶ 118.)

Plaintiff alleges claims against Defendants for (1) breach of fiduciary duty, (2) fraud, (3) violation of the California Legal Remedies Act ("CLRA"), and (4) civil conspiracy.[3] (*See generally id.* ¶¶ 148-195.)

## II.   Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its

---

[3] The court granted the parties' stipulation to withdraw "allegations that Defendants failed to pay refunds to individuals who performed and properly returned their Metacards under the Token Rescission." (Dkt. 72 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM                                         Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM  Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

### III. Analysis

Defendants move to dismiss Plaintiff's claims on the basis that (1) the claims are barred by the refund offers, and that Plaintiff fails to adequately allege his claims for (2) fraud, (3) breach of fiduciary duty, (4) violation of the CLRA, and (5) civil conspiracy. (Mot. at 15, 25-26.)

#### A. Refund Offers

Defendants argue that the refund offers bar Plaintiff's claims because he had the opportunity to receive a full refund of his purchase price plus interest. (Mot. at 25-26.) Plaintiff responds that he never received a refund offer and that the offer was made on rarely used communication channels. (Opp. at 20.)

The court finds Defendants fail to adequately demonstrate that the refund offers bar Plaintiff's claims. *See In re MacBook Keyboard Litig.*, 2019 WL 6465285, at *8 (N.D. Cal. Dec. 2, 2019); *Fischer v. Comfrt LLC*, 2025 WL 1827769, at *8 (C.D. Cal. June 30, 2025); *Overton v. Bird Brain, Inc.*, 2012 WL 909295, at *4 (C.D. Cal. Mar. 15, 2012). Plaintiff alleges he did not see communications regarding the refund offer until after the offer deadline passed. (FAC ¶ 122.) Plaintiff further alleges that the offers were communicated through unused channels and was not reasonably designed to reach Metacard purchasers. (*Id.* ¶¶ 104-05.) Additionally, Plaintiff seeks relief beyond what was provided in the refund offer. (*Id.* at 49.) Because Plaintiff did not receive a refund offer, challenges the adequacy of communications regarding the refund offer, and seeks damages beyond what was offered, the court finds that Defendants fail to adequately demonstrate Plaintiff's claims are barred by the refund offer at this stage of the proceedings. *See In re MacBook Keyboard Litig.*, 2019 WL 6465285, at *8 (finding that defendant's repair program does not moot plaintiffs' claims because they seek relief beyond what the program offered); *Fischer*, 2025 WL 1827769, at *8 (finding that an email and letter offering monetary relief was insufficient to demonstrate plaintiff's claim was moot because there is no evidence that the refund offer was accepted); *Overton*, 2012 WL

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:25-cv-00161-FWS-DFM | Date: September 16, 2025 |
| Title: Trenton Smith *et al.* v. John Shahidi *et al.* | |

909295, at *4 (declining to determine whether plaintiff's claims are mooted by a recall and refund program at the motion to dismiss stage).

    **B.**    **Fraud**

    Under California law, "the elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (citation modified). "In the context of this type of promissory fraud claim, alleging why the promise was false when made requires pleading facts from which it can be inferred that the promisor had no intention of performing at the time the promise was made. Mere nonperformance of a promise does not suffice to show the falsity of the promise." *UMG Recordings v. Glob. Eagle Ent.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015). To establish reliance in a fraud claim, "plaintiffs must show (1) that they actually relied on the defendant's misrepresentations, and (2) that they were reasonable in doing so." *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 68 Cal. Rptr. 3d 828, 855 (Cal. Ct. App. 2007).

    "The alleged misrepresentation must ordinarily be an affirmation of past or existing facts to be an actionable fraud claim; predictions as to future events are deemed opinions, and not actionable by fraud." *Glen Holly Ent. v. Tektronix*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). In addition, "a statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citation modified).

    Under Federal Rule of Civil Procedure 9(b), "[a] party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation modified). Claims subject to Rule 9(b) must allege the "time, place, and specific

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:25-cv-00161-FWS-DFM | Date: September 16, 2025 |
| Title: Trenton Smith *et al.* v. John Shahidi *et al.* | |

content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Defendants argue that Plaintiff fails to allege (1) false pre-sale statements, (2) scienter or negligence, and (3) reasonable reliance. (Mot. at 15-20.)

### 1. False Pre-Sale Statement

Defendants argue that Plaintiff received the promised benefits in the pre-sale statements based on the allegations. (Mot. at 15-16.) Defendants also argue that many of the pre-sale statements at issue are puffery or opinions. (*Id.* at 17-18.) Plaintiff responds that the allegations regarding pre-sale misrepresentations were adequately alleged. (Opp. at 8-11.) Plaintiff further responds that Defendants' alleged statements were not puffery because Defendants made specific representations about the benefits of Metacards. (*Id.* at 13-14.)

The court finds Plaintiff adequately alleges promised benefits that were not conferred. Plaintiff alleges Kyle stated that Defendants are "going to be doing a ton of projects" and in "all those projects the only first access goes to Metacard holders." (FAC ¶ 33(b).) Plaintiff also alleges Kyle and John represented that they would work on lounges and potentially open physical locations. (*See, e.g.*, *id.* ¶ 36(c-d) ("You know, that's what we're going to be up late tonight. Working on those lounges will be. . . . I think the price that you're going to see is, like. It's just. It's something that we chose that if we want to open up all these physical locations and offer real utility and build, like, the ultimate club members, this is just, like, the reality of what it is, you know, like that.").) Plaintiff further alleges that Defendants promised to provide Metacard holders the following benefits: (1) exclusive Nelk Boys content, including behind-the-scenes videos, bonus footage, and unreleased material, (2) invitations or early access to virtual meetings, live streams, or digital meetups with the Nelk Boys, (3) access to the Full Send and Nelk Boys community, which included exclusive forums, chat groups, and conversations with the Nelk Boys and other NFT holders, (4) discounts on Full Send branded merchandise such as clothing and accessories, (5) invitations to participate in Nelk Boys projects or collaborations, and (6) first or exclusive access to merchandise, future NFTs, gyms, clubs, and other businesses. (*Id.* ¶¶ 38, 39, 75, 76, 83.) Although Defendants point to some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM     Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

benefits that were provided, (*see* Mot. at 15-16), the court finds that Plaintiff sufficiently alleges additional benefits that were not conferred, (FAC ¶ 77). The court further finds that Defendants' alleged misrepresentations are not puffery because they are promises to provide specific benefits. *See Newcal Indus.*, 513 F.3d at 1053. While Defendants allegedly made representations such as, "We'll be doing a lot of collabs in the space with cool projects," "[t]his is something special we're building," "you guys are helping us build something and you're also hopefully getting a more valuable token," (FAC ¶¶ 33-35), the court finds that Defendants' representations discussed above contain specificity beyond mere puffery. *See Toyo Tire Holdings of Americas Inc. v. Ameri & Partners, Inc.*, 753 F. Supp. 3d 966, 984-85 (C.D. Cal. 2024) (evaluating potential puffery in conjunction with other alleged misrepresentations that contain detail beyond puffery). Accordingly, the court finds Plaintiff adequately alleges promised benefits that were not conferred. *See Newcal Indus.*, 513 F.3d at 1053 ("Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim.").

      2.    **Scienter or Negligence**

Defendants argue that Plaintiff fails to sufficiently allege intent, scienter, or negligence. (Mot. at 16-19.) Defendants also argue that the post-sale statements are not actionable. (*Id.* at 20-21.) Plaintiff responds that he adequately alleged scienter based on the circumstances surrounding Defendants' alleged conduct. (Opp. at 14-16.) Plaintiff further responds that Defendants' post-sale statements demonstrate Defendants' intent to not perform and to induce reliance. (*Id.* at 11-12.)

The court finds that Plaintiff fails to sufficiently allege intent, scienter, or negligence. *See UMG Recordings*, 117 F. Supp. 3d at 1108. Plaintiff alleges that proof of Defendants' scienter comes from podcasts in which Kyle and John were interviewed, their continued assurances after the sale of Metacard, and Defendants' failure to open the sports bar. (FAC ¶¶ 53, 54, 59, 64, 65, 76, 86.) Plaintiff further alleges that the Bored Jerky program demonstrates Defendants' scienter because Metacard holders were required to refer new customers to the company to participate in the program and Defendants failed to "adequately fund, staff, plan the Bored Jerky business and never had any intention of doing so." (*Id.* ¶¶ 98, 112.) And finally, Plaintiff alleges that the Bored Jerky program demonstrates scienter because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM                                     Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

Defendants announced the programs on rarely used channels and kept the offers open for only a brief period. (*Id.* ¶¶ 104-109.) The court finds these allegations regarding Defendants' failure to perform on its promises are insufficient to demonstrate Defendants "did not intend to perform the promises at the time they were made." *Miron v. Herbalife Int'l, Inc.*, 11 F. App'x 927, 930 (9th Cir. 2001). As discussed above, the court agrees with Plaintiff that Defendants allegedly failed to confer all the benefits Defendants promised. *See* Section III.B.1. However, Defendants' subsequent failure to perform its promises does not sufficiently allege that Defendants did not intend to perform at the time the promises were made. *See UMG Recordings*, 117 F. Supp. 3d at 1108 ("Mere nonperformance of a promise does not suffice to show the falsity of the promise."); *see also Tsai v. Wang*, 2017 WL 2587929, at *5 (N.D. Cal. June 14, 2017) ("Simply pointing to Defendant's alleged failure to perform under the parties' agreement is insufficient to establish Defendant's fraudulent intent."). Moreover, allegations that Defendants provided some benefits and planned to provide further benefits demonstrate Defendants did intend to perform on their promises. For example, Defendants held an event in April 2022 with Snoop Dogg, (FAC ¶ 52), hosted private watch parties, (*id.* ¶ 55), provided discounts on certain Full Send branded products, (*id.* ¶¶ 60, 77), and gave away $250,000, (*id.* ¶¶ 8, 61). Because Plaintiff fails to sufficiently allege Defendants intended to defraud Plaintiff at the time the promises were made, the court **GRANTS** the Motion as to Plaintiff's Fraud Claim. *See UMG Recordings*, 117 F. Supp. 3d at 1108; *Tsai*, 2017 WL 2587929, at *5.

       3.     **Reasonable Reliance**

Defendants argue Plaintiff fails to allege specific misrepresentations that he actually and justifiably relied on in deciding to purchase the Metacard. (Mot. at 19-20.) The court finds that Plaintiff adequately alleges reliance on specific statements. *See OCM Principal Opportunities Fund*, 68 Cal. Rptr. 3d at 855. Plaintiff alleges that he relied on Defendants' statements regarding the benefits of owning a Metacard, including the access to merchandise, business opportunities, and memberships. (FAC ¶ 118.) Plaintiff further alleges that he relied on statements regarding Defendants' use of funds raised by the Metacard sale to fulfill the promises. (*Id.*) And finally, Plaintiff alleges a list of representations that Plaintiff relied on. (*Id.* ¶ 157.) Accordingly, the court finds that Plaintiff adequately alleges reliance on specific statements. *See OCM Principal Opportunities Fund*, 68 Cal. Rptr. 3d at 855. However, for the reasons discussed in Section III.B.2., the court still dismisses the fraud claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM                                         Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

### C. Breach of Fiduciary Duty

Defendants argue Plaintiff fails to allege a fiduciary duty owed to him. (Mot. at 21-22.) Plaintiff responds that Defendants owed a fiduciary duty to him because Defendants treated their relationship as confidential and acted as Plaintiff's agent for access to Metacards. (Opp. at 16-18.)

To establish a breach of fiduciary duty, the plaintiff must allege: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995). "[T]he existence of a duty is a question of law for the court." *Ky. Fried Chicken of Cal. v. Superior Ct.*, 14 Cal. 4th 814, 819 (1997). "A fiduciary relationship is created where a person reposes trust and confidence in another and the person in whom such confidence is reposed obtains control over the other person's affairs." *Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 586 (2005); *see also, e.g., Persson v. Smart Inventions, Inc.*, 125 Cal. App. 1141, 1160 (2005) ("Technically, a fiduciary relationship is a recognized legal relationship such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client . . . .") (quoting *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 270 (2003)). "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *McMillin v. Eare*, 70 Cal. App. 5th 893, 912 (2021) (quoting *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008)).

The court finds Plaintiff fails to sufficiently allege that Defendants owed Plaintiff a fiduciary duty. *See Kamath v. Itria Ventures, LLC*, 2024 WL 590603, at *6 (N.D. Cal. Feb. 13, 2024). Plaintiff alleges Defendant represented that Metacard was like a stock, treating it as a business, and acted as Plaintiff's agent. (FAC ¶¶ 34-37.) However, the court finds that the allegations of Defendants' representations are insufficient to adequately allege a fiduciary relationship because the parties' alleged relationship appears to be a commercial transaction. *See Kamath*, 2024 WL 590603, at *6 ("Nothing about Plaintiff's contractual relationship with Itria—a mere buyer-seller relationship—indicates that Defendants owed Plaintiff a duty of undivided loyalty. Indeed, California law is clear that an arm's length commercial transaction

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00161-FWS-DFM　　　　　　　　　　　　　　Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

---

does not give rise to a fiduciary relationship." (citation modified)); *see also McCann v. Lucky Money, Inc.*, 29 Cal. Rptr. 3d 437, 449 (2005) ("Generally, there is no fiduciary owed duty in a purely commercial situation."). Moreover, Plaintiff fails to sufficiently allege "mutual *consent*, and *control* by the principal of the agent." *Luken v. Christensen Grp. Inc.*, 247 F. Supp. 3d 1158, 1163 (W.D. Wash. 2017); *see id.* ("Luken has not suggested, much less pled, that the parties agreed that CSL or its officers agreed to be Luke's agent, or that he agreed to be their principal, and such a claim is inconsistent with the facts alleged elsewhere. Nor can Luken plausibly allege that he had the requisite control over the defendants to make them his agent."). Because Plaintiff fails to adequately allege a fiduciary relationship, the court **GRANTS** the Motion as to Plaintiff's claim for breach of fiduciary duty.

　　D.　　**CLRA Claim**

　　Defendants argue that the CLRA claim fails because Plaintiff is not entitled to equitable relief because Plaintiff seeks the same monetary damages—on the same basis and in the same amount—as in his request for equitable relief. (Mot. at 22-23.) Defendants also argue Plaintiff fails to demonstrate a threat of future injury that is actual and imminent for the requested injunctive relief. (*Id.*) Plaintiff responds that he is seeking damages under the CLRA which is not an equitable claim. (Opp. at 18.)

　　The CLRA forbids "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). To state a claim under the CLRA, "a plaintiff must allege: (1) a misrepresentation; (2) reliance on that misrepresentation; and (3) damages caused by that misrepresentation." *In re Sony PS3 Other OS Litig.*, 551 Fed. App'x. 916, 920 (9th Cir. 2014). "The Ninth Circuit has recently emphasized that, as a matter of federal law, a plaintiff seeking equitable relief must allege and prove that there is no adequate remedy at law." *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 689 F. Supp. 3d 760, 777 (C.D. Cal. 2023) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020)). "Monetary damages are generally an adequate remedy for past harm, especially where the legal and equitable claims asserted are duplicative." *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 689 F. Supp. 3d at 777 (citation modified).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM   Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*

The court finds that Plaintiff fails to adequately allege his request for equitable relief. As Defendants points out, Plaintiff fails to demonstrate how legal remedies are inadequate or how injunctive relief is necessary to prevent a threat of future injury that is actual or imminent. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 689 F. Supp. 3d at 777. Accordingly, the court **GRANTS** the Motion as to Plaintiff's CLRA claim to the extent he seeks equitable relief.

### E. Civil Conspiracy

Defendants argue that Plaintiff's civil conspiracy theory fails because Plaintiff fails to allege an underlying tort or the elements of a civil conspiracy. (Mot. at 24-25.) Plaintiff responds that he adequately alleged the underlying tort of fraud and the elements of a civil conspiracy. (Opp. at 18-20.)

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). Under California law, "[c]ivil conspiracy consists of three elements: '(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Swipe & Bite, Inc. v. Chow*, 147 F. Supp. 3d 924, 935-36 (N.D. Cal. 2015) (quoting *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995)). "[T]here is no separate and distinct tort cause of action for civil conspiracy. In other words, a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." *Liberty City Movie, LLC v. U.S. Bank, N.A.*, 824 F. App'x 505, 508 (9th Cir. 2020) (citation modified). A civil conspiracy claim must be pleaded with particularity under Rule 9(b)'s heightened pleading standard where the claim sounds in fraud. *Wasco Prods. v. Southwall Techs.*, 435 F.3d 989, 990-91 (9th Cir. 2006).

The court finds that Plaintiff fails to adequately allege a civil conspiracy claim because the underlying tort of fraud is inadequately alleged. *See Liberty City Movie, LLC*, 824 F. App'x at 508. Even if Plaintiff adequately alleged fraud, the court would find that Plaintiff fails to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00161-FWS-DFM                    Date: September 16, 2025
Title: Trenton Smith *et al.* v. John Shahidi *et al.*
_____

sufficiently allege a civil conspiracy. Under the FAC's Civil Conspiracy section, Plaintiff alleges that "Defendants agreed and conspired to solicit Plaintiff[]" to become a Metacard purchaser and "acted in concert." (FAC ¶ 193.) Plaintiff further alleges that "Defendants' acts and omissions in furtherance of their conspiracy proximately caused harm and damages to Plaintiffs." (*Id.* ¶ 194.) The court finds these conclusory allegations insufficient to meet the heightened pleading standard for civil conspiracy sounding in fraud. *See ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*, 2023 WL 4155366, at *11-12 (C.D. Cal. May 26, 2023) (finding allegations that Defendants entered into a conspiracy and acted pursuant to it are insufficient to demonstrate a civil conspiracy). In the Opposition, Plaintiff points to allegations that Kyle and John created Metacard, LLC to sell digital assets and used their fame to misrepresent the venture, acted in concert, and Plaintiff suffered damages after not receiving the promised benefits. (Opp. at 18-20.) However, the court finds that these allegations are insufficient to allege, with particularity, when or where the conspiracy was formed or how it was carried out by specific Defendants. *See ARF Dashnaktsutyun, W. U.S.A.*, 2023 WL 4155366, at *12. Moreover, Plaintiff's allegations appear to allege that Defendants operated a fraudulent company rather than a civil conspiracy among Defendants. (*See generally* FAC.) Accordingly, the court **GRANTS** the Motion as to Plaintiff's Civil Conspiracy claim.

    **F.**    **Summary and Leave to Amend**

In summary, the court finds (1) Defendants fail to adequately demonstrate that Plaintiff's claims are barred by the refund offers and (2) Plaintiff fails to adequately allege his claims. The court finds that Plaintiff's fraud claim fails because he does not sufficiently allege Defendants intended to defraud Plaintiff at the time the false promises were made. The court further finds that the CLRA claim fails to the extent he seeks equitable relief, and that the civil conspiracy theory fails. In addition, the court finds that Plaintiff's claim for breach of fiduciary duty fails because Plaintiff fails to adequately allege a fiduciary duty.

However, because the court cannot determine at this stage that granting leave to amend would be futile, the court will grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri*, 901 F.2d at 701); *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:25-cv-00161-FWS-DFM | Date: September 16, 2025 |
| Title: Trenton Smith *et al.* v. John Shahidi *et al.* | |

when 'it is clear . . . that the complaint could not be saved by any amendment.'") (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Accordingly, the court **GRANTS LEAVE TO AMEND**.

## IV. Disposition

For the reasons stated above, the court **GRANTS** the Motion. Plaintiff's claims for (1) breach of fiduciary duty, (2) fraud, (3) violation of the CLRA to the extent he seeks equitable relief, and (4) civil conspiracy are **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff believes he can cure the deficiencies described in this Order, Plaintiff shall file any amended complaint on or before **October 7, 2025**.

Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").