1  John P. Kristensen (SBN 224132)
2  **KRISTENSEN LAW GROUP**
3  120 Santa Barbara St., Suite C9
   Santa Barbara, California 93101
4  Telephone: (805) 837-2000
   *john@kristensen.law*
5
6  Jarrett L. Ellzey (Texas Bar No. 24040864)
   Leigh S. Montgomery (*Pro Hac Vice*)
7  Tommy Kherkher (*Pro Hac Vice*)
   Josh Sanford (*Pro Hac Vice*)
8  **EKSM, LLP**
9  1105 Milford Street
   Houston, Texas 77006
10 Telephone: (888) 350-3931
11
   **ATTORNEYS FOR PLAINTIFF AND THE**
12 **PUTATIVE CLASS**
13            **THE UNITED STATES DISTRICT COURT**
14    **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**
15 TRENTON SMITH, individually and        ) Case No.: 8:25-cv-161-FWS-DFM
   on behalf of all others similarly       )
16 situated,                               ) **[Discovery Document: Referred to**
                                           ) **Magistrate Judge Douglas F.**
17            Plaintiffs,                  ) **McCormick]**
18    vs.                                  )
                                           )
19 JOHN SHAHIDI, an individual;           ) **JOINT STIPULATION RE:**
   NELK, INC. dba NELK, FULL              ) **PLAINTIFF'S MOTION TO**
20 SEND, a Canadian Company,              ) **OVERRULE GENERAL AND**
   METACARD, LLC, a Delaware             ) **BOILERPLATE OBJECTIONS,**
21 Limited Liability Company; NELK       ) **COMPEL FURTHER**
   USA, INC., a Delaware Corporation;    ) **RESPONSES TO DISCOVERY &**
22 KYLE FORGEARD, an individual.         ) **ENTER PROTECTIVE ORDER**
23                                        )
            Defendants.                    )
24                                        ) Hearing Date: Oct. 14, 2025
25                                        ) Time:          10:00 a.m.
                                           )
26                                        ) Discovery Cut Off: June 10, 2026
27                                        ) PreTrial Conference: Dec. 10, 2026
                                           ) Trial Date: Jan. 12, 2027
28

---

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**
- 1 –

# **TABLE OF CONTENTS**

I.    PLAINTIFFS' INTRODUCTORY STATEMENT ...................................... 6

    **A. The Nature of the Case & Dispute** ................................ 6

    **B. Plaintiff Met and Conferred** ................................. 7

    **C. The General and Boilerplate Objections Must Be Overruled** .......... 7

    **D. Information The Disputed Discovery Requests Seek** ........................ 8

    **E. Protective Order** ........................ 8

    **F. Conclusion        9**

II.   DEFENDANT'S INTRODUCTORY STATEMENT ................................. 9

    **A. Procedural Background** ........................ 9

    **B. Defendants Have Provided Information that Plaintiff
        Requested for Class Certification** ........................ 10

    **C. Plaintiff's Discovery Dispute is Grossly Premature** ........................ 11

III.  GENERAL RESPONSE AND GENERAL OBJECTIONS TO
      REQUESTS FOR PRODUCTION OF DOCUMENTS ............................ 12

    **GENERAL RESPONSE AND OBJECTIONS TO REQUESTS FOR
        PRODUCTION:** ........................ 12

    **I. GENERAL OBJECTIONS.** ........................12

    **PLAINTIFF'S LEGAL AND FACTUAL REASONS WHY THE GENERAL
        AND BOILERPLATE OBJECTIONS TO PLAINTIFF'S REQUEST FOR
        PRODUCTION OF DOCUMENTS MUST BE OVERRULED** ........................ 17

    **DEFENDANTS' POSITION:** ........................ 18

IV.   GENERAL RESPONSE AND GENERAL OBJECTIONS TO
      INTERROGATORIES ........................ 19

    **GENERAL RESPONSE AND OBJECTIONS TO INTERROGATORIES:** .............. 19

    **I. GENERAL RESPONSES.** ........................19

    **II. GENERAL OBJECTIONS.** ........................20

1    PLAINTIFF'S LEGAL AND FACTUAL REASONS WHY THE GENERAL

2         AND BOILERPLATE OBJECTIONS TO PLAINTIFF'S

3         INTERROGATORIES MUST BE OVERRULED ........................................... 24

4    DEFENDANTS' POSITION: ........................................................................ 25

5    V.    INTERROGATORIES ................................................................................. 26

6    INTERROGATORY NO. 2 ............................................................................ 26

7    INTERROGATORY NO. 3: ........................................................................... 29

8    INTERROGATORY NO. 7: ........................................................................... 32

9    INTERROGATORY NO. 8: ........................................................................... 35

10   VI.   REQUESTS FOR PRODUCTION OF DOCUMENTS .............................. 38

11   REQUEST NO. 1: ......................................................................................... 38

12   REQUEST NO. 2: ......................................................................................... 40

13   REQUEST NO. 3: ......................................................................................... 42

14   REQUEST NO. 4: ......................................................................................... 45

15   REQUEST NO. 5: ......................................................................................... 47

16   REQUEST NO. 6: ......................................................................................... 49

17   REQUEST FOR PRODUCTION NO. 7: ........................................................ 51

18   REQUEST FOR PRODUCTION NO. 8: ........................................................ 54

19   REQUEST FOR PRODUCTION NO. 9: ........................................................ 57

20   REQUEST FOR PRODUCTION NO. 10: ...................................................... 60

21   REQUEST FOR PRODUCTION NO. 11: ...................................................... 63

22   REQUEST FOR PRODUCTION NO. 12: ...................................................... 65

23   REQUEST FOR PRODUCTION NO. 13: ...................................................... 68

24   REQUEST FOR PRODUCTION NO. 14: ...................................................... 70

25   REQUEST FOR PRODUCTION NO. 15: ...................................................... 73

26   REQUEST FOR PRODUCTION NO. 16: ...................................................... 75

27   REQUEST FOR PRODUCTION NO. 17: ...................................................... 78

28   REQUEST FOR PRODUCTION NO. 18: ...................................................... 80

1    **REQUEST FOR PRODUCTION NO. 19**:............................................................ 82

2    **REQUEST FOR PRODUCTION NO. 20:**........................................................... 85

3    **REQUEST FOR PRODUCTION NO. 21**:............................................................ 87

4    **REQUEST FOR PRODUCTION NO. 22**:............................................................ 90

5    **REQUEST FOR PRODUCTION NO. 23**:............................................................ 92

6    **REQUEST FOR PRODUCTION NO. 24**:............................................................ 94

7    **REQUEST FOR PRODUCTION NO. 26**:............................................................ 97

8    **REQUEST FOR PRODUCTION NO. 27:**............................................................ 99

9    **REQUEST FOR PRODUCTION NO. 28**:.......................................................... 101

10   **REQUEST FOR PRODUCTION NO. 29** ......................................................... 102

11   **REQUEST FOR PRODUCTION NO. 30** ......................................................... 105

12   **REQUEST FOR PRODUCTION NO. 31** ......................................................... 107

13   **REQUEST FOR PRODUCTION NO. 32** ......................................................... 111

14   **REQUEST FOR PRODUCTION NO. 33** ......................................................... 114

15   **REQUEST FOR PRODUCTION NO. 34** ......................................................... 118

16   **REQUEST FOR PRODUCTION NO. 35** ......................................................... 122

17   **REQUEST FOR PRODUCTION NO. 36** ......................................................... 125

18   **REQUEST FOR PRODUCTION NO. 37** ......................................................... 129

19   **REQUEST FOR PRODUCTION NO. 38** ......................................................... 132

20   **REQUEST FOR PRODUCTION NO. 39** ......................................................... 136

21   **REQUEST FOR PRODUCTION NO. 40** ......................................................... 139

22   **REQUEST FOR PRODUCTION NO. 41** ......................................................... 143

23   **REQUEST FOR PRODUCTION NO. 42** ......................................................... 146

24   **REQUEST FOR PRODUCTION NO. 43** ......................................................... 150

25   **REQUEST FOR PRODUCTION NO. 44** ......................................................... 153

26   **REQUEST FOR PRODUCTION NO. 45** ......................................................... 157

27   **REQUEST FOR PRODUCTION NO. 46** ......................................................... 160

28   **REQUEST FOR PRODUCTION NO. 47** ......................................................... 164

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 4 -**

REQUEST FOR PRODUCTION NO. 48 ........................................................ 167

REQUEST FOR PRODUCTION NO. 49 ........................................................ 171

REQUEST FOR PRODUCTION NO. 50 ........................................................ 174

REQUEST FOR PRODUCTION NO. 51 ........................................................ 178

REQUEST FOR PRODUCTION NO. 52 ........................................................ 181

REQUEST FOR PRODUCTION NO. 53 ........................................................ 185

REQUEST FOR PRODUCTION NO. 54 ........................................................ 188

REQUEST FOR PRODUCTION NO. 55 ........................................................ 192

VII.  PROTECTIVE ORDER ........................................................................ 195

PLAINTIFF'S TEXT RE: LAST CLAUSE IN DISPUTE ................................ 195

DEFENDANTS' TEXT RE: LAST CLAUSE IN DISPUTE ............................. 196

PLAINTIFF'S POSITION ............................................................................ 197

DEFENDANTS' POSITION: ........................................................................ 197

VIII. PLAINTIFF'S CONCLUSION: ............................................................. 197

IX.   DEFENDANT'S CONCLUSION: .......................................................... 198

1    Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2.1,

2    plaintiff Trenton Smith ("Plaintiff") and defendants Nelk, Inc., Nelk USA, Inc.,

3    Metacard, LLC, Kyle Forgeard and John Shahidi (collectively, "Defendants")

4    submit this joint stipulation regarding the discovery dispute between Plaintiff and

5    Defendants. As required by Local Rule 37-1, on August 22, 2025, September 2,

6    2025, and September 9, 2025, counsel for the parties met and conferred and have

7    also sent numerous correspondences and met over zoom to discuss these issues in

8    a good faith effort to eliminate as many of the disputes as possible. *See* Declaration

9    of John P. Kristensen ("*Kristensen Decl.*") ¶¶ 2-10, Exs. 1-7.

## I. <u>PLAINTIFFS' INTRODUCTORY STATEMENT</u>

### A. *The Nature of the Case & Dispute*

12    Plaintiff filed a putative class action lawsuit alleging Defendants sold digital

13    assets that did not have the characteristics, uses, or benefits Defendants advertised

14    and promoted. Specifically, using their successful YouTube channel as a

15    springboard, Defendants created the company Metacard, LLC, to sell digital assets,

16    including the Full Send Metacard ("Metacard"), that would ostensibly provide the

17    holder access to business investment opportunities in ventures such as lounges and

18    gyms, as well as access to products and services. Defendants made statements

19    regarding the Metacard's characteristics and benefits intended to promote the sale

20    of the Metacard through various communication channels, including Defendants'

21    podcast, a livestream, and an Instagram post.

22    Plaintiff, and many other individuals, spent thousands of dollars each to

23    purchase the Metacard in reliance on Defendants' representations regarding the

24    benefits of the Metacard. Defendant Shahidi assured Plaintiff and the Class that

25    Defendants would be treating the Metacard venture "as a real business," like an

26    initial public offering that "go[es] public" and "takes . . . money to build the

27    business and grow the business." Defendants compared the Metacard to a "stock"

28    or "decentralized stock."

Defendants raised $23 million in hours. Plaintiff alleges they spent a tiny fraction of the funds and pocketed the rest.

### B. Plaintiff Met and Conferred

Plaintiff served interrogatories and requests for production upon Defendants. Defendants served responses on or about August 6, 2025. Plaintiffs sent separate written correspondence about the interrogatories, and requests for production of documents and seeking L.R. 37-1 conferences on August 14, 2025, August 22, 2025, September 1, 2025 and September 3, 2025. Three Zoom conferences occurred on August 22, 2025, September 2, 2025, and September 9, 2025. *See Kristensen Decl.* ¶¶ 2-10, Exs. 1-7.

### C. The General and Boilerplate Objections Must Be Overruled

The discovery responses were littered with pages and pages of general boiler plate objections. Defendants assert 18 general objections over 4 and ½ pages to the request for documents alone. Another 15 general objections and a general response were asserted over five pages to the interrogatories. *See Kristensen Decl.* ¶¶ 3 and 4, Exs. 1 and 2. Even after three (3) meet and confer zoom meetings, Defendants refuse to provide any legal support for their objections or waive a single objection.

Defendants continue to refuse to produce a single declaration explaining the need for the objections. *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL 398740, *2 (E.D. Cal. Jan. 31, 2013); *see Marti v. Baires*, 2012 WL 2029720, *7 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process – especially when a party fails to submit any evidentiary declarations supporting such objections); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper). "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012), *quoting Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004).

1   The general objections for each set of the interrogatories and document
2   requests need to be overruled and supplemental responses need to have none of the
3   general or boilerplate objections.

4   ### D. Information The Disputed Discovery Requests Seek

5   Plaintiff's interrogatories sought the identification of witnesses (2) and
6   putative class members (3), the banking and financial accounts defendants used to
7   collect and disburse the Metacard funds, and the amount of the main distributions
8   by Defendants after receiving the $23 million from Plaintiff and the Class (7 and
9   8).

10   Plaintiff's request sought documents about: (1) any insurance policies; (2,
11   24, and 27) corporate structure and employee flow charts of the entities, including
12   corporate minutes about Metacard; (3) the roles involved in the Metacard NFT
13   project; (4) contracts related to the Metacard NFT project; (5) and (6) the
14   distribution of the $23 million; (7 to 23, 26, 28) financial and accounting
15   documents, marketing, investment related documents, complaints and buyback
16   programs, disclaimers and terms with purchasers of NFTs (29 to 54) documents to
17   or from specific individuals regarding the Metacard NFT project and the Bored
18   Jerky Plan (nearly three years later, Defendants offered class members the
19   opportunity to turn their Metacard investment into some form of equity in a beef
20   jerky company.

21   ### E. Protective Order

22   Plaintiff has been seeking the entry of a Protective Order for months. The
23   final dispute is about post judgment maintenance of the documents. Plaintiff's
24   counsel has obligations to maintain their clients' records for up to five years
25   potentially. Plaintiff agrees to post final judgment destruction, as long as Defense
26   counsel agrees to maintain a copy of what was designated for that time period.
27   Defense rejects that compromise.

28   ///

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 8 -**

### F. Conclusion

There is no phased discovery in this case. Plaintiff timely served discovery and met and conferred thoroughly and promptly. Defendants refused to withdraw a single objection. It is clear that Defendant is simply seek to obstruct at this time.

Defendants refused to produce any declarations supporting their objections, there is no privilege log, and only eight witnesses have been identified.

The objections (even to the request for insurance documents), failure to provide any substantive responses, or a single document evidence Defendants refusal to proceed with discovery in a good faith manner, in part, to prejudice Plaintiff's motion for class certification.

## II. <u>DEFENDANT'S INTRODUCTORY STATEMENT</u>

This case is a putative class action that is pre-class certification, pre-initial disclosures, pre-protective order—and as of the Court's dismissal of the Amended Complaint without prejudice on September 16, pre-operative pleading. Defendants have produced information in response to the only discovery request that Plaintiff identified as relevant to his forthcoming class certification motion. And Defendants have agreed to produce documents in advance of the June 2026 fact discovery deadline. Accordingly, any dispute over discovery sought in this case is premature at this stage, and Plaintiff's motion should be denied.

### A. Procedural Background

On May 21, 2025, Plaintiff filed his Amended Complaint (the "AC"). Dkt. No. 57. One week after filing the AC—in a transparent attempt to harass Defendants—Plaintiff's counsel filed a nearly identical complaint in California state court asserting the same allegations, on behalf of the same putative class, against the same Defendants, for the same alleged misconduct. Declaration of Rona S. Li ("Li Decl.") ¶ 3.

On September 16, 2025, Judge Slaughter dismissed the AC without prejudice and granted Plaintiff leave to file an amended pleading by October 7, 2025. Dkt.

No. 74. Plaintiff's counsel has stated that he intends to file an amended complaint.

On September 17, 2025, Plaintiff's counsel confirmed his prior agreement to continue the case schedule and to postpone Plaintiff's deposition of Drew Hill noticed for September 24 to a later date. Li Decl. ¶ 19. On September 22, Plaintiff filed the parties' joint stipulation to continue the case schedule. *Id.* ¶ 20. Under the continued case schedule, class certification briefing will conclude on January 22, 2026, and the fact discovery cut-off will be June 10, 2026. *Id.*

The parties have agreed—at the suggestion of Plaintiff's counsel, in fact— that initial disclosures should not be exchanged until after the motion to dismiss is resolved. *Id.* ¶ 2. Additionally, the parties have been negotiating the terms of a protective order, but the protective order has not been finalized due to Plaintiff's delay and a dispute over a proposed provision of the order. *Id.* ¶¶ 4, 9, 17.

### B. Defendants Have Provided Information that Plaintiff Requested for Class Certification

Plaintiff contends that he will be prejudiced in preparing his class certification motion without the requested discovery, but Defendants have provided the only discovery that Plaintiff identified as relevant to his class certification motion. Specifically, Plaintiff represented that he needed the information sought in Interrogatory No. 3 propounded to the corporate entities (identity of each Metacard purchaser) for class certification purposes. *Id.* ¶ 11. During the parties' meet-and-confers, Defendants explained that due to the anonymous nature of cryptocurrency transactions, they did not possess the names or contact information of Metacard purchasers but could provide cryptocurrency wallet addresses corresponding to the January 19, 2022 Metacard sale. *Id.* ¶¶ 6, 12. Defendants subsequently provided the list of cryptocurrency wallet addresses. *Id.* ¶ 22.

Defendants repeatedly asked Plaintiff to identify any additional discovery that he believes is necessary for his class certification motion and committed to work diligently to provide any such discovery in advance of Plaintiff's class

1    certification deadline. *Id.* ¶¶ 11-12. But despite Defendants' repeated requests,
2    Plaintiff has never identified any discovery necessary for class certification beyond
3    Interrogatory No. 3. *Id.*

4        Accordingly, Plaintiff's claim that denial of the discovery sought herein will
5    prejudice his class certification motion should be disregarded as baseless and raised
6    without the required notice under L.R. 37-1.

7        ### C. Plaintiff's Discovery Dispute is Grossly Premature

8        It is well-settled that "[g]enerally, at the pre-class certification stage,
9    discovery in a putative class action is limited to certification issues." *Tamimi v. SGS*
10   *N. Am. Inc.*, 2020 WL 11273047, at *20, *23 (C.D. Cal. May 26, 2020) (discovery
11   not relevant to class certification determination was "both premature and not
12   proportionate to the needs of the case at this precertification juncture")[1]; *Vinson v.*
13   *Asset Mgmt. Specialists, Inc.*, 2015 WL 13914950, at *2 (C.D. Cal. June 9, 2015)
14   (denying motion to compel where "Plaintiff has not shown that the requested
15   discovery is relevant to the class certification motion," and "[i]nstead, Plaintiff's
16   arguments focus on the merits of the case"). Moreover, focusing on class
17   certification rather than merits discovery at this juncture is exactly what the Court's
18   Scheduling Order contemplates: the class certification deadline is nearly seven
19   months before the fact discovery cut-off. Dkt. No. 67. And as noted above, per the
20   parties' agreement, the fact discovery cut-off is not until June 2026. Li Decl. ¶ 20.

21       Further, Defendants agreed to produce documents responsive to RFPs 2-24
22   and 26-28, as well as to RFPs 29-54 to the extent those documents are within the
23   scope of Defendants' production in response to the other RFPs. Defendants will
24   produce such documents in due course but should not be compelled to do so before
25   exchanging initial disclosures and finalizing a protective order ***nine months*** before

26
27   [1] Unless otherwise noted in Defendants' Introductory Statement and Positions, all
     emphasis is added, and all internal citations, quotation marks, and alterations are
28   omitted.

the close of fact discovery simply because Plaintiff is impatient. *See Thunder Studios, Inc. v. Kazal*, 2018 WL 5099748, at *1 (C.D. Cal. July 25, 2018) (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, 2013 WL 3467413, at *7 (S.D. Cal. July 10, 2013) (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon v. Curtis Int'l, Ltd.*, 2020 WL 7360543, at *4 (E.D. Cal. Dec. 15, 2020) (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby v. Munguia*, 2015 WL 1671257, at *3 (E.D. Cal. Apr. 14, 2015) (motion to compel was premature where deadline to respond had not elapsed). Indeed, as of the filing of this joint stipulation, there is no operative complaint in this case so the allegations subject to discovery are unclear, rendering any discovery disputes even more premature.

Plaintiff's motion should be denied.

## III.   GENERAL RESPONSE AND GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**GENERAL RESPONSE AND OBJECTIONS TO REQUESTS FOR PRODUCTION:**

**I. GENERAL OBJECTIONS.**

The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions, and the Individual Requests set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for, or provide information or Documents in response to, any Request is made subject to the General Objections.

1.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Defendants that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States

1  District Court for the Central District of California, other applicable rules or laws,

2  the Stipulated Protective Order to be entered in this Action, the discovery protocol

3  to be agreed upon by the parties, or any other order entered by the Court in or

4  applicable to, this Action (the "Applicable Rules"). Subject to and without waiving

5  any objections, in responding to these Requests Defendants will construe the

6  Requests in accordance with the Applicable Rules.

7          2.      Defendants object generally to the Requests, including the Definitions

8  and Instructions set forth therein, on the grounds that they seek Documents or

9  information (including electronic data) protected from discovery by the attorney-

10  client privilege, work-product doctrine, common interest privilege, joint defense

11  privilege, or any other applicable privilege, protection, exemption, or immunity

12  from discovery afforded under any applicable statute, rule, regulation, or the

13  common law ("Privileged Information"). Defendants claim such privileges and

14  protections to the extent implicated by the Requests and excludes privileged or

15  protected material from their responses to the Requests. Any disclosure of such

16  privileged or protected material in response to the Requests is inadvertent and not

17  intended to waive those privileges and protections. If a Document or information

18  containing or reflecting Privileged Information is inadvertently produced by

19  Defendants, Plaintiff will return the Document or information and not rely on it.

20  Defendants expressly reserve the right to object at any stage of this action to the

21  introduction into evidence of Documents and information prepared by or at the

22  direction of Defendants' attorneys, or by its attorneys' representatives or agents in

23  anticipation of litigation or for trial, and Documents and information subject to any

24  other privilege, protection, or immunity available under governing law.

25          3.      Defendants object generally to the Requests, including the Definitions

26  and Instructions set forth therein, to the extent that they seek Documents or

27  information protected by their privacy rights or the privacy rights of other

28  defendants in this Action and/or third parties. Any disclosure of such material in

response to the Requests is inadvertent and not intended to waive those protections. Defendants reserve the right to demand that Plaintiff return, destroy, or sequester any such Documents produced and all copies thereof consistent with the Applicable Rules.

4.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they seek Documents or information that are not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.

5.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to produce Documents without any date restriction, or without regard to the Relevant Period, and therefore seek Documents that are not relevant to any party's claim or defense or proportional to the needs of the case. Defendants' counsel is willing to meet and confer with Plaintiff to determine an appropriate time period for the Requests.

6.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek Documents that are cumulative or duplicative.

7.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague, ambiguous, or fail to describe the requested Documents or information with reasonable particularity, on the grounds that such failure impermissibly requires Defendants to speculate as to the Documents Plaintiff seeks.

8.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek "all Documents" concerning a matter, on the grounds that such Requests are unreasonable, unduly burdensome, duplicative, cumulative, and seek irrelevant Documents. To the extent that Documents are produced in response to such Requests, they will be limited to

Documents sufficient to show matters that are appropriately discoverable and proportional to the needs of the Action.

9.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible Documents (including electronic Documents) from readily available sources (including electronic sources) where responsive Documents reasonably would be expected to be found, and to the extent that the Requests purport to require Defendants to exceed their obligations under the Applicable Rules.

10.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation to produce any information or Documents that are newly created or received after the receipt of Requests, because efforts to produce such information or Documents would be unduly burdensome and require unreasonable expense.

11.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objection, Defendants state that any response, production of Documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

12.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that the Requests, Definitions, or Instructions contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, or events underlying the Action. Defendants further object to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 15 −**

events that did not take place. Any response, production of Documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

13.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require production of Documents within 30 days on the grounds that such request is unreasonable and unduly burdensome. Defendants will make their productions on a rolling basis until complete.

14.    Defendants' agreement to produce the Documents identified below is subject to the parties' ability to reach agreement on appropriate search terms, custodians, and a date range to collect potentially responsive Documents. Defendants will collect Documents for review in accordance with an agreement between the parties or order of the Court.

15.    Defendants will produce such Documents or information only in accordance with the Applicable Rules.

16.    A response by Defendants that they will produce Documents in response to a specific Request shall not be interpreted as an affirmation that such Documents in fact exist or that they are within Defendants' possession, custody, or control. Such a response is merely intended to reflect that if non-objectionable, nonprivileged Documents exist, are within Defendants' possession, custody, or control and are identified pursuant to a search conducted in accordance with search parameters to be agreed upon by the parties or ordered by the Court, Defendants will produce them in response to the specific Request.

17.    Defendants respond to these Requests to the best of their present knowledge and reserve the right to revise, correct, amend and/or supplement their objections and responses to the Requests.

///

1      18.    Defendants' counsel is available to meet and confer at a mutually

2   agreeable time regarding the appropriate scope of any Requests to which

3   Defendants have objected. To the extent the parties reach agreement on any

4   different or further production in response to such Request, Defendants will

5   endeavor to conduct a reasonable and proportional search for and produce relevant,

6   responsive, nonprivileged Documents, if any exist, within a reasonable time

7   following such agreement.

8   **PLAINTIFF'S LEGAL AND FACTUAL REASONS WHY THE GENERAL AND**

9   **BOILERPLATE OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF**

10  **DOCUMENTS MUST BE OVERRULED**

11      General objections are not permitted in the Central District. Furthermore, a

12  party responding to a request must *affirmatively* state whether any responsive

13  materials are being withheld on the basis of that objection. Fed. R. Civ. P.

14  34(b)(2)(C) ("An objection must state whether any responsive materials are being

15  withheld on the basis of that objection."). "A proper written response should also

16  provide sufficient information for the requesting party, and the court, to be satisfied

17  that the responding party conducted an adequate investigation for responsive

18  materials." *In re Rivera*, No. CV 16-4676, 2017 WL 5163695, at *3 (C.D. Cal. Apr.

19  14, 2017); *Leon v. URL Pharma, Inc.,* 2025 WL 1723148, at *4 (C.D. Cal. May 16,

20  2025).

21      Defendants continue to refuse to produce a single declaration explaining the

22  need for the objections. *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL

23  398740, *2 (E.D. Cal. Jan. 31, 2013); *see Marti v. Baires*, 2012 WL 2029720, *7

24  (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the

25  discovery process – especially when a party fails to submit any evidentiary

26  declarations supporting such objections); *see A. Farber & Partners, Inc. v. Garber*,

27  234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as

28  "overly burdensome and harassing" are improper). "The party objecting to

---

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 17 –**

1    discovery as vague or ambiguous has the burden to show such vagueness or

2    ambiguity." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012), *quoting*

3    *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004).

4        An entity that withholds discovery materials based on a privilege must

5    provide sufficient information (i.e., a privilege log) to enable the requesting party

6    to evaluate the applicability of the privilege or other protection. Fed.R.Civ.P.

7    26(b)(5); see *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th

8    Cir. 1992). Failure to provide sufficient information may constitute a waiver of the

9    privilege. See *Eureka Financial Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D.

10   179, 182-83 (E.D. Cal. 1991) (a "blanket objection" to each document on the

11   ground of attorney-client privilege with no further description is clearly

12   insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.

13   1984) (attorney-client privilege waived when defendant did not make a timely and

14   sufficient showing that the documents were protected by privilege).

15       The general objections for each set of the requests need to be overruled and

16   supplemental responses need to have none of the general or boilerplate objections.

17   **DEFENDANTS' POSITION:**

18       Nothing in the Federal Rules of Civil Procedure, the Central District of

19   California Local Civil Rules, or Your Honor's Rules prohibits parties from making

20   general objections. Further, Plaintiff's demand for declarations setting forth the

21   basis for Defendants' objections is premature and should be denied because

22   Defendants have not yet produced documents.

23       During the parties' conferences, Defendants proposed to resolve this dispute

24   by stating that when they produced documents, they would provide a privilege log

25   associated with the production and supplement their response and/or provide a

26   declaration if necessary to specify which documents were withheld and the basis

27   for withholding such documents. Li Decl. ¶¶ 10, 15.

28   ///

Because Defendants have agreed to provide a privilege log and to supplement their response and/or provide a declaration if necessary to specify the basis for withholding documents, Plaintiff's dispute over the general objections is premature and should be denied. *Cf. Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

## IV.  GENERAL RESPONSE AND GENERAL OBJECTIONS TO INTERROGATORIES

**GENERAL RESPONSE AND OBJECTIONS TO INTERROGATORIES:**

**I. GENERAL RESPONSES.**

The following General Responses apply to each Interrogatory and are hereby incorporated by reference into the individual responses to each Interrogatory and shall have the same force and effect as if fully set forth in the individual response to each Interrogatory.

1.  Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollections, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

2.  Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Interrogatories but discovered

1    subsequent to the date of these responses, including, but not limited to, any

2    documents obtained in discovery herein.

3        3.    The provision of a response to any of these Interrogatories does not

4    constitute a waiver of any objection regarding the use of said response in these

5    proceedings. Defendant reserves all objections or other questions as to the

6    competency, relevance, materiality, privilege, or admissibility as evidence in any

7    subsequent proceeding or hearing or trial of this or any other action for any purpose

8    whatsoever of these responses and any document or thing produced in response to

9    the Interrogatories.

10        4.    By disclosing information in response to Plaintiff's Interrogatories

11   and/or producing documents in response to Plaintiff's Interrogatories, Defendant

12   does not admit that any definition provided or assertion made by Plaintiff is either

13   factually correct or legally binding upon Defendant, and such information and/or

14   documents do not waive any of Defendant's objections.

15        5.    Defendant reserves the right to seek relief and a protective order

16   pursuant to Federal Rule of Civil Procedure 26, notwithstanding any responses

17   Defendant has provided herein.

18        6.    Discovery is ongoing, and Defendant expressly reserves the right to

19   supplement or amend any response to any Interrogatory.

20        7.    Defendant reserves the right to object on any ground at any time to

21   such other or supplemental interrogatories as Plaintiff may at any time propound

22   involving or relating to the subject matter of these Interrogatories.

23   **II. GENERAL OBJECTIONS.**

24        The General Objections set forth below apply to the Interrogatories

25   generally. Unless otherwise stated, the General Objections shall have the same

26   force and effect as if set forth in full in response to each Interrogatory. Any response

27   to an Interrogatory is made subject to the General Objections.

28   ///

1.      Defendant objects generally to the Interrogatories to the extent that they seek to impose burdens or obligations on Defendant that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, other applicable rules or laws, the Stipulated Protective Order to be entered in this Action, the discovery protocol to be agreed upon by the parties, or any other order entered by the Court in or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any objections, in responding to these Interrogatories Defendant will construe the Interrogatories in accordance with the Applicable Rules.

2.      Defendant objects generally to the Interrogatories on the grounds that they seek information protected from discovery by the attorney-client privilege, work product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege, protection, exemption, or immunity from discovery afforded under any applicable statute, rule, regulation, or the common law ("Privileged Information"). Defendant claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected information from its responses to the Interrogatories. Any disclosure of such privileged or protected information in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections. If information containing or reflecting Privileged Information is inadvertently disclosed by Defendant, Plaintiff will not rely on it. Defendant expressly reserves the right to object at any stage of this Action to the introduction into evidence of Privileged Information.

3.      Defendant objects generally to the Interrogatories to the extent that they seek information protected by its privacy rights or the privacy rights of other defendants in this Action and/or third parties. Any disclosure of such information in response to the Interrogatories is inadvertent and not intended to waive those

protections. Defendant reserves the right to demand that Plaintiff sequester any such information consistent with the Applicable Rules.

4.    Defendant objects generally to the Interrogatories on the grounds that they seek information that is not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.

5.    Defendant objects generally to the Interrogatories on the grounds that they seek information that is not proportional to the needs of the case.

6.    Defendant objects generally to the Interrogatories to the extent that they seek information that is cumulative or duplicative.

7.    Defendant objects generally to the Interrogatories to the extent that they are vague, ambiguous, or fail to describe the requested information with reasonable particularity, on the grounds that such failure impermissibly requires Defendant to speculate as to the information Plaintiff seeks.

8.    Defendant objects generally to the Interrogatories to the extent that they seek "all" information concerning a matter, on the grounds that such Requests are unreasonable, unduly burdensome, duplicative, cumulative, and seek irrelevant information. To the extent that information is provided in response to such Interrogatories, it will be limited to information that is appropriately discoverable and proportional to the needs of the Action.

9.    Defendant objects generally to the Interrogatories to the extent that they purport to impose an obligation to disclose any information that is newly received after the receipt of the Interrogatories, because efforts to disclose such information would be unduly burdensome and require unreasonable expense.

10.    Defendant objects generally to the Interrogatories to the extent that they purport to require Defendant to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objection, Defendant states that any response or provision of information in response to the Interrogatories is not intended to provide, and shall

not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

11.    Defendant objects generally to the Interrogatories to the extent that the Interrogatories contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, or events underlying the Action. Defendant further objects to the Interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Any response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

12.    Defendant will disclose information only in accordance with the Applicable Rules.

13.    A response by Defendant that it will disclose information in response to a specific Interrogatory shall not be interpreted as an affirmation that such information in fact exists or that it is within Defendant's possession, custody, or control. Such a response is merely intended to reflect that if responsive information exists, and is within Defendant's possession, custody, or control, Defendant will disclose such information in response to the specific Interrogatory in accordance with the Applicable Rules.

14.    Defendant responds to these Interrogatories to the best of its present knowledge and reserves the right to revise, correct, amend and/or supplement its objections and responses to the Interrogatories.

15.    Defendant's counsel is available to meet and confer at a mutually agreeable time regarding the appropriate scope of any Interrogatories to which Defendant has objected. To the extent the parties reach agreement on any different or further disclosure in response to such Interrogatory, Defendant will endeavor to provide responsive information within a reasonable time following such agreement.

///

**<u>Plaintiff's Legal and Factual Reasons Why the General and Boilerplate Objections to Plaintiff's Interrogatories Must Be Overruled</u>**

General objections are not permitted in the Central District. Furthermore, a party responding to a request must *affirmatively* state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). "A proper written response should also provide sufficient information for the requesting party, and the court, to be satisfied that the responding party conducted an adequate investigation for responsive materials." *In re Rivera*, No. CV 16-4676, 2017 WL 5163695, at *3 (C.D. Cal. Apr. 14, 2017); *Leon v. URL Pharma, Inc.,* 2025 WL 1723148, at *4 (C.D. Cal. May 16, 2025).

Defendants continue to refuse to produce a single declaration explaining the need for the objections. *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL 398740, *2 (E.D. Cal. Jan. 31, 2013); *see Marti v. Baires*, 2012 WL 2029720, *7 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process – especially when a party fails to submit any evidentiary declarations supporting such objections); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper). "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012), *quoting Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. 2004).

An entity that withholds discovery materials based on a privilege must provide sufficient information (i.e., a privilege log) to enable the requesting party to evaluate the applicability of the privilege or other protection. Fed.R.Civ.P. 26(b)(5); see *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th

Cir. 1992). Failure to provide sufficient information may constitute a waiver of the privilege. See *Eureka Financial Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege).

The general objections for each set of the requests need to be overruled and supplemental responses need to have none of the general or boilerplate objections.

**DEFENDANTS' POSITION:**

Nothing in the Federal Rules of Civil Procedure, the Central District of California Local Civil Rules, or Your Honor's Rules prohibits parties from making general objections. Further, Plaintiff's demand for declarations setting forth the basis for Defendants' objections is premature and should be denied because Defendants have stated that they will supplement their Interrogatory responses as they obtain additional detail over the course of discovery.

During the parties' conferences, Defendants proposed to resolve this dispute by stating that they would supplement their response to remove any objections inapplicable to a particular Interrogatory response and to specify what information was being withheld, if any, and the basis for withholding such information. Li Decl. ¶¶ 6, 15.

Because Defendants have agreed to supplement their Interrogatory responses as necessary, Plaintiff's dispute over the general objections is premature and should be denied. *Cf. Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature

1   when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015

2   WL 1671257, at *3 (motion to compel was premature where deadline to respond

3   had not elapsed).

## V.   INTERROGATORIES

### INTERROGATORY NO. 2:

6   Please identify each individual and, if known, the address, the email address

7   and telephone number of every person who was involved with the

8   inception/development/marketing/sales/information technology for Metacard

9   and/or Bored Jerky, including a short summary of their role.

### RESPONSE TO INTERROGATORY NO. 2:

11   Defendant incorporates herein the General Objections stated above.

12   Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly

13   burdensome, and not proportional to the needs of this case. Defendant further

14   objects to this Interrogatory as duplicative of Interrogatory No. 1. Defendant further

15   objects to this Interrogatory to the extent it seeks to require it to disclose information

16   subject to the attorney-client privilege or work product doctrine.

17   Subject to and without waiving the foregoing objections, Defendant refers to

18   its response to Interrogatory No. 1 above.

### RESPONSE TO INTERROGATORY NO. 1:

20   Defendant incorporates herein the General Objections stated above.

21   Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly

22   burdensome, and not proportional to the needs of this case. Defendant further

23   objects to this Interrogatory to the extent it seeks to require it to disclose information

24   subject to the attorney-client privilege or work product doctrine.

25   Subject to and without waiving the foregoing objections, Defendant responds

26   that the individuals listed below were primarily responsible for the Metacard

27   program and are likely to have information related to the allegations in the operative

28   Complaint.

| Name | Role | Contact |
|------|------|---------|
| John Shahidi | President | jhs@fullsend.com |
| Kyle Forgeard | Owner/CEO | kyle@fullsend.com |
| Sam Shahidi | COO | sammy@fullsend.com |
| Drew Hill | Director of Operations | drew@fullsend.com |
| Roland Shen | Web Development | roland@happydad.com |
| Alan Ardalan | Accounting | alan@shots.com |
| Jennifer Jaeger | Operations | jenn@fullsend.com |

**BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**

Plaintiff has no idea what witnesses are not being identified based on the fusillade of objections. The request for witnesses is clearly within the scope of discovery. The interrogatory sought the names of all individuals who were involved with Metacard and/or Bored Jerky, and a short summary of their role.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

Fed.R.Civ.P. 26(a)(1) (requiring production of the name, address, and telephone number of individuals likely to have discoverable information relevant to the disputed facts of a case); Fed.R.Civ.P. 26(b)(1) ("the scope of discovery [includes] ... the identity and location of persons who know of any discoverable matter"); *see also Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996) (requiring disclosure of the addresses and telephone numbers of defendant's employees, and noting that defendant's concern that plaintiff would contact the

employees outside of defendant's presence was not "cause to unilaterally disregard its duties of disclosure under Rule 26(a)").

"Central to the discovery process is the identification of potential witnesses." *Puerto v. Sup. Ct.*, 158 Cal.App.4th 1242, 1249 (2008). The *Puerto* Court succinctly explained the request for the identity of witness as "[t]his is basic civil discovery." Id. at 1254.

There was no declaration supporting Defendant's boilerplate objections that this request was overly broad, unduly burdensome or not proportional. Plaintiff is seeking at least $23M for fraud. The identity of all of Defendants employees and agents is not a large burden. This is basic civil discovery. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis*, 276 F.R.D. at 352; *accord Algee v. Nordstrom Inc.*, 2012 WL 1575314, at *4 (N.D. Cal. May 3, 2012); *Sandres v. Corr. Corp. of Am.*, 2011 WL 475068, at *4 (E.D. Cal. Feb. 4, 2011) ("[P]roviding residential telephone numbers and addresses for percipient witnesses is 'ordinary' and 'routine' and does not constitute a serious invasion of privacy rights.")

As I explained, this is standard discovery. Defendants do not get to just name relevant witnesses that they want, but need to identify the people with information that Plaintiff would like to know about. The parties have a dispute. Defendants need to waive all responses and provide further responses, without objections. The addresses and contact information for all non-directors must be provided.

**DEFENDANTS' POSITION:**

Defendants' response identifies individuals primarily responsible for the Metacard program and are likely to have information related to the allegations in the Amended Complaint. After Plaintiff took issue with this response, Defendants stated during multiple conferences with Plaintiff that they would supplement their response to identify additional individuals if necessary as discovery proceeds.

///

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 28 –**

Plaintiff cites Federal Rule of Civil Procedure ("FRCP") 26(a) for the proposition that a party must disclose the name and contact information of individuals likely to have discoverable information relevant to the litigation. Defendants do not dispute this proposition. As Defendants have stated during the parties' conferences, Defendants will provide such information in their initial disclosures as required by FRCP 26(a), but the parties agreed to exchange initial disclosures after resolution of the motion to dismiss. *See* Li Decl. ¶¶ 10, 16.

Because Defendants agreed to supplement their response to this Interrogatory and fact discovery is at an early stage, and because the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Interrogatory is premature and should be denied. *Cf. Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**INTERROGATORY NO. 3**:

Please identify each purchaser of a Metacard, NFT and, if known, their address, the email address and telephone number.

**DEFECTIVE RESPONSE INTERROGATORY NO. 3:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information outside of its possession, custody, or control. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or

1    work product doctrine.

2         Subject to and without waiving the foregoing objections, Defendant responds

3    that it does not have the necessary knowledge or information to identify the identity

4    of each Metacard purchaser or their contact information. Metacard purchases were

5    conducted through cryptocurrency wallets.

6    **BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**

7         Just because Metacard does not know the identity of each purchaser, they

8    still must provide the information on all other purchasers for which they have

9    information. Defendants object, then state, since we don't have the identity of 100%

10   of the purchasers, Plaintiffs get none.

11        Plaintiff is requesting the contact information of the putative class members,

12   if Defendant has them. If they do not, Plaintiff is requesting the wallet information,

13   as Plaintiff can use that to contact the putative class members. **Pre-Sale List**

14        If Defendants are aware of certain putative class members (maybe they

15   showed up at an event, or contacted you), then Plaintiff is entitled to that

16   information. If Defendants only have the wallet address, that should be provided.

17   Each wallet address is uniquely identified and linked to an email address and bank

18   account, ensuring that, like an email address, it is specific to a particular

19   user. *CipherBlade, LLC v. CipherBlade, LLC*, 2024 WL 69164 (D. Alaska Jan. 5,

20   2024) (permitting service of summons via NFT and blockchain to digital wallets.).

21   If it is good for jurisdictional purposes, it is good for Plaintiff.

22        All grounds for objection to an interrogatory must be stated "with

23   specificity." FRCP 33(b)(4). Where an interrogatory is overbroad, the responding

24   party should answer whatever part of the question is proper, object to the balance

25   and provide some meaningful explanation of the basis for the objection. *Mitchell v.*

26   *National R.R. Passenger Corp.*, 208 FRD 455, 458, fn. 4 (D DC 2002). There was

27   no specificity or declarations.

28   ///

1    Discovery of putative class members is routinely provided. Generally, the
2    Ninth Circuit has favored "allowing class contact discovery unless it is apparent
3    that [p]laintiff cannot maintain the action on behalf of the class. *Goundar v. Redfin*
4    *Corp.*, 2014 WL 12524649, at *2 (C.D. Cal. July 21, 2014). Indeed, "the better and
5    more advisable practice for a District Court to follow is to afford the litigants an
6    opportunity to present evidence as to whether a class action is
7    maintainable." *Vinole*, 571 F.3d at 942 (quoting *Doninger v. Pac. Nw. Bell, Inc.*,
8    564 F.2d 1304, 1313 (9th Cir. 1977)) (internal quotations omitted). "And, the
9    necessary antecedent to the presentation of evidence is, in most cases, enough
10   discovery to obtain the material, especially when the information is within the sole
11   possession of the defendant." *Doninger*, 564 F.2d at 1313 (citations omitted); *see*
12   *also Faraji v. Target Corp.*, 2017 WL 8292781 (C.D. Cal. April 28, 2017).

13   Further, notice has been approved to similar claims. See *DraftKings* (class
14   settlement for purchasers of NFTs).

15   **DEFENDANTS' POSITION:**

16   As Defendants set forth in their response to this Request and further
17   explained during the parties' conferences, due to the anonymous nature of
18   cryptocurrency transactions, Defendants are not able to ascertain the names or
19   contact information of Metacard purchasers but can ascertain the cryptocurrency
20   wallet addresses corresponding to the January 19, 2022 Metacard sales. Li Decl. ¶
21   6.

22   In Plaintiff's September 3 letter requesting a L.R. 37-1 conference, Plaintiff
23   stated, for the first time, that the information requested in this Interrogatory was
24   sought for class certification purposes. *Id.* ¶ 11. During the parties' next conference
25   on September 9, Defendants stated that they would supplement their response to
26   Interrogatory No. 3 to provide the cryptocurrency wallet addresses corresponding
27   to the January 19, 2022 Metacard sales. *Id.* ¶ 12. Defendants told Plaintiff that they
28   would provide this information by the end of the month, given Plaintiff's

representations that the information was needed for class certification purposes. *Id.* Defendants subsequently supplemented their response to this Interrogatory on September 22. *Id.* ¶ 21.

Accordingly, Defendants do not believe there is a dispute over this Interrogatory.

**INTERROGATORY NO. 7***:*

State the total amount of money or cryptocurrency raised from the sale of Metacard NFTs and provide a detailed breakdown of how those funds were used or distributed. In your answer, include:(a) the total number of NFTs sold and the revenue received (in USD or ETH, specifying the conversion if needed), and (b) for each major category of expenditure or distribution, the amount and purpose.

**DEFECTIVE RESPONSE INTERROGATORY NO. 7:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent that the requested information is in the public domain and therefore equally accessible to Plaintiff. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

On January 19, 2022, ten thousand (10,000) Metacard NFTs were sold at the price of approximately .75 Ethereum ("ETH") per Metacard (the "Metacard Sale"). Defendants raised approximately 7,400 ETH from the sale. Based on the price of ETH at the time of the Metacard Sale, this converted to approximately $23 million ($23,000,000) U.S. dollars ("USD").

///

1    Of the funds received from the Metacard Sale, most went to the Nelk

2 corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid for events and

3 benefits for Metacard holders. Another portion of the funds went toward

4 compensating individuals who were involved in the operations and/or marketing of

5 Metacard. Finally, another portion of the funds went toward other expenses, such

6 as marketing expenses, server costs, and the domain purchase.

7    **REASONS WHY THE RESPONSE IS DEFECTIVE**

8    Federal Rule of Civil Procedure 26 provides that a party may obtain

9 discovery "regarding any nonprivileged matter that is relevant to any party's claim

10 or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

11 "Information within this scope of discovery need not be admissible in evidence to

12 be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly,

13 although it is not without ultimate and necessary boundaries." *Gonzales v. Google,*

14 *Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

15    Plaintiff is not seeking that much information. It should be readily available

16 and not difficult to allocate. Defendants indicated in their response where the $23

17 million went:

18        Of the funds received from the Metacard Sale, most went to the Nelk

19        corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid

20        for events and benefits for Metacard holders. Another portion of the

21        funds went toward compensating individuals who were involved in the

22        operations and/or marketing of Metacard. Finally, another portion of

23        the funds went toward other expenses, such as marketing expenses,

24        server costs, and the domain purchase.

25    It appears there are four areas where the $23 million went: (1) most went to

26 corporate entities; (2) for events and benefits for Metacard holders; (3) toward

27 compensating individuals who were involved in the operations and/or marketing of

28 Metacard; (4) other expenses, such as marketing expenses, server costs, and the

1   domain purchase.

2          If most went to Nelk corporate entities, which ones, and how much?  Also,

3   where did the rest go?

4          Secondarily, what events and benefits for Metacard holders occurred, and

5   how much?

6          Third, which individual were compensated for "operations and/or marketing"

7   and how much?

8          Fourth, how much for other expenses, such as marketing expenses, server

9   costs and the domain purchase.

10          The interrogatory response is intentionally vague and needs a complete

11   response.

12   **DEFENDANTS' POSITION:**

13          Defendants provided a response to this Interrogatory and told Plaintiffs

14   during multiple conferences that they would supplement their response with

15   additional detail when they are in a position to do so. Li Decl. ¶¶ 6, 16. This is

16   entirely proper. *See Hason v. L.A. Cnty.*, 2013 WL 12377031, at *1 (C.D. Cal. July

17   17, 2013) ("When parties do not have the ability to answer an interrogatory or a

18   request for production," the appropriate course is to respond with the information

19   available and supplement that information when it becomes available.). As

20   explained above, Plaintiff's motion to compel a further response at this stage is

21   premature because there is no operative pleading, class certification has not been

22   briefed or decided, and the parties have not exchanged initial disclosures or

23   finalized a protective order.

24          Further, Plaintiff seeks to modify this Interrogatory with additional questions

25   posed in his L.R. 37-1 correspondence and this Joint Stipulation (*e.g.*, "If most went

26   to Nelk corporate entities, which ones and how much? Also, where did the rest

27   go?"). But a party cannot be compelled to answer additional questions that were not

28   posed in the Interrogatory. *See Page v. Minn. Life Ins. Co.*, 2020 WL 5093087, at

1    *3 (C.D. Cal. June 26, 2020) (where a modified interrogatory changed the original

2    interrogatory, the court refused to compel the party to supplement its response);

3    *Givens v. Cal. Dep't of Corr. & Rehab.*, 2023 WL 6313986, at *2 (E.D. Cal. Sep.

4    28, 2023) ("[T]he meet and confer process does not include an ability to revise a

5    discovery request and then challenge a defendant's failure to respond to a proposed

6    revision. . . . If, through the meet and confer process, a party determines that a

7    different request needed to be propounded, such party is required to propound a

8    second set of discovery so that it is clear a response is sought to the revised request

9    . . . ."); *Patton v. Loadholt*, 2020 WL 5095858, at *4 (E.D. Cal. Aug. 28, 2020)

10   (clarification of an interrogatory during a meet and confer "falls outside the scope

11   of the information sought" because "Plaintiff cannot use the meet and confer

12   process to expand his discovery requests").

13        Because Defendants agreed to supplement their response to this Interrogatory

14   and fact discovery is at an early stage, Plaintiff's dispute over this Interrogatory is

15   premature and should be denied. *Cf. Thunder Studios*, 2018 WL 5099748, at *1

16   (denying motion to compel where "the producing parties have actually agreed to

17   produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute

18   was not ripe until plaintiffs produced the documents that they "already offered to

19   produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document

20   production was premature when the parties still had 1.5 months until the discovery

21   cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where

22   deadline to respond had not elapsed).

23   **INTERROGATORY NO. 8**:

24        Identify all bank accounts, cryptocurrency wallets, or other financial

25   account**s** that held the proceeds from Metacard NFT sales or were used to transact

26   Metacard-related finances. For each account or wallet, provide the name of the

27   financial institution or platform (or blockchain address), the name of the account

28   holder or controller (e.g., Metacard LLC account at Bank X, or Ethereum wallet

1  controlled by John Shahidi), and the persons authorized to access or manage those

2  funds. In addition, for each such account, indicate the current balance or disposition

3  of funds if the account was later emptied or closed. (These interrogatory traces

4  where the money went and who had control over it.)

5  **RESPONSE TO INTERROGATORY NO. 8:**

6  Defendant incorporates herein the General Objections stated above.

7  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly

8  burdensome, and not proportional to the needs of this case. Defendant further

9  objects to this Interrogatory on the grounds that it seeks sensitive personal

10  information and violates applicable privacy rights. Defendant further objects to this

11  Interrogatory to the extent it seeks to require it to disclose information subject to

12  the attorney-client privilege or work product doctrine. Subject to and without

13  waiving the foregoing objections, Defendant responds as follows:

14  The ETH from the Metacard Sale was initially received by a contract wallet

15  controlled by Defendant. The ETH was subsequently distributed into various

16  cryptocurrency wallets belonging to the Nelk corporate entities (Nelk USA, Inc.

17  and Metacard, LLC), and to the individuals referenced in the Response to

18  Interrogatory No. 7 above as compensation for their involvement in the operations

19  and/or marketing of Metacard. To transact finances relating to Metacard, Defendant

20  either (1) made payments directly from a cryptocurrency wallet belonging to the

21  Nelk corporate entities, or (2) transferred ETH from a cryptocurrency wallet

22  belonging to the Nelk corporate entities to a cryptocurrency exchange such as

23  Coinbase or Kraken in order to exchange the ETH for USD, and subsequently

24  transferred the funds in USD to a bank account belonging to Nelk USA, Inc.

25  **BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**

26  The response is incomplete on purpose. For the same reasons identified

27  pertaining to interrogatory seven (7), this information is discoverable. Any privilege

28  is balanced against the need in this case and the protective order.

1    The interrogatory response is intentionally vague and needs a complete

2    response identifying the financial accounts as requested.

3    **DEFENDANTS' POSITION:**

4    Defendants provided a response to this Interrogatory and told Plaintiffs

5    during multiple conferences that they would supplement their response with

6    additional detail when they are in a position to do so. Li Decl. ¶¶ 6, 16. This is

7    entirely proper. *See Hason v. L.A. Cnty.*, 2013 WL 12377031, at *1 (C.D. Cal. July

8    17, 2013) ("When parties do not have the ability to answer an interrogatory or a

9    request for production," the appropriate course is to respond with the information

10   available and supplement that information when it becomes available.). As

11   explained above, Plaintiff's motion to compel a further response at this stage is

12   premature because there is no operative pleading, class certification has not been

13   briefed or decided, and the parties have not exchanged initial disclosures or

14   finalized a protective order.

15   Further, Plaintiff seeks to modify this Interrogatory with additional questions

16   posed in his L.R. 37-1 correspondence and this Joint Stipulation (*e.g.*, "If most went

17   to Nelk corporate entities, which ones and how much? Also, where did the rest

18   go?"). But a party cannot be compelled to answer additional questions that were not

19   posed in the Interrogatory. *See Page v. Minn. Life Ins. Co.*, 2020 WL 5093087, at

20   *3 (C.D. Cal. June 26, 2020) (where a modified interrogatory changed the original

21   interrogatory, the court refused to compel the party to supplement its response);

22   *Givens v. Cal. Dep't of Corr. & Rehab.*, 2023 WL 6313986, at *2 (E.D. Cal. Sep.

23   28, 2023) ("[T]he meet and confer process does not include an ability to revise a

24   discovery request and then challenge a defendant's failure to respond to a proposed

25   revision. . . . If, through the meet and confer process, a party determines that a

26   different request needed to be propounded, such party is required to propound a

27   second set of discovery so that it is clear a response is sought to the revised request

28   . . . ."); *Patton v. Loadholt*, 2020 WL 5095858, at *4 (E.D. Cal. Aug. 28, 2020)

1   (clarification of an interrogatory during a meet and confer "falls outside the scope

2   of the information sought" because "Plaintiff cannot use the meet and confer

3   process to expand his discovery requests").

4       Because Defendants agreed to supplement their response to this Interrogatory

5   and fact discovery is at an early stage, Plaintiff's dispute over this Interrogatory is

6   premature and should be denied. *Cf. Thunder Studios*, 2018 WL 5099748, at *1

7   (denying motion to compel where "the producing parties have actually agreed to

8   produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute

9   was not ripe until plaintiffs produced the documents that they "already offered to

10  produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document

11  production was premature when the parties still had 1.5 months until the discovery

12  cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where

13  deadline to respond had not elapsed).

14          **VI.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

15  <u>**REQUEST NO. 1**</u>*:*

16      All **DOCUMENTS** including any insurance records, the complete policy

17  (including any addendums or documents identifying additional insureds, etc.) for

18  any policy of insurance through which **YOU** were or might be insured in any

19  manner (for example, primary, pro-rata, or excess liability coverage or medical

20  expense coverage) for the damages, claims, or actions that have arisen out of this

21  matter.

22  <u>**RESPONSE TO REQUEST NO. 1:**</u>

23      In addition to their General Objections, Defendants specifically object to

24  this Request on the grounds that it is overbroad and unduly burdensome because

25  it seeks "all" Documents relating to the Request. Defendants further object to this

26  Request to the extent that it seeks documents that are irrelevant or not

27  proportional to the needs of the case. Defendants further object to this Request

28  to the extent that it seeks documents or information protected by the attorney-

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 38 –**

1  client privilege, work-product doctrine, the common interest privilege, or any

2  other applicable privilege, protection, or immunity. Defendants further object to

3  this Request to the extent that it seeks documents outside Defendants'

4  possession, custody, or control.

5  Subject to and without waiving the foregoing objections, Defendants are

6  willing to meet and confer with Plaintiff regarding this Request.

7  <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

8  Plaintiffs sought insurance documents. These are discoverable. See Fed. R.

9  Civ. P. 26(a)(1)(A)(iv) ("[a] party must, without awaiting a **discovery** request

10  provide to the other parties ... for inspection and copying under Rule 34, any

11  insurance agreement under which an insurance business may be liable to satisfy all

12  or part of a possible judgment in the action or to indemnify or reimburse for

13  payments made to satisfy the judgment."). *See also Johnson v. United States*, 2018

14  WL 613677688 *1 (C.D. Cal. July 10, 2018) (Compelling insurance policies of

15  non-parties - the requested insurance policies and information are relevant and

16  proportionate subjects that will assist the parties in making informed decisions

17  concerning their claims and defenses.)

18  Defendants have indicated that there is no insurance but refuse to provide a

19  response stating so without objections.

20  The objections must be waived and a compliant response provided. In a case

21  with an underlying claim of $23M, producing any actual insurance policies is not

22  unduly burdensome.

23  <u>**DEFENDANTS' POSITION:**</u>

24  As Plaintiff states above, Defendants responded that there are no insurance

25  documents responsive to Request No. 1. On September 9, counsel for Defendants

26  stated that they had conferred with Defendants and determined that there were no

27  insurance documents responsive to this Request. Li Decl. ¶ 13. Plaintiff has thus

28  been informed that Defendants are not withholding responsive documents on the

basis of the objections set forth in their response to this Request. Accordingly, Defendants do not believe there is a dispute over Request No. 1.

**REQUEST NO. 2***:*

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding the ownership/structure of **NELK**, **NELK USA**, and **METACARD, LLC**, including in by-laws, corporate minutes, shareholder percentages and filings with the California Secretary of State or any federal (Canada too), provincial, state or local entity.

**RESPONSE TO REQUEST NO. 2:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "filings" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show the ownership and/or corporate structure of Nelk, Inc., Nelk USA, Inc., and Metacard, LLC.

///

1    <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

2    First, the objections, general and boilerplate, need to be withdrawn. Plaintiffs

3    need all responsive documents. The documents regarding the ownership structure

4    of the three corporate defendants is discoverable. "The structure of the corporation

5    is not too complicated for a corporate deponent to be expected to discuss

6    knowledgeably." *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 2014 WL

7    12639323 *3 (C.D. Cal. Dec. 19, 2014)*. See also Taylor v. Shippers Transport*

8    *Express, Inc.*, 2013 WL 12114614 5 (C.D. Cal. Sept. 11, 2013):

9    Corporate structures and flow charts are discovery, and not unduly

10    burdensome. To the extent it is not clear from [defendant's]

11    supplemental response if [defendant] has produced <u>all</u> responsive

12    documents in its possession, custody, or control—<u>i.e.</u>, as described by

13    plaintiff, "corporate structure flow charts applicable to the class

14    period"—the Motion to compel a further response is granted. Along

15    with any responsive documents, [defendant] shall provide plaintiff

16    with a declaration, signed under penalty of perjury by a corporate

17    officer or director, which confirms that it has produced <u>all</u> responsive

18    documents in its possession, custody or control. Additionally, to the

19    extent [defendant] claims that, having conducted a thorough search, it

20    has already produced all responsive documents in its possession,

21    custody or control, it shall provide plaintiff with a declaration to that

22    effect, signed under penalty of perjury by a corporate officer or

23    director.

24    The objections must be waived and a compliant response provided and all

25    responsive documents provided.

26    <u>**DEFENDANTS' POSITION:**</u>

27    As set forth in their response to this Request, Defendants agreed to search for

28    and produce responsive non-privileged Documents subject to their general and

1    specific objections. During the parties' conferences, Defendants reiterated this
2    position and stated that they would negotiate custodians and search parameters with
3    Plaintiff, and additionally, that they would confer after documents are produced if
4    Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
5    14. Defendants also stated that they would provide a privilege log associated with
6    the production, and that they would supplement their response if necessary to
7    specify which documents were withheld and the basis for withholding such
8    documents. *Id.* ¶ 15.

9        Because Defendants have agreed to produce documents in response to this
10   Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
11   Request is premature and should be denied. *See Thunder Studios*, 2018 WL
12   5099748, at *1 (denying motion to compel where "the producing parties have
13   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
14   3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
15   they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
16   compel document production was premature when the parties still had 1.5 months
17   until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
18   was premature where deadline to respond had not elapsed).

19       Defendants' objections need not be waived. *See Forsyth v. City of Buena
20   Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to
21   object to part of a request while responding to the non-objectionable portions.").

22   **REQUEST NO. 3***:*

23       All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT
24   MESSAGES**) identifying the roles, responsibilities, and involvement of any
25   individual in the conception, launch, and operation of the Metacard NFT project.
26   This includes organizational charts, internal memos, or communications describing
27   who was in charge of finances, marketing, project development, customer relations,
28   and other operational aspects.

**RESPONSE TO REQUEST NO. 3:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to identify the individuals involved in the conception, launch, and operation of the Metacard project and their respective roles and responsibilities.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Plaintiff sought all documents identifying the roles, responsibilities, and involvement of any individual in the conception, launch, and operation of the Metacard NFT project. This includes organizational charts, internal memos, or communications describing who was in charge of finances, marketing, project development, customer relations, and other operational aspects. These are discoverable. Who did what for Metacard is basic discovery. There is no declaration saying it is unduly burdensome.

The promised documents have not arrived. Plaintiffs are entitled to

1    enough responsive documents so it is clear who had what roles, responsibilities,

2    and involvement of any individual in the conception, launch, and operation of

3    the Metacard NFT project. The objections must be waived and a compliant

4    response provided and all responsive documents provided. See Hartsock v.

5    Goodyear Tire & Rubber Co., 2014 WL 51237, *3–4 (D.S.C. Jan.7, 2014)

6    (finding no error with the magistrate's judge's Order compelling production of

7    six organizational charts and finding the charts to be necessary for discovering

8    potential witnesses where defendant failed to show that the request was over

9    broad and unduly burdensome) (citing Stambler v. Amazon.com, Inc., 2011 WL

10   10538668, at *8 (E.D.Tex. May 23, 2011) (finding relevant, and compelling

11   production of, organizational charts for multiple departments)) and Cunningham

12   v. Standard Fire Ins. Co., 2008 WL 2902621, at *2 (D.Colo. July 24, 2008)

13   (permitting discovery of organizational charts beyond just the claims department

14   at issue)); see also Impact, LLC v. United Rentals, Inc., 2009 WL 413713, *9

15   (E.D.Ark. Feb.18, 2009) (granting request for production of current non-

16   privileged organizational charts); Clearone Commc'n, Inc. v. Chiang, 2007 WL

17   4166137, *4 (D.Utah. Nov.20, 2007) (granting request for production of

18   documents sufficient to show the organizational structure of defendant).

19        The objections must be waived and a compliant response provided, and the

20   responsive documents produced.

21   **DEFENDANTS' POSITION:**

22        As set forth in their response to this Request, Defendants agreed to search for

23   and produce responsive non-privileged Documents subject to their general and

24   specific objections. During the parties' conferences, Defendants reiterated this

25   position and stated that they would negotiate custodians and search parameters with

26   Plaintiff, and additionally, that they would confer after documents are produced if

27   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

28   14. Defendants also stated that they would provide a privilege log associated with

1  the production, and that they would supplement their response if necessary to
2  specify which documents were withheld and the basis for withholding such
3  documents. *Id.* ¶ 15.

4      Because Defendants have agreed to produce documents in response to this
5  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
6  Request is premature and should be denied. *See Thunder Studios*, 2018 WL
7  5099748, at *1 (denying motion to compel where "the producing parties have
8  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
9  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
10 they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
11 compel document production was premature when the parties still had 1.5 months
12 until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
13 was premature where deadline to respond had not elapsed).

14     Defendants' objections need not be waived. *See Forsyth v. City of Buena
15 Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to
16 object to part of a request while responding to the non-objectionable portions.").

17 **REQUEST NO. 4**:

18     All agreements or contracts between or among any of the Defendants
19 (including with third parties and vendors) relating to the Metacard project or the
20 FullSend Metacard venture. This includes partnership or joint venture agreements,
21 operating agreements for Metacard LLC, employment or consulting contracts (if
22 any) for individuals working on the project, and any documents delineating
23 authority or decision-making structure for the project.

24 **RESPONSE TO REQUEST NO. 4:**

25     In addition to their General Objections, Defendants specifically object to
26 this Request on the grounds that it is overbroad and unduly burdensome because
27 it seeks "all" agreements or contracts relating to the Request. Defendants further
28 object to this Request to the extent that it seeks documents that are irrelevant or

1    not proportional to the needs of the case. Defendants further object to this

2    Request to the extent that it seeks documents or information protected by the

3    attorney-client privilege, work-product doctrine, the common interest privilege,

4    or any other applicable privilege, protection, or immunity. Defendants further

5    object to this Request to the extent that it seeks documents outside Defendants'

6    possession, custody, or control. Defendants further object to this Request to the

7    extent that such documents or information are public and therefore equally

8    available to Plaintiff, or that such documents or information are duplicative or

9    cumulative of documents or information that have already been produced to

10   Plaintiff by other sources. Defendants further object to the phrase "relating to the

11   Metacard project or the FullSend Metacard venture," as vague and ambiguous.

12   Subject to and without waiving the foregoing objections, Defendants will search

13   for and produce non-privileged Documents, if any, responsive to the Request that

14   are in Defendants' possession, custody, or control, subject to a reasonable, good

15   faith search pursuant to an agreed-upon protocol.

16   **<u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>**

17          The contracts related to the Metacard project and venture tells who did what,

18   how much they were paid. It is an easy production to prepare and highly relevant.

19   **<u>DEFENDANTS' POSITION:</u>**

20          As set forth in their response to this Request, Defendants agreed to search for

21   and produce responsive non-privileged Documents subject to their general and

22   specific objections. During the parties' conferences, Defendants reiterated this

23   position and stated that they would negotiate custodians and search parameters with

24   Plaintiff, and additionally, that they would confer after documents are produced if

25   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

26   14. Defendants also stated that they would provide a privilege log associated with

27   the production, and that they would supplement their response if necessary to

28   specify which documents were withheld and the basis for withholding such

documents. *Id.* ¶ 15.

Because Defendants have agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST NO. 5***:*

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) reflecting the initial sale of Metacard NFTs, including records of how many NFTs were sold, the price of each NFT, total funds raised (approximately $23 million), and identification of the bank accounts or cryptocurrency wallets where the proceeds were deposited. Include transaction records (such as ETH wallet transactions) and any summaries or spreadsheets of sales results.

**RESPONSE TO REQUEST NO. 5:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request

1  to the extent that it seeks documents or information protected by the attorney-

2  client privilege, work-product doctrine, the common interest privilege, or any

3  other applicable privilege, protection, or immunity. Defendants further object to

4  this Request to the extent that it seeks documents outside Defendants'

5  possession, custody, or control. Defendants further object to this Request to the

6  extent that such documents or information are public and therefore equally

7  available to Plaintiff, or that such documents or information are duplicative or

8  cumulative of documents or information that have already been produced to

9  Plaintiff by other sources.

10        Subject to and without waiving the foregoing objections, Defendants will

11  search for and produce responsive non-privileged Documents within

12  Defendants' possession, custody, or control sufficient to show how many

13  Metacard NFTs were sold in the initial sale, the price of each Metacard, the total

14  funds raised, and the bank accounts or cryptocurrency wallets where the sale

15  proceeds were deposited.

16  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

17        The objections are improper. There has been no privilege log to date. The

18  responsive documents promised have not been produced. A full and complete

19  responses, without objections, and production is necessary.

20  **DEFENDANTS' POSITION:**

21        As set forth in their response to this Request, Defendants agreed to search for

22  and produce responsive non-privileged Documents subject to their general and

23  specific objections. During the parties' conferences, Defendants reiterated this

24  position and stated that they would negotiate custodians and search parameters with

25  Plaintiff, and additionally, that they would confer after documents are produced if

26  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

27  14. Defendants also stated that they would provide a privilege log associated with

28  the production, and that they would supplement their response if necessary to

1  specify which documents were withheld and the basis for withholding such
2  documents. *Id.* ¶ 15.

3      Because Defendants have agreed to produce documents in response to this
4  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
5  Request is premature and should be denied. *See Thunder Studios*, 2018 WL
6  5099748, at *1 (denying motion to compel where "the producing parties have
7  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
8  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
9  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
10 compel document production was premature when the parties still had 1.5 months
11 until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
12 was premature where deadline to respond had not elapsed).

13      Defendants' objections need not be waived. *See Forsyth v. City of Buena
14 Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to
15 object to part of a request while responding to the non-objectionable portions.").

16 **REQUEST NO. 6***:*

17      Any and all **DOCUMENTS** showing how the proceeds from the Metacard
18 NFT sales were used or distributed. This should include bank statements, crypto
19 wallet transaction logs, accounting ledgers, and records of any **transfers or
20 payments** of those funds – whether to Defendants, to other individuals, or to third-
21 party vendors. (For example, documents evidencing payments to Kyle Forgeard,
22 John Shahidi, or any entity controlled by them from the NFT sale proceeds.)

23 **RESPONSE TO REQUEST NO. 6:**

24      In addition to their General Objections, Defendants specifically object to
25 this Request on the grounds that it is overbroad and unduly burdensome because
26 it seeks "any and all" Documents relating to the Request. Defendants further
27 object to this Request to the extent that it seeks documents that are irrelevant or
28 not proportional to the needs of the case. Defendants further object to this

1    Request to the extent that it seeks documents or information protected by the
2    attorney-client privilege, work- product doctrine, the common interest privilege,
3    or any other applicable privilege, protection, or immunity. Defendants further
4    object to this Request to the extent that it seeks documents outside Defendants'
5    possession, custody, or control. Defendants further object to this Request to the
6    extent that such documents or information are public and therefore equally
7    available to Plaintiff, or that such documents or information are duplicative or
8    cumulative of documents or information that have already been produced to
9    Plaintiff by other sources.

10          Subject to and without waiving the foregoing objections, Defendants will
11   search for and produce non-privileged Documents, if any, responsive to the
12   Request that are in Defendants' possession, custody, or control, subject to a
13   reasonable, good faith search pursuant to an agreed-upon protocol.

14   <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

15          Plaintiff is entitled to seek corroborating evidence for how the Defendants
16   spent the Metacard income raised from Plaintiff and the Class. The objections are
17   improper. There has been no privilege log to date. No responsive documents
18   promised must have been produced. The response does not tell what requested
19   documents are being withheld.

20   <u>**DEFENDANTS' POSITION:**</u>

21          As set forth in their response to this Request, Defendants agreed to search for
22   and produce responsive non-privileged Documents subject to their general and
23   specific objections. During the parties' conferences, Defendants reiterated this
24   position and stated that they would negotiate custodians and search parameters with
25   Plaintiff, and additionally, that they would confer after documents are produced if
26   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
27   14. Defendants also stated that they would provide a privilege log associated with
28   the production, and that they would supplement their response if necessary to

1  specify which documents were withheld and the basis for withholding such

2  documents. *Id.* ¶ 15.

3      Because Defendants have agreed to produce documents in response to this

4  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

5  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

6  5099748, at *1 (denying motion to compel where "the producing parties have

7  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

8  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

9  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

10  compel document production was premature when the parties still had 1.5 months

11  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

12  was premature where deadline to respond had not elapsed).

13      Defendants' objections need not be waived. *See Forsyth v. City of Buena

14  Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

15  object to part of a request while responding to the non-objectionable portions.").

16  **REQUEST FOR PRODUCTION NO. 7**:

17      All internal or external financial statements, budgets, or financial reports

18  related to the Metacard project or any Defendant entity involved (e.g. profit-and-

19  loss statements for Metacard LLC or Nelk USA, Inc., budgets outlining planned

20  use of NFT revenue, or projections given to any stakeholders). Include any

21  documents showing planned allocation of funds (such as if certain amounts were

22  earmarked for events, product development, marketing, etc.).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      In addition to their General Objections, Defendants specifically object to

25  this Request on the grounds that it is overbroad and unduly burdensome because

26  it seeks "all internal or external financial statements, budgets, or financial reports

27  related to the Metacard project or any Defendant entity involved." Defendants

28  further object to this Request to the extent that it seeks documents that are

irrelevant or not proportional to the needs of the case, including to the extent it seeks documents relating to "any Defendant entity involved" unrelated to the Metacard project. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Plaintiff is entitled to seek corroborating evidence for how the Defendants raised and spent the Metacard income raised from Plaintiff and the Class. The objections are improper.

There has been no declaration regarding how this request is unduly burdensome. "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc.*, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D. 38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

No declaration has been produced in support of the other general or boilerplate objections.

There has been no privilege log to date. No responsive documents promised  have been produced. The response does not tell what requested documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

Any privacy right for a corporation is minimal in California and balanced against the entry of a Protective Order, must be produced. "While corporations do have a right to privacy, it is not a constitutional right. The corporate right to privacy is a lesser right than that held by human beings and is not considered a fundamental right." *SCC Acquisitions, Inc. v. Sup. Ct.*, 243 Cal. App. 4th 741, 756 (2015).

"Doubts about relevance generally are resolved in favor of permitting discovery." *SCC Acquisitions*, *supra* at 756; *see also Hecht, Solberg, Robinson, Goldberg & Bagley LLP v.* **Superior Court** (2006) 137 Cal.App.4th 579, 595 (2006) (assuming the existence of a corporation's right to privacy in its financial information, but finding that the right is not an absolute bar to discovery of internal financial records).

A further response is necessary, without objections, except attorney client or work product privileges accompanying a privilege log.

**DEFENDANTS' POSITION:**

As set forth in their response to this Request, Defendants agreed to search for and produce responsive non-privileged Documents subject to their general and specific objections. During the parties' conferences, Defendants reiterated this position and stated that they would negotiate custodians and search parameters with Plaintiff, and additionally, that they would confer after documents are produced if Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such documents. *Id.* ¶ 15.

///

1    Because Defendants have agreed to produce documents in response to this

2    Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

3    Request is premature and should be denied. *See Thunder Studios*, 2018 WL

4    5099748, at *1 (denying motion to compel where "the producing parties have

5    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

6    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

7    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

8    compel document production was premature when the parties still had 1.5 months

9    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

10   was premature where deadline to respond had not elapsed).

11   Defendants' objections need not be waived. *See Forsyth v. City of Buena

12   Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

13   object to part of a request while responding to the non-objectionable portions.").

14   **REQUEST FOR PRODUCTION NO. 8**:

15   All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**

16   **MESSAGES**) sufficient to show any **distribution of profits or compensation**

17   derived from the Metacard project's funds to the Defendants or others. This

18   includes records of salaries, bonuses, dividends, profit-sharing, draws, or any

19   other form of payment or benefit that any Defendant (or its officers/principals)

20   received from the project's revenue.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22   In addition to their General Objections, Defendants specifically object to

23   this Request on the grounds that it is overbroad and unduly burdensome

24   because it seeks "all" Documents relating to the Request. Defendants further

25   object to this Request to the extent that it seeks documents that are irrelevant or

26   not proportional to the needs of the case. Defendants further object to this

27   Request to the extent that it seeks documents or information protected by the

28   attorney-client privilege, work-product doctrine, the common interest privilege,

1    or any other applicable privilege, protection, or immunity. Defendants further

2    object to this Request to the extent that it seeks documents outside Defendants'

3    possession, custody, or control. Defendants further object to this Request to the

4    extent that such documents or information are public and therefore equally

5    available to Plaintiff, or that such documents or information are duplicative or

6    cumulative of documents or information that have already been produced to

7    Plaintiff by other sources. Defendants further object to the phrase "derived

8    from the Metacard project's funds," as vague and ambiguous.

9          Subject to and without waiving the foregoing objections, Defendants

10   will search for and produce responsive non-privileged Documents within

11   Defendants' possession, custody, or control sufficient to show the distribution

12   of profits from the Metacard sale to Defendants or others.

13   <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

14         Plaintiff is entitled to seek corroborating evidence for how the Defendants

15   raised and spent the Metacard income raised from Plaintiff and the Class. The

16   objections are improper.

17         There has been no declaration regarding how this request is unduly

18   burdensome. "[A]ssertions of a burden without specific estimates of staff hours

19   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

20   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

21   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

22   WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

23         No declaration has been produced in support of the other general or

24   boilerplate objections.

25         There has been no privilege log to date. No responsive documents

26   promised  have been produced. The response does not tell what requested

27   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

28   ///

1    Any privacy right for a corporation is minimal in California and balanced
2 against the entry of a Protective Order, must be produced. "While corporations do
3 have a right to privacy, it is not a constitutional right. The corporate right to
4 privacy is a lesser right than that held by human beings and is not considered a
5 fundamental right." *SCC Acquisitions, Inc. v. Sup. Ct.*, 243 Cal. App. 4th 741, 756
6 (2015).

7    "Doubts about relevance generally are resolved in favor of permitting
8 discovery." *SCC Acquisitions*, *supra* at 756; *see also Hecht, Solberg, Robinson,*
9 *Goldberg & Bagley LLP v. Superior Court* (2006) 137 Cal.App.4th 579, 595
10 (2006) (assuming the existence of a corporation's right to privacy in its financial
11 information, but finding that the right is not an absolute bar to discovery of
12 internal financial records).

13    A further response is necessary, without objections, except attorney client
14 or work product privileges accompanying a privilege log.

15 **DEFENDANTS' POSITION:**

16    As set forth in their response to this Request, Defendants agreed to search for
17 and produce responsive non-privileged Documents subject to their general and
18 specific objections. During the parties' conferences, Defendants reiterated this
19 position and stated that they would negotiate custodians and search parameters with
20 Plaintiff, and additionally, that they would confer after documents are produced if
21 Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
22 14. Defendants also stated that they would provide a privilege log associated with
23 the production, and that they would supplement their response if necessary to
24 specify which documents were withheld and the basis for withholding such
25 documents. *Id.* ¶ 15.

26    Because Defendants have agreed to produce documents in response to this
27 Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
28 Request is premature and should be denied. *See Thunder Studios*, 2018 WL

5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 9**:

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) related to expenses or investments made to fulfill promised perks or project features.

For example, receipts, invoices, or contracts for expenditures such as event venue deposits, merchandise producedfor NFT holders, development of any promised software or platform, marketing costs specifically tied to promised benefits, etc. (This will show whether and how funds were actually reinvested into the project for the benefit of NFTholders.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work- product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this

1    Request to the extent that it seeks documents outside Defendants' possession,

2    custody, or control. Defendants further object to this Request to the extent that

3    such documents or information are public and therefore equally available to

4    Plaintiff, or that such documents or information are duplicative or cumulative of

5    documents or information that have already been produced to Plaintiff by other

6    sources. Defendants further object to the terms "promised perks or project

7    features" as vague and ambiguous.

8         Subject to and without waiving the foregoing objections, Defendants will

9    search for and produce non-privileged Documents, if any, responsive to the

10   Request that are in Defendants' possession, custody, or control, subject to a

11   reasonable, good faith search pursuant to an agreed-upon protocol.

12   **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

13        Plaintiff is entitled to seek corroborating evidence for how the Defendants

14   raised and spent the Metacard income raised from Plaintiff and the Class. The

15   objections are improper.

16        There has been no declaration regarding how this request is unduly

17   burdensome. "[A]ssertions of a burden without specific estimates of staff hours

18   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

19   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

20   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

21   WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

22        No declaration has been produced in support of the other general or

23   boilerplate objections.

24        There has been no privilege log to date. No responsive documents

25   promised  have been produced. The response does not tell what requested

26   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

27        Any privacy right for a corporation is minimal in California and balanced

28   against the entry of a Protective Order, must be produced. "While corporations do

1   have a right to privacy, it is not a constitutional right. The corporate right to
2   privacy is a lesser right than that held by human beings and is not considered a
3   fundamental right." *SCC Acquisitions, Inc. v. Sup. Ct*., 243 Cal. App. 4th 741, 756
4   (2015).

5       "Doubts about relevance generally are resolved in favor of permitting
6   discovery." *SCC Acquisitions*, *supra* at 756; *see also Hecht, Solberg, Robinson,*
7   *Goldberg & Bagley LLP v. **Superior Court*** (2006) 137 Cal.App.4th 579, 595
8   (2006) (assuming the existence of a corporation's right to privacy in its financial
9   information, but finding that the right is not an absolute bar to discovery of
10  internal financial records).

11      A further response is necessary, without objections, except attorney client
12  or work product privileges accompanying a privilege log.

13  **DEFENDANTS' POSITION:**

14      As set forth in their response to this Request, Defendants agreed to search for
15  and produce responsive non-privileged Documents subject to their general and
16  specific objections. During the parties' conferences, Defendants reiterated this
17  position and stated that they would negotiate custodians and search parameters with
18  Plaintiff, and additionally, that they would confer after documents are produced if
19  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
20  14. Defendants also stated that they would provide a privilege log associated with
21  the production, and that they would supplement their response if necessary to
22  specify which documents were withheld and the basis for withholding such
23  documents. *Id.* ¶ 15.

24      Because Defendants have agreed to produce documents in response to this
25  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
26  Request is premature and should be denied. *See Thunder Studios*, 2018 WL
27  5099748, at *1 (denying motion to compel where "the producing parties have
28  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 10***:*

Any and all **DOCUMENTS** showing how any Metacard NFTs or related benefits were allocated. This includes lists of initial NFT allocations or a ledger of NFT holdings that identifies any NFTs that were reserved for or later transferred to any Defendant, as well as communications about reserving NFTs for the team or friends. (For example, if certain Metacard tokens were kept by the creators or given away as promotions, those records should be produced.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work- product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of

1   documents or information that have already been produced to Plaintiff by other

2   sources. Defendants further object to the term "related benefits" as vague and

3   ambiguous.

4       Subject to and without waiving the foregoing objections, Defendants will

5   search for and produce responsive non-privileged Documents within Defendants'

6   possession, custody, or control sufficient to show how the Metacards were

7   allocated.

8   <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

9       Plaintiff is entitled to seek corroborating evidence for how the Defendants

10  raised and spent the Metacard income raised from Plaintiff and the Class. The

11  objections are improper.

12      There has been no declaration regarding how this request is unduly

13  burdensome. "[A]ssertions of a burden without specific estimates of staff hours

14  needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

15  at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

16  38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

17  WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

18      No declaration has been produced in support of the other general or

19  boilerplate objections.

20      There has been no privilege log to date. No responsive documents

21  promised  have been produced. The response does not tell what requested

22  documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

23      Any privacy right for a corporation is minimal in California and balanced

24  against the entry of a Protective Order, must be produced. "While corporations do

25  have a right to privacy, it is not a constitutional right. The corporate right to

26  privacy is a lesser right than that held by human beings and is not considered a

27  fundamental right." *SCC Acquisitions, Inc. v. Sup. Ct*., 243 Cal. App. 4th 741, 756

28  (2015).

1    "Doubts about relevance generally are resolved in favor of permitting
2    discovery." *SCC Acquisitions*, *supra* at 756; *see also Hecht, Solberg, Robinson,*
3    *Goldberg & Bagley LLP v.* **Superior Court** (2006) 137 Cal.App.4th 579, 595
4    (2006) (assuming the existence of a corporation's right to privacy in its financial
5    information, but finding that the right is not an absolute bar to discovery of
6    internal financial records).

7    A further response is necessary, without objections, except attorney client
8    or work product privileges accompanying a privilege log.

9    **DEFENDANTS' POSITION:**

10    As set forth in their response to this Request, Defendants agreed to search for
11    and produce responsive non-privileged Documents subject to their general and
12    specific objections. During the parties' conferences, Defendants reiterated this
13    position and stated that they would negotiate custodians and search parameters with
14    Plaintiff, and additionally, that they would confer after documents are produced if
15    Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
16    14. Defendants also stated that they would provide a privilege log associated with
17    the production, and that they would supplement their response if necessary to
18    specify which documents were withheld and the basis for withholding such
19    documents. *Id.* ¶ 15.

20    Because Defendants have agreed to produce documents in response to this
21    Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
22    Request is premature and should be denied. *See Thunder Studios*, 2018 WL
23    5099748, at *1 (denying motion to compel where "the producing parties have
24    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
25    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
26    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
27    compel document production was premature when the parties still had 1.5 months
28    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

1    was premature where deadline to respond had not elapsed).

2    Defendants' objections need not be waived. *See Forsyth v. City of Buena*

3    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

4    object to part of a request while responding to the non-objectionable portions.").

5    **REQUEST FOR PRODUCTION NO. 11***:*

6    Any and all **DOCUMENTS** of marketing and promotional content relating

7    to Metacard, including materials disseminated publicly or internally prepared

8    drafts. This encompasses social media posts (Twitter/X, Instagram, YouTube

9    community posts),YouTube videos or podcast segments promoting Metacard,

10   press releases, email newsletters, advertisements, website pages, and any other

11   promotional documents. Include any content that describes the Metacard NFT, its

12   features, perks, potential benefits to buyers, or any investment/value propositions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14   In addition to their General Objections, Defendants specifically object to

15   this Request on the grounds that it is overbroad and unduly burdensome because it

16   seeks "any and all" Documents relating to the Request. Defendants further object

17   to this Request to the extent that it seeks documents that are irrelevant or not

18   proportional to the needs of the case. Defendants further object to this Request to

19   the extent that it seeks documents or information protected by the attorney-client

20   privilege, work- product doctrine, the common interest privilege, or any other

21   applicable privilege, protection, or immunity. Defendants further object to this

22   Request to the extent that it seeks documents outside Defendants' possession,

23   custody, or control. Defendants further object to this Request to the extent that

24   such documents or information are public and therefore equally available to

25   Plaintiff, or that such documents or information are duplicative or cumulative of

26   documents or information that have already been produced to Plaintiff by other

27   sources.

28   ///

1    Subject to and without waiving the foregoing objections, Defendants will

2    search for and produce non-privileged Documents, if any, responsive to the

3    Request that are in Defendants' possession, custody, or control, subject to a

4    reasonable, good faith search pursuant to an agreed-upon protocol.

5    <u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

6    Plaintiff is entitled to seek corroborating evidence for how the Defendants

7    marketed the Metacard. The objections are improper.

8    There has been no declaration regarding how this request is unduly

9    burdensome. "[A]ssertions of a burden without specific estimates of staff hours

10   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

11   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

12   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

13   WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

14   No declaration has been produced in support of the other general or

15   boilerplate objections.

16   There has been no privilege log to date. No responsive documents

17   promised  have been produced. The response does not tell what requested

18   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

19   A further response is necessary, without objections, except attorney client

20   or work product privileges accompanying a privilege log.

21   <u>DEFENDANTS' POSITION:</u>

22   As set forth in their response to this Request, Defendants agreed to search for

23   and produce responsive non-privileged Documents subject to their general and

24   specific objections. During the parties' conferences, Defendants reiterated this

25   position and stated that they would negotiate custodians and search parameters with

26   Plaintiff, and additionally, that they would confer after documents are produced if

27   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

28   14. Defendants also stated that they would provide a privilege log associated with

1  the production, and that they would supplement their response if necessary to

2  specify which documents were withheld and the basis for withholding such

3  documents. *Id.* ¶ 15.

4    Because Defendants have agreed to produce documents in response to this

5  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

6  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

7  5099748, at *1 (denying motion to compel where "the producing parties have

8  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

9  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

10  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

11  compel document production was premature when the parties still had 1.5 months

12  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

13  was premature where deadline to respond had not elapsed).

14    Defendants' objections need not be waived. *See Forsyth v. City of Buena

15  Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

16  object to part of a request while responding to the non-objectionable portions.").

17  **REQUEST FOR PRODUCTION NO. 12**:

18    Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and

19  **TEXT MESSAGES**) the **marketing strategy or plans** for Metacard. This

20  includes internal presentations, strategy decks, calendars, or schedules for

21  promotional campaigns, as well as communications among Defendants or with

22  marketing teams about how to pitch Metacard to the public. (For example,

23  discussions on key selling points, target audiences, timing of announcements, and

24  any "hype" strategy.)

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

26    In addition to their General Objections, Defendants specifically object to

27  this Request on the grounds that it is overbroad and unduly burdensome because it

28  seeks "any and all" Documents relating to the Request. Defendants further object

to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work- product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "plans" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Plaintiff is entitled to seek corroborating evidence for how the Defendants marketed the Metacard. The objections are improper.

There has been no declaration regarding how this request is unduly burdensome. "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D. 38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

No declaration has been produced in support of the other general or boilerplate objections.

///

///

1    There has been no privilege log to date. No responsive documents
2    promised  have been produced. The response does not tell what requested
3    documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

4    A further response is necessary, without objections, except attorney client
5    or work product privileges accompanying a privilege log.

6    **DEFENDANTS' POSITION:**

7    As set forth in their response to this Request, Defendants agreed to search for
8    and produce responsive non-privileged Documents subject to their general and
9    specific objections. During the parties' conferences, Defendants reiterated this
10   position and stated that they would negotiate custodians and search parameters with
11   Plaintiff, and additionally, that they would confer after documents are produced if
12   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
13   14. Defendants also stated that they would provide a privilege log associated with
14   the production, and that they would supplement their response if necessary to
15   specify which documents were withheld and the basis for withholding such
16   documents. *Id.* ¶ 15.

17   Because Defendants have agreed to produce documents in response to this
18   Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
19   Request is premature and should be denied. *See Thunder Studios*, 2018 WL
20   5099748, at *1 (denying motion to compel where "the producing parties have
21   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
22   3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
23   they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
24   compel document production was premature when the parties still had 1.5 months
25   until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
26   was premature where deadline to respond had not elapsed).

27   Defendants' objections need not be waived. *See Forsyth v. City of Buena*
28   *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

1   object to part of a request while responding to the non-objectionable portions.").

2   **REQUEST FOR PRODUCTION NO. 13**:

3         Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and

4   **TEXT MESSAGES**) and communications between any Defendant (or their

5   agents) and **third-party promoters or influencers** regarding Metacard. This

6   includes communications with marketing agencies, public relations firms, online

7   promoters, or individuals such as celebrities/influencers (e.g. any outreach to

8   Snoop Dogg or his team regarding promotion or events, collaborations with other

9   brands, etc.). Include any contracts or agreements for promotion and any

10  instructions or materials provided to these promoters about what to say or

11  emphasize.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

13        In addition to their General Objections, Defendants specifically object to

14  this Request on the grounds that it is overbroad and unduly burdensome because it

15  seeks "any and all" Documents relating to the Request. Defendants further object

16  to this Request to the extent that it seeks documents that are irrelevant or not

17  proportional to the needs of the case. Defendants further object to this Request to

18  the extent that it seeks documents or information protected by the attorney-client

19  privilege, work- product doctrine, the common interest privilege, or any other

20  applicable privilege, protection, or immunity. Defendants further object to this

21  Request to the extent that it seeks documents outside Defendants' possession,

22  custody, or control. Defendants further object to this Request to the extent that

23  such documents or information are public and therefore equally available to

24  Plaintiff, or that such documents or information are duplicative or cumulative of

25  documents or information that have already been produced to Plaintiff by other

26  sources.

27  ///

28  ///

1    Subject to and without waiving the foregoing objections, Defendants will

2    search for and produce non-privileged Documents, if any, responsive to the

3    Request that are in Defendants' possession, custody, or control, subject to a

4    reasonable, good faith search pursuant to an agreed-upon protocol.

5    LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

6    Plaintiff is entitled to seek corroborating evidence for how the Defendants

7    marketed the Metacard. The objections are improper.

8    There has been no declaration regarding how this request is unduly

9    burdensome. "[A]ssertions of a burden without specific estimates of staff hours

10   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

11   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

12   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

13   WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

14   No declaration has been produced in support of the other general or

15   boilerplate objections.

16   There has been no privilege log to date. No responsive documents

17   promised  have been produced. The response does not tell what requested

18   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

19   A further response is necessary, without objections, except attorney client

20   or work product privileges accompanying a privilege log.

21   DEFENDANTS' POSITION:

22   As set forth in their response to this Request, Defendants agreed to search for

23   and produce responsive non-privileged Documents subject to their general and

24   specific objections. During the parties' conferences, Defendants reiterated this

25   position and stated that they would negotiate custodians and search parameters with

26   Plaintiff, and additionally, that they would confer after documents are produced if

27   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

28   14. Defendants also stated that they would provide a privilege log associated with

the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such documents. *Id.* ¶ 15.

Because Defendants have agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 14**:

Any versions of any "roadmap," white paper, FAQ, or similar informational documentation that was created for the Metacard project. This includes drafts and final versions of documents outlining what buyers would get by purchasing a Metacard, planned phases of the project, future ventures tied to the NFT, or any official list of promised features/perks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any versions of any 'roadmap,' white paper, FAQ, or similar informational documentation that was created for the Metacard project." Defendants further object to this Request to the extent that it seeks documents that are irrelevant or

1  not proportional to the needs of the case. Defendants further object to this Request

2  to the extent that it seeks documents or information protected by the attorney-

3  client privilege, work-product doctrine, the common interest privilege, or any

4  other applicable privilege, protection, or immunity. Defendants further object to

5  this Request to the extent that it seeks documents outside Defendants' possession,

6  custody, or control. Defendants further object to this Request to the extent that

7  such documents or information are public and therefore equally available to

8  Plaintiff, or that such documents or information are duplicative or cumulative of

9  documents or information that have already been produced to Plaintiff by other

10  sources.

11      Subject to and without waiving the foregoing objections, Defendants will

12  search for and produce non-privileged Documents, if any, responsive to the

13  Request that are in Defendants' possession, custody, or control, subject to a

14  reasonable, good faith search pursuant to an agreed-upon protocol.

15  <u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

16      Plaintiff is entitled to seek corroborating evidence for how the Defendants

17  marketed the Metacard. The objections are improper.

18      There has been no declaration regarding how this request is unduly

19  burdensome. "[A]ssertions of a burden without specific estimates of staff hours

20  needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

21  at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

22  38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

23  WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

24      No declaration has been produced in support of the other general or

25  boilerplate objections.

26      There has been no privilege log to date. No responsive documents

27  promised  have been produced. The response does not tell what requested

28  documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

1      A further response is necessary, without objections, except attorney client

2  or work product privileges accompanying a privilege log.

3  **DEFENDANTS' POSITION:**

4      As set forth in their response to this Request, Defendants agreed to search for

5  and produce responsive non-privileged Documents subject to their general and

6  specific objections. During the parties' conferences, Defendants reiterated this

7  position and stated that they would negotiate custodians and search parameters with

8  Plaintiff, and additionally, that they would confer after documents are produced if

9  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

10  14. Defendants also stated that they would provide a privilege log associated with

11  the production, and that they would supplement their response if necessary to

12  specify which documents were withheld and the basis for withholding such

13  documents. *Id.* ¶ 15.

14      Because Defendants have agreed to produce documents in response to this

15  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

16  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

17  5099748, at *1 (denying motion to compel where "the producing parties have

18  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

19  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

20  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

21  compel document production was premature when the parties still had 1.5 months

22  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

23  was premature where deadline to respond had not elapsed).

24      Defendants' objections need not be waived. *See Forsyth v. City of Buena

25  Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

26  object to part of a request while responding to the non-objectionable portions.").

27  ///

28  ///

1   **REQUEST FOR PRODUCTION NO. 15**:

2          Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and

3   **TEXT MESSAGES**) that discuss **Metacard as an investment or lucrative**

4   **opportunity**. This covers any mention of potential financial return, increased

5   resale value, or statements like "this NFT will be a good investment," whether

6   those statements were ultimately used in public marketing or discussed internally.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

8          In addition to their General Objections, Defendants specifically object to

9   this Request on the grounds that it is overbroad and unduly burdensome because it

10  seeks "any and all" Documents relating to the Request. Defendants further object

11  to this Request to the extent that it seeks documents that are irrelevant or not

12  proportional to the needs of the case. Defendants further object to this Request to

13  the extent that it seeks documents or information protected by the attorney-client

14  privilege, work- product doctrine, the common interest privilege, or any other

15  applicable privilege, protection, or immunity. Defendants further object to this

16  Request to the extent that it seeks documents outside Defendants' possession,

17  custody, or control. Defendants further object to this Request to the extent that

18  such documents or information are public and therefore equally available to

19  Plaintiff, or that such documents or information are duplicative or cumulative of

20  documents or information that have already been produced to Plaintiff by other

21  sources. Defendants further object to the term "lucrative opportunity" as vague

22  and ambiguous.

23         Subject to and without waiving the foregoing objections, Defendants will

24  search for and produce non-privileged Documents, if any, responsive to the

25  Request that are in Defendants' possession, custody, or control, subject to a

26  reasonable, good faith search pursuant to an agreed-upon protocol.

27  ///

28  ///

<u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

Plaintiff is entitled to seek corroborating evidence for how the Defendants marketed the Metacard and discussed it internally. Was it an investment? Where purchasers being sold simply a good, or an investment. The objections are improper.

There has been no declaration regarding how this request is unduly burdensome. "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D. 38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

No declaration has been produced in support of the other general or boilerplate objections.

There has been no privilege log to date. No responsive documents promised  have been produced. The response does not tell what requested documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

A further response is necessary, without objections, except attorney client or work product privileges accompanying a privilege log.

<u>**DEFENDANTS' POSITION:**</u>

As set forth in their response to this Request, Defendants agreed to search for and produce responsive non-privileged Documents subject to their general and specific objections. During the parties' conferences, Defendants reiterated this position and stated that they would negotiate custodians and search parameters with Plaintiff, and additionally, that they would confer after documents are produced if Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such

documents. *Id.* ¶ 15.

Because Defendants have agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 16**:

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding planning and development of the Metacard project's promised ventures or utilities. Produce any project plans, product development documents, timelines, or status reports for the initiativesthat were supposed to come with the NFT.

 For example, documents on planning exclusive events (dates, venues, logistics), developing any members-only platforms or content, organizing the $250,000 giveaway (rules, structure, intended date), or any business ventures NFT holders were to be involved in (such as plans for a Metacard-holder exclusive business or club).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it

seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work- product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "promised ventures or utilities" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

<u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

Plaintiff is entitled to seek corroborating evidence for how the Defendants marketed the Metacard and discussed it internally. Was it an investment? Where purchasers being sold simply a good, or an investment. The objections are improper.

There has been no declaration regarding how this request is unduly burdensome. "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230, at \*3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D. 38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003 WL 25666135, at \*2 (E.D. Pa. Feb. 28, 2003).

1    No declaration has been produced in support of the other general or

2    boilerplate objections.

3    There has been no privilege log to date. No responsive documents

4    promised  have been produced. The response does not tell what requested

5    documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

6    A further response is necessary, without objections, except attorney client

7    or work product privileges accompanying a privilege log.

8    **<u>DEFENDANTS' POSITION:</u>**

9    As set forth in their response to this Request, Defendants agreed to search for

10    and produce responsive non-privileged Documents subject to their general and

11    specific objections. During the parties' conferences, Defendants reiterated this

12    position and stated that they would negotiate custodians and search parameters with

13    Plaintiff, and additionally, that they would confer after documents are produced if

14    Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

15    14. Defendants also stated that they would provide a privilege log associated with

16    the production, and that they would supplement their response if necessary to

17    specify which documents were withheld and the basis for withholding such

18    documents. *Id.* ¶ 15.

19    Because Defendants have agreed to produce documents in response to this

20    Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

21    Request is premature and should be denied. *See Thunder Studios*, 2018 WL

22    5099748, at *1 (denying motion to compel where "the producing parties have

23    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

24    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

25    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

26    compel document production was premature when the parties still had 1.5 months

27    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

28    was premature where deadline to respond had not elapsed).

1    Defendants' objections need not be waived. *See Forsyth v. City of Buena*

2    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

3    object to part of a request while responding to the non-objectionable portions.").

4    **REQUEST FOR PRODUCTION NO. 17**:

5    Any and all **DOCUMENTS** identifying the team and personnel involved in

6    executing the Metacard project. This includes lists or directories of individuals

7    (employees, contractors, advisors) who worked on the project, along with their

8    roles/responsibilities (e.g., project manager, community manager, developer,

9    event coordinator).

10    If no formal list exists, any communications or HR documents that shed

11    light on who was tasked with what aspect (for instance, an email assigning tasks

12    or discussing hiring for the project).

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

14    In addition to their General Objections, Defendants specifically object to this

15    Request as duplicative of Request No. 3. Defendants further object on the grounds

16    that this Request is overbroad and unduly burdensome because it seeks "any and

17    all" Documents relating to the Request. Defendants further object to this Request

18    to the extent that it seeks documents that are irrelevant or not proportional to the

19    needs of the case. Defendants further object to this Request to the extent that it seeks

20    documents or information protected by the attorney-client privilege, work-product

21    doctrine, the common interest privilege, or any other applicable privilege,

22    protection, or immunity. Defendants further object to this Request to the extent that

23    it seeks documents outside Defendants' possession, custody, or control. Defendants

24    further object to this Request to the extent that such documents or information are

25    public and therefore equally available to Plaintiff, or that such documents or

26    information are duplicative or cumulative of documents or information that have

27    already been produced to Plaintiff by other sources. Defendants further object to

28    the phrase "involved in executing" as vague and ambiguous.

1   Subject to and without waiving the foregoing objections, Defendants will

2   search for and produce responsive non-privileged Documents within Defendants'

3   possession, custody, or control sufficient to show the team and personnel

4   materially involved in executing the Metacard project.

5   **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

6   Plaintiff is entitled to seek evidence of who was working on what parts of

7   the project. This is duplicative in part of request 3.

8   **DEFENDANTS' POSITION:**

9   As set forth in their response to this Request, Defendants agreed to search for

10  and produce responsive non-privileged Documents subject to their general and

11  specific objections. During the parties' conferences, Defendants reiterated this

12  position and stated that they would negotiate custodians and search parameters with

13  Plaintiff, and additionally, that they would confer after documents are produced if

14  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

15  14. Defendants also stated that they would provide a privilege log associated with

16  the production, and that they would supplement their response if necessary to

17  specify which documents were withheld and the basis for withholding such

18  documents. *Id.* ¶ 15.

19  Because Defendants have agreed to produce documents in response to this

20  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

21  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

22  5099748, at *1 (denying motion to compel where "the producing parties have

23  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

24  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

25  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

26  compel document production was premature when the parties still had 1.5 months

27  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

28  was premature where deadline to respond had not elapsed).

1      Defendants' objections need not be waived. *See Forsyth v. City of Buena*

2    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

3    object to part of a request while responding to the non-objectionable portions.").

4    **REQUEST FOR PRODUCTION NO. 18***:*

5      Any and all **DOCUMENTS** concerning any third-party partnerships or

6    collaborations intended to provide benefits to Metacard holders.

7      This includes communications or agreements with external entities for

8    things like venuepartnerships (for meet-ups/events), merchandise suppliers (for

9    discounted merch programs), other companiesinvolved in "exclusive

10   opportunities" for holders (e.g., collaborations like the "Bored Jerky" venture

11   mentioned as abusiness opportunity for holders). Include any records of what

12   those partnerships entailed and whether they progressed (for example, a contract

13   or email exchange with a partner detailing how Metacard holders would get

14   special access or equity in a venture).

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16     In addition to their General Objections, Defendants specifically object to

17   this Request on the grounds that it is overbroad and unduly burdensome because it

18   seeks "any and all" Documents relating to the Request. Defendants further object

19   to this Request to the extent that it seeks documents that are irrelevant or not

20   proportional to the needs of the case. Defendants further object to this Request to

21   the extent that it seeks documents or information protected by the attorney-client

22   privilege, work- product doctrine, the common interest privilege, or any other

23   applicable privilege, protection, or immunity. Defendants further object to this

24   Request to the extent that it seeks documents outside Defendants' possession,

25   custody, or control. Defendants further object to this Request to the extent that

26   such documents or information are public and therefore equally available to

27   Plaintiff, or that such documents or information are duplicative or cumulative of

28

1    documents or information that have already been produced to Plaintiff by other
2    sources.

3        Subject to and without waiving the foregoing objections, Defendants will
4    search for and produce non-privileged Documents, if any, responsive to the
5    Request that are in Defendants' possession, custody, or control, subject to a
6    reasonable, good faith search pursuant to an agreed-upon protocol.

7    **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

8        Plaintiff is entitled to seek corroborating evidence for how the Defendants
9    marketed the Metacard and discussed it internally. Was it an investment? Where
10    purchasers being sold simply a good, or an investment. The objections are
11    improper.

12        There has been no declaration regarding how this request is unduly
13    burdensome. "[A]ssertions of a burden without specific estimates of staff hours
14    needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,
15    at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.
16    38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003
17    WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

18        No declaration has been produced in support of the other general or
19    boilerplate objections.

20        There has been no privilege log to date. No responsive documents
21    promised  have been produced. The response does not tell what requested
22    documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

23        A further response is necessary, without objections, except attorney client
24    or work product privileges accompanying a privilege log.

25    **DEFENDANTS' POSITION:**

26        As set forth in their response to this Request, Defendants agreed to search for
27    and produce responsive non-privileged Documents subject to their general and
28    specific objections. During the parties' conferences, Defendants reiterated this

position and stated that they would negotiate custodians and search parameters with Plaintiff, and additionally, that they would confer after documents are produced if Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such documents. *Id.* ¶ 15.

Because Defendants have agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 19**:

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding communications related to the development and launch of the NFT itself.

For example, documents about the minting process, the smart contract used (and any specific features of it, such as royalty settings or holdbacks), and any platform or technology set up for Metacard holders (like a private online portal, Discord server setup details, or a planned "Metacard app"). This will show the

operational side of implementing the NFT sale and any infrastructure for

delivering perks (or lack thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to their General Objections, Defendants specifically object to this

Request on the grounds that it is overbroad and unduly burdensome because it seeks

"any and all" Documents relating to the Request. Defendants further object to this

Request to the extent that it seeks documents that are irrelevant or not proportional

to the needs of the case, including to the extent it seeks documents about "the

operational side of implementing the NFT sale," the "minting process," and "the

smart contract used." Defendants further object to this Request to the extent that it

seeks documents or information protected by the attorney-client privilege, work-

product doctrine, the common interest privilege, or any other applicable privilege,

protection, or immunity. Defendants further object to this Request to the extent that

it seeks documents outside Defendants' possession, custody, or control. Defendants

further object to this Request to the extent that such documents or information are

public and therefore equally available to Plaintiff, or that such documents or

information are duplicative or cumulative of documents or information that have

already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

search for and produce non-privileged Documents, if any, relating to the

development and launch of Metacard are in Defendants' possession, custody, or

control, subject to a reasonable, good faith search pursuant to an agreed-upon

protocol.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Plaintiff is entitled to seek corroborating evidence for how the Defendants

marketed the Metacard and discussed it internally. Was it an investment? Where

purchasers being sold simply a good, or an investment. The objections are

improper.

1    There has been no declaration regarding how this request is unduly

2    burdensome. "[A]ssertions of a burden without specific estimates of staff hours

3    needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

4    at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

5    38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

6    WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

7    No declaration has been produced in support of the other general or

8    boilerplate objections.

9    There has been no privilege log to date. No responsive documents

10   promised  have been produced. The response does not tell what requested

11   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

12   A further response is necessary, without objections, except attorney client

13   or work product privileges accompanying a privilege log.

14   **DEFENDANTS' POSITION:**

15   As set forth in their response to this Request, Defendants agreed to search for

16   and produce responsive non-privileged Documents subject to their general and

17   specific objections. During the parties' conferences, Defendants reiterated this

18   position and stated that they would negotiate custodians and search parameters with

19   Plaintiff, and additionally, that they would confer after documents are produced if

20   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

21   14. Defendants also stated that they would provide a privilege log associated with

22   the production, and that they would supplement their response if necessary to

23   specify which documents were withheld and the basis for withholding such

24   documents. *Id.* ¶ 15.

25   Because Defendants have agreed to produce documents in response to this

26   Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

27   Request is premature and should be denied. *See Thunder Studios*, 2018 WL

28   5099748, at *1 (denying motion to compel where "the producing parties have

1    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

2    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

3    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

4    compel document production was premature when the parties still had 1.5 months

5    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

6    was premature where deadline to respond had not elapsed).

7           Defendants' objections need not be waived. *See Forsyth v. City of Buena*

8    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

9    object to part of a request while responding to the non-objectionable portions.").

10   **REQUEST FOR PRODUCTION NO. 20:**

11          All DOCUMENTS (including, but not limited to, EMAILS and TEXT

12   MESSAGES) regarding complaints, inquiries or claims from any Metacard NFT

13   purchaser or holder regarding the Metacard NFT(s).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15          In addition to their General Objections, Defendants specifically object to this

16   Request on the grounds that it is overbroad and unduly burdensome because it seeks

17   "all" Documents relating to the Request. Defendants further object to this Request

18   to the extent that it seeks documents that are irrelevant or not proportional to the

19   needs of the case. Defendants further object to this Request to the extent that it seeks

20   documents or information protected by the attorney-client privilege, work-product

21   doctrine, the common interest privilege, or any other applicable privilege,

22   protection, or immunity. Defendants further object to this Request to the extent that

23   it seeks documents outside Defendants' possession, custody, or control. Defendants

24   further object to this Request to the extent that such documents or information are

25   public and therefore equally available to Plaintiff, or that such documents or

26   information are duplicative or cumulative of documents or information that have

27   already been produced to Plaintiff by other sources.

28   ///

1    Subject to and without waiving the foregoing objections, Defendants will

2    search for and produce non-privileged Documents, if any, responsive to the Request

3    that are in Defendants' possession, custody, or control, subject to a reasonable, good

4    faith search pursuant to an agreed-upon protocol.

5    **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

6    Other complaints are highly relevant to evidence notice.

7    Plaintiff is entitled to seek corroborating evidence of other complaints. The

8    objections are improper.

9    There has been no declaration regarding how this request is unduly

10   burdensome. "[A]ssertions of a burden without specific estimates of staff hours

11   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

12   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

13   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

14   WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

15   No declaration has been produced in support of the other general or

16   boilerplate objections.

17   There has been no privilege log to date. No responsive documents

18   promised  have been produced. The response does not tell what requested

19   documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

20   A further response is necessary, without objections, except attorney client

21   or work product privileges accompanying a privilege log.

22   **DEFENDANTS' POSITION:**

23   As set forth in their response to this Request, Defendants agreed to search for

24   and produce responsive non-privileged Documents subject to their general and

25   specific objections. During the parties' conferences, Defendants reiterated this

26   position and stated that they would negotiate custodians and search parameters with

27   Plaintiff, and additionally, that they would confer after documents are produced if

28   Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

14. Defendants also stated that they would provide a privilege log associated with the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such documents. *Id.* ¶ 15.

Because Defendants have agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

Defendants' objections need not be waived. *See Forsyth v. City of Buena Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to object to part of a request while responding to the non-objectionable portions.").

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) of customer complaints, inquiries, or expressions of dissatisfaction related to Metacard.

Provide logs or compilations of complaints (if the Defendants kept track of issues raised by the community), any internal tracking of refund requests, and any analyses or reports summarizing customer sentiment or public backlash. If the Defendants moderated an online community (like a Discord or forum for Metacard holders), produce any transcripts or chat logs where significant complaints or issues are discussed (especially anywhere Defendants or their representatives responded with explanations or promises).

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2           In addition to their General Objections, Defendants specifically object to

3    this Request as duplicative of Request No. 20. Defendants further object on the

4    grounds that this Request is overbroad and unduly burdensome because it seeks

5    "all" Documents relating to the Request. Defendants further object to this Request

6    to the extent that it seeks documents that are irrelevant or not proportional to the

7    needs of the case. Defendants further object to this Request to the extent that it

8    seeks documents or information protected by the attorney-client privilege, work-

9    product doctrine, the common interest privilege, or any other applicable privilege,

10   protection, or immunity. Defendants further object to this Request to the extent

11   that it seeks documents outside Defendants' possession, custody, or control.

12   Defendants further object to this Request to the extent that such documents or

13   information are public and therefore equally available to Plaintiff, or that such

14   documents or information are duplicative or cumulative of documents or

15   information that have already been produced to Plaintiff by other sources.

16          Subject to and without waiving the foregoing objections, Defendants will

17   search for and produce non-privileged Documents, if any, responsive to the

18   Request that are in Defendants' possession, custody, or control, subject to a

19   reasonable, good faith search pursuant to an agreed-upon protocol.

20   **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

21          Other complaints are highly relevant to evidence notice.

22   Plaintiff is entitled to seek corroborating evidence of other complaints. The

23   objections are improper.

24          There has been no declaration regarding how this request is unduly

25   burdensome. "[A]ssertions of a burden without specific estimates of staff hours

26   needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

27   at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

28   38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

1  WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

2      No declaration has been produced in support of the other general or

3  boilerplate objections.

4      There has been no privilege log to date. No responsive documents

5  promised  have been produced. The response does not tell what requested

6  documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

7      A further response is necessary, without objections, except attorney client

8  or work product privileges accompanying a privilege log.

9  **DEFENDANTS' POSITION:**

10     As set forth in their response to this Request, Defendants agreed to search for

11  and produce responsive non-privileged Documents subject to their general and

12  specific objections. During the parties' conferences, Defendants reiterated this

13  position and stated that they would negotiate custodians and search parameters with

14  Plaintiff, and additionally, that they would confer after documents are produced if

15  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

16  14. Defendants also stated that they would provide a privilege log associated with

17  the production, and that they would supplement their response if necessary to

18  specify which documents were withheld and the basis for withholding such

19  documents. *Id.* ¶ 15.

20     Because Defendants have agreed to produce documents in response to this

21  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

22  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

23  5099748, at *1 (denying motion to compel where "the producing parties have

24  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

25  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

26  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

27  compel document production was premature when the parties still had 1.5 months

28  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER**

**- 89 –**

1    was premature where deadline to respond had not elapsed).

2         Defendants' objections need not be waived. *See Forsyth v. City of Buena*

3    *Park*, 2015 WL 13757344, at \*5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

4    object to part of a request while responding to the non-objectionable portions.").

5    **REQUEST FOR PRODUCTION NO. 22**:

6         All DOCUMENTS related to any refund or buyback program offered to

7    Metacard holders after the sale. This includes any announcements to holders that a

8    refund was available, documentation of the refund process (applications or forms

9    that holders had to fill out), internal communications about setting up the refund

10   program (discussions of offering "refund plus interest", deadlines for opting in,

11   etc.), and records of any refunds actually issued (names or wallet addresses of

12   holders who received a refund, amounts paid, and dates).

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14        In addition to their General Objections, Defendants specifically object to this

15   Request on the grounds that it is overbroad and unduly burdensome because it seeks

16   "all" Documents relating to the Request. Defendants further object to this Request

17   to the extent that it seeks documents that are irrelevant or not proportional to the

18   needs of the case. Defendants further object to this Request to the extent that it seeks

19   documents or information protected by the attorney-client privilege, work-product

20   doctrine, the common interest privilege, or any other applicable privilege,

21   protection, or immunity. Defendants further object to this Request to the extent that

22   it seeks documents outside Defendants' possession, custody, or control. Defendants

23   further object to this Request to the extent that such documents or information are

24   public and therefore equally available to Plaintiff, or that such documents or

25   information are duplicative or cumulative of documents or information that have

26   already been produced to Plaintiff by other sources.

27        Subject to and without waiving the foregoing objections, Defendants will

28   search for and produce non-privileged Documents, if any, responsive to the Request

1  that are in Defendants' possession, custody, or control, subject to a reasonable, good
2  faith search pursuant to an agreed-upon protocol.

3  <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

4       Documents related to any buyback, which evidences culpability is highly
5  relevant to evidence notice.

6       Plaintiff is entitled to seek corroborating evidence of other complaints and
7  any buyback. The objections are improper.

8       There has been no declaration regarding how this request is unduly
9  burdensome. "[A]ssertions of a burden without specific estimates of staff hours
10  needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,
11  at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.
12  38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003
13  WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

14       No declaration has been produced in support of the other general or
15  boilerplate objections.

16       There has been no privilege log to date. No responsive documents
17  promised have been produced. The response does not tell what requested
18  documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

19       A further response is necessary, without objections, except attorney client
20  or work product privileges accompanying a privilege log.

21  <u>**DEFENDANTS' POSITION:**</u>

22       As set forth in their response to this Request, Defendants agreed to search for
23  and produce responsive non-privileged Documents subject to their general and
24  specific objections. During the parties' conferences, Defendants reiterated this
25  position and stated that they would negotiate custodians and search parameters with
26  Plaintiff, and additionally, that they would confer after documents are produced if
27  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
28  14. Defendants also stated that they would provide a privilege log associated with

1   the production, and that they would supplement their response if necessary to
2   specify which documents were withheld and the basis for withholding such
3   documents. *Id.* ¶ 15.

4       Because Defendants have agreed to produce documents in response to this
5   Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
6   Request is premature and should be denied. *See Thunder Studios*, 2018 WL
7   5099748, at *1 (denying motion to compel where "the producing parties have
8   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
9   3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
10  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
11  compel document production was premature when the parties still had 1.5 months
12  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
13  was premature where deadline to respond had not elapsed).

14      Defendants' objections need not be waived. *See Forsyth v. City of Buena
15  Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to
16  object to part of a request while responding to the non-objectionable portions.").

17  **REQUEST FOR PRODUCTION NO. 23***:*

18      All DOCUMENTS (including, but not limited to, EMAILS and TEXT
19  MESSAGES) reflecting the initial sale of Metacard NFTs, including records of how
20  many NFTs were sold, the price of each NFT, total funds raised (approximately $23
21  million), and identification of the bank accounts or cryptocurrency wallets where
22  the proceeds were deposited. Include transaction records (such as ETH wallet
23  transactions) and any summaries or spreadsheets of sales results.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

25      In addition to their General Objections, Defendants specifically object to this
26  Request as duplicative of Request No. 5. Defendants further object on the grounds
27  that this Request is overbroad and unduly burdensome because it seeks "all"
28  Documents relating to the Request. Defendants further object to this Request to the

extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show how many Metacard NFTs were sold in the initial sale, the price of each Metacard, the total funds raised, and the bank accounts or cryptocurrency wallets where the sale proceeds were deposited.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

This is similar to request number five, and the reasons there stand here.

**DEFENDANTS' POSITION:**

As set forth in their response to this Request, Defendants agreed to search for and produce responsive non-privileged Documents subject to their general and specific objections. During the parties' conferences, Defendants reiterated this position and stated that they would negotiate custodians and search parameters with Plaintiff, and additionally, that they would confer after documents are produced if Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production, and that they would supplement their response if necessary to specify which documents were withheld and the basis for withholding such documents. *Id.* ¶ 15.

1    Because Defendants have agreed to produce documents in response to this

2    Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

3    Request is premature and should be denied. *See Thunder Studios*, 2018 WL

4    5099748, at *1 (denying motion to compel where "the producing parties have

5    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

6    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

7    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

8    compel document production was premature when the parties still had 1.5 months

9    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

10   was premature where deadline to respond had not elapsed).

11    Defendants' objections need not be waived. *See Forsyth v. City of Buena

12   Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

13   object to part of a request while responding to the non-objectionable portions.").

14   **REQUEST FOR PRODUCTION NO. 24***:*

15    All DOCUMENTS (including, but not limited to, EMAILS and TEXT

16   MESSAGES) regarding by laws, corporate minutes or intental authority of

17   communications with Metacard holders regarding post-sale updates or changes.

18   For instance, if Defendants sent messages like "We're still working on X feature"

19   or "Due to unforeseen issues, the promised Y will be delayed," produce those

20   communications. Also, if any holders responded to such messages with further

21   questions or threats of legal action and Defendants replied, include those as well.

22   Essentially, any dialogue between Defendants and customers about the project's

23   status, promises, or dissatisfaction should be captured.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

25    In addition to their General Objections, Defendants specifically object to this

26   Request on the grounds that it is overbroad and unduly burdensome because it seeks

27   "all" Documents relating to the Request. Defendants further object to this Request

28   to the extent that it seeks documents that are irrelevant or not proportional to the

needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "intental authority," as unclear in meaning, vague, and ambiguous, and to the phrase "post- sale updates or changes," as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, reflecting communications with Metacard holders regarding post-sale updates or changes that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

Corporate minutes discussing the Metacards are highly relevant. Plaintiff is entitled to seek corroborating evidence and discussions during corporate meetings pertaining to the Metacards. The objections are improper.

There has been no declaration regarding how this request is unduly burdensome. "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D. 38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

No declaration has been produced in support of the other general or boilerplate objections.

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE ORDER

- 95 –

1    There has been no privilege log to date. No responsive documents

2    promised have been produced. The response does not tell what requested

3    documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

4    A further response is necessary, without objections, except attorney client

5    or work product privileges accompanying a privilege log.

6    **DEFENDANTS' POSITION:**

7    As set forth in their response to this Request, Defendants agreed to search for

8    and produce responsive non-privileged Documents subject to their general and

9    specific objections. During the parties' conferences, Defendants reiterated this

10    position and stated that they would negotiate custodians and search parameters with

11    Plaintiff, and additionally, that they would confer after documents are produced if

12    Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

13    14. Defendants also stated that they would provide a privilege log associated with

14    the production, and that they would supplement their response if necessary to

15    specify which documents were withheld and the basis for withholding such

16    documents. *Id.* ¶ 15.

17    Because Defendants have agreed to produce documents in response to this

18    Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

19    Request is premature and should be denied. *See Thunder Studios*, 2018 WL

20    5099748, at *1 (denying motion to compel where "the producing parties have

21    actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

22    3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

23    they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

24    compel document production was premature when the parties still had 1.5 months

25    until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

26    was premature where deadline to respond had not elapsed).

27    Defendants' objections need not be waived. *See Forsyth v. City of Buena*

28    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

1    object to part of a request while responding to the non-objectionable portions.”).

2    **REQUEST FOR PRODUCTION NO. 26**:

3        All DOCUMENTS (including, but not limited to, EMAILS and TEXT

4    MESSAGES) of disclaimers, terms of service, user agreements, or purchase terms

5    provided to or agreed by Metacard purchasers. This includes the text of any terms

6    on the website or platform where the NFTs were sold (e.g., a terms and conditions

7    page or popup), any disclaimer language about what the NFT does or does not

8    guarantee, and any updates to those terms over time. If the sale platform (like a

9    website or Open Sea listing) had written descriptions, produce those descriptions

10   as well, particularly if they contain cautionary language or conditional language

11   about the perks.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

13       In addition to their General Objections, Defendants specifically object to this

14   Request on the grounds that it is overbroad and unduly burdensome because it seeks

15   “all” Documents relating to the Request. Defendants further object to this Request

16   to the extent that it seeks documents that are irrelevant or not proportional to the

17   needs of the case. Defendants further object to this Request to the extent that it seeks

18   documents or information protected by the attorney-client privilege, work-product

19   doctrine, the common interest privilege, or any other applicable privilege,

20   protection, or immunity. Defendants further object to this Request to the extent that

21   it seeks documents outside Defendants' possession, custody, or control. Defendants

22   further object to this Request to the extent that such documents or information are

23   public and therefore equally available to Plaintiff, or that such documents or

24   information are duplicative or cumulative of documents or information that have

25   already been produced to Plaintiff by other sources.

26   ///

27   ///

28   ///

1  Subject to and without waiving the foregoing objections, Defendants will
2  search for and produce responsive non-privileged Documents within Defendants'
3  possession, custody, or control sufficient to show the disclaimers, terms of service,
4  user agreements, or purchase terms provided to or agreed by Metacard purchasers.

5  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

6  Defendants are likely to assert defenses that Plaintiff or class members were
7  warned. Such language, and documents about its inclusion need to be produced.

8  **DEFENDANTS' POSITION:**

9  As set forth in their response to this Request, Defendants agreed to search for
10  and produce responsive non-privileged Documents subject to their general and
11  specific objections. During the parties' conferences, Defendants reiterated this
12  position and stated that they would negotiate custodians and search parameters with
13  Plaintiff, and additionally, that they would confer after documents are produced if
14  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,
15  14. Defendants also stated that they would provide a privilege log associated with
16  the production, and that they would supplement their response if necessary to
17  specify which documents were withheld and the basis for withholding such
18  documents. *Id.* ¶ 15.

19  Because Defendants have agreed to produce documents in response to this
20  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this
21  Request is premature and should be denied. *See Thunder Studios*, 2018 WL
22  5099748, at *1 (denying motion to compel where "the producing parties have
23  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
24  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
25  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
26  compel document production was premature when the parties still had 1.5 months
27  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
28  was premature where deadline to respond had not elapsed).

1    Defendants' objections need not be waived. *See Forsyth v. City of Buena*
2    *Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to
3    object to part of a request while responding to the non-objectionable portions.").

4    **REQUEST FOR PRODUCTION NO. 27**:

5    Any and all DOCUMENTS (including, but not limited to, EMAILS and
6    TEXT MESSAGES) related to corporate minutes, resolutions, by laws or operating
7    agreements pertaining to the authorization to operate the Metacard project.
8    Also, any meeting minutes or resolutions of NELK that reference the Metacard
9    project (for instance, board meeting minutes approving the NFT launch or
10   allocating funds).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12   In addition to their General Objections, Defendants specifically object to this
13   Request on the grounds that it is overbroad and unduly burdensome because it seeks
14   "any and all" Documents relating to the Request. Defendants further object to this
15   Request to the extent that it seeks documents that are irrelevant or not proportional
16   to the needs of the case. Defendants further object to this Request to the extent that
17   it seeks documents or information protected by the attorney-client privilege, work-
18   product doctrine, the common interest privilege, or any other applicable privilege,
19   protection, or immunity. Defendants further object to this Request to the extent that
20   it seeks documents outside Defendants' possession, custody, or control. Defendants
21   further object to this Request to the extent that such documents or information are
22   public and therefore equally available to Plaintiff, or that such documents or
23   information are duplicative or cumulative of documents or information that have
24   already been produced to Plaintiff by other sources. Defendants further object to
25   the phrase "pertaining to the authorization to operate the Metacard project" as vague
26   and ambiguous.

27   Subject to and without waiving the foregoing objections, Defendants will
28   search for and produce non-privileged Documents, if any, responsive to the Request

1  that are in Defendants' possession, custody, or control, subject to a reasonable, good

2  faith search pursuant to an agreed-upon protocol.

3  <u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

4      Corporate minutes discussing the Metacards are highly relevant. Plaintiff is

5  entitled to seek corroborating evidence and discussions during corporate meetings

6  pertaining to the Metacards. The objections are improper.

7      There has been no declaration regarding how this request is unduly

8  burdensome. "[A]ssertions of a burden without specific estimates of staff hours

9  needed to comply are typically rejected." *Thomas v. IEM, Inc*., 2008 WL 695230,

10  at *3 (M.D. La. Mar. 12, 2008); *see also* D.L. v. District of Columbia, 251 F.R.D.

11  38, 46 (D.D.C. 2008); Gabe Staino Motors, Inc. v. Volkswagen of America, 2003

12  WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).

13      No declaration has been produced in support of the other general or

14  boilerplate objections.

15      There has been no privilege log to date. No responsive documents

16  promised have been produced. The response does not tell what requested

17  documents are being withheld pursuant to Fed. R. Civ. P. 34(b)(2)(C).

18      A further response is necessary, without objections, except attorney client

19  or work product privileges accompanying a privilege log.

20  **DEFENDANTS' POSITION:**

21      As set forth in their response to this Request, Defendants agreed to search for

22  and produce responsive non-privileged Documents subject to their general and

23  specific objections. During the parties' conferences, Defendants reiterated this

24  position and stated that they would negotiate custodians and search parameters with

25  Plaintiff, and additionally, that they would confer after documents are produced if

26  Plaintiff believes there to be any deficiencies with the production. Li Decl. ¶¶ 10,

27  14. Defendants also stated that they would provide a privilege log associated with

28  the production, and that they would supplement their response if necessary to

1  specify which documents were withheld and the basis for withholding such

2  documents. *Id.* ¶ 15.

3      Because Defendants have agreed to produce documents in response to this

4  Request before the fact discovery cut-off in June 2026, Plaintiff's dispute over this

5  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

6  5099748, at *1 (denying motion to compel where "the producing parties have

7  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

8  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

9  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

10 compel document production was premature when the parties still had 1.5 months

11 until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

12 was premature where deadline to respond had not elapsed).

13     Defendants' objections need not be waived. *See Forsyth v. City of Buena

14 Park*, 2015 WL 13757344, at *5 (C.D. Cal. Sept. 17, 2015) ("It is permissible to

15 object to part of a request while responding to the non-objectionable portions.").

16 **REQUEST FOR PRODUCTION NO. 28**:

17     Any and all DOCUMENTS with or submissions to regulatory authorities

18 regarding the Metacard NFT project. This includes any inquiries received from

19 agencies (SEC, state Attorney General, FTC, etc.) and the responses, or any

20 proactive filings/notifications the Defendants made (if any). If none exist, that fact

21 will be apparent, but if Defendants were contacted by regulators or sought to

22 register any aspect (like filing something for a sweepstakes permit for the giveaway

23 or a securities exemption), those documents should be produced.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

25     In addition to their General Objections, Defendants specifically object to this

26 Request on the grounds that it seeks documents that are irrelevant or not

27 proportional to the needs of the case. Defendants further object to this Request

28 because it seeks documents or information protected by the attorney-client

privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the statement "If none exist, that fact will be apparent," as Plaintiff's representation, and Defendants' response to this Request should not be construed as agreement with Plaintiff's representation.

Subject to and without waiving the foregoing objections, Defendants state that there are no Documents responsive to this Request.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

If no responsive documents exist, then simply state that and why (they never exists, destroyed, etc.) The response does not tell what requested documents are being withheld and not identified behind the objections pursuant to Fed. R. Civ. P. 34(b)(2)(C).

**DEFENDANTS' POSITION:**

As set forth in Defendants' response to this Request, there are no documents responsive to this Request. Defendants are not withholding responsive documents on the basis of the objections set forth in their response to this Request. Accordingly, Defendants do not believe there is a dispute over Request No. 28.

**REQUEST FOR PRODUCTION NO. *29* (INCORRECTLY NUMBERED AS REQUEST NO. 28):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by John Shahidi regarding the Metacard NFT

1   Project and/or Bored Jerky. This includes emails, text messages, internal chat logs
2   (e.g., Slack or Discord servers used by the team), or memoranda from the project's
3   inception through post- sale.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29 (INCORRECTLY NUMBERED**
5   **AS REQUEST NO. 28):**

6          In addition to their General Objections, Defendants specifically object to this
7   Request on the grounds that it is overbroad and unduly burdensome because it seeks
8   "all" Documents "sent to, or received by[,] John Shahidi regarding the Metacard
9   NFT Project and/or Bored Jerky." Defendants further object to this Request on the
10  basis that it fails to identify the requested documents with reasonable particularity.
11  Defendants further object to this Request to the extent that it seeks documents that
12  are irrelevant or not proportional to the needs of the case. Defendants further object
13  to this Request to the extent that it seeks documents or information protected by the
14  attorney-client privilege, work-product doctrine, the common interest privilege, or
15  any other applicable privilege, protection, or immunity. Defendants further object
16  to this Request to the extent that it seeks documents outside Defendants' possession,
17  custody, or control. Defendants further object to this Request to the extent that such
18  documents or information are duplicative or cumulative of documents or
19  information that have already been produced to Plaintiff by other sources.

20         Subject to and without waiving the foregoing objections, Defendants will
21  produce any Documents sent to, or received by, John Shahidi to the extent such
22  Documents are within the scope of Defendants agreed-upon production in response
23  to the other Requests.

24  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

25         Mr. Shahidi is a named defendant and director/executive with the corporate
26  Defendants. The request seeks any documents sent by or sent to Mr. Shahidi related
27  to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered
28  as an out to Metacard purchasers three years later.

1    These areas of inquiry are discoverable in this case. There was no declaration

2    regarding how unduly burdensome or difficult this would be, just a vague promise

3    to subsequently produce a document sent to or received by Mr. Shahidi in response

4    to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

5    34(b)(2)(C) ("An objection must state whether any responsive materials are being

6    withheld on the basis of that objection."). There is no way for Plaintiff or the Court

7    to know if any documents are being withheld or not identified based on the

8    objections or the responses.

9    Defendants need to provide a response that all documents, except privileged

10    documents, are being produced, along with a privilege log.

11    **DEFENDANTS' POSITION:**

12    Plaintiff's Request for all documents with potential relevance to the subject

13    matter of this litigation from Mr. Shahidi is overly broad and unduly burdensome.

14    *See Rojas v. Bosch Solar Energy Corp.*, 2020 WL 8617414, at *2 (N.D. Cal. Aug.

15    28, 2020) (sweeping requests for "all documents" and "all communications"

16    relating to a variety of topics do not describe with "reasonable particularity" what

17    categories of documents should be produced). Plaintiff's Request improperly

18    attempts to circumvent the accepted discovery process of negotiating search

19    parameters to identify documents responsive to specific Requests.

20    During the parties' conferences, Defendants proposed that this issue could

21    be resolved because, as set forth in Defendants' response to this Request,

22    Defendants will produce any responsive documents within the scope of production

23    in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they

24    would provide a privilege log associated with the production if any documents were

25    withheld on the basis of privilege. *Id.* ¶ 15. Because Defendants agreed to produce

26    documents responsive to this Request before the fact discovery cut-off in June

27    2026, Plaintiff's dispute over this Request is premature and should be denied. *See*

28    *Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the

1  producing parties have actually agreed to produce all responsive documents");

2  *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced

3  the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543,

4  at *4 (motion to compel document production was premature when the parties still

5  had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3

6  (motion to compel was premature where deadline to respond had not elapsed).

7  **REQUEST FOR PRODUCTION NO. 30 (INCORRECTLY NUMBERED AS REQUEST NO.**

8  **29):**

9  All DOCUMENTS (including, but not limited to, EMAILS and TEXT

10  MESSAGES) sent to, or received by Kyle Forgeard regarding the Metacard NFT

11  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

12  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

13  inception through post- sale.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (INCORRECTLY NUMBERED AS**

15  **REQUEST NO. 29):**

16  In addition to their General Objections, Defendants specifically object to this

17  Request on the grounds that it is overbroad and unduly burdensome because it seeks

18  "all" Documents "sent to, or received by[,] Kyle Forgeard regarding the Metacard

19  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

20  basis that it fails to identify the requested documents with reasonable particularity.

21  Defendants further object to this Request to the extent that it seeks documents that

22  are irrelevant or not proportional to the needs of the case. Defendants further object

23  to this Request to the extent that it seeks documents or information protected by the

24  attorney-client privilege, work-product doctrine, the common interest privilege, or

25  any other applicable privilege, protection, or immunity. Defendants further object

26  to this Request to the extent that it seeks documents outside Defendants' possession,

27  custody, or control. Defendants further object to this Request to the extent that such

28

1  documents or information are duplicative or cumulative of documents or

2  information that have already been produced to Plaintiff by other sources.

3      Subject to and without waiving the foregoing objections, Defendants will

4  produce any Documents sent to, or received by, Kyle Forgeard to the extent such

5  Documents are within the scope of Defendants' agreed-upon production in response

6  to the other Requests.

7  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

8      Mr. Forgeard is a named defendant and director/executive with the corporate

9  Defendants. The request seeks any documents sent by, or sent to Mr. Forgeard

10  related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was

11  offered as an out to Metacard purchasers three years later.

12      These areas of inquiry are discoverable in this case.  There was no declaration

13  regarding how unduly burdensome or difficult this would be, just a vague promise

14  to subsequently produce a document sent to or received by Mr. Forgeard in response

15  to **other** requests. That is also after all the objections.   Fed. R. Civ. P.

16  34(b)(2)(C) ("An objection must state whether any responsive materials are being

17  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

18  to know if any documents are being withheld or not identified based on the

19  objections or the responses.

20      Defendants need to provide a response that all documents, except privileged

21  documents, are being produced, along with a privilege log.

22  **DEFENDANTS' POSITION:**

23      Plaintiff's Request for all documents with potential relevance to the subject

24  matter of this litigation from Mr. Forgeard is overly broad and unduly burdensome.

25  *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for "all documents" and

26  "all communications" relating to a variety of topics do not describe with

27  "reasonable particularity" what categories of documents should be produced).

28  Plaintiff's Request improperly attempts to circumvent the accepted discovery

1    process of negotiating search parameters to identify documents responsive to

2    specific Requests.

3        During the parties' conferences, Defendants proposed that this issue could

4    be resolved because, as set forth in Defendants' response to this Request,

5    Defendants will produce any responsive documents within the scope of production

6    in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they

7    would provide a privilege log associated with the production if any documents were

8    withheld on the basis of privilege. *Id.*¶ 15. Because Defendants agreed to produce

9    documents responsive to this Request before the fact discovery cut-off in June

10   2026, Plaintiff's dispute over this Request is premature and should be denied. *See*

11   *Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the

12   producing parties have actually agreed to produce all responsive documents");

13   *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced

14   the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543,

15   at *4 (motion to compel document production was premature when the parties still

16   had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3

17   (motion to compel was premature where deadline to respond had not elapsed).

18   **REQUEST FOR PRODUCTION NO. 31 (INCORRECTLY NUMBERED AS REQUEST NO.**

19   **30):**

20       All DOCUMENTS (including, but not limited to, EMAILS and TEXT

21   MESSAGES) sent to, or received by Sam Shahidi regarding the Metacard NFT

22   Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

23   (e.g., Slack or Discord servers used by the team), or memoranda from the project's

24   inception through post- sale.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (INCORRECTLY NUMBERED AS**

26   **REQUEST NO. 30):**

27       In addition to their General Objections, Defendants specifically object to this

28   Request on the grounds that it is overbroad and unduly burdensome because it seeks

"all" Documents "sent to, or received by[,] Sam Shahidi regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Sam Shahidi to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Shahidi is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Shahidi related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Shahidi in response to **other** requests. That is also after all the objections.   Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the

1  objections or the responses.

2      Defendant's refuse to indicate whether or not this witness is a third party,

3  who would be subject to a subpoena per Rule 45.

4      Defendants need to provide a response that all documents, except privileged

5  documents, are being produced, along with a privilege log.

6  **DEFENDANTS' POSITION:**

7      Request Nos. 31 through 55 broadly seek all documents "regarding the

8  Metacard NFT Project and/or Bored Jerky" from various individuals, some of

9  whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

10 even employees or agents of Defendants. These overly broad, generalized Requests

11 are wholly improper.

12     *First*, Plaintiff's Requests for all documents with potential relevance to the

13 subject matter of this litigation from a particular individual are overly broad and

14 unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

15 "all documents" and "all communications" relating to a variety of topics do not

16 describe with "reasonable particularity" what categories of documents should be

17 produced). Plaintiff's Requests improperly attempt to circumvent the accepted

18 discovery process of negotiating document custodians, collecting documents from

19 the agreed-upon custodians, and conducting searches for responsive documents

20 within the custodial files using negotiated search parameters.

21     *Second*, Plaintiff requests documents from individuals who had no

22 involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

23 this litigation. Defendants should not be compelled to collect documents from such

24 individuals, as that would impose an unreasonable burden disproportionate to the

25 needs of the case.

26     *Third*, Plaintiff requests documents from individuals who are outside of the

27 Defendants' control. Defendants cannot be compelled to search for or produce

28 documents outside of their possession, custody, or control. *See Welland Indus. LLC*

*v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months

1   until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

2   was premature where deadline to respond had not elapsed).

3   **REQUEST FOR PRODUCTION NO. 32 (INCORRECTLY NUMBERED AS REQUEST NO.**

4   **31):**

5        All DOCUMENTS (including, but not limited to, EMAILS and TEXT

6   MESSAGES) sent to, or received by Jesse Sebastiani regarding the Metacard NFT

7   Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

8   (e.g., Slack or Discord servers used by the team), or memoranda from the project's

9   inception through post- sale.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32 (INCORRECTLY NUMBERED AS**

11  **REQUEST NO. 31):**

12       In addition to their General Objections, Defendants specifically object to this

13  Request on the grounds that it is overbroad and unduly burdensome because it seeks

14  "all" Documents "sent to, or received by[,] Jesse Sebastiani regarding the Metacard

15  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

16  basis that it fails to identify the requested documents with reasonable particularity.

17  Defendants further object to this Request to the extent that it seeks documents that

18  are irrelevant or not proportional to the needs of the case. Defendants further object

19  to this Request to the extent that it seeks documents or information protected by the

20  attorney-client privilege, work-product doctrine, the common interest privilege, or

21  any other applicable privilege, protection, or immunity. Defendants further object

22  to this Request to the extent that it seeks documents outside Defendants' possession,

23  custody, or control. Defendants further object to this Request to the extent that such

24  documents or information are duplicative or cumulative of documents or

25  information that have already been produced to Plaintiff by other sources.

26  ///

27  ///

28  ///

1    Subject to and without waiving the foregoing objections, Defendants will

2    produce any Documents sent to, or received by, Jesse Sebastiani to the extent such

3    Documents are within the scope of Defendants' agreed-upon production in response

4    to the other Requests.

5    **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

6    Mr. Sebastiani is an employee or agent of Defendants and involved with the

7    Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

8    sent to Mr. Sebastiani related to the Metacard NFT or Bored Jerky project. The

9    Bored Jerky project was offered as an out to Metacard purchasers three years later.

10    These areas of inquiry are discoverable in this case. There was no declaration

11    regarding how unduly burdensome or difficult this would be, just a vague promise

12    to subsequently produce a document sent to or received by Mr. Sebastiani in

13    response to **other** requests. That is also after all the objections.  Fed. R. Civ. P.

14    34(b)(2)(C) ("An objection must state whether any responsive materials are being

15    withheld on the basis of that objection."). There is no way for Plaintiff or the Court

16    to know if any documents are being withheld or not identified based on the

17    objections or the responses.

18    Defendant's refuse to indicate whether or not this witness is a third party,

19    who would be subject to a subpoena per Rule 45.

20    Defendants need to provide a response that all documents, except privileged

21    documents, are being produced, along with a privilege log.

22    **DEFENDANTS' POSITION:**

23    Request Nos. 31 through 55 broadly seek all documents "regarding the

24    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

25    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

26    even employees or agents of Defendants. These overly broad, generalized Requests

27    are wholly improper.

28    ///

*First*, Plaintiff's Requests for all documents with potential relevance to the subject matter of this litigation from a particular individual are overly broad and unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for "all documents" and "all communications" relating to a variety of topics do not describe with "reasonable particularity" what categories of documents should be produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

1    During the parties' conferences, Defendants proposed that this issue could

2    be resolved because, as set forth in Defendants' response to Request Nos. 31

3    through 55, Defendants will produce any responsive documents within the scope of

4    production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

5    that they would provide a privilege log associated with the production if any

6    documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

7    stated that their initial disclosures would clarify which individuals are relevant

8    witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

9    Defendants agreed to produce documents in response to this Request before the fact

10   discovery cut-off in June 2026, and the parties agreed that initial disclosures would

11   not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

12   Request is premature and should be denied. *See Thunder Studios*, 2018 WL

13   5099748, at *1 (denying motion to compel where "the producing parties have

14   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

15   3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

16   they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

17   compel document production was premature when the parties still had 1.5 months

18   until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

19   was premature where deadline to respond had not elapsed).

20   **REQUEST FOR PRODUCTION NO. 33 (INCORRECTLY NUMBERED AS REQUEST NO.**

21   **32):**

22   All DOCUMENTS (including, but not limited to, EMAILS and TEXT

23   MESSAGES) sent to, or received by Stephen DeLeonardis regarding the Metacard

24   NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat

25   logs (e.g., Slack or Discord servers used by the team), or memoranda from the

26   project's inception through post- sale.

27   ///

28   ///

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33 (INCORRECTLY NUMBERED AS**

2  **REQUEST NO. 32):**

3          In addition to their General Objections, Defendants specifically object to this

4  Request on the grounds that it is overbroad and unduly burdensome because it seeks

5  "all" Documents "sent to, or received by[,] Stephen DeLeonardis regarding the

6  Metacard NFT Project and/or Bored Jerky." Defendants further object to this

7  Request on the basis that it fails to identify the requested documents with reasonable

8  particularity. Defendants further object to this Request to the extent that it seeks

9  documents that are irrelevant or not proportional to the needs of the case.

10  Defendants further object to this Request to the extent that it seeks documents or

11  information protected by the attorney-client privilege, work-product doctrine, the

12  common interest privilege, or any other applicable privilege, protection, or

13  immunity. Defendants further object to this Request to the extent that it seeks

14  documents outside Defendants' possession, custody, or control. Defendants further

15  object to this Request to the extent that such documents or information are

16  duplicative or cumulative of documents or information that have already been

17  produced to Plaintiff by other sources.

18          Subject to and without waiving the foregoing objections, Defendants will

19  produce any Documents sent to, or received by, Stephen DeLeonardis to the extent

20  such Documents are within the scope of Defendants' agreed-upon production in

21  response to the other Requests.

22  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

23          Mr. DeLeonardis is an employee or agent of Defendants and involved with

24  the Metacard NFT or Bored Jerky project. The request seeks any documents sent

25  by or sent to Mr. DeLeonardis related to the Metacard NFT or Bored Jerky project.

26  The Bored Jerky project was offered as an out to Metacard purchasers three years

27  later.

28  ///

1    These areas of inquiry are discoverable in this case. There was no declaration

2    regarding how unduly burdensome or difficult this would be, just a vague promise

3    to subsequently produce a document sent to or received by Mr. DeLeonardis in

4    response to **other** requests. That is also after all the objections.  Fed. R. Civ. P.

5    34(b)(2)(C) ("An objection must state whether any responsive materials are being

6    withheld on the basis of that objection."). There is no way for Plaintiff or the Court

7    to know if any documents are being withheld or not identified based on the

8    objections or the responses.

9    Defendant's refuse to indicate whether or not this witness is a third party,

10   who would be subject to a subpoena per Rule 45.

11   Defendants need to provide a response that all documents, except privileged

12   documents, are being produced, along with a privilege log.

13   **DEFENDANTS' POSITION:**

14   Request Nos. 31 through 55 broadly seek all documents "regarding the

15   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

16   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

17   even employees or agents of Defendants. These overly broad, generalized Requests

18   are wholly improper.

19   *First*, Plaintiff's Requests for all documents with potential relevance to the

20   subject matter of this litigation from a particular individual are overly broad and

21   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

22   "all documents" and "all communications" relating to a variety of topics do not

23   describe with "reasonable particularity" what categories of documents should be

24   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

25   discovery process of negotiating document custodians, collecting documents from

26   the agreed-upon custodians, and conducting searches for responsive documents

27   within the custodial files using negotiated search parameters.

28   ///

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact

1  discovery cut-off in June 2026, and the parties agreed that initial disclosures would
2  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this
3  Request is premature and should be denied. *See Thunder Studios*, 2018 WL
4  5099748, at *1 (denying motion to compel where "the producing parties have
5  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
6  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
7  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
8  compel document production was premature when the parties still had 1.5 months
9  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
10  was premature where deadline to respond had not elapsed).

11  **REQUEST FOR PRODUCTION NO. 34 (INCORRECTLY NUMBERED AS REQUEST NO.**
12  **33):**

13       All DOCUMENTS (including, but not limited to, EMAILS and TEXT
14  MESSAGES) sent to, or received by Arthur Kulik regarding the Metacard NFT
15  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs
16  (e.g., Slack or Discord servers used by the team), or memoranda from the project's
17  inception through post- sale.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34 (INCORRECTLY NUMBERED AS**
19  **REQUEST NO. 33):**

20       In addition to their General Objections, Defendants specifically object to this
21  Request on the grounds that it is overbroad and unduly burdensome because it seeks
22  "all" Documents "sent to, or received by[,] Arthur Kulik regarding the Metacard
23  NFT Project and/or Bored Jerky." Defendants further object to this Request on the
24  basis that it fails to identify the requested documents with reasonable particularity.
25  Defendants further object to this Request to the extent that it seeks documents that
26  are irrelevant or not proportional to the needs of the case. Defendants further object
27  to this Request to the extent that it seeks documents or information protected by the
28  attorney-client privilege, work-product doctrine, the common interest privilege, or

1  any other applicable privilege, protection, or immunity. Defendants further object

2  to this Request to the extent that it seeks documents outside Defendants' possession,

3  custody, or control. Defendants further object to this Request to the extent that such

4  documents or information are duplicative or cumulative of documents or

5  information that have already been produced to Plaintiff by other sources.

6      Subject to and without waiving the foregoing objections, Defendants will

7  produce any Documents sent to, or received by, Arthur Kulik to the extent such

8  Documents are within the scope of Defendants' agreed-upon production in response

9  to the other Requests.

10 **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

11     Mr. Kulik is an employee or agent of Defendants and involved with the

12 Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

13 sent to Mr. Kulik related to the Metacard NFT or Bored Jerky project. The Bored

14 Jerky project was offered as an out to Metacard purchasers three years later.

15     These areas of inquiry are discoverable in this case. There was no declaration

16 regarding how unduly burdensome or difficult this would be, just a vague promise

17 to subsequently produce a document sent to or received by Mr. Kulik in response

18 to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

19 34(b)(2)(C) ("An objection must state whether any responsive materials are being

20 withheld on the basis of that objection."). There is no way for Plaintiff or the Court

21 to know if any documents are being withheld or not identified based on the

22 objections or the responses.

23     Defendant's refuse to indicate whether or not this witness is a third party,

24 who would be subject to a subpoena per Rule 45.

25     Defendants need to provide a response that all documents, except privileged

26 documents, are being produced, along with a privilege log.

27 ///

28 ///

1    **D**EFENDANTS' **P**OSITION:

2         Request Nos. 31 through 55 broadly seek all documents "regarding the

3    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

4    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

5    even employees or agents of Defendants. These overly broad, generalized Requests

6    are wholly improper.

7         *First*, Plaintiff's Requests for all documents with potential relevance to the

8    subject matter of this litigation from a particular individual are overly broad and

9    unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

10   "all documents" and "all communications" relating to a variety of topics do not

11   describe with "reasonable particularity" what categories of documents should be

12   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

13   discovery process of negotiating document custodians, collecting documents from

14   the agreed-upon custodians, and conducting searches for responsive documents

15   within the custodial files using negotiated search parameters.

16        *Second*, Plaintiff requests documents from individuals who had no

17   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

18   this litigation. Defendants should not be compelled to collect documents from such

19   individuals, as that would impose an unreasonable burden disproportionate to the

20   needs of the case.

21        *Third*, Plaintiff requests documents from individuals who are outside of the

22   Defendants' control. Defendants cannot be compelled to search for or produce

23   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

24   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

25   2025) (denying request to compel because parties "cannot be compelled to provide

26   documents that are not within its possession, custody, or control."); *Travelers*

27   *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

28   "cannot compel Defendant to produce or answer about documents or information

not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

///

///

///

1  **REQUEST FOR PRODUCTION NO. 35 (INCORRECTLY NUMBERED AS REQUEST NO.**
2  **34):**

3      All DOCUMENTS (including, but not limited to, EMAILS and TEXT
4  MESSAGES) sent to, or received by Alex DiTommaso regarding the Metacard
5  NFT Project and/or Bored Jerky. This includes emails, text messages, internal
6  chat logs (e.g., Slack or Discord servers used by the team), or memoranda from
7  the project's inception through post- sale.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (INCORRECTLY NUMBERED AS**
9  **REQUEST NO. 34):**

10      In addition to their General Objections, Defendants specifically object to
11  this Request on the grounds that it is overbroad and unduly burdensome because it
12  seeks "all" Documents "sent to, or received by[,] Alex DiTommaso regarding the
13  Metacard NFT Project and/or Bored Jerky." Defendants further object to this
14  Request on the basis that it fails to identify the requested documents with
15  reasonable particularity. Defendants further object to this Request to the extent
16  that it seeks documents that are irrelevant or not proportional to the needs of the
17  case. Defendants further object to this Request to the extent that it seeks
18  documents or information protected by the attorney-client privilege, work-product
19  doctrine, the common interest privilege, or any other applicable privilege,
20  protection, or immunity. Defendants further object to this Request to the extent
21  that it seeks documents outside Defendants' possession, custody, or control.
22  Defendants further object to this Request to the extent that such documents or
23  information are duplicative or cumulative of documents or information that have
24  already been produced to Plaintiff by other sources.

25      Subject to and without waiving the foregoing objections, Defendants will
26  produce any Documents sent to, or received by, Alex DiTommaso to the extent
27  such Documents are within the scope of Defendants' agreed-upon production in
28  response to the other Requests.

1    <u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

2    Mr. DiTommaso is an employee or agent of Defendants and involved with

3    the Metacard NFT or Bored Jerky project. The request seeks any documents sent

4    by or sent to Mr. DiTommaso related to the Metacard NFT or Bored Jerky project.

5    The Bored Jerky project was offered as an out to Metacard purchasers three years

6    later.

7    These areas of inquiry are discoverable in this case. There was no declaration

8    regarding how unduly burdensome or difficult this would be, just a vague promise

9    to subsequently produce a document sent to or received by Mr. DiTommaso in

10    response to **other** requests. That is also after all the objections.  Fed. R. Civ. P.

11    34(b)(2)(C) ("An objection must state whether any responsive materials are being

12    withheld on the basis of that objection."). There is no way for Plaintiff or the Court

13    to know if any documents are being withheld or not identified based on the

14    objections or the responses.

15    Defendant's refuse to indicate whether or not this witness is a third party,

16    who would be subject to a subpoena per Rule 45.

17    Defendants need to provide a response that all documents, except privileged

18    documents, are being produced, along with a privilege log.

19    <u>DEFENDANTS' POSITION:</u>

20    Request Nos. 31 through 55 broadly seek all documents "regarding the

21    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

22    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

23    even employees or agents of Defendants. These overly broad, generalized Requests

24    are wholly improper.

25    *First*, Plaintiff's Requests for all documents with potential relevance to the

26    subject matter of this litigation from a particular individual are overly broad and

27    unduly burdensome. *See Rojas*, 2020 WL 8617414, at \*2 (sweeping requests for

28    "all documents" and "all communications" relating to a variety of topics do not

1   describe with "reasonable particularity" what categories of documents should be

2   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

3   discovery process of negotiating document custodians, collecting documents from

4   the agreed-upon custodians, and conducting searches for responsive documents

5   within the custodial files using negotiated search parameters.

6       *Second*, Plaintiff requests documents from individuals who had no

7   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

8   this litigation. Defendants should not be compelled to collect documents from such

9   individuals, as that would impose an unreasonable burden disproportionate to the

10  needs of the case.

11      *Third*, Plaintiff requests documents from individuals who are outside of the

12  Defendants' control. Defendants cannot be compelled to search for or produce

13  documents outside of their possession, custody, or control. *See Welland Indus. LLC*

14  *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

15  2025) (denying request to compel because parties "cannot be compelled to provide

16  documents that are not within its possession, custody, or control."); *Travelers*

17  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

18  "cannot compel Defendant to produce or answer about documents or information

19  not in its care, custody, or control").

20      *Fourth*, Defendants have no obligation to identify whether the individuals

21  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

22  disclosures—which the parties agreed to exchange after resolution of the motion to

23  dismiss—will clarify which individuals are relevant witnesses and which

24  individuals are Defendants' agents.

25      During the parties' conferences, Defendants proposed that this issue could

26  be resolved because, as set forth in Defendants' response to Request Nos. 31

27  through 55, Defendants will produce any responsive documents within the scope of

28  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 36 (INCORRECTLY NUMBERED AS REQUEST NO. 35):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Drew Hill regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36 (INCORRECTLY NUMBERED AS REQUEST NO. 35):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Drew Hill regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis

1  that it fails to identify the requested documents with reasonable particularity.

2  Defendants further object to this Request to the extent that it seeks documents that

3  are irrelevant or not proportional to the needs of the case. Defendants further object

4  to this Request to the extent that it seeks documents or information protected by the

5  attorney-client privilege, work-product doctrine, the common interest privilege, or

6  any other applicable privilege, protection, or immunity. Defendants further object

7  to this Request to the extent that it seeks documents outside Defendants' possession,

8  custody, or control. Defendants further object to this Request to the extent that such

9  documents or information are duplicative or cumulative of documents or

10  information that have already been produced to Plaintiff by other sources.

11      Subject to and without waiving the foregoing objections, Defendants will

12  produce any Documents sent to, or received by, Drew Hill to the extent such

13  Documents are within the scope of Defendants' agreed-upon production in response

14  to the other Requests.

15  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

16      Mr. Hill is an employee or agent of Defendants and involved with the

17  Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

18  sent to Mr. Hill related to the Metacard NFT or Bored Jerky project. The Bored

19  Jerky project was offered as an out to Metacard purchasers three years later.

20      These areas of inquiry are discoverable in this case. There was no declaration

21  regarding how unduly burdensome or difficult this would be, just a vague promise

22  to subsequently produce a document sent to or received by Mr. Hill in response to

23  **other** requests. That is also after all the objections.    Fed. R. Civ. P.

24  34(b)(2)(C) ("An objection must state whether any responsive materials are being

25  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

26  to know if any documents are being withheld or not identified based on the

27  objections or the responses.

28  ///

1    Defendant's refuse to indicate whether or not this witness is a third party,

2    who would be subject to a subpoena per Rule 45.

3    Defendants need to provide a response that all documents, except privileged

4    documents, are being produced, along with a privilege log.

5    **DEFENDANTS' POSITION:**

6    Request Nos. 31 through 55 broadly seek all documents "regarding the

7    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

8    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

9    even employees or agents of Defendants. These overly broad, generalized Requests

10    are wholly improper.

11    *First*, Plaintiff's Requests for all documents with potential relevance to the

12    subject matter of this litigation from a particular individual are overly broad and

13    unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

14    "all documents" and "all communications" relating to a variety of topics do not

15    describe with "reasonable particularity" what categories of documents should be

16    produced). Plaintiff's Requests improperly attempt to circumvent the accepted

17    discovery process of negotiating document custodians, collecting documents from

18    the agreed-upon custodians, and conducting searches for responsive documents

19    within the custodial files using negotiated search parameters.

20    *Second*, Plaintiff requests documents from individuals who had no

21    involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

22    this litigation. Defendants should not be compelled to collect documents from such

23    individuals, as that would impose an unreasonable burden disproportionate to the

24    needs of the case.

25    *Third*, Plaintiff requests documents from individuals who are outside of the

26    Defendants' control. Defendants cannot be compelled to search for or produce

27    documents outside of their possession, custody, or control. *See Welland Indus. LLC*

28    *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

1  was premature where deadline to respond had not elapsed).

2  **REQUEST FOR PRODUCTION NO. 37 (INCORRECTLY NUMBERED AS REQUEST NO.**

3  **36):**

4      All DOCUMENTS (including, but not limited to, EMAILS and TEXT

5  MESSAGES) sent to, or received by Phil Front regarding the Metacard NFT Project

6  and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g.,

7  Slack or Discord servers used by the team), or memoranda from the project's

8  inception through post- sale.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37 (INCORRECTLY NUMBERED AS**

10  **REQUEST NO. 36):**

11      In addition to their General Objections, Defendants specifically object to this

12  Request on the grounds that it is overbroad and unduly burdensome because it seeks

13  "all" Documents "sent to, or received by[,] Phil Front regarding the Metacard NFT

14  Project and/or Bored Jerky." Defendants further object to this Request on the basis

15  that it fails to identify the requested documents with reasonable particularity.

16  Defendants further object to this Request to the extent that it seeks documents that

17  are irrelevant or not proportional to the needs of the case. Defendants further object

18  to this Request to the extent that it seeks documents or information protected by the

19  attorney-client privilege, work-product doctrine, the common interest privilege, or

20  any other applicable privilege, protection, or immunity. Defendants further object

21  to this Request to the extent that it seeks documents outside Defendants' possession,

22  custody, or control. Defendants further object to this Request to the extent that such

23  documents or information are duplicative or cumulative of documents or

24  information that have already been produced to Plaintiff by other sources.

25      Subject to and without waiving the foregoing objections, Defendants will

26  produce any Documents sent to, or received by, Phil Front to the extent such

27  Documents are within the scope of Defendants' agreed-upon production in response

28  to the other Requests.

1    <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

2    Mr. Front is an employee or agent of Defendants and involved with the

3    Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4    sent to Mr. Front related to the Metacard NFT or Bored Jerky project. The Bored

5    Jerky project was offered as an out to Metacard purchasers three years later.

6    These areas of inquiry are discoverable in this case. There was no declaration

7    regarding how unduly burdensome or difficult this would be, just a vague promise

8    to subsequently produce a document sent to or received by Mr. Front in response

9    to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10   34(b)(2)(C) ("An objection must state whether any responsive materials are being

11   withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12   to know if any documents are being withheld or not identified based on the

13   objections or the responses.

14   Defendant's refuse to indicate whether or not this witness is a third party,

15   who would be subject to a subpoena per Rule 45.

16   Defendants need to provide a response that all documents, except privileged

17   documents, are being produced, along with a privilege log.

18   <u>**DEFENDANTS' POSITION:**</u>

19   Request Nos. 31 through 55 broadly seek all documents "regarding the

20   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22   even employees or agents of Defendants. These overly broad, generalized Requests

23   are wholly improper.

24   *First*, Plaintiff's Requests for all documents with potential relevance to the

25   subject matter of this litigation from a particular individual are overly broad and

26   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27   "all documents" and "all communications" relating to a variety of topics do not

28   describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

1  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

2  stated that their initial disclosures would clarify which individuals are relevant

3  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

4  Defendants agreed to produce documents in response to this Request before the fact

5  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

6  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

7  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

8  5099748, at *1 (denying motion to compel where "the producing parties have

9  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

10  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

11  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

12  compel document production was premature when the parties still had 1.5 months

13  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

14  was premature where deadline to respond had not elapsed).

15  **REQUEST FOR PRODUCTION NO. 38 (INCORRECTLY NUMBERED AS REQUEST NO.**

16  **37):**

17  　　　　All DOCUMENTS (including, but not limited to, EMAILS and TEXT

18  MESSAGES) sent to, or received by Lauren Avery regarding the Metacard NFT

19  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

20  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

21  inception through post- sale.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38 (INCORRECTLY NUMBERED AS**

23  **REQUEST NO. 37):**

24  　　　　In addition to their General Objections, Defendants specifically object to this

25  Request on the grounds that it is overbroad and unduly burdensome because it seeks

26  "all" Documents "sent to, or received by[,] Lauren Avery regarding the Metacard

27  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

28  basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Lauren Avery to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Ms. Avery is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Ms. Avery related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Ms. Avery in response to **other** requests. That is also after all the objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1    Defendants need to provide a response that all documents, except privileged

2    documents, are being produced, along with a privilege log.

3    **DEFENDANTS' POSITION:**

4    Request Nos. 31 through 55 broadly seek all documents "regarding the

5    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7    even employees or agents of Defendants. These overly broad, generalized Requests

8    are wholly improper.

9    *First*, Plaintiff's Requests for all documents with potential relevance to the

10    subject matter of this litigation from a particular individual are overly broad and

11    unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12    "all documents" and "all communications" relating to a variety of topics do not

13    describe with "reasonable particularity" what categories of documents should be

14    produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15    discovery process of negotiating document custodians, collecting documents from

16    the agreed-upon custodians, and conducting searches for responsive documents

17    within the custodial files using negotiated search parameters.

18    *Second*, Plaintiff requests documents from individuals who had no

19    involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20    this litigation. Defendants should not be compelled to collect documents from such

21    individuals, as that would impose an unreasonable burden disproportionate to the

22    needs of the case.

23    *Third*, Plaintiff requests documents from individuals who are outside of the

24    Defendants' control. Defendants cannot be compelled to search for or produce

25    documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26    *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27    2025) (denying request to compel because parties "cannot be compelled to provide

28    documents that are not within its possession, custody, or control."); *Travelers*

1  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2  "cannot compel Defendant to produce or answer about documents or information

3  not in its care, custody, or control").

4      *Fourth*, Defendants have no obligation to identify whether the individuals

5  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6  disclosures—which the parties agreed to exchange after resolution of the motion to

7  dismiss—will clarify which individuals are relevant witnesses and which

8  individuals are Defendants' agents.

9      During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1  **REQUEST FOR PRODUCTION NO. 39 (INCORRECTLY NUMBERED AS REQUEST NO.**

2  **38):**

3      All DOCUMENTS (including, but not limited to, EMAILS and TEXT

4  MESSAGES) sent to, or received by Adrian Verdault regarding the Metacard NFT

5  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

6  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

7  inception through post- sale.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39 (INCORRECTLY NUMBERED AS**

9  **REQUEST NO. 38):**

10      In addition to their General Objections, Defendants specifically object to this

11  Request on the grounds that it is overbroad and unduly burdensome because it seeks

12  "all" Documents "sent to, or received by[,] Adrian Verdault regarding the Metacard

13  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

14  basis that it fails to identify the requested documents with reasonable particularity.

15  Defendants further object to this Request to the extent that it seeks documents that

16  are irrelevant or not proportional to the needs of the case. Defendants further object

17  to this Request to the extent that it seeks documents or information protected by the

18  attorney-client privilege, work-product doctrine, the common interest privilege, or

19  any other applicable privilege, protection, or immunity. Defendants further object

20  to this Request to the extent that it seeks documents outside Defendants' possession,

21  custody, or control. Defendants further object to this Request to the extent that such

22  documents or information are duplicative or cumulative of documents or

23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will

25  produce any Documents sent to, or received by, Adrian Verdault to the extent such

26  Documents are within the scope of Defendants' agreed-upon production in response

27  to the other Requests.

28  ///

1    <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

2      Mr. Verdault is an employee or agent of Defendants and involved with the

3    Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4    sent to Mr. Verdault related to the Metacard NFT or Bored Jerky project. The Bored

5    Jerky project was offered as an out to Metacard purchasers three years later.

6      These areas of inquiry are discoverable in this case. There was no declaration

7    regarding how unduly burdensome or difficult this would be, just a vague promise

8    to subsequently produce a document sent to or received by Mr. Verdault in response

9    to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10    34(b)(2)(C) ("An objection must state whether any responsive materials are being

11    withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12    to know if any documents are being withheld or not identified based on the

13    objections or the responses.

14      Defendant's refuse to indicate whether or not this witness is a third party,

15    who would be subject to a subpoena per Rule 45.

16      Defendants need to provide a response that all documents, except privileged

17    documents, are being produced, along with a privilege log.

18    <u>**DEFENDANTS' POSITION:**</u>

19      Request Nos. 31 through 55 broadly seek all documents "regarding the

20    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22    even employees or agents of Defendants. These overly broad, generalized Requests

23    are wholly improper.

24      *First*, Plaintiff's Requests for all documents with potential relevance to the

25    subject matter of this litigation from a particular individual are overly broad and

26    unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27    "all documents" and "all communications" relating to a variety of topics do not

28    describe with "reasonable particularity" what categories of documents should be

1    produced). Plaintiff's Requests improperly attempt to circumvent the accepted

2    discovery process of negotiating document custodians, collecting documents from

3    the agreed-upon custodians, and conducting searches for responsive documents

4    within the custodial files using negotiated search parameters.

5        *Second*, Plaintiff requests documents from individuals who had no

6    involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

7    this litigation. Defendants should not be compelled to collect documents from such

8    individuals, as that would impose an unreasonable burden disproportionate to the

9    needs of the case.

10       *Third*, Plaintiff requests documents from individuals who are outside of the

11   Defendants' control. Defendants cannot be compelled to search for or produce

12   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

13   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

14   2025) (denying request to compel because parties "cannot be compelled to provide

15   documents that are not within its possession, custody, or control."); *Travelers*

16   *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

17   "cannot compel Defendant to produce or answer about documents or information

18   not in its care, custody, or control").

19       *Fourth*, Defendants have no obligation to identify whether the individuals

20   named in Request Nos. 31 through 55 are third parties, and Defendants' initial

21   disclosures—which the parties agreed to exchange after resolution of the motion to

22   dismiss—will clarify which individuals are relevant witnesses and which

23   individuals are Defendants' agents.

24       During the parties' conferences, Defendants proposed that this issue could

25   be resolved because, as set forth in Defendants' response to Request Nos. 31

26   through 55, Defendants will produce any responsive documents within the scope of

27   production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

28   that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 40 (INCORRECTLY NUMBERED AS REQUEST NO. 39):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Matt Ellis regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40 (INCORRECTLY NUMBERED AS REQUEST NO. 39):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Matt Ellis regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Matt Ellis to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Ellis is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Ellis related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Ellis in response to **other** requests. That is also after all the objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1    Defendants need to provide a response that all documents, except privileged

2    documents, are being produced, along with a privilege log.

3    **DEFENDANTS' POSITION:**

4    Request Nos. 31 through 55 broadly seek all documents "regarding the

5    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7    even employees or agents of Defendants. These overly broad, generalized Requests

8    are wholly improper.

9    *First*, Plaintiff's Requests for all documents with potential relevance to the

10   subject matter of this litigation from a particular individual are overly broad and

11   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12   "all documents" and "all communications" relating to a variety of topics do not

13   describe with "reasonable particularity" what categories of documents should be

14   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15   discovery process of negotiating document custodians, collecting documents from

16   the agreed-upon custodians, and conducting searches for responsive documents

17   within the custodial files using negotiated search parameters.

18   *Second*, Plaintiff requests documents from individuals who had no

19   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20   this litigation. Defendants should not be compelled to collect documents from such

21   individuals, as that would impose an unreasonable burden disproportionate to the

22   needs of the case.

23   *Third*, Plaintiff requests documents from individuals who are outside of the

24   Defendants' control. Defendants cannot be compelled to search for or produce

25   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27   2025) (denying request to compel because parties "cannot be compelled to provide

28   documents that are not within its possession, custody, or control."); *Travelers*

1  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2  "cannot compel Defendant to produce or answer about documents or information

3  not in its care, custody, or control").

4        *Fourth*, Defendants have no obligation to identify whether the individuals

5  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6  disclosures—which the parties agreed to exchange after resolution of the motion to

7  dismiss—will clarify which individuals are relevant witnesses and which

8  individuals are Defendants' agents.

9        During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1    **REQUEST FOR PRODUCTION NO. 41 (INCORRECTLY NUMBERED AS REQUEST NO.**
2    **40):**

3        All DOCUMENTS (including, but not limited to, EMAILS and TEXT
4    MESSAGES) sent to, or received by Jason Erne regarding the Metacard NFT
5    Project and/or Bored Jerky. This includes emails, text messages, internal chat logs
6    (e.g., Slack or Discord servers used by the team), or memoranda from the project's
7    inception through post- sale.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (INCORRECTLY NUMBERED AS**
9    **REQUEST NO. 40):**

10       In addition to their General Objections, Defendants specifically object to this
11   Request on the grounds that it is overbroad and unduly burdensome because it seeks
12   "all" Documents "sent to, or received by[,] Jason Erne regarding the Metacard NFT
13   Project and/or Bored Jerky." Defendants further object to this Request on the basis
14   that it fails to identify the requested documents with reasonable particularity.
15   Defendants further object to this Request to the extent that it seeks documents that
16   are irrelevant or not proportional to the needs of the case. Defendants further object
17   to this Request to the extent that it seeks documents or information protected by the
18   attorney-client privilege, work-product doctrine, the common interest privilege, or
19   any other applicable privilege, protection, or immunity. Defendants further object
20   to this Request to the extent that it seeks documents outside Defendants' possession,
21   custody, or control. Defendants further object to this Request to the extent that such
22   documents or information are duplicative or cumulative of documents or
23   information that have already been produced to Plaintiff by other sources.

24       Subject to and without waiving the foregoing objections, Defendants will
25   produce any Documents sent to, or received by, Jason Erne to the extent such
26   Documents are within the scope of Defendants' agreed-upon production in response
27   to the other Requests.

28   ///

1  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

2      Mr. Erne is an employee or agent of Defendants and involved with the

3  Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4  sent to Mr. Erne related to the Metacard NFT or Bored Jerky project. The Bored

5  Jerky project was offered as an out to Metacard purchasers three years later.

6      These areas of inquiry are discoverable in this case. There was no declaration

7  regarding how unduly burdensome or difficult this would be, just a vague promise

8  to subsequently produce a document sent to or received by Mr. Erne in response to

9  **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10  34(b)(2)(C) ("An objection must state whether any responsive materials are being

11  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12  to know if any documents are being withheld or not identified based on the

13  objections or the responses.

14      Defendant's refuse to indicate whether or not this witness is a third party,

15  who would be subject to a subpoena per Rule 45.

16      Defendants need to provide a response that all documents, except privileged

17  documents, are being produced, along with a privilege log.

18  **DEFENDANTS' POSITION:**

19      Request Nos. 31 through 55 broadly seek all documents "regarding the

20  Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21  whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22  even employees or agents of Defendants. These overly broad, generalized Requests

23  are wholly improper.

24      *First*, Plaintiff's Requests for all documents with potential relevance to the

25  subject matter of this litigation from a particular individual are overly broad and

26  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27  "all documents" and "all communications" relating to a variety of topics do not

28  describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 42 (INCORRECTLY NUMBERED AS REQUEST NO. 41):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Eric Cadieux regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42 (INCORRECTLY NUMBERED AS REQUEST NO. 41):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Eric Cadieux regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Eric Cadieux to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Cadieux is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Cadieux related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Cadieux in response to **other** requests. That is also after all the objections.   Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1   Defendants need to provide a response that all documents, except privileged

2   documents, are being produced, along with a privilege log.

3   **DEFENDANTS' POSITION:**

4   Request Nos. 31 through 55 broadly seek all documents "regarding the

5   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7   even employees or agents of Defendants. These overly broad, generalized Requests

8   are wholly improper.

9   *First*, Plaintiff's Requests for all documents with potential relevance to the

10  subject matter of this litigation from a particular individual are overly broad and

11  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12  "all documents" and "all communications" relating to a variety of topics do not

13  describe with "reasonable particularity" what categories of documents should be

14  produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15  discovery process of negotiating document custodians, collecting documents from

16  the agreed-upon custodians, and conducting searches for responsive documents

17  within the custodial files using negotiated search parameters.

18  *Second*, Plaintiff requests documents from individuals who had no

19  involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20  this litigation. Defendants should not be compelled to collect documents from such

21  individuals, as that would impose an unreasonable burden disproportionate to the

22  needs of the case.

23  *Third*, Plaintiff requests documents from individuals who are outside of the

24  Defendants' control. Defendants cannot be compelled to search for or produce

25  documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26  *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27  2025) (denying request to compel because parties "cannot be compelled to provide

28  documents that are not within its possession, custody, or control."); *Travelers*

1    *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2    "cannot compel Defendant to produce or answer about documents or information

3    not in its care, custody, or control").

4         *Fourth*, Defendants have no obligation to identify whether the individuals

5    named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6    disclosures—which the parties agreed to exchange after resolution of the motion to

7    dismiss—will clarify which individuals are relevant witnesses and which

8    individuals are Defendants' agents.

9         During the parties' conferences, Defendants proposed that this issue could

10   be resolved because, as set forth in Defendants' response to Request Nos. 31

11   through 55, Defendants will produce any responsive documents within the scope of

12   production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13   that they would provide a privilege log associated with the production if any

14   documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15   stated that their initial disclosures would clarify which individuals are relevant

16   witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17   Defendants agreed to produce documents in response to this Request before the fact

18   discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19   not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20   Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21   5099748, at *1 (denying motion to compel where "the producing parties have

22   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23   3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24   they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25   compel document production was premature when the parties still had 1.5 months

26   until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27   was premature where deadline to respond had not elapsed).

28   ///

1   **REQUEST FOR PRODUCTION NO. 43 (INCORRECTLY NUMBERED AS REQUEST NO.**

2   **42):**

3       All DOCUMENTS (including, but not limited to, EMAILS and TEXT

4   MESSAGES) sent to, or received by Salim Sirur regarding the Metacard NFT

5   Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

6   (e.g., Slack or Discord servers used by the team), or memoranda from the project's

7   inception through post- sale.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43 (INCORRECTLY NUMBERED AS**

9   **REQUEST NO. 42):**

10      In addition to their General Objections, Defendants specifically object to this

11  Request on the grounds that it is overbroad and unduly burdensome because it seeks

12  "all" Documents "sent to, or received by[,] Salim Sirur regarding the Metacard NFT

13  Project and/or Bored Jerky." Defendants further object to this Request on the basis

14  that it fails to identify the requested documents with reasonable particularity.

15  Defendants further object to this Request to the extent that it seeks documents that

16  are irrelevant or not proportional to the needs of the case. Defendants further object

17  to this Request to the extent that it seeks documents or information protected by the

18  attorney-client privilege, work-product doctrine, the common interest privilege, or

19  any other applicable privilege, protection, or immunity. Defendants further object

20  to this Request to the extent that it seeks documents outside Defendants' possession,

21  custody, or control. Defendants further object to this Request to the extent that such

22  documents or information are duplicative or cumulative of documents or

23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will

25  produce any Documents sent to, or received by, Salim Sirur to the extent such

26  Documents are within the scope of Defendants' agreed-upon production in response

27  to the other Requests.

28  ///

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Sirur is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Sirur related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Sirur in response to **other** requests. That is also after all the objections.    Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

Defendants need to provide a response that all documents, except privileged documents, are being produced, along with a privilege log.

**DEFENDANTS' POSITION:**

Request Nos. 31 through 55 broadly seek all documents "regarding the Metacard NFT Project and/or Bored Jerky" from various individuals, some of whom had nothing to do with Metacard or Bored Jerky, and some of whom are not even employees or agents of Defendants. These overly broad, generalized Requests are wholly improper.

*First*, Plaintiff's Requests for all documents with potential relevance to the subject matter of this litigation from a particular individual are overly broad and unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for "all documents" and "all communications" relating to a variety of topics do not describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 44 (INCORRECTLY NUMBERED AS REQUEST NO. 43):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Aaron Steinberg regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44 (INCORRECTLY NUMBERED AS REQUEST NO. 43):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Aaron Steinberg regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Aaron Steinberg to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Steinberg is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Steinberg related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Steinberg in response to **other** requests. That is also after all the objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1    Defendants need to provide a response that all documents, except privileged

2    documents, are being produced, along with a privilege log.

3    **DEFENDANTS' POSITION:**

4    Request Nos. 31 through 55 broadly seek all documents "regarding the

5    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7    even employees or agents of Defendants. These overly broad, generalized Requests

8    are wholly improper.

9    *First*, Plaintiff's Requests for all documents with potential relevance to the

10   subject matter of this litigation from a particular individual are overly broad and

11   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12   "all documents" and "all communications" relating to a variety of topics do not

13   describe with "reasonable particularity" what categories of documents should be

14   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15   discovery process of negotiating document custodians, collecting documents from

16   the agreed-upon custodians, and conducting searches for responsive documents

17   within the custodial files using negotiated search parameters.

18   *Second*, Plaintiff requests documents from individuals who had no

19   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20   this litigation. Defendants should not be compelled to collect documents from such

21   individuals, as that would impose an unreasonable burden disproportionate to the

22   needs of the case.

23   *Third*, Plaintiff requests documents from individuals who are outside of the

24   Defendants' control. Defendants cannot be compelled to search for or produce

25   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27   2025) (denying request to compel because parties "cannot be compelled to provide

28   documents that are not within its possession, custody, or control."); *Travelers*

1   *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2   "cannot compel Defendant to produce or answer about documents or information

3   not in its care, custody, or control").

4       *Fourth*, Defendants have no obligation to identify whether the individuals

5   named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6   disclosures—which the parties agreed to exchange after resolution of the motion to

7   dismiss—will clarify which individuals are relevant witnesses and which

8   individuals are Defendants' agents.

9       During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1  **REQUEST FOR PRODUCTION NO. 45 (INCORRECTLY NUMBERED AS REQUEST NO.**

2  **44):**

3      All DOCUMENTS (including, but not limited to, EMAILS and TEXT

4  MESSAGES) sent to, or received by Sean Haney regarding the Metacard NFT

5  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

6  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

7  inception through post- sale.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45 (INCORRECTLY NUMBERED AS**

9  **REQUEST NO. 44):**

10      In addition to their General Objections, Defendants specifically object to this

11  Request on the grounds that it is overbroad and unduly burdensome because it seeks

12  "all" Documents "sent to, or received by[,] Sean Haney regarding the Metacard

13  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

14  basis that it fails to identify the requested documents with reasonable particularity.

15  Defendants further object to this Request to the extent that it seeks documents that

16  are irrelevant or not proportional to the needs of the case. Defendants further object

17  to this Request to the extent that it seeks documents or information protected by the

18  attorney-client privilege, work-product doctrine, the common interest privilege, or

19  any other applicable privilege, protection, or immunity. Defendants further object

20  to this Request to the extent that it seeks documents outside Defendants' possession,

21  custody, or control. Defendants further object to this Request to the extent that such

22  documents or information are duplicative or cumulative of documents or

23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will

25  produce any Documents sent to, or received by, Sean Haney to the extent such

26  Documents are within the scope of Defendants' agreed-upon production in response

27  to the other Requests.

28  ///

1    <u>LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY</u>

2    Mr. Haney is an employee or agent of Defendants and involved with the

3    Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4    sent to Mr. Haney related to the Metacard NFT or Bored Jerky project. The Bored

5    Jerky project was offered as an out to Metacard purchasers three years later.

6    These areas of inquiry are discoverable in this case. There was no declaration

7    regarding how unduly burdensome or difficult this would be, just a vague promise

8    to subsequently produce a document sent to or received by Mr. Haney in response

9    to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10   34(b)(2)(C) ("An objection must state whether any responsive materials are being

11   withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12   to know if any documents are being withheld or not identified based on the

13   objections or the responses.

14   Defendant's refuse to indicate whether or not this witness is a third party,

15   who would be subject to a subpoena per Rule 45.

16   Defendants need to provide a response that all documents, except privileged

17   documents, are being produced, along with a privilege log.

18   <u>DEFENDANTS' POSITION:</u>

19   Request Nos. 31 through 55 broadly seek all documents "regarding the

20   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22   even employees or agents of Defendants. These overly broad, generalized Requests

23   are wholly improper.

24   *First*, Plaintiff's Requests for all documents with potential relevance to the

25   subject matter of this litigation from a particular individual are overly broad and

26   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27   "all documents" and "all communications" relating to a variety of topics do not

28   describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 46 (INCORRECTLY NUMBERED AS REQUEST NO. 45):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Gabriel Poncio regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46 (INCORRECTLY NUMBERED AS REQUEST NO. 45):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Gabriel Poncio regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Gabriel Poncio to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Poncio is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Poncio related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Poncio in response to **other** requests. That is also after all the objections.    Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1   Defendants need to provide a response that all documents, except privileged

2   documents, are being produced, along with a privilege log.

3   **DEFENDANTS' POSITION:**

4   Request Nos. 31 through 55 broadly seek all documents "regarding the

5   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7   even employees or agents of Defendants. These overly broad, generalized Requests

8   are wholly improper.

9   *First*, Plaintiff's Requests for all documents with potential relevance to the

10  subject matter of this litigation from a particular individual are overly broad and

11  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12  "all documents" and "all communications" relating to a variety of topics do not

13  describe with "reasonable particularity" what categories of documents should be

14  produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15  discovery process of negotiating document custodians, collecting documents from

16  the agreed-upon custodians, and conducting searches for responsive documents

17  within the custodial files using negotiated search parameters.

18  *Second*, Plaintiff requests documents from individuals who had no

19  involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20  this litigation. Defendants should not be compelled to collect documents from such

21  individuals, as that would impose an unreasonable burden disproportionate to the

22  needs of the case.

23  *Third*, Plaintiff requests documents from individuals who are outside of the

24  Defendants' control. Defendants cannot be compelled to search for or produce

25  documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26  *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27  2025) (denying request to compel because parties "cannot be compelled to provide

28  documents that are not within its possession, custody, or control."); *Travelers*

1  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2  "cannot compel Defendant to produce or answer about documents or information

3  not in its care, custody, or control").

4  *Fourth*, Defendants have no obligation to identify whether the individuals

5  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6  disclosures—which the parties agreed to exchange after resolution of the motion to

7  dismiss—will clarify which individuals are relevant witnesses and which

8  individuals are Defendants' agents.

9  During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1  **REQUEST FOR PRODUCTION NO. 47 (INCORRECTLY NUMBERED AS REQUEST NO.**
2  **46):**

3      All DOCUMENTS (including, but not limited to, EMAILS and TEXT
4  MESSAGES) sent to, or received by Tyler Chaffee regarding the Metacard NFT
5  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs
6  (e.g., Slack or Discord servers used by the team), or memoranda from the project's
7  inception through post- sale.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47 (INCORRECTLY NUMBERED AS**
9  **REQUEST NO. 46):**

10      In addition to their General Objections, Defendants specifically object to this
11  Request on the grounds that it is overbroad and unduly burdensome because it seeks
12  "all" Documents "sent to, or received by[,] Tyler Chaffee regarding the Metacard
13  NFT Project and/or Bored Jerky." Defendants further object to this Request on the
14  basis that it fails to identify the requested documents with reasonable particularity.
15  Defendants further object to this Request to the extent that it seeks documents that
16  are irrelevant or not proportional to the needs of the case. Defendants further object
17  to this Request to the extent that it seeks documents or information protected by the
18  attorney-client privilege, work-product doctrine, the common interest privilege, or
19  any other applicable privilege, protection, or immunity. Defendants further object
20  to this Request to the extent that it seeks documents outside Defendants' possession,
21  custody, or control. Defendants further object to this Request to the extent that such
22  documents or information are duplicative or cumulative of documents or
23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will
25  produce any Documents sent to, or received by, Tyler Chaffee to the extent such
26  Documents are within the scope of Defendants' agreed-upon production in response
27  to the other Requests.

28  ///

1  <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

2      Mr. Chaffee is an employee or agent of Defendants and involved with the

3  Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4  sent to Mr. Chaffee related to the Metacard NFT or Bored Jerky project. The Bored

5  Jerky project was offered as an out to Metacard purchasers three years later.

6      These areas of inquiry are discoverable in this case. There was no declaration

7  regarding how unduly burdensome or difficult this would be, just a vague promise

8  to subsequently produce a document sent to or received by Mr. Chaffee in response

9  to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10  34(b)(2)(C) ("An objection must state whether any responsive materials are being

11  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12  to know if any documents are being withheld or not identified based on the

13  objections or the responses.

14      Defendant's refuse to indicate whether or not this witness is a third party,

15  who would be subject to a subpoena per Rule 45.

16      Defendants need to provide a response that all documents, except privileged

17  documents, are being produced, along with a privilege log.

18  <u>**DEFENDANTS' POSITION:**</u>

19      Request Nos. 31 through 55 broadly seek all documents "regarding the

20  Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21  whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22  even employees or agents of Defendants. These overly broad, generalized Requests

23  are wholly improper.

24      *First*, Plaintiff's Requests for all documents with potential relevance to the

25  subject matter of this litigation from a particular individual are overly broad and

26  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27  "all documents" and "all communications" relating to a variety of topics do not

28  describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 48 (INCORRECTLY NUMBERED AS REQUEST NO. 47):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Cousin Jay regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (INCORRECTLY NUMBERED AS REQUEST NO. 47):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Cousin Jay regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that the person to whom "Cousin Jay" refers is ambiguous. Defendants further

object to this Request because it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, "Cousin Jay" to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Jay is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Jay related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Jay in response to **other** requests. That is also after all the objections.    Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

1    Defendant's refuse to indicate whether or not this witness is a third party,

2    who would be subject to a subpoena per Rule 45.

3    Defendants need to provide a response that all documents, except privileged

4    documents, are being produced, along with a privilege log.

5    **DEFENDANTS' POSITION:**

6    Request Nos. 31 through 55 broadly seek all documents "regarding the

7    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

8    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

9    even employees or agents of Defendants. These overly broad, generalized Requests

10   are wholly improper.

11   *First*, Plaintiff's Requests for all documents with potential relevance to the

12   subject matter of this litigation from a particular individual are overly broad and

13   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

14   "all documents" and "all communications" relating to a variety of topics do not

15   describe with "reasonable particularity" what categories of documents should be

16   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

17   discovery process of negotiating document custodians, collecting documents from

18   the agreed-upon custodians, and conducting searches for responsive documents

19   within the custodial files using negotiated search parameters.

20   *Second*, Plaintiff requests documents from individuals who had no

21   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

22   this litigation. Defendants should not be compelled to collect documents from such

23   individuals, as that would impose an unreasonable burden disproportionate to the

24   needs of the case.

25   *Third*, Plaintiff requests documents from individuals who are outside of the

26   Defendants' control. Defendants cannot be compelled to search for or produce

27   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

28   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

1  was premature where deadline to respond had not elapsed).

2  **REQUEST FOR PRODUCTION NO. 49 (INCORRECTLY NUMBERED AS REQUEST NO.**

3  **48):**

4     All DOCUMENTS (including, but not limited to, EMAILS and TEXT

5  MESSAGES) sent to, or received by Alex Lawrence regarding the Metacard NFT

6  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

7  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

8  inception through post- sale.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49 (INCORRECTLY NUMBERED AS**

10  **REQUEST NO. 48):**

11     In addition to their General Objections, Defendants specifically object to this

12  Request on the grounds that it is overbroad and unduly burdensome because it seeks

13  "all" Documents "sent to, or received by[,] Alex Lawrence regarding the Metacard

14  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

15  basis that it fails to identify the requested documents with reasonable particularity.

16  Defendants further object to this Request to the extent that it seeks documents that

17  are irrelevant or not proportional to the needs of the case. Defendants further object

18  to this Request to the extent that it seeks documents or information protected by the

19  attorney-client privilege, work-product doctrine, the common interest privilege, or

20  any other applicable privilege, protection, or immunity. Defendants further object

21  to this Request to the extent that it seeks documents outside Defendants' possession,

22  custody, or control. Defendants further object to this Request to the extent that such

23  documents or information are duplicative or cumulative of documents or

24  information that have already been produced to Plaintiff by other sources.

25     Subject to and without waiving the foregoing objections, Defendants will

26  produce any Documents sent to, or received by, Alex Lawrence to the extent such

27  Documents are within the scope of Defendants' agreed-upon production in response

28  to the other Requests.

## LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

Mr. Lawrence is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Lawrence related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Lawrence in response to **other** requests. That is also after all the objections.  Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

Defendants need to provide a response that all documents, except privileged documents, are being produced, along with a privilege log.

## DEFENDANTS' POSITION:

Request Nos. 31 through 55 broadly seek all documents "regarding the Metacard NFT Project and/or Bored Jerky" from various individuals, some of whom had nothing to do with Metacard or Bored Jerky, and some of whom are not even employees or agents of Defendants. These overly broad, generalized Requests are wholly improper.

*First*, Plaintiff's Requests for all documents with potential relevance to the subject matter of this litigation from a particular individual are overly broad and unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for "all documents" and "all communications" relating to a variety of topics do not describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 50 (INCORRECTLY NUMBERED AS REQUEST NO. 49):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Daryl Boodhoo regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50 (INCORRECTLY NUMBERED AS REQUEST NO. 49):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Daryl Boodhoo regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

1  Defendants further object to this Request to the extent that it seeks documents that

2  are irrelevant or not proportional to the needs of the case. Defendants further object

3  to this Request to the extent that it seeks documents or information protected by the

4  attorney-client privilege, work-product doctrine, the common interest privilege, or

5  any other applicable privilege, protection, or immunity. Defendants further object

6  to this Request to the extent that it seeks documents outside Defendants' possession,

7  custody, or control. Defendants further object to this Request to the extent that such

8  documents or information are duplicative or cumulative of documents or

9  information that have already been produced to Plaintiff by other sources.

10      Subject to and without waiving the foregoing objections, Defendants will

11  produce any Documents sent to, or received by, Daryl Boodhoo to the extent such

12  Documents are within the scope of Defendants' agreed-upon production in response

13  to the other Requests.

14  <u>**Legal and Factual Reasons why a Further Response Is Necessary**</u>

15      Mr. Boodhoo is an employee or agent of Defendants and involved with the

16  Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

17  sent to Mr. Boodhoo related to the Metacard NFT or Bored Jerky project. The Bored

18  Jerky project was offered as an out to Metacard purchasers three years later.

19      These areas of inquiry are discoverable in this case. There was no declaration

20  regarding how unduly burdensome or difficult this would be, just a vague promise

21  to subsequently produce a document sent to or received by Mr. Boodhoo in

22  response to **other** requests. That is also after all the objections.  Fed. R. Civ. P.

23  34(b)(2)(C) ("An objection must state whether any responsive materials are being

24  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

25  to know if any documents are being withheld or not identified based on the

26  objections or the responses.

27      Defendant's refuse to indicate whether or not this witness is a third party,

28  who would be subject to a subpoena per Rule 45.

1    Defendants need to provide a response that all documents, except privileged

2    documents, are being produced, along with a privilege log.

3    **DEFENDANTS' POSITION:**

4    Request Nos. 31 through 55 broadly seek all documents "regarding the

5    Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6    whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7    even employees or agents of Defendants. These overly broad, generalized Requests

8    are wholly improper.

9    *First*, Plaintiff's Requests for all documents with potential relevance to the

10   subject matter of this litigation from a particular individual are overly broad and

11   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12   "all documents" and "all communications" relating to a variety of topics do not

13   describe with "reasonable particularity" what categories of documents should be

14   produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15   discovery process of negotiating document custodians, collecting documents from

16   the agreed-upon custodians, and conducting searches for responsive documents

17   within the custodial files using negotiated search parameters.

18   *Second*, Plaintiff requests documents from individuals who had no

19   involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20   this litigation. Defendants should not be compelled to collect documents from such

21   individuals, as that would impose an unreasonable burden disproportionate to the

22   needs of the case.

23   *Third*, Plaintiff requests documents from individuals who are outside of the

24   Defendants' control. Defendants cannot be compelled to search for or produce

25   documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26   *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27   2025) (denying request to compel because parties "cannot be compelled to provide

28   documents that are not within its possession, custody, or control."); *Travelers*

1  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2  "cannot compel Defendant to produce or answer about documents or information

3  not in its care, custody, or control").

4      *Fourth*, Defendants have no obligation to identify whether the individuals

5  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6  disclosures—which the parties agreed to exchange after resolution of the motion to

7  dismiss—will clarify which individuals are relevant witnesses and which

8  individuals are Defendants' agents.

9      During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1   **REQUEST FOR PRODUCTION NO. 51 (INCORRECTLY NUMBERED AS REQUEST NO.**
2   **50):**

3       All DOCUMENTS (including, but not limited to, EMAILS and TEXT
4   MESSAGES) sent to, or received by Nafis Etemadi regarding the Metacard NFT
5   Project and/or Bored Jerky. This includes emails, text messages, internal chat logs
6   (e.g., Slack or Discord servers used by the team), or memoranda from the project's
7   inception through post- sale.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (INCORRECTLY NUMBERED AS**
9   **REQUEST NO. 50):**

10      In addition to their General Objections, Defendants specifically object to this
11  Request on the grounds that it is overbroad and unduly burdensome because it seeks
12  "all" Documents "sent to, or received by[,] Nafis Etemadi regarding the Metacard
13  NFT Project and/or Bored Jerky." Defendants further object to this Request on the
14  basis that it fails to identify the requested documents with reasonable particularity.
15  Defendants further object to this Request to the extent that it seeks documents that
16  are irrelevant or not proportional to the needs of the case. Defendants further object
17  to this Request to the extent that it seeks documents or information protected by the
18  attorney-client privilege, work-product doctrine, the common interest privilege, or
19  any other applicable privilege, protection, or immunity. Defendants further object
20  to this Request to the extent that it seeks documents outside Defendants' possession,
21  custody, or control. Defendants further object to this Request to the extent that such
22  documents or information are duplicative or cumulative of documents or
23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will
25  produce any Documents sent to, or received by, Nafis Etemadi to the extent such
26  Documents are within the scope of Defendants' agreed-upon production in response
27  to the other Requests.

28  ///

1  **LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

2  Mr. Etemadi is an employee or agent of Defendants and involved with the

3  Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4  sent to Mr. Etemadi related to the Metacard NFT or Bored Jerky project. The Bored

5  Jerky project was offered as an out to Metacard purchasers three years later.

6  These areas of inquiry are discoverable in this case. There was no declaration

7  regarding how unduly burdensome or difficult this would be, just a vague promise

8  to subsequently produce a document sent to or received by Mr. Etemadi in response

9  to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10  34(b)(2)(C) ("An objection must state whether any responsive materials are being

11  withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12  to know if any documents are being withheld or not identified based on the

13  objections or the responses.

14  Defendant's refuse to indicate whether or not this witness is a third party,

15  who would be subject to a subpoena per Rule 45.

16  Defendants need to provide a response that all documents, except privileged

17  documents, are being produced, along with a privilege log.

18  **DEFENDANTS' POSITION:**

19  Request Nos. 31 through 55 broadly seek all documents "regarding the

20  Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21  whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22  even employees or agents of Defendants. These overly broad, generalized Requests

23  are wholly improper.

24  *First*, Plaintiff's Requests for all documents with potential relevance to the

25  subject matter of this litigation from a particular individual are overly broad and

26  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27  "all documents" and "all communications" relating to a variety of topics do not

28  describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 52 (INCORRECTLY NUMBERED AS REQUEST NO. 51):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Austin Ermes regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (INCORRECTLY NUMBERED ASREQUEST NO. 51):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Austin Ermes regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity.

Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Austin Ermes to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Ermes is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Ermes related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Ermes in response to **other** requests. That is also after all the objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

1   Defendants need to provide a response that all documents, except privileged

2   documents, are being produced, along with a privilege log.

3   **DEFENDANTS' POSITION:**

4   Request Nos. 31 through 55 broadly seek all documents "regarding the

5   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

6   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

7   even employees or agents of Defendants. These overly broad, generalized Requests

8   are wholly improper.

9   *First*, Plaintiff's Requests for all documents with potential relevance to the

10  subject matter of this litigation from a particular individual are overly broad and

11  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

12  "all documents" and "all communications" relating to a variety of topics do not

13  describe with "reasonable particularity" what categories of documents should be

14  produced). Plaintiff's Requests improperly attempt to circumvent the accepted

15  discovery process of negotiating document custodians, collecting documents from

16  the agreed-upon custodians, and conducting searches for responsive documents

17  within the custodial files using negotiated search parameters.

18  *Second*, Plaintiff requests documents from individuals who had no

19  involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

20  this litigation. Defendants should not be compelled to collect documents from such

21  individuals, as that would impose an unreasonable burden disproportionate to the

22  needs of the case.

23  *Third*, Plaintiff requests documents from individuals who are outside of the

24  Defendants' control. Defendants cannot be compelled to search for or produce

25  documents outside of their possession, custody, or control. *See Welland Indus. LLC*

26  *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

27  2025) (denying request to compel because parties "cannot be compelled to provide

28  documents that are not within its possession, custody, or control."); *Travelers*

1  *Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court

2  "cannot compel Defendant to produce or answer about documents or information

3  not in its care, custody, or control").

4      *Fourth*, Defendants have no obligation to identify whether the individuals

5  named in Request Nos. 31 through 55 are third parties, and Defendants' initial

6  disclosures—which the parties agreed to exchange after resolution of the motion to

7  dismiss—will clarify which individuals are relevant witnesses and which

8  individuals are Defendants' agents.

9      During the parties' conferences, Defendants proposed that this issue could

10  be resolved because, as set forth in Defendants' response to Request Nos. 31

11  through 55, Defendants will produce any responsive documents within the scope of

12  production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated

13  that they would provide a privilege log associated with the production if any

14  documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants

15  stated that their initial disclosures would clarify which individuals are relevant

16  witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because

17  Defendants agreed to produce documents in response to this Request before the fact

18  discovery cut-off in June 2026, and the parties agreed that initial disclosures would

19  not be exchanged until after the motion to dismiss, Plaintiff's dispute over this

20  Request is premature and should be denied. *See Thunder Studios*, 2018 WL

21  5099748, at *1 (denying motion to compel where "the producing parties have

22  actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL

23  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that

24  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to

25  compel document production was premature when the parties still had 1.5 months

26  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

27  was premature where deadline to respond had not elapsed).

28  ///

1  **REQUEST FOR PRODUCTION NO. 53 (INCORRECTLY NUMBERED AS REQUEST NO.**

2  **52):**

3      All DOCUMENTS (including, but not limited to, EMAILS and TEXT

4  MESSAGES) sent to, or received by Alberto Morales regarding the Metacard NFT

5  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

6  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

7  inception through post- sale.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (INCORRECTLY NUMBERED AS**

9  **REQUEST NO. 52):**

10      In addition to their General Objections, Defendants specifically object to this

11  Request on the grounds that it is overbroad and unduly burdensome because it seeks

12  "all" Documents "sent to, or received by[,] Alberto Morales regarding the Metacard

13  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

14  basis that it fails to identify the requested documents with reasonable particularity.

15  Defendants further object to this Request to the extent that it seeks documents that

16  are irrelevant or not proportional to the needs of the case. Defendants further object

17  to this Request to the extent that it seeks documents or information protected by the

18  attorney-client privilege, work-product doctrine, the common interest privilege, or

19  any other applicable privilege, protection, or immunity. Defendants further object

20  to this Request to the extent that it seeks documents outside Defendants' possession,

21  custody, or control. Defendants further object to this Request to the extent that such

22  documents or information are duplicative or cumulative of documents or

23  information that have already been produced to Plaintiff by other sources.

24      Subject to and without waiving the foregoing objections, Defendants will

25  produce any Documents sent to, or received by, Alberto Morales to the extent such

26  Documents are within the scope of Defendants' agreed-upon production in response

27  to the other Requests.

28  ///

1    <u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

2    Mr. Morales is an employee or agent of Defendants and involved with the

3    Metacard NFT or Bored Jerky project. The request seeks any documents sent by or

4    sent to Mr. Morales related to the Metacard NFT or Bored Jerky project. The Bored

5    Jerky project was offered as an out to Metacard purchasers three years later.

6    These areas of inquiry are discoverable in this case. There was no declaration

7    regarding how unduly burdensome or difficult this would be, just a vague promise

8    to subsequently produce a document sent to or received by Mr. Morales in response

9    to **other** requests. That is also after all the objections.    Fed. R. Civ. P.

10   34(b)(2)(C) ("An objection must state whether any responsive materials are being

11   withheld on the basis of that objection."). There is no way for Plaintiff or the Court

12   to know if any documents are being withheld or not identified based on the

13   objections or the responses.

14   Defendant's refuse to indicate whether or not this witness is a third party,

15   who would be subject to a subpoena per Rule 45.

16   Defendants need to provide a response that all documents, except privileged

17   documents, are being produced, along with a privilege log.

18   <u>**DEFENDANTS' POSITION:**</u>

19   Request Nos. 31 through 55 broadly seek all documents "regarding the

20   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

21   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

22   even employees or agents of Defendants. These overly broad, generalized Requests

23   are wholly improper.

24   *First*, Plaintiff's Requests for all documents with potential relevance to the

25   subject matter of this litigation from a particular individual are overly broad and

26   unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

27   "all documents" and "all communications" relating to a variety of topics do not

28   describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel was premature where deadline to respond had not elapsed).

**REQUEST FOR PRODUCTION NO. 54 (INCORRECTLY NUMBERED AS REQUEST NO. 53):**

All DOCUMENTS (including, but not limited to, EMAILS and TEXT MESSAGES) sent to, or received by Courtney Lorenz regarding the Metacard NFT Project and/or Bored Jerky. This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post- sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54 (INCORRECTLY NUMBERED AS REQUEST NO. 53):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Courtney Lorenz regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable

particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Courtney Lorenz to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Ms. Lorenz is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Ms. Lorenz related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Ms. Lorenz in response to **other** requests. That is also after all the objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

///

1   Defendant's refuse to indicate whether or not this witness is a third party,

2   who would be subject to a subpoena per Rule 45.

3   Defendants need to provide a response that all documents, except privileged

4   documents, are being produced, along with a privilege log.

5   **DEFENDANTS' POSITION:**

6   Request Nos. 31 through 55 broadly seek all documents "regarding the

7   Metacard NFT Project and/or Bored Jerky" from various individuals, some of

8   whom had nothing to do with Metacard or Bored Jerky, and some of whom are not

9   even employees or agents of Defendants. These overly broad, generalized Requests

10  are wholly improper.

11  *First*, Plaintiff's Requests for all documents with potential relevance to the

12  subject matter of this litigation from a particular individual are overly broad and

13  unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for

14  "all documents" and "all communications" relating to a variety of topics do not

15  describe with "reasonable particularity" what categories of documents should be

16  produced). Plaintiff's Requests improperly attempt to circumvent the accepted

17  discovery process of negotiating document custodians, collecting documents from

18  the agreed-upon custodians, and conducting searches for responsive documents

19  within the custodial files using negotiated search parameters.

20  *Second*, Plaintiff requests documents from individuals who had no

21  involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to

22  this litigation. Defendants should not be compelled to collect documents from such

23  individuals, as that would impose an unreasonable burden disproportionate to the

24  needs of the case.

25  *Third*, Plaintiff requests documents from individuals who are outside of the

26  Defendants' control. Defendants cannot be compelled to search for or produce

27  documents outside of their possession, custody, or control. *See Welland Indus. LLC*

28  *v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30,

2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants stated that their initial disclosures would clarify which individuals are relevant witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because Defendants agreed to produce documents in response to this Request before the fact discovery cut-off in June 2026, and the parties agreed that initial disclosures would not be exchanged until after the motion to dismiss, Plaintiff's dispute over this Request is premature and should be denied. *See Thunder Studios*, 2018 WL 5099748, at *1 (denying motion to compel where "the producing parties have actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL 3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to compel document production was premature when the parties still had 1.5 months until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel

1  was premature where deadline to respond had not elapsed).

2  **REQUEST FOR PRODUCTION NO. 55 (INCORRECTLY NUMBERED AS REQUEST NO.**

3  **54):**

4      All DOCUMENTS (including, but not limited to, EMAILS and TEXT

5  MESSAGES) sent to, or received by Alex Steele regarding the Metacard NFT

6  Project and/or Bored Jerky. This includes emails, text messages, internal chat logs

7  (e.g., Slack or Discord servers used by the team), or memoranda from the project's

8  inception through post- sale.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55 (INCORRECTLY NUMBERED AS**

10  **REQUEST NO. 54):**

11      In addition to their General Objections, Defendants specifically object to this

12  Request on the grounds that it is overbroad and unduly burdensome because it seeks

13  "all" Documents "sent to, or received by[,] Alex Steele regarding the Metacard NFT

14  Project and/or Bored Jerky." Defendants further object to this Request on the basis

15  that it fails to identify the requested documents with reasonable particularity.

16  Defendants further object to this Request to the extent that it seeks documents that

17  are irrelevant or not proportional to the needs of the case. Defendants further object

18  to this Request to the extent that it seeks documents or information protected by the

19  attorney-client privilege, work-product doctrine, the common interest privilege, or

20  any other applicable privilege, protection, or immunity. Defendants further object

21  to this Request to the extent that it seeks documents outside Defendants' possession,

22  custody, or control. Defendants further object to this Request to the extent that such

23  documents or information are duplicative or cumulative of documents or

24  information that have already been produced to Plaintiff by other sources.

25      Subject to and without waiving the foregoing objections, Defendants will

26  produce any Documents sent to, or received by, Alex Steele to the extent such

27  Documents are within the scope of Defendants' agreed-upon production in response

28  to the other Requests.

**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**

Mr. Steele is an employee or agent of Defendants and involved with the Metacard NFT or Bored Jerky project. The request seeks any documents sent by or sent to Mr. Steele related to the Metacard NFT or Bored Jerky project. The Bored Jerky project was offered as an out to Metacard purchasers three years later.

These areas of inquiry are discoverable in this case. There was no declaration regarding how unduly burdensome or difficult this would be, just a vague promise to subsequently produce a document sent to or received by Mr. Steele in response to **other** requests. That is also after all the objections.   Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). There is no way for Plaintiff or the Court to know if any documents are being withheld or not identified based on the objections or the responses.

Defendant's refuse to indicate whether or not this witness is a third party, who would be subject to a subpoena per Rule 45.

Defendants need to provide a response that all documents, except privileged documents, are being produced, along with a privilege log.

**DEFENDANTS' POSITION:**

Request Nos. 31 through 55 broadly seek all documents "regarding the Metacard NFT Project and/or Bored Jerky" from various individuals, some of whom had nothing to do with Metacard or Bored Jerky, and some of whom are not even employees or agents of Defendants. These overly broad, generalized Requests are wholly improper.

*First*, Plaintiff's Requests for all documents with potential relevance to the subject matter of this litigation from a particular individual are overly broad and unduly burdensome. *See Rojas*, 2020 WL 8617414, at *2 (sweeping requests for "all documents" and "all communications" relating to a variety of topics do not describe with "reasonable particularity" what categories of documents should be

produced). Plaintiff's Requests improperly attempt to circumvent the accepted discovery process of negotiating document custodians, collecting documents from the agreed-upon custodians, and conducting searches for responsive documents within the custodial files using negotiated search parameters.

*Second*, Plaintiff requests documents from individuals who had no involvement with Metacard or Bored Jerky and are therefore wholly irrelevant to this litigation. Defendants should not be compelled to collect documents from such individuals, as that would impose an unreasonable burden disproportionate to the needs of the case.

*Third*, Plaintiff requests documents from individuals who are outside of the Defendants' control. Defendants cannot be compelled to search for or produce documents outside of their possession, custody, or control. *See Welland Indus. LLC v. De Well Container Shipping, Inc.*, 2025 WL 1421277, at *2 (C.D. Cal. Apr. 30, 2025) (denying request to compel because parties "cannot be compelled to provide documents that are not within its possession, custody, or control."); *Travelers Indem. Co. v. Goldman*, 2020 WL 5372108, at *10 (C.D. Cal. May 8, 2020) (court "cannot compel Defendant to produce or answer about documents or information not in its care, custody, or control").

*Fourth*, Defendants have no obligation to identify whether the individuals named in Request Nos. 31 through 55 are third parties, and Defendants' initial disclosures—which the parties agreed to exchange after resolution of the motion to dismiss—will clarify which individuals are relevant witnesses and which individuals are Defendants' agents.

During the parties' conferences, Defendants proposed that this issue could be resolved because, as set forth in Defendants' response to Request Nos. 31 through 55, Defendants will produce any responsive documents within the scope of production in response to other Requests. Li Decl. ¶¶ 10, 14. Defendants also stated that they would provide a privilege log associated with the production if any

1   documents were withheld on the basis of privilege. *Id.* ¶ 15. Further, Defendants
2   stated that their initial disclosures would clarify which individuals are relevant
3   witnesses and which individuals are Defendants' agents. *Id.* ¶ 14. Because
4   Defendants agreed to produce documents in response to this Request before the fact
5   discovery cut-off in June 2026, and the parties agreed that initial disclosures would
6   not be exchanged until after the motion to dismiss, Plaintiff's dispute over this
7   Request is premature and should be denied. *See Thunder Studios*, 2018 WL
8   5099748, at *1 (denying motion to compel where "the producing parties have
9   actually agreed to produce all responsive documents"); *ViaSat, Inc.*, 2013 WL
10  3467413, at *7 (dispute was not ripe until plaintiffs produced the documents that
11  they "already offered to produce"); *Scanlon*, 2020 WL 7360543, at *4 (motion to
12  compel document production was premature when the parties still had 1.5 months
13  until the discovery cut-off); *Grigsby*, 2015 WL 1671257, at *3 (motion to compel
14  was premature where deadline to respond had not elapsed).

## VII.     <u>PROTECTIVE ORDER</u>

16  <u>**PLAINTIFF'S TEXT RE: LAST CLAUSE IN DISPUTE**</u>

17  After the final disposition of this Action, as defined in paragraph 4, within
18  60 days of a written request by the Designating Party, each Receiving Party must
19  return all Protected Material to the Producing Party or destroy such material.
20  <u>Designating Party's counsel agrees to maintain records for five years after the</u>
21  <u>written request</u>. As used in this subdivision, "all Protected Material" includes all
22  copies, abstracts, compilations, summaries, and any other format reproducing or
23  capturing any of the Protected Material. Whether the Protected Material is returned
24  or destroyed, the Receiving Party must submit a written certification to the
25  Producing Party (and, if not the same person or entity, to the Designating Party) by
26  the 60 day deadline that (1) identifies (by category, where appropriate) all the
27  Protected Material that was returned or destroyed and (2) affirms that the Receiving
28  Party has not retained any copies, abstracts, compilations, summaries or any other

format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any willful violation of the Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**DEFENDANTS' TEXT RE: LAST CLAUSE IN DISPUTE**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any willful violation of the Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**PLAINTIFF'S POSITION**

Plaintiff simply wants to make sure documents that are part of the file are maintained properly after the case. As a compromise, Plaintiff suggested that Defendants hold onto the documents, rather than Plaintiff.

**DEFENDANTS' POSITION:**

Plaintiff's proposed addition to the protective order seeks to impose an obligation on Defendants' counsel that goes beyond any obligation required by law. Specifically, Plaintiff seeks to require Defendants' counsel to retain Defendants' documents for five years after the final disposition of this action. In other words, Plaintiff seeks to govern how Defendants' counsel manages its obligations to its own clients. Plaintiff cannot cite to a single authority showing that imposing such an obligation on a counterparty is proper. During the parties' conferences, Defendants stated that Plaintiff's proposed addition should not be included in the protective order because each party's counsel could manage its own client document retention decisions. Li Decl. ¶ 17.

## VIII. PLAINTIFF'S CONCLUSION:

For the foregoing reasons, Plaintiff respectfully request that this Court issue an Order that Defendants provide amended further responses to interrogatories 2, 3, 7 and 8, and requests for production of documents numbers 1 to 24, and 26 to 54, without non privilege objections within (10) days, any privilege log (for attorney client or attorney work product privilege), along with all responsive documents, and entry of a Protective Order regarding maintaining documents post litigation with Plaintiff's compromise, along with all responsive documents

1

## IX.    DEFENDANT'S CONCLUSION:

2    For the foregoing reasons, Defendants respectfully request that Plaintiffs'

3  motion to compel be denied in its entirety.

4

5   Dated: September 23, 2025            Respectfully submitted,

6
                                        **KRISTENSEN LAW GROUP ||**
7                                       **EKSM, LLP**

8                                       /s/ *John P. Kristensen*
9                                       John P. Kristensen
                                        Jarrett L. Ellzey
10                                      Leigh S. Montgomery
11                                      Tommy Kherkher
                                        Josh Sanford
12

13                                      ***Attorneys for Plaintiffs***

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated:  September 23, 2025                Respectfully submitted,

2                                            **COOLEY LLP**

3                                            */s/ Rona S. Li*

4                                            RONA S. LI (*pro hac vice*)

5                                            (rproper@cooley.com)
                                             BRIAN M. FRENCH (*pro hac vice*)
6                                            (bfrench@cooley.com)
                                             KATHERINE BECHTEL (*pro hac vice*)
7                                            (kbechtel@cooley.com)
                                             55 Hudson Yards
8                                            New York, NY 10001-2157
9                                            Telephone: (212) 479-6000
                                             Facsimile: (212) 479-6275
10
11
                                             WILLIAM K. PAO (252637)
12                                           (wpao@cooley.com)
                                             ARIANA BUSTOS (345918)
13                                           (abustos@cooley.com)
                                             355 S. Grand Avenue, Suite 900
14                                           Los Angeles, CA 90071-1560
15                                           Telephone: (213) 561-3250
                                             Facsimile:  (213) 561-3244
16
17
                                             LUKE C. CADIGAN (*pro hac vice*)
18                                           (lcadigan@cooley.com)
                                             500 Boylston Street, 14th Floor
19                                           Boston, MA 02116-3736
                                             Telephone: (617) 937-2300
20                                           Facsimile: (617) 937-2400
21
22
                                             ***Attorneys for Defendants John Shahidi,***
23                                           ***Nelk, Inc., Metacard, LLC, Nelk USA,***
                                             ***Inc., and Kyle Forgeard***
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## LOCAL RULE5-4.3.4(a)(2)(i) CERTIFICATION

The undersigned attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

/s/ John P. Kristensen
John P. Kristensen

1

## <u>CERTIFICATE OF SERVICE</u>

2   I certify that on Tuesday, September 23, 2025, a true and correct copy of the

3 attached **JOINT STIPULATION RE: PLAINTIFF'S MOTION TO**

4 **OVERRULE GENERAL AND BOILERPLATE OBJECTIONS, COMPEL**

5 **FURTHER RESPONSES TO DISCOVERY & ENTER PROTECTIVE**

6 **ORDER**, was served via CM/ECF to all participants of record, pursuant to Fed. R.

7 Civ. P. 5:

8

9

10          */s/ John P. Kristensen*
            John P. Kristensen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28