1  John P. Kristensen (SBN 224132)
2  **KRISTENSEN LAW GROUP**
3  120 Santa Barbara St., Suite C9
   Santa Barbara, California 93101
4  Telephone: (805) 837-2000
   *john@kristensen.law*
5

6  Jarrett L. Ellzey (Texas Bar No. 24040864)
   Leigh S. Montgomery (*Pro Hac Vice*)
7  Tommy Kherkher (*Pro Hac Vice*)
   Josh Sanford (*Pro Hac Vice*)
8  **EKSM, LLP**
9  1105 Milford Street
   Houston, Texas 77006
10 Telephone: (888) 350-3931

11
   **ATTORNEYS FOR PLAINTIFF AND THE**
12 **PUTATIVE CLASS**

13         **THE UNITED STATES DISTRICT COURT**
14  **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

15 TRENTON SMITH, individually and        ) Case No.: 8:25-cv-161-FWS-DFM
   on behalf of all others similarly      )
16 situated,                              ) **[Discovery Document: Referred to**
                                          ) **Magistrate Judge Douglas F.**
17                       Plaintiffs,      ) **McCormick]**
18       vs.                              )
                                          )
19 JOHN SHAHIDI, an individual;           ) **DECLARATION OF JOHN P.**
   NELK, INC. dba NELK, FULL              ) **KRISTENSEN IN SUPPORT OF**
20 SEND, a Canadian Company,              ) **PLAINTIFFS' MOTION**
   METACARD, LLC, a Delaware             )
21 Limited Liability Company; NELK        ) Hearing Date: Oct. 14, 2025
22 USA, INC., a Delaware Corporation;     ) Time:          10:00 a.m.
   KYLE FORGEARD, an individual.          )
23                                        ) Discovery Cut Off: April 9, 2026
24                       Defendants.      ) PreTrial Conference: Oct. 29, 2026
                                          ) Trial Date: Nov. 17, 2026
25                                        )
26                                        )
27                                        )
                                          )
28 _____       )

**DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFF'S MOTION**

**– 1 –**

1    **<u>DECLARATION OF JOHN P. KRISTENSEN</u>**

2      I, John P. Kristensen, declare:

3      1.    I am an attorney licensed to practice before all Courts in the State of

4    California. I am a Partner at Kristensen Law Group, Counsel of record for plaintiff

5    Trenton Smith ("Plaintiff") in this action. I make this declaration of my own

6    personal knowledge, and if called to testify, I could and would competently testify

7    hereto under oath.

8      2.    As required by Local Rule 37-1, on August 22, 2025, September 2,

9    2025 and September 9, 2025, counsel for the parties met and conferred via Zoom

10   and have also sent numerous correspondences to discuss these issues in a good faith

11   effort to eliminate as many of the disputes as possible. The relevant written

12   correspondences are attached to this declaration. Plaintiff has gone above and

13   beyond meeting his meet and confer requirements under Local Rule 37.

14     3.    I have attached hereto as Exhibit "1" a true and correct copy of

15   Defendant Nelk, Inc., Nelk USA, Inc.., and Metacard, LLC's objections and

16   responses to Plaintiff's Request for Production of Documents, Sets One through

17   Three, served on August 6, 2025.

18     4.    I have attached hereto as Exhibit "2" a true and correct copy of

19   Defendant Nelk, Inc., Nelk USA, Inc.., and Metacard, LLC's objections and

20   responses to Plaintiff's Interrogatories, Set One, served on August 6, 2025.

21     5.    On August 14, 2025, I sent a correspondence to Defendants seeking a

22   LR 37-1 Conference about the interrogatories. I have attached hereto as Exhibit "3"

23   a true and correct copy of the correspondence.

24     6.    On August 22, 2025, I had a zoom meeting with Defense counsel. Who

25   wanted Plaintiff's version of the Joint Stipulation before meeting, claiming they

26   could not have a meaningful meet and confer.

27     7.    On August 22, 2025, I sent a correspondence to Defendants seeking a

28   LR 37-1 Conference about the requests for production. I have attached hereto as

---

**DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFF'S MOTION**

Exhibit "4" a true and correct copy of the correspondence.

8.    On September 1, 2025, I sent a further correspondence to Defendants about the responses to requests for production. I have attached hereto as Exhibit "5" a true and correct copy of the correspondence.

9.    On September 3, 2025, I sent a further correspondence to Defendants about the responses to interrogatories. I have attached hereto as Exhibit "6" a true and correct copy of the correspondence.

10.    The parties have been negotiating a protective order, after Plaintiff raised the issue on or about July 7, 2025. The final dispute is about post judgment maintenance of the documents. Plaintiff's counsel has obligations to maintain their clients' records for up to five years potentially. Plaintiff agrees to post final judgment destruction, as long as Defense counsel agrees to maintain a copy of what was designated for that time period. Defense rejects that compromise. I have attached the redline version last sent by myself to defense counsel on September 1, 2025 as Exhibit "7" a true and correct copy of the Protective Order.

11.    I have attached as Exhibits "8" and "9" the order establishing the initial case schedule (DE 63) as well as an amendment (DE67).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2025 at Santa Barbara, California.

*/s/ John P. Kristensen*
John P. Kristensen

---

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on Tuesday, September 23, 2025, a true and correct copy of the attached **DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION**, was served via CM/ECF to all participants of record, pursuant to Fed. R. Civ. P. 5:

*/s/ John P. Kristensen*
John P. Kristensen

# EXHIBIT 1

1   COOLEY LLP
    WILLIAM K. PAO (252637)
2   (wpao@cooley.com)
    ARIANA BUSTOS (345918)
3   (abustos@cooley.com)
    355 S. Grand Avenue, Suite 900
4   Los Angeles, CA 90071-1560
    Telephone:  (213) 561-3250
5   Facsimile:   (213) 561-3244

6   BRIAN M. FRENCH (*pro hac vice*)
    (bfrench@cooley.com)
7   RONA S. LI (*pro hac vice*)
    (rproper@cooley.com)
8   KATHERINE BECHTEL (*pro hac vice*)
    (kbechtel@cooley.com)
9   55 Hudson Yards
    New York, NY 10001-2157
10  Telephone:  (212) 479-6000
    Facsimile:   (212) 479-6275

11
    LUKE C. CADIGAN (*pro hac vice*)
12  (lcadigan@cooley.com)
    500 Boylston Street, 14th Floor
13  Boston, MA 02116-3736
    Telephone:  (617) 937-2300
14  Facsimile:   (617) 937-2400

15  *Attorneys for Defendants John Shahidi, Nelk, Inc.,*
    *Metacard, LLC, Nelk USA, Inc., and Kyle*
16  *Forgeard*

17
## UNITED STATES DISTRICT COURT
18
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION
19

20  TRENTON SMITH and MICHAEL          Case No. 8:25-cv-161-FWS-DFM
    BURROW, Individually and on Behalf of
21  All Others Similarly Situated,      **CLASS ACTION**

22                         Plaintiff,   **DEFENDANTS NELK, INC.,
                                        NELK USA, INC. & METACARD,
23              vs.                     LLC'S OBJECTIONS AND
                                        RESPONSES TO PLAINTIFF
24  JOHN SHAHIDI, NELK, INC.,           TRENTON SMITH'S REQUESTS
    METACARD, LLC, NELK USA, INC.,      FOR PRODUCTION OF
25  and KYLE FORGEARD                   DOCUMENTS, SETS ONE
                                        THROUGH THREE
26                         Defendants.

27

28

**PROPOUNDING PARTY:    PLAINTIFF TRENTON SMITH**

**RESPONDING PARTY:    DEFENDANTS NELK, INC., NELK USA, INC. & METACARD, LLC**

**SET NUMBER:    ONE (1) THROUGH THREE (3)**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Nelk, Inc., Nelk USA, Inc., and Metacard, LLC (together "Defendants") object and respond to Plaintiff Trenton Smith's Requests for Production of Documents, Sets One through Three (the "Requests for Production" or "Requests"), dated July 7, 2025, in the above-captioned action (the "Action").

Defendants provide these Responses, and any Document produced in response to the Requests, without waiver of or prejudice to (i) their right at any later time to raise objections as to the relevance, materiality, privilege, work-product character or admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any Documents produced as part of Defendants' Responses to the Requests or any part thereof; (ii) their right to object to the use of any Documents produced in response to these Requests in any subsequent proceedings or the trial of this Action or any other action; or (iii) their right to object on any ground at any time to a demand for further response to these Requests or other discovery requests in this Action.

**I.    GENERAL OBJECTIONS.**

The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions, and the Individual Requests set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for, or provide information or Documents in response to, any Request is made subject to the General Objections.

1.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Defendants that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, other applicable rules or laws, the Stipulated Protective Order to be entered in this Action, the discovery protocol to be agreed upon by the parties, or any other order entered by the Court in or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any objections, in responding to these Requests Defendants will construe the Requests in accordance with the Applicable Rules.

2.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they seek Documents or information (including electronic data) protected from discovery by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege, protection, exemption, or immunity from discovery afforded under any applicable statute, rule, regulation, or the common law ("Privileged Information"). Defendants claim such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from their responses to the Requests. Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections. If a Document or information containing or reflecting Privileged Information is inadvertently produced by Defendants, Plaintiff will return the Document or information and not rely on it. Defendants expressly reserve the right to object at any stage of this action to the introduction into evidence of Documents and information prepared by or at the direction of Defendants' attorneys, or by its attorneys' representatives or agents in anticipation of litigation or for trial, and Documents and information subject to any other privilege, protection, or immunity available under governing law.

3.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek Documents or information protected by their privacy rights or the privacy rights of other defendants in this Action and/or third parties.  Any disclosure of such material in response to the Requests is inadvertent and not intended to waive those protections.  Defendants reserve the right to demand that Plaintiff return, destroy, or sequester any such Documents produced and all copies thereof consistent with the Applicable Rules.

4.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they seek Documents or information that are not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.

5.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to produce Documents without any date restriction, or without regard to the Relevant Period, and therefore seek Documents that are not relevant to any party's claim or defense or proportional to the needs of the case.  Defendants' counsel is willing to meet and confer with Plaintiff to determine an appropriate time period for the Requests.

6.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek Documents that are cumulative or duplicative.

7.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague, ambiguous, or fail to describe the requested Documents or information with reasonable particularity, on the grounds that such failure impermissibly requires Defendants to speculate as to the Documents Plaintiff seeks.

8.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek "all Documents"

concerning a matter, on the grounds that such Requests are unreasonable, unduly burdensome, duplicative, cumulative, and seek irrelevant Documents. To the extent that Documents are produced in response to such Requests, they will be limited to Documents sufficient to show matters that are appropriately discoverable and proportional to the needs of the Action.

9.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible Documents (including electronic Documents) from readily available sources (including electronic sources) where responsive Documents reasonably would be expected to be found, and to the extent that the Requests purport to require Defendants to exceed their obligations under the Applicable Rules.

10.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation to produce any information or Documents that are newly created or received after the receipt of Requests, because efforts to produce such information or Documents would be unduly burdensome and require unreasonable expense.

11.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objection, Defendants state that any response, production of Documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

12.     Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that the Requests, Definitions, or Instructions contain inaccurate, incomplete or misleading descriptions of the facts,

persons, relationships, or events underlying the Action. Defendants further object to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Any response, production of Documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

13.    Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require production of Documents within 30 days on the grounds that such request is unreasonable and unduly burdensome. Defendants will make their productions on a rolling basis until complete.

14.    Defendants' agreement to produce the Documents identified below is subject to the parties' ability to reach agreement on appropriate search terms, custodians, and a date range to collect potentially responsive Documents. Defendants will collect Documents for review in accordance with an agreement between the parties or order of the Court.

15.    Defendants will produce such Documents or information only in accordance with the Applicable Rules.

16.    A response by Defendants that they will produce Documents in response to a specific Request shall not be interpreted as an affirmation that such Documents in fact exist or that they are within Defendants' possession, custody, or control. Such a response is merely intended to reflect that if non-objectionable, non-privileged Documents exist, are within Defendants' possession, custody, or control and are identified pursuant to a search conducted in accordance with search parameters to be agreed upon by the parties or ordered by the Court, Defendants will produce them in response to the specific Request.

17.    Defendants respond to these Requests to the best of their present

knowledge and reserve the right to revise, correct, amend and/or supplement their objections and responses to the Requests.

18.    Defendants' counsel is available to meet and confer at a mutually agreeable time regarding the appropriate scope of any Requests to which Defendants have objected. To the extent the parties reach agreement on any different or further production in response to such Request, Defendants will endeavor to conduct a reasonable and proportional search for and produce relevant, responsive, non-privileged Documents, if any exist, within a reasonable time following such agreement.

**II.    OBJECTIONS TO DEFINITIONS.**

1.    Defendants object to the definition of "Computer System" as overly broad, unduly burdensome, vague, and ambiguous, including with respect to the terms "file servers," "workstations," and "personal digital assistants." Unless otherwise stated and to the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings and the Applicable Rules.

2.    Defendants object to the definition of "Document" as overly broad, unduly burdensome, vague, and ambiguous. Unless otherwise stated and to the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings and the Applicable Rules.

3.    Defendants object to the definition of "Electronically Stored Information" or "ESI" as overly broad, unduly burdensome, vague, ambiguous, and exceeding the scope of permissible discovery set forth in the Applicable Rules or any other protocol relating to ESI to be agreed to by the parties and the Court. Specifically, Defendants object on the grounds that the definition, which includes "backup tapes, metadata" and "data compilations stored in any medium from which information can be obtained" would require Defendants to incur costs disproportionate to Plaintiff's need for such Documents or information. Defendants further object to the extent that

the definition encompasses Documents and information that are not relevant or readily accessible through reasonable means. Defendants will produce ESI in accordance with the Applicable Rules and an order to be agreed upon by the parties, and entered by the Court, governing the discovery of ESI.

4.      Defendants object to the definition of "Log File" as overly broad, unduly burdensome, vague, and ambiguous, including with respect to the terms "automatically collected" and "includes, but is not limited to." Unless otherwise stated and to the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings and the Applicable Rules.

5.      Defendants object to the definition of "Nelk" as overly broad, unduly burdensome, vague, and ambiguous. Defendants further object to the definition to the extent that it purports to impute to Nelk any knowledge of persons or entities falling within the scope of the term as Plaintiff has defined it, or imposes on Nelk duties to ascertain the identity, existence, or relationships of or among any of the persons listed. Unless otherwise stated and to the extent possible, Defendants will construe the terms in this definition in accordance with their ordinary and accepted meanings and the Applicable Rules.

## III.    OBJECTIONS TO INSTRUCTIONS.

1.      Defendants object to Instruction A to the extent that it seeks to impose on Defendants discovery obligations exceeding or inconsistent with the Applicable Rules, including, but not limited to, the discovery protocol to be agreed upon by the parties. Defendants further object to Instruction A to the extent that it imposes burdens on Defendants that are disproportionate to Plaintiff's need for the Documents or information and would subject Defendants to unreasonable and undue burden and expense. Defendants further object to Instruction A to the extent that it seeks Documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privileges, protections, or immunities.

2.     Defendants object to Instruction B to the extent that it seeks to impose on Defendants discovery obligations exceeding or inconsistent with the Applicable Rules, including, but not limited to, the discovery protocol to be agreed upon by the parties.

3.     Defendants object to Instruction C to the extent that it seeks to impose on Defendants discovery obligations exceeding or inconsistent with the Applicable Rules, including, but not limited to, the discovery protocol to be agreed upon by the parties.

4.     Defendants object to the "Instructions re Privilege Log" to the extent they seeks to impose on Defendants discovery obligations exceeding or inconsistent with the Applicable Rules, including, but not limited to, the discovery protocol to be agreed upon by the parties.

**IV.    SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS.**

Defendants submit the following Specific Objections and Responses to the Requests. The presence or absence of a Specific Objection to a Request is not an admission that Documents responsive to that Request exist. Defendants incorporate their General Objections into each Response below.

**REQUEST FOR PRODUCTION NO. 1:**

All **DOCUMENTS** including any insurance records, the complete policy (including any addendums or documents identifying additional insureds, etc.) for any policy of insurance through which **YOU** were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs

of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding the ownership/structure of **NELK**, **NELK USA**, and **METACARD, LLC**, including in by-laws, corporate minutes, shareholder percentages and filings with the California Secretary of State or any federal (Canada too), provincial, state or local entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "filings" as vague and ambiguous.

1   Subject to and without waiving the foregoing objections, Defendants will

2   search for and produce responsive non-privileged Documents within Defendants'

3   possession, custody, or control sufficient to show the ownership and/or corporate

4   structure of Nelk, Inc., Nelk USA, Inc., and Metacard, LLC.

5   **REQUEST FOR PRODUCTION NO. 3:**

6   All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**

7   **MESSAGES**) identifying the roles, responsibilities, and involvement of any

8   individual in the conception, launch, and operation of the Metacard NFT project.

9   This includes organizational charts, internal memos, or communications describing

10   who was in charge of finances, marketing, project development, customer relations,

11   and other operational aspects.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13   In addition to their General Objections, Defendants specifically object to this

14   Request on the grounds that it is overbroad and unduly burdensome because it seeks

15   "all" Documents relating to the Request. Defendants further object to this Request to

16   the extent that it seeks documents that are irrelevant or not proportional to the needs

17   of the case. Defendants further object to this Request to the extent that it seeks

18   documents or information protected by the attorney-client privilege, work-product

19   doctrine, the common interest privilege, or any other applicable privilege, protection,

20   or immunity. Defendants further object to this Request to the extent that it seeks

21   documents outside Defendants' possession, custody, or control. Defendants further

22   object to this Request to the extent that such documents or information are public and

23   therefore equally available to Plaintiff, or that such documents or information are

24   duplicative or cumulative of documents or information that have already been

25   produced to Plaintiff by other sources.

26   Subject to and without waiving the foregoing objections, Defendants will

27   search for and produce responsive non-privileged Documents within Defendants'

28   possession, custody, or control sufficient to identify the individuals involved in the

conception, launch, and operation of the Metacard project and their respective roles and responsibilities.

**REQUEST FOR PRODUCTION NO. 4:**

All agreements or contracts between or among any of the Defendants (including with third parties and vendors) relating to the Metacard project or the FullSend Metacard venture. This includes partnership or joint venture agreements, operating agreements for Metacard, LLC, employment or consulting contracts (if any) for individuals working on the project, and any documents delineating authority or decision-making structure for the project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" agreements or contracts relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the phrase "relating to the Metacard project or the FullSend Metacard venture," as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request

that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 5:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) reflecting the **initial sale of Metacard NFTs**, including records of how many NFTs were sold, the price of each NFT, **total funds raised** (approximately $23 million), and identification of the bank accounts or cryptocurrency wallets where the proceeds were deposited. Include transaction records (such as ETH wallet transactions) and any summaries or spreadsheets of sales results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show how many Metacard NFTs were sold in the initial sale, the price of each Metacard, the total funds raised, and the bank accounts or cryptocurrency wallets where the sale proceeds were deposited.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all **DOCUMENTS** showing how the proceeds from the Metacard NFT sales were used or distributed. This should include bank statements, crypto wallet transaction logs, accounting ledgers, and records of any **transfers or payments** of those funds – whether to Defendants, to other individuals, or to third-party vendors. (For example, documents evidencing payments to Kyle Forgeard, John Shahidi, or any entity controlled by them from the NFT sale proceeds.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 7:**

All internal or external financial statements, budgets, or financial reports related to the Metacard project or any Defendant entity involved (e.g. profit-and-loss

statements for Metacard, LLC or Nelk USA, Inc., budgets outlining planned use of NFT revenue, or projections given to any stakeholders). Include any documents showing planned allocation of funds (such as if certain amounts were earmarked for events, product development, marketing, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all internal or external financial statements, budgets, or financial reports related to the Metacard project or any Defendant entity involved." Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case, including to the extent it seeks documents relating to "any Defendant entity involved" unrelated to the Metacard project. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 8:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sufficient to show any **distribution of profits or compensation**

derived from the Metacard project's funds to the Defendants or others. This includes records of salaries, bonuses, dividends, profit-sharing, draws, or any other form of payment or benefit that any Defendant (or its officers/principals) received from the project's revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the phrase "derived from the Metacard project's funds," as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show the distribution of profits from the Metacard sale to Defendants or others.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) related to expenses or investments made to fulfill promised perks or project features.

For example, receipts, invoices, or contracts for expenditures such as event venue deposits, merchandise produced for NFT holders, development of any promised software or platform, marketing costs specifically tied to promised benefits, etc. (This will show whether and how funds were actually reinvested into the project for the benefit of NFT holders.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the terms "promised perks or project features" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all **DOCUMENTS** showing how any Metacard NFTs or related benefits were allocated.

1   This includes lists of initial NFT allocations or a ledger of NFT holdings that

2   identifies any NFTs that were reserved for or later transferred to any Defendant, as

3   well as communications about reserving NFTs for the team or friends. (For example,

4   if certain Metacard tokens were kept by the creators or given away as promotions,

5   those records should be produced.)

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7   In addition to their General Objections, Defendants specifically object to this

8   Request on the grounds that it is overbroad and unduly burdensome because it seeks

9   "any and all" Documents relating to the Request. Defendants further object to this

10  Request to the extent that it seeks documents that are irrelevant or not proportional to

11  the needs of the case. Defendants further object to this Request to the extent that it

12  seeks documents or information protected by the attorney-client privilege, work-

13  product doctrine, the common interest privilege, or any other applicable privilege,

14  protection, or immunity. Defendants further object to this Request to the extent that it

15  seeks documents outside Defendants' possession, custody, or control. Defendants

16  further object to this Request to the extent that such documents or information are

17  public and therefore equally available to Plaintiff, or that such documents or

18  information are duplicative or cumulative of documents or information that have

19  already been produced to Plaintiff by other sources. Defendants further object to the

20  term "related benefits" as vague and ambiguous.

21  Subject to and without waiving the foregoing objections, Defendants will

22  search for and produce responsive non-privileged Documents within Defendants'

23  possession, custody, or control sufficient to show how the Metacards were allocated.

24  **REQUEST FOR PRODUCTION NO. 11:**

25  Any and all **DOCUMENTS** of marketing and promotional content relating to

26  Metacard, including materials disseminated publicly or internally prepared drafts.

27  This encompasses social media posts (Twitter/X, Instagram, YouTube community

28  posts),YouTube videos or podcast segments promoting Metacard, press releases,

email newsletters, advertisements, website pages, and any other promotional documents. Include any content that describes the Metacard NFT, its features, perks, potential benefits to buyers, or any investment/value propositions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) the **marketing strategy or plans** for Metacard. This includes internal presentations, strategy decks, calendars, or schedules for promotional campaigns, as well as communications among Defendants or with marketing teams about how to pitch Metacard to the public. (For example, discussions on key selling points, target audiences, timing of announcements, and any "hype" strategy.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "plans" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) and communications between any Defendant (or their agents) and **third-party promoters or influencers** regarding Metacard. This includes communications with marketing agencies, public relations firms, online promoters, or individuals such as celebrities/influencers (e.g. any outreach to Snoop Dogg or his team regarding promotion or events, collaborations with other brands, etc.). Include any contracts or agreements for promotion and any instructions or materials provided to these promoters about what to say or emphasize.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 14:**

Any versions of any "roadmap," white paper, FAQ, or similar informational documentation that was created for the Metacard project. This includes drafts and final versions of documents outlining what buyers would get by purchasing a Metacard, planned phases of the project, future ventures tied to the NFT, or any official list of promised features/perks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any versions of any 'roadmap,' white paper, FAQ, or similar informational

documentation that was created for the Metacard project." Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) that discuss **Metacard as an investment or lucrative opportunity**. This covers any mention of potential financial return, increased resale value, or statements like "this NFT will be a good investment," whether those statements were ultimately used in public marketing or discussed internally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-

product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "lucrative opportunity" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding planning and development of the Metacard project's promised ventures or utilities. Produce any project plans, product development documents, timelines, or status reports for the initiatives that were supposed to come with the NFT.

For example, documents on planning exclusive events (dates, venues, logistics), developing any members-only platforms or content, organizing the $250,000 giveaway (rules, structure, intended date), or any business ventures NFT holders were to be involved in (such as plans for a Metacard-holder exclusive business or club).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to

the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "promised ventures or utilities" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all **DOCUMENTS** identifying the team and personnel involved in executing the Metacard project. This includes lists or directories of individuals (employees, contractors, advisors) who worked on the project, along with their roles/responsibilities (e.g., project manager, community manager, developer, event coordinator).

If no formal list exists, any communications or HR documents that shed light on who was tasked with what aspect (for instance, an email assigning tasks or discussing hiring for the project).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to their General Objections, Defendants specifically object to this Request as duplicative of Request No. 3. Defendants further object on the grounds that this Request is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the

extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the phrase "involved in executing" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show the team and personnel materially involved in executing the Metacard project.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all **DOCUMENTS** concerning any third-party partnerships or collaborations intended to provide benefits to Metacard holders.

This includes communications or agreements with external entities for things like venue partnerships (for meet-ups/events), merchandise suppliers (for discounted merch programs), other companies involved in "exclusive opportunities" for holders (e.g., collaborations like the "Bored Jerky" venture mentioned as a business opportunity for holders). Include any records of what those partnerships entailed and whether they progressed (for example, a contract or email exchange with a partner detailing how Metacard holders would get special access or equity in a venture).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks

"any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding communications related to the development and launch of the NFT itself.

For example, documents about the minting process, the smart contract used (and any specific features of it, such as royalty settings or holdbacks), and any platform or technology set up for Metacard holders (like a private online portal, Discord server setup details, or a planned "Metacard app"). This will show the operational side of implementing the NFT sale and any infrastructure for delivering perks (or lack thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks

"any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case, including to the extent it seeks documents about "the operational side of implementing the NFT sale," the "minting process," and "the smart contract used." Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, relating to the development and launch of Metacard are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 20:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding complaints, inquiries or claims from any Metacard NFT purchaser or holder regarding the Metacard NFT(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product

doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 21:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) of customer complaints, inquiries, or expressions of dissatisfaction related to Metacard.

Provide logs or compilations of complaints (if the Defendants kept track of issues raised by the community), any internal tracking of refund requests, and any analyses or reports summarizing customer sentiment or public backlash. If the Defendants moderated an online community (like a Discord or forum for Metacard holders), produce any transcripts or chat logs where significant complaints or issues are discussed (especially any where Defendants or their representatives responded with explanations or promises).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to their General Objections, Defendants specifically object to this Request as duplicative of Request No. 20. Defendants further object on the grounds that this Request is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of

the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 22:**

All **DOCUMENTS** related to any refund or buyback program offered to Metacard holders after the sale. This includes any announcements to holders that a refund was available, documentation of the refund process (applications or forms that holders had to fill out), internal communications about setting up the refund program (discussions of offering "refund plus interest", deadlines for opting in, etc.), and records of any refunds actually issued (names or wallet addresses of holders who received a refund, amounts paid, and dates).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product

doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 23:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) reflecting the initial sale of Metacard NFTs, including records of how many NFTs were sold, the price of each NFT, total funds raised (approximately $23 million), and identification of the bank accounts or cryptocurrency wallets where the proceeds were deposited. Include transaction records (such as ETH wallet transactions) and any summaries or spreadsheets of sales results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to their General Objections, Defendants specifically object to this Request as duplicative of Request No. 5. Defendants further object on the grounds that this Request is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks

documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show how many Metacard NFTs were sold in the initial sale, the price of each Metacard, the total funds raised, and the bank accounts or cryptocurrency wallets where the sale proceeds were deposited.

**REQUEST FOR PRODUCTION NO. 24:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding by laws, corporate minutes or intental authority of communications with Metacard holders regarding post-sale updates or changes.

For instance, if Defendants sent messages like "We're still working on X feature" or "Due to unforeseen issues, the promised Y will be delayed," produce those communications. Also, if any holders responded to such messages with further questions or threats of legal action and Defendants replied, include those as well. Essentially, any dialogue between Defendants and customers about the project's status, promises, or dissatisfaction should be captured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection,

or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "intental authority," as unclear in meaning, vague, and ambiguous, and to the phrase "post-sale updates or changes," as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, reflecting communications with Metacard holders regarding post-sale updates or changes that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 25:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) related to any legal compliance efforts or advice sought for the Metacard project. This includes any non-privileged documents reflecting considerations of compliance with securities laws, gambling/sweepstakes laws (for the giveaway), consumer protection laws (such as California's Consumer Legal Remedies Act or others), or other regulations. For example, produce any final legal memoranda or guidelines given to the team (if outside counsel provided advice that was shared internally) or communications with consultants about regulatory classification of the NFT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity.

**REQUEST FOR PRODUCTION NO. 26:**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) of disclaimers, terms of service, user agreements, or purchase terms provided to or agreed by Metacard purchasers.

This includes the text of any terms on the website or platform where the NFTs were sold (e.g., a terms and conditions page or popup), any disclaimer language about what the NFT does or does not guarantee, and any updates to those terms over time. If the sale platform (like a website or Open Sea listing) had written descriptions, produce those descriptions as well, particularly if they contain cautionary language or conditional language about the perks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show the disclaimers, terms of service, user agreements, or purchase terms provided to or agreed by Metacard purchasers.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) related to corporate minutes, resolutions, by laws or operating agreements pertaining to the authorization to operate the Metacard project.

Also, any meeting minutes or resolutions of **NELK** that reference the Metacard project (for instance, board meeting minutes approving the NFT launch or allocating funds).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the phrase "pertaining to the authorization to operate the Metacard project" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all **DOCUMENTS** with or submissions to regulatory authorities regarding the Metacard NFT project. This includes any inquiries received from agencies (SEC, state Attorney General, FTC, etc.) and the responses, or any proactive filings/notifications the Defendants made (if any). If none exist, that fact will be apparent, but if Defendants were contacted by regulators or sought to register any aspect (like filing something for a sweepstakes permit for the giveaway or a securities exemption), those documents should be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request because it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the statement "If none exist, that fact will be apparent," as Plaintiff's representation, and Defendants' response to this Request should not be construed as agreement with Plaintiff's representation.

Subject to and without waiving the foregoing objections, Defendants state that there are no Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29[1] (INCORRECTLY NUMBERED AS REQUEST NO. 28):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by John Shahidi regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29 (INCORRECTLY NUMBERED AS REQUEST NO. 28):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] John Shahidi regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, John Shahidi to the extent such

---

[1] Plaintiff mistakenly duplicated numbering of certain Requests for Production (e.g., numbering two consecutive Requests for Production "No. 28"). All instances of incorrect numbering will be corrected, with Plaintiff's original numbering noted in parentheticals.

1  Documents are within the scope of Defendants' agreed-upon production in response
2  to the other Requests.

3  **REQUEST FOR PRODUCTION NO. 30 (INCORRECTLY NUMBERED AS REQUEST NO.**
4  **29):**

5      All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**
6  **MESSAGES**) sent to, or received by Kyle Forgeard regarding the Metacard NFT
7  Project and/or Bored Jerky.

8      This includes emails, text messages, internal chat logs (e.g., Slack or Discord
9  servers used by the team), or memoranda from the project's inception through post-
10  sale.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30 (INCORRECTLY NUMBERED AS**
12  **REQUEST NO. 29):**

13      In addition to their General Objections, Defendants specifically object to this
14  Request on the grounds that it is overbroad and unduly burdensome because it seeks
15  "all" Documents "sent to, or received by[,] Kyle Forgeard regarding the Metacard
16  NFT Project and/or Bored Jerky." Defendants further object to this Request on the
17  basis that it fails to identify the requested documents with reasonable particularity.
18  Defendants further object to this Request to the extent that it seeks documents that
19  are irrelevant or not proportional to the needs of the case. Defendants further object
20  to this Request to the extent that it seeks documents or information protected by the
21  attorney-client privilege, work-product doctrine, the common interest privilege, or
22  any other applicable privilege, protection, or immunity. Defendants further object to
23  this Request to the extent that it seeks documents outside Defendants' possession,
24  custody, or control. Defendants further object to this Request to the extent that such
25  documents or information are duplicative or cumulative of documents or information
26  that have already been produced to Plaintiff by other sources.

27      Subject to and without waiving the foregoing objections, Defendants will
28  produce any Documents sent to, or received by, Kyle Forgeard to the extent such

Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 31 INCORRECTLY NUMBERED AS REQUEST NO. 30):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Sam Shahidi regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31 (INCORRECTLY NUMBERED AS REQUEST NO. 30):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Sam Shahidi regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Sam Shahidi to the extent such

1  Documents are within the scope of Defendants' agreed-upon production in response
2  to the other Requests.

3  **REQUEST FOR PRODUCTION NO. 32 (INCORRECTLY NUMBERED AS REQUEST NO.**
4  **31):**

5       All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**
6  **MESSAGES**) sent to, or received by Jesse Sebastiani regarding the Metacard NFT
7  Project and/or Bored Jerky.

8       This includes emails, text messages, internal chat logs (e.g., Slack or Discord
9  servers used by the team), or memoranda from the project's inception through post-
10  sale.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32 (INCORRECTLY NUMBERED AS**
12  **REQUEST NO. 31):**

13       In addition to their General Objections, Defendants specifically object to this
14  Request on the grounds that it is overbroad and unduly burdensome because it seeks
15  "all" Documents "sent to, or received by[,] Jesse Sebastiani regarding the Metacard
16  NFT Project and/or Bored Jerky." Defendants further object to this Request on the
17  basis that it fails to identify the requested documents with reasonable particularity.
18  Defendants further object to this Request to the extent that it seeks documents that
19  are irrelevant or not proportional to the needs of the case. Defendants further object
20  to this Request to the extent that it seeks documents or information protected by the
21  attorney-client privilege, work-product doctrine, the common interest privilege, or
22  any other applicable privilege, protection, or immunity. Defendants further object to
23  this Request to the extent that it seeks documents outside Defendants' possession,
24  custody, or control. Defendants further object to this Request to the extent that such
25  documents or information are duplicative or cumulative of documents or information
26  that have already been produced to Plaintiff by other sources.

27       Subject to and without waiving the foregoing objections, Defendants will
28  produce any Documents sent to, or received by, Jesse Sebastiani to the extent such

1   Documents are within the scope of Defendants' agreed-upon production in response
2   to the other Requests.

3   **REQUEST FOR PRODUCTION NO. 33 (INCORRECTLY NUMBERED AS REQUEST NO.
4   32):**

5       All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT
6   MESSAGES**) sent to, or received by Stephen DeLeonardis regarding the Metacard
7   NFT Project and/or Bored Jerky.

8       This includes emails, text messages, internal chat logs (e.g., Slack or Discord
9   servers used by the team), or memoranda from the project's inception through post-
10  sale.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33 (INCORRECTLY NUMBERED AS
12  REQUEST NO. 32):**

13      In addition to their General Objections, Defendants specifically object to this
14  Request on the grounds that it is overbroad and unduly burdensome because it seeks
15  "all" Documents "sent to, or received by[,] Stephen DeLeonardis regarding the
16  Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request
17  on the basis that it fails to identify the requested documents with reasonable
18  particularity. Defendants further object to this Request to the extent that it seeks
19  documents that are irrelevant or not proportional to the needs of the case. Defendants
20  further object to this Request to the extent that it seeks documents or information
21  protected by the attorney-client privilege, work-product doctrine, the common
22  interest privilege, or any other applicable privilege, protection, or immunity.
23  Defendants further object to this Request to the extent that it seeks documents outside
24  Defendants' possession, custody, or control. Defendants further object to this
25  Request to the extent that such documents or information are duplicative or
26  cumulative of documents or information that have already been produced to Plaintiff
27  by other sources.

28      Subject to and without waiving the foregoing objections, Defendants will

COOLEY LLP
ATTORNEYS AT LAW

**NELK, NELK USA & METACARD'S
OBJ. & RESP. TO SMITH'S RFP, SETS 1-3
CASE NO. 8:25-CV-161-FWS-DFM**

produce any Documents sent to, or received by, Stephen DeLeonardis to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 34 (INCORRECTLY NUMBERED AS REQUEST NO. 33):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Arthur Kulik regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34 (INCORRECTLY NUMBERED AS REQUEST NO. 33):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Arthur Kulik regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

produce any Documents sent to, or received by, Arthur Kulik to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 35 (INCORRECTLY NUMBERED AS REQUEST NO. 34):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Alex DiTommaso regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (INCORRECTLY NUMBERED AS REQUEST NO. 34):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Alex DiTommaso regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

produce any Documents sent to, or received by, Alex DiTommaso to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 36 (INCORRECTLY NUMBERED AS REQUEST NO. 35):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Drew Hill regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36 (INCORRECTLY NUMBERED AS REQUEST NO. 35):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Drew Hill regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

produce any Documents sent to, or received by, Drew Hill to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 37 (INCORRECTLY NUMBERED AS REQUEST NO. 36):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Phil Front regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37 (INCORRECTLY NUMBERED AS REQUEST NO. 36):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Phil Front regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

produce any Documents sent to, or received by, Phil Front to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 38 (INCORRECTLY NUMBERED AS REQUEST NO. 37):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Lauren Avery regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38 (INCORRECTLY NUMBERED AS REQUEST NO. 37):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Lauren Avery regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

1  produce any Documents sent to, or received by, Lauren Avery to the extent such

2  Documents are within the scope of Defendants' agreed-upon production in response

3  to the other Requests.

4  **REQUEST FOR PRODUCTION NO. 39 (INCORRECTLY NUMBERED AS REQUEST NO.**

5  **38):**

6  All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**

7  **MESSAGES**) sent to, or received by Adrian Verdault regarding the Metacard NFT

8  Project and/or Bored Jerky.

9  This includes emails, text messages, internal chat logs (e.g., Slack or Discord

10  servers used by the team), or memoranda from the project's inception through post-

11  sale.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39 (INCORRECTLY NUMBERED AS**

13  **REQUEST NO. 38):**

14  In addition to their General Objections, Defendants specifically object to this

15  Request on the grounds that it is overbroad and unduly burdensome because it seeks

16  "all" Documents "sent to, or received by[,] Adrian Verdault regarding the Metacard

17  NFT Project and/or Bored Jerky." Defendants further object to this Request on the

18  basis that it fails to identify the requested documents with reasonable particularity.

19  Defendants further object to this Request to the extent that it seeks documents that

20  are irrelevant or not proportional to the needs of the case. Defendants further object

21  to this Request to the extent that it seeks documents or information protected by the

22  attorney-client privilege, work-product doctrine, the common interest privilege, or

23  any other applicable privilege, protection, or immunity. Defendants further object to

24  this Request to the extent that it seeks documents outside Defendants' possession,

25  custody, or control. Defendants further object to this Request to the extent that such

26  documents or information are duplicative or cumulative of documents or information

27  that have already been produced to Plaintiff by other sources.

28  Subject to and without waiving the foregoing objections, Defendants will

produce any Documents sent to, or received by, Adrian Verdault to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 40 (INCORRECTLY NUMBERED AS REQUEST NO. 39):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Matt Ellis regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40 (INCORRECTLY NUMBERED AS REQUEST NO. 39):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Matt Ellis regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will

1  produce any Documents sent to, or received by, Matt Ellis to the extent such

2  Documents are within the scope of Defendants' agreed-upon production in response

3  to the other Requests.

4  **REQUEST FOR PRODUCTION NO. 41 (INCORRECTLY NUMBERED AS REQUEST NO.**

5  **40):**

6  All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT**

7  **MESSAGES**) sent to, or received by Jason Erne regarding the Metacard NFT Project

8  and/or Bored Jerky.

9  This includes emails, text messages, internal chat logs (e.g., Slack or Discord

10  servers used by the team), or memoranda from the project's inception through post-

11  sale.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41 (INCORRECTLY NUMBERED AS**

13  **REQUEST NO. 40):**

14  In addition to their General Objections, Defendants specifically object

15  to this Request on the grounds that it is overbroad and unduly burdensome because

16  it seeks "all" Documents "sent to, or received by[,] Jason Erne regarding the

17  Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request

18  on the basis that it fails to identify the requested documents with reasonable

19  particularity. Defendants further object to this Request to the extent that it seeks

20  documents that are irrelevant or not proportional to the needs of the case. Defendants

21  further object to this Request to the extent that it seeks documents or information

22  protected by the attorney-client privilege, work-product doctrine, the common

23  interest privilege, or any other applicable privilege, protection, or immunity.

24  Defendants further object to this Request to the extent that it seeks documents outside

25  Defendants' possession, custody, or control. Defendants further object to this

26  Request to the extent that such documents or information are duplicative or

27  cumulative of documents or information that have already been produced to Plaintiff

28  by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Jason Erne to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 42 (INCORRECTLY NUMBERED AS REQUEST NO. 41):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Eric Cadieux regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42 (INCORRECTLY NUMBERED AS REQUEST NO. 41):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Eric Cadieux regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Eric Cadieux to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 43 (INCORRECTLY NUMBERED AS REQUEST NO. 42):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Salim Sirur regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43 (INCORRECTLY NUMBERED AS REQUEST NO. 42):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Salim Sirur regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Salim Sirur to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 44 (INCORRECTLY NUMBERED AS REQUEST NO. 43):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Aaron Steinberg regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44 (INCORRECTLY NUMBERED AS REQUEST NO. 43):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Aaron Steinberg regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Aaron Steinberg to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 45 (INCORRECTLY NUMBERED AS REQUEST NO. 44):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Sean Haney regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45 (INCORRECTLY NUMBERED AS REQUEST NO. 44):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Sean Haney regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Sean Haney to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 46 (INCORRECTLY NUMBERED AS REQUEST NO. 45):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Gabriel Poncio regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46 (INCORRECTLY NUMBERED AS REQUEST NO. 45):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Gabriel Poncio regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Gabriel Poncio to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 47 (INCORRECTLY NUMBERED AS REQUEST NO. 46):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Tyler Chaffee regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47 (INCORRECTLY NUMBERED AS REQUEST NO. 46):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Tyler Chaffee regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Tyler Chaffee to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 48 (INCORRECTLY NUMBERED AS REQUEST NO. 47):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Cousin Jay regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48 (INCORRECTLY NUMBERED AS REQUEST NO. 47):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Cousin Jay regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that the person to whom "Cousin Jay" refers is ambiguous. Defendants further object to this Request because it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or

cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, "Cousin Jay" to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 49 (INCORRECTLY NUMBERED AS REQUEST NO. 48):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Alex Lawrence regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49 (INCORRECTLY NUMBERED AS REQUEST NO. 48):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Alex Lawrence regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Alex Lawrence to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 50 (INCORRECTLY NUMBERED AS REQUEST NO. 49):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Daryl Boodhoo regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50 (INCORRECTLY NUMBERED AS REQUEST NO. 49):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Daryl Boodhoo regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Daryl Boodhoo to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 51 (INCORRECTLY NUMBERED AS REQUEST NO. 50):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Nafis Etemadi regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51 (INCORRECTLY NUMBERED AS REQUEST NO. 50):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Nafis Etemadi regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Nafis Etemadi to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 52 (INCORRECTLY NUMBERED AS REQUEST NO. 51):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Austin Ermes regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52 (INCORRECTLY NUMBERED AS REQUEST NO. 51):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Austin Ermes regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Austin Ermes to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 53 (INCORRECTLY NUMBERED AS REQUEST NO. 52):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Alberto Morales regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53 (INCORRECTLY NUMBERED AS REQUEST NO. 52):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Alberto Morales regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Alberto Morales to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 54 (INCORRECTLY NUMBERED AS REQUEST NO. 53):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Courtney Lorenz regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54 (INCORRECTLY NUMBERED AS REQUEST NO. 53):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Courtney Lorenz regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Courtney Lorenz to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 55 (INCORRECTLY NUMBERED AS REQUEST NO. 54):**

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) sent to, or received by Alex Steele regarding the Metacard NFT Project and/or Bored Jerky.

This includes emails, text messages, internal chat logs (e.g., Slack or Discord servers used by the team), or memoranda from the project's inception through post-sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55 (INCORRECTLY NUMBERED AS REQUEST NO. 54):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents "sent to, or received by[,] Alex Steele regarding the Metacard NFT Project and/or Bored Jerky." Defendants further object to this Request on the basis that it fails to identify the requested documents with reasonable particularity. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such

documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will produce any Documents sent to, or received by, Alex Steele to the extent such Documents are within the scope of Defendants' agreed-upon production in response to the other Requests.

**REQUEST FOR PRODUCTION NO. 56 (INCORRECTLY NUMBERED AS REQUEST NO. 54):**

True and correct copies of all bank statements for all bank accounts on which **YOU OR ANYONE ACTING ON YOUR BEHALF** are a named account owner, issued from January 1, 2020 to the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56 (INCORRECTLY NUMBERED AS REQUEST NO. 54):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 57 (INCORRECTLY NUMBERED AS REQUEST NO. 55):**

Any and all documents referencing or pertaining to parcels of real property in which **YOU OR ANYONE ACTING ON YOUR BEHALF** had or have an ownership interest between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57 (INCORRECTLY NUMBERED AS REQUEST NO. 55):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 58 (INCORRECTLY NUMBERED AS REQUEST NO. 56):**

True and correct copies of any and all documents which reference or pertain to all items of personal property in which **YOU OR ANYONE ACTING ON YOUR BEHALF** had an ownership interest, which have a value in excess of $1,000.00 between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58 (INCORRECTLY NUMBERED AS REQUEST NO. 56):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or

information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 59 (INCORRECTLY NUMBERED AS REQUEST NO. 57):**

Any and all documents referencing or pertaining to all sources of income that **YOU OR ANYONE ACTING ON YOUR BEHALF** have had since January 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59 (INCORRECTLY NUMBERED AS REQUEST NO. 57):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 60 (INCORRECTLY NUMBERED AS REQUEST NO. 58):**

Any and all deeds or title documents granting to **YOU OR ANYONE ACTING ON YOUR BEHALF** an ownership interest in any and all items of real property, personal property, or other assets effective between January 1, 2020 and the present time .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60 (INCORRECTLY NUMBERED AS REQUEST NO. 58):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 61 (INCORRECTLY NUMBERED AS REQUEST NO. 58):**

Any and all promissory notes referencing money, or items of value, owed to **YOU OR ANYONE ACTING ON YOUR BEHALF** between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61 (INCORRECTLY NUMBERED AS REQUEST NO. 58):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights.

Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 62 (INCORRECTLY NUMBERED AS REQUEST NO. 59):**

Any and all documents regarding or pertaining to bonds in which **YOU OR ANYONE ACTING ON YOUR BEHALF** held an ownership interest between January 1, 2020 and the present time .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62 (INCORRECTLY NUMBERED AS REQUEST NO. 59):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 63 (INCORRECTLY NUMBERED AS REQUEST NO. 60):**

True and correct copies of any and all stock brokerage firm/institution statements issued between January 1, 2020 and the present time for accounts in which

1  **YOU OR ANYONE ACTING ON YOUR BEHALF** are an owner or hold an
2  ownership interest.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63 (INCORRECTLY NUMBERED AS**
4  **REQUEST NO. 60):**

5       In addition to their General Objections, Defendants specifically object to this
6  Request on the grounds that it seeks documents that are irrelevant or not proportional
7  to the needs of the case. Defendants further object to this Request on the grounds that
8  it seeks sensitive personal information and violates applicable privacy rights.
9  Defendants further object to this Request as overbroad and unduly burdensome.
10 Defendants further object to this Request to the extent that it seeks documents outside
11 Defendants' possession, custody, or control.

12      Subject to and without waiving the foregoing objections, Defendants are
13 willing to meet and confer with Plaintiff regarding this Request.

14 **REQUEST FOR PRODUCTION NO. 64 (INCORRECTLY NUMBERED AS REQUEST NO.**
15 **60):**

16      Any and all documents regarding any and all businesses in which **YOU OR**
17 **ANYONE ACTING ON YOUR BEHALF** participate, and/or have or had an
18 ownership interest in between January 1, 2020 and the present time.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64 (INCORRECTLY NUMBERED AS**
20 **REQUEST NO. 60):**

21      In addition to their General Objection, Defendants specifically object to this
22 Request on the grounds that it seeks documents that are irrelevant or not proportional
23 to the needs of the case. Defendants further object to this Request on the grounds that
24 it seeks sensitive personal information and violates applicable privacy rights.
25 Defendants further object to this Request as overbroad and unduly burdensome.
26 Defendants further object to this Request to the extent that it seeks documents or
27 information protected by the attorney-client privilege, work-product doctrine, the
28 common interest privilege, or any other applicable privilege, protection, or immunity.

1  Defendants further object to this Request to the extent that it seeks documents outside

2  Defendants' possession, custody, or control.

3      Subject to and without waiving the foregoing objections, Defendants are

4  willing to meet and confer with Plaintiff regarding this Request.

5  **REQUEST FOR PRODUCTION NO. 65 (INCORRECTLY NUMBERED AS REQUEST NO.**

6  **61):**

7      Any and all documents regarding or pertaining to securities firms or institution

8  accounts in which **YOU OR ANYONE ACTING ON YOUR BEHALF** have or

9  had an ownership interest between January 1, 2020 and the present time.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65 (INCORRECTLY NUMBERED AS**

11  **REQUEST NO. 61):**

12      In addition to their General Objections, Defendants specifically object to this

13  Request on the grounds that it seeks documents that are irrelevant or not proportional

14  to the needs of the case. Defendants further object to this Request on the grounds that

15  it seeks sensitive personal information and violates applicable privacy rights.

16  Defendants further object to this Request as overbroad and unduly burdensome.

17  Defendants further object to this Request to the extent that it seeks documents or

18  information protected by the attorney-client privilege, work-product doctrine, the

19  common interest privilege, or any other applicable privilege, protection, or immunity.

20  Defendants further object to this Request to the extent that it seeks documents outside

21  Defendants' possession, custody, or control.

22      Subject to and without waiving the foregoing objections, Defendants are

23  willing to meet and confer with Plaintiff regarding this Request.

24  **REQUEST FOR PRODUCTION NO. 66 (INCORRECTLY NUMBERED AS REQUEST NO.**

25  **62):**

26      Any and all documents regarding or pertaining to any and all trusts in which

27  **YOU OR ANYONE ACTING ON YOUR BEHALF** are or have been a settlor,

28  trustee, or beneficiary between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66 (INCORRECTLY NUMBERED AS REQUEST NO. 62):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 67 (INCORRECTLY NUMBERED AS REQUEST NO. 62):**

Any and all documents regarding or pertaining to all securities, stocks, bonds, or certificates in which **YOU OR ANYONE ACTING ON YOUR BEHALF** have held an ownership interest between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67 (INCORRECTLY NUMBERED AS REQUEST NO. 62):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the

common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 68 (INCORRECTLY NUMBERED AS REQUEST NO. 63):**

Any and all documents regarding or pertaining to all insurance policies, pensions and/or annuities in which **YOU OR ANYONE ACTING ON YOUR BEHALF** have had an interest between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68 (INCORRECTLY NUMBERED AS REQUEST NO. 63):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 69 (INCORRECTLY NUMBERED AS REQUEST NO. 64):**

Any and all documents regarding or pertaining to all property **YOU OR ANYONE ACTING ON YOUR BEHALF** have transferred to any other individual

1  or entity since January 1, 2020.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69 (INCORRECTLY NUMBERED AS**

3  **REQUEST NO. 64):**

4  In addition to their General Objections, Defendants specifically object to this

5  Request on the grounds that it seeks documents that are irrelevant or not proportional

6  to the needs of the case. Defendants further object to this Request on the grounds that

7  it seeks sensitive personal information and violates applicable privacy rights.

8  Defendants further object to this Request as overbroad and unduly burdensome.

9  Defendants further object to this Request to the extent that it seeks documents or

10  information protected by the attorney-client privilege, work-product doctrine, the

11  common interest privilege, or any other applicable privilege, protection, or immunity.

12  Defendants further object to this Request to the extent that it seeks documents outside

13  Defendants' possession, custody, or control.

14  Subject to and without waiving the foregoing objections, Defendants are

15  willing to meet and confer with Plaintiff regarding this Request.

16  **REQUEST FOR PRODUCTION NO. 70 (INCORRECTLY NUMBERED AS REQUEST NO.**

17  **65):**

18  All documents reflecting artistic, literary, copyright, motion picture, theatrical,

19  or other creative property patents, trademarks, or titles in which **YOU OR ANYONE**

20  **ACTING ON YOUR BEHALF** had any right or interest to royalties, and/or benefits

21  between January 1, 2020 and the present time .

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70 (INCORRECTLY NUMBERED AS**

23  **REQUEST NO. 65):**

24  In addition to their General Objections, Defendants specifically object to this

25  Request on the grounds that it seeks documents that are irrelevant or not proportional

26  to the needs of the case. Defendants further object to this Request on the grounds that

27  it seeks sensitive personal information and violates applicable privacy rights.

28  Defendants further object to this Request as overbroad and unduly burdensome.

Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 71 (INCORRECTLY NUMBERED AS REQUEST NO. 66):**

All bank statements, and all joint bank statements, foreign or domestic, in which **YOU OR ANYONE ACTING ON YOUR BEHALF** has or had an interest between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71 (INCORRECTLY NUMBERED AS REQUEST NO. 66):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 72 (INCORRECTLY NUMBERED AS REQUEST NO. 67):**

All documents appraising any real or personal property in which **YOU OR ANYONE ACTING ON YOUR BEHALF** has had an interest, all safety deposit contents; documents reflecting jewelry, coins, or precious metals in which **YOU OR ANYONE ACTING ON YOUR BEHALF** has had any interest and any appraisals of between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72 (INCORRECTLY NUMBERED AS REQUEST NO. 67):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 73 (INCORRECTLY NUMBERED AS REQUEST NO. 68):**

All documents that show all receipts and disbursements of money made by **YOU OR ANYONE ACTING ON YOUR BEHALF** between the time period of January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73 (INCORRECTLY NUMBERED AS REQUEST NO. 68):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 74 (INCORRECTLY NUMBERED AS REQUEST NO. 69):**

All documents reflecting charge accounts, credit card accounts, and lines of credit of **YOU OR ANYONE ACTING ON YOUR BEHALF** opened between January 1, 2003 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74 (INCORRECTLY NUMBERED AS REQUEST NO. 69):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the

common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 75 (INCORRECTLY NUMBERED AS REQUEST NO. 70):**

All documents reflecting gifts received by **YOU OR ANYONE ACTING ON YOUR BEHALF** between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75 (INCORRECTLY NUMBERED AS REQUEST NO. 70):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 76 (INCORRECTLY NUMBERED AS REQUEST NO. 71):**

All documents reflecting gifts made by **YOU OR ANYONE ACTING ON YOUR BEHALF** between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76 (INCORRECTLY NUMBERED AS REQUEST NO. 71):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 77 (INCORRECTLY NUMBERED AS REQUEST NO. 72):**

All documents reflecting any policies of insurance where **YOU OR ANYONE ACTING ON YOUR BEHALF** was an insured, effective between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77 (INCORRECTLY NUMBERED AS REQUEST NO. 72):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the

common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 78 (INCORRECTLY NUMBERED AS REQUEST NO. 73):**

All documents reflecting the appropriate status of parent companies, and/or subsidiaries, in which **YOU OR ANYONE ACTING ON YOUR BEHALF** has had any interest between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78 (INCORRECTLY NUMBERED AS REQUEST NO. 73):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to the term "appropriate status" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 79 (INCORRECTLY NUMBERED AS REQUEST NO. 74):**

All federal and state individual, corporate, and partnership tax returns including but not limited to all schedules for all tax returns for **YOU OR ANYONE ACTING ON YOUR BEHALF** as well as any and all corporations, partnerships, limited liability corporations/partnerships, or trusts in which **YOU OR ANYONE ACTING ON YOUR BEHALF** have had any interest between January 1, 2020 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79 (INCORRECTLY NUMBERED AS REQUEST NO. 74):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 80 (INCORRECTLY NUMBERED AS REQUEST NO. 75):**

Copies of all credit applications prepared by **YOU OR ANYONE ACTING ON YOUR BEHALF** between January 1, 2013 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80 (INCORRECTLY NUMBERED AS REQUEST NO. 75):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that

it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 81 (INCORRECTLY NUMBERED AS REQUEST NO. 76):**

True and correct copies of any of **YOUR OR ANYONE ACTING ON YOUR BEHALF'S** credit reports or credit histories issued between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81 (INCORRECTLY NUMBERED AS REQUEST NO. 76):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 82 (INCORRECTLY NUMBERED AS REQUEST NO. 771):**

Any and all documents regarding or pertaining to all credit lines/lines of credit **YOU OR ANYONE ACTING ON YOUR BEHALF** have had available to you between January 1, 2020 and the present time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82 (INCORRECTLY NUMBERED AS REQUEST NO. 771):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 83 (INCORRECTLY NUMBERED AS REQUEST NO. 74):**

True and correct copies of all records setting forth **YOUR OR ANYONE ACTING ON YOUR BEHALF'S** assets, and earnings filed between January 1, 2020 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83 (INCORRECTLY NUMBERED AS REQUEST NO. 74):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional

to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 84 (INCORRECTLY NUMBERED AS REQUEST NO. 75):**

All documents relating to any of **YOUR OR ANYONE ACTING ON YOUR BEHALF'S** property held by third parties .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84 (INCORRECTLY NUMBERED AS REQUEST NO. 75):**

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 85 (INCORRECTLY NUMBERED AS REQUEST NO. 76):**

All documents relating to any vested future interest **YOU OR ANYONE ACTING ON YOUR BEHALF** have in any property or in the payment of money.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85 (INCORRECTLY NUMBERED AS REQUEST NO. 76):**

I In addition to their General Objections, Defendants specifically object to this Request on the grounds that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendants further object to this Request as overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

1   Dated:  August 6, 2025

Respectfully submitted,

2   COOLEY LLP

3   */s/ Brian M. French*
BRIAN M. FRENCH (*pro hac vice*)
4   (bfrench@cooley.com)
RONA S. LI (*pro hac vice*)
5   (rproper@cooley.com)
KATHERINE BECHTEL (*pro hac vice*)
6   (kbechtel@cooley.com)
55 Hudson Yards
7   New York, NY 10001-2157
Telephone: (212) 479-6000
8   Facsimile: (212) 479-6275

9
WILLIAM K. PAO (252637)
10   (wpao@cooley.com)
ARIANA BUSTOS (345918)
11   (abustos@cooley.com)
355 S. Grand Avenue, Suite 900
12   Los Angeles, CA 90071-1560
Telephone:   (213) 561-3250
13   Facsimile:   (213) 561-3244

14   LUKE C. CADIGAN (*pro hac vice*)
(lcadigan@cooley.com)
15   500 Boylston Street, 14th Floor
Boston, MA 02116-3736
16   Telephone: (617) 937-2300
Facsimile: (617) 937-2400

17

18   *Attorneys for Defendants John Shahidi, Nelk,
Inc., Metacard, LLC, Nelk USA, Inc., and*
19   *Kyle Forgeard*

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the Commonwealth of Virginia. I am employed in Reston, Virginia. I am over the age of eighteen years and not a party to the within action. My business address is Cooley LLP, 11951 Freedom Drive, Reston, Virginia 20190. On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANTS NELK, INC., NELK USA, INC. & METACARD, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF TRENTON SMITH'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SETS ONE THROUGH THREE**

☒   (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

John P. Kristensen (224132)
(john@kristensen.law)
120 Santa Barbara Street, Suite C9
Santa Barbara, CA 93101
Telephone: (805) 837-2000

*Attorneys for Plaintiff Trenton Smith and Michael Burrow*

Tommy Kherkher
Leigh S. Montgomery
Jarrett L. Ellzey
**EKSM, LLP**
4200 Montrose Blvd Suite 200
Houston, TX 77006
Telephone: (888) 350-3931
tkherkher@eksm.com
lmontgomery@eksm.com
jellzey@eksm.com

Joshua Sanford
**EKSM, LLP**
10800 Financial Centre Parkway
Little Rock, AR 72211
Telephone: (501) 221-0088
jsanford@eksm.com

*Attorneys for Plaintiff Trenton Smith and Michael Burrow*

1       I declare under penalty of perjury under the laws of the United States of

2   America that the above is true and correct. Executed on August 6, 2025, at Reston,

3   Virginia.

                              _____

                                          Justin E. Royer

# EXHIBIT 2

1  COOLEY LLP
   WILLIAM K. PAO (252637)
2  (wpao@cooley.com)
   ARIANA BUSTOS (345918)
3  (abustos@cooley.com)
   355 S. Grand Avenue, Suite 900
4  Los Angeles, CA 90071-1560
   Telephone:   (213) 561-3250
5  Facsimile:    (213) 561-3244

6  BRIAN M. FRENCH (*pro hac vice*)
   (bfrench@cooley.com)
7  RONA S. LI (*pro hac vice*)
   (rproper@cooley.com)
8  KATHERINE BECHTEL (*pro hac vice*)
   (kbechtel@cooley.com)
9  55 Hudson Yards
   New York, NY 10001-2157
10 Telephone:   (212) 479-6000
   Facsimile:    (212) 479-6275
11
   LUKE C. CADIGAN (*pro hac vice*)
12 (lcadigan@cooley.com)
   500 Boylston Street, 14th Floor
13 Boston, MA 02116-3736
   Telephone:   (617) 937-2300
14 Facsimile:    (617) 937-2400

15 *Attorneys for Defendants John Shahidi, Nelk, Inc.,*
   *Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*
16

17            **UNITED STATES DISTRICT COURT**

18    **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

19

20 | TRENTON SMITH and MICHAEL BURROW, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:25-cv-161-FWS-DFM |

21 |  | **CLASS ACTION** |

22 |            Plaintiff, | **DEFENDANT NELK, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF TRENTON SMITH'S INTERROGATORIES, SET ONE** |

23 |                vs. | |
   | JOHN SHAHIDI, NELK, INC., METACARD, LLC, NELK USA, INC., and KYLE FORGEARD | |

24

25 |            Defendants. | |

26

27

28

**PROPOUNDING PARTY:    PLAINTIFF TRENTON SMITH**

**RESPONDING PARTY:      DEFENDANT NELK, INC.**

**SET NUMBER:            ONE (1)**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Nelk, Inc. ("Defendant") hereby responds to the First Set of Interrogatories (collectively the "Interrogatories" and each individually, an "Interrogatory") served by Plaintiff Trenton Smith ("Plaintiff") on July 7, 2025, in the above-captioned action (the "Action"). The responses contained herein are based on information reasonably available to Defendant as of the date of the response. Defendant expressly reserves the right to revise or supplement these responses.

## I.    GENERAL RESPONSES.

The following General Responses apply to each Interrogatory and are hereby incorporated by reference into the individual responses to each Interrogatory, and shall have the same force and effect as if fully set forth in the individual response to each Interrogatory.

1.    Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollections, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

2.    Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any documents obtained in discovery herein.

3.     The provision of a response to any of these Interrogatories does not constitute a waiver of any objection regarding the use of said response in these proceedings. Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or hearing or trial of this or any other action for any purpose whatsoever of these responses and any document or thing produced in response to the Interrogatories.

4.     By disclosing information in response to Plaintiff's Interrogatories and/or producing documents in response to Plaintiff's Interrogatories, Defendant does not admit that any definition provided or assertion made by Plaintiff is either factually correct or legally binding upon Defendant, and such information and/or documents do not waive any of Defendant's objections.

5.     Defendant reserves the right to seek relief and a protective order pursuant to Federal Rule of Civil Procedure 26, notwithstanding any responses Defendant has provided herein.

6.     Discovery is ongoing, and Defendant expressly reserves the right to supplement or amend any response to any Interrogatory.

7.     Defendant reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of these Interrogatories.

## II.    GENERAL OBJECTIONS.

The General Objections set forth below apply to the Interrogatories generally. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Interrogatory. Any response to an Interrogatory is made subject to the General Objections.

1.     Defendant objects generally to the Interrogatories to the extent that they seek to impose burdens or obligations on Defendant that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, other applicable

rules or laws, the Stipulated Protective Order to be entered in this Action, the discovery protocol to be agreed upon by the parties, or any other order entered by the Court in or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any objections, in responding to these Interrogatories Defendant will construe the Interrogatories in accordance with the Applicable Rules.

2.     Defendant objects generally to the Interrogatories on the grounds that they seek information protected from discovery by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege, protection, exemption, or immunity from discovery afforded under any applicable statute, rule, regulation, or the common law ("Privileged Information"). Defendant claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected information from its responses to the Interrogatories. Any disclosure of such privileged or protected information in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections. If information containing or reflecting Privileged Information is inadvertently disclosed by Defendant, Plaintiff will not rely on it. Defendant expressly reserves the right to object at any stage of this Action to the introduction into evidence of Privileged Information.

3.     Defendant objects generally to the Interrogatories to the extent that they seek information protected by its privacy rights or the privacy rights of other defendants in this Action and/or third parties. Any disclosure of such information in response to the Interrogatories is inadvertent and not intended to waive those protections. Defendant reserves the right to demand that Plaintiff sequester any such information consistent with the Applicable Rules.

4.     Defendant objects generally to the Interrogatories on the grounds that they seek information that is not relevant to the subject matter of the Action or to any claims or defenses at issue in the Action.

5.     Defendant objects generally to the Interrogatories on the grounds that

they seek information that is not proportional to the needs of the case.

6.  Defendant objects generally to the Interrogatories to the extent that they seek information that is cumulative or duplicative.

7.  Defendant objects generally to the Interrogatories to the extent that they are vague, ambiguous, or fail to describe the requested information with reasonable particularity, on the grounds that such failure impermissibly requires Defendant to speculate as to the information Plaintiff seeks.

8.  Defendant objects generally to the Interrogatories to the extent that they seek "all" information concerning a matter, on the grounds that such Requests are unreasonable, unduly burdensome, duplicative, cumulative, and seek irrelevant information.  To the extent that information is provided in response to such Interrogatories, it will be limited to information that is appropriately discoverable and proportional to the needs of the Action.

9.  Defendant objects generally to the Interrogatories to the extent that they purport to impose an obligation to disclose any information that is newly received after the receipt of the Interrogatories, because efforts to disclose such information would be unduly burdensome and require unreasonable expense.

10.  Defendant objects generally to the Interrogatories to the extent that they purport to require Defendant to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objection, Defendant states that any response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

11.  Defendant objects generally to the Interrogatories to the extent that the Interrogatories contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, or events underlying the Action.  Defendant further objects to the Interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response or provision of

information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

12.     Defendant will disclose information only in accordance with the Applicable Rules.

13.     A response by Defendant that it will disclose information in response to a specific Interrogatory shall not be interpreted as an affirmation that such information in fact exists or that it is within Defendant's possession, custody, or control. Such a response is merely intended to reflect that if responsive information exists, and is within Defendant's possession, custody, or control, Defendant will disclose such information in response to the specific Interrogatory in accordance with the Applicable Rules.

14.     Defendant responds to these Interrogatories to the best of its present knowledge and reserves the right to revise, correct, amend and/or supplement its objections and responses to the Interrogatories.

15.     Defendant's counsel is available to meet and confer at a mutually agreeable time regarding the appropriate scope of any Interrogatories to which Defendant has objected. To the extent the parties reach agreement on any different or further disclosure in response to such Interrogatory, Defendant will endeavor to provide responsive information within a reasonable time following such agreement.

**III.    OBJECTIONS TO INSTRUCTIONS.**

Plaintiff's Interrogatories do not contain any instructions.

**IV.    OBJECTIONS TO DEFINITIONS.**

Plaintiff's Interrogatories do not contain any definitions.

## V.    SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Defendant Nelk, Inc. responds to the specific Interrogatories in Plaintiff's Interrogatories, Set One:

**INTERROGATORY NO. 1:**

Please state the name and, if known, the address, the email address and telephone number of each individual likely to have discoverable information, along with the subject of that information, related to the allegations in the operative Complaint and/or Answer(s) to the Complaint.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds that the individuals listed below were primarily responsible for the Metacard program and are likely to have information related to the allegations in the operative Complaint.

| Name | Role | Contact |
|------|------|---------|
| John Shahidi | President | jhs@fullsend.com |
| Kyle Forgeard | Owner/CEO | kyle@fullsend.com |
| Sam Shahidi | COO | sammy@fullsend.com |
| Drew Hill | Director of Operations | drew@fullsend.com |
| Roland Shen | Web Development | roland@happydad.com |
| Alan Ardalan | Accounting | alan@shots.com |
| Jennifer Jaeger | Operations | jenn@fullsend.com |

**INTERROGATORY NO. 2:**

Please identify each individual and, if known, the address, the email address and telephone number of every person who was involved with the inception/development/marketing/sales/information technology for Metacard and/or Bored Jerky, including a short summary of their role.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory as duplicative of Interrogatory No. 1. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant refers to its response to Interrogatory No. 1 above.

**INTERROGATORY NO. 3:**

Please identify each purchaser of a Metacard, NFT and, if known, their address, the email address and telephone number.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information outside of its possession, custody, or control. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds that it does not have the necessary knowledge or information to identify the identity of each Metacard purchaser or their contact information. Metacard purchases were conducted through cryptocurrency wallets.

1  **INTERROGATORY NO. 4:**

2      Please **IDENTIFY ALL BANK ACCOUNTS** on which **YOU OR ANYONE**

3  **ELSE ACTING ON YOUR BEHALF** is a named account owner since January 1,

4  2020.

5  **RESPONSE TO INTERROGATORY NO. 4:**

6      Defendant incorporates herein the General Objections stated above. Defendant

7  objects to this Interrogatory on the grounds that it seeks information that is irrelevant or

8  not proportional to the needs of the case. Defendant further objects to this Interrogatory

9  on the grounds that it seeks sensitive personal information and violates applicable

10  privacy rights. Defendant further objects to this Interrogatory as overbroad and unduly

11  burdensome. Defendant further objects to this Interrogatory to the extent that it seeks

12  information outside Defendant's possession, custody, or control.

13      Subject to and without waiving the foregoing objections, Defendant is willing to

14  meet and confer with Plaintiff regarding this Interrogatory.

15  **INTERROGATORY NO. 5:**

16      Please **IDENTIFY** each source of credit **YOU OR ANYONE ELSE ACTING**

17  **ON YOUR BEHALF** have obtained in the past four years by creditor's name, address

18  and any account numbers.

19  **RESPONSE TO INTERROGATORY NO. 5:**

20      Defendant incorporates herein the General Objections stated above. Defendant

21  objects to this Interrogatory on the grounds that it seeks information that is irrelevant or

22  not proportional to the needs of the case. Defendant further objects to this Interrogatory

23  on the grounds that it seeks sensitive personal information and violates applicable

24  privacy rights. Defendant further objects to this Interrogatory as overbroad and unduly

25  burdensome. Defendant further objects to this Interrogatory to the extent that it seeks

26  information outside Defendant's possession, custody, or control.

27      Subject to and without waiving the foregoing objections, Defendant is willing to

28  meet and confer with Plaintiff regarding this Interrogatory.

**INTERROGATORY NO. 6:**

Please **IDENTIFY ALL SOURCES OF INCOME YOU OR ANYONE ELSE ACTING ON YOUR BEHALF** have had since January 1, 2020.

(By "**IDENTIFY ALL SOURCES OF INCOME**", Plaintiff requests that **YOU** identify the income provider by name, address, and telephone number, and set forth the amount of income **YOU** received by each such income provider.)

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant or not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information outside Defendant's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding this Interrogatory.

**INTERROGATORY NO. 7:**

State the total amount of money or cryptocurrency raised from the sale of Metacard NFTs and provide a detailed breakdown of how those funds were used or distributed. In your answer, include: (a) the total number of NFTs sold and the revenue received (in USD or ETH, specifying the conversion if needed), and (b) for each major category of expenditure or distribution, the amount and purpose.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent

that the requested information is in the public domain and therefore equally accessible to Plaintiff. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

On January 19, 2022, ten thousand (10,000) Metacard NFTs were sold at the price of approximately .75 Ethereum ("ETH") per Metacard (the "Metacard Sale"). Defendants raised approximately 7,400 ETH from the sale. Based on the price of ETH at the time of the Metacard Sale, this converted to approximately $23 million ($23,000,000) U.S. dollars ("USD").

Of the funds received from the Metacard Sale, most went to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid for events and benefits for Metacard holders. Another portion of the funds went toward compensating individuals who were involved in the operations and/or marketing of Metacard. Finally, another portion of the funds went toward other expenses, such as marketing expenses, server costs, and the domain purchase.

**INTERROGATORY NO. 8:**

Identify all bank accounts, cryptocurrency wallets, or other financial accounts that held the proceeds from Metacard NFT sales or were used to transact Metacard-related finances. For each account or wallet, provide the name of the financial institution or platform (or blockchain address), the name of the account holder or controller (e.g., Metacard, LLC account at Bank X, or Ethereum wallet controlled by John Shahidi), and the persons authorized to access or manage those funds. In addition, for each such account, indicate the current balance or disposition of funds if the account was later emptied or closed. (This interrogatory traces where the money went and who had control over it.)

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates herein the General Objections stated above. Defendant

objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

The ETH from the Metacard Sale was initially received by a contract wallet controlled by Defendant. The ETH was subsequently distributed into various cryptocurrency wallets belonging to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), and to the individuals referenced in the Response to Interrogatory No. 7 above as compensation for their involvement in the operations and/or marketing of Metacard. To transact finances relating to Metacard, Defendant either (1) made payments directly from a cryptocurrency wallet belonging to the Nelk corporate entities, or (2) transferred ETH from a cryptocurrency wallet belonging to the Nelk corporate entities to a cryptocurrency exchange such as Coinbase or Kraken in order to exchange the ETH for USD, and subsequently transferred the funds in USD to a bank account belonging to Nelk USA, Inc.

1    Dated:  August 5, 2025                    Respectfully submitted,

2                                              COOLEY LLP

3                                              */s/ Brian M. French*
                                               BRIAN M. FRENCH (*pro hac vice*)
4                                              (bfrench@cooley.com)
                                               RONA S. LI (*pro hac vice*)
5                                              (rproper@cooley.com)
                                               KATHERINE BECHTEL (*pro hac vice*)
6                                              (kbechtel@cooley.com)
                                               55 Hudson Yards
7                                              New York, NY 10001-2157
                                               Telephone: (212) 479-6000
8                                              Facsimile: (212) 479-6275

9                                              WILLIAM K. PAO (252637)
10                                             (wpao@cooley.com)
                                               ARIANA BUSTOS (345918)
11                                             (abustos@cooley.com)
                                               355 S. Grand Avenue, Suite 900
12                                             Los Angeles, CA 90071-1560
                                               Telephone: (213) 561-3250
13                                             Facsimile:  (213) 561-3244

14                                             LUKE C. CADIGAN (*pro hac vice*)
15                                             (lcadigan@cooley.com)
                                               500 Boylston Street, 14th Floor
16                                             Boston, MA 02116-3736
                                               Telephone: (617) 937-2300
                                               Facsimile: (617) 937-2400

17

18                                             *Attorneys for Defendants John Shahidi, Nelk,
                                               Inc., Metacard, LLC, Nelk USA, Inc., and
19                                             Kyle Forgeard*

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

On behalf of Nelk, Inc., I, Drew Hill, am duly authorized to verify the interrogatory responses contained in the foregoing Defendant Nelk, Inc.'s Objections and Responses to Plaintiff Trenton Smith's Interrogatories, Set One. I have read the foregoing responses, which were prepared with the assistance and advice of others. I reserve the right to make any changes in the answers if it appears that more accurate information is available. Subject to these limitations, the responses to the Interrogatories are true to the best of my knowledge, information, and belief.

Executed on:   August 6, 2025

Drew Hill
_____
Drew Hill
Director of Operations
Nelk, Inc.

1

### PROOF OF SERVICE
### (FRCP 5)

2

3      I am a citizen of the United States and a resident of the Commonwealth of

4  Virginia. I am employed in Reston, Virginia. I am over the age of eighteen years and

5  not a party to the within Action. My business address is Cooley LLP, 11951 Freedom

6  Drive, Reston, Virginia 20190. On the date set forth below I served the documents

7  described below in the manner described below:

8        • **DEFENDANT NELK, INC.'S OBJECTIONS AND RESPONSES TO**

9          **PLAINTIFF TRENTON SMITH'S INTERROGATORIES, SET ONE**

10   ☒       (BY ELECTRONIC MAIL) I am personally and readily familiar with
        the business practice of Cooley LLP for the preparation and processing

11      of documents in portable document format (PDF) for e-mailing, and I

12      caused said documents to be prepared in PDF and then served by

13      electronic mail to the parties listed below.

14

15  John P. Kristensen (224132)
   (john@kristensen.law)                    Tommy Kherkher
16  120 Santa Barbara Street, Suite C9       Leigh S. Montgomery
   Santa Barbara, CA 93101                  Jarrett L. Ellzey
17  Telephone: (805) 837-2000                **EKSM, LLP**
                                            4200 Montrose Blvd Suite 200
18  *Attorneys for Plaintiffs Trenton Smith*  Houston, TX 77006
   *and Michael Burrow*                      Telephone: (888) 350-3931
19                                           tkherkher@eksm.com
20                                           lmontgomery@eksm.com
                                            jellzey@eksm.com
21

22                                           Joshua Sanford
23                                           **EKSM, LLP**
                                            10800 Financial Centre Parkway
24                                           Little Rock, AR 72211
25                                           Telephone: (501) 221-0088
                                            jsanford@eksm.com
26

27                                           *Attorneys for Plaintiffs Trenton Smith*
                                            *and Michael Burrow*
28

1        I declare under penalty of perjury under the laws of the United States of

2    America that the above is true and correct. Executed on August 6, 2025, at Reston,

3    Virginia.

4

5    _____

6                    Justin E. Royer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3



August 14, 2025

**Via Email**
Brian M. French (bfrench@cooley.com)
Rona S. Li (rproper@cooley.com)
Katherine Bechtel (kbechtel@cooley.com)
Luke Cadigan (lcadigan@cooley.com)
William K. Pao (wpao@cooley.com)
Ariana Bustos (abustos@cooley.com)
**Cooley LLP**
55 Hudson Yards
New York, NY 10001-2157

*REQUEST FOR MEET & CONFER  RE:  L.R. 37-1 CONFERENCE TO DISCUSS THE DEFENDANTS' DEFECTIVE RESPONSES TO CERTAIN INTERROGATORIES*

Re:    **Smith v. Shahidi, Nelk USA, Inc. et al.**

Dear Counsel:

This correspondence is sent pursuant to L.R. 37-1 pertaining to just some of Defendants' Defective Responses to Interrogatories. L.R. 37-1 requires a meaningful meet and confer occur by August 25, 2025. We are seeking to discuss the responses by the individual defendants to interrogatories numbers one (1) and two (2). These were also served on the corporate defendants. We also are seeking to discuss the defective responses to interrogatories 1, 2, 3, 4, 7, and 8.

**General and Boilerplate Objections Are Improper and Need to Be Removed**

The responses are couched in numerous general objections, and then boilerplate objections.

Before we discuss the specific responses, we need to discuss the general and boilerplate objections. First, there were no declarations or evidence supporting the objections.  *See, e.g., A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—**especially when a party fails to submit any evidentiary declarations supporting such objections....** Similarly, boilerplate relevancy objections, without setting forth any explanation or argumeNelkt why the requested documents are not relevant, are improper."); *Tubio v. Adidas America, Inc.,* 2023 WL 9420334 *3 (C.D. Cal. Nov. 27, 2023); *Duran v. Cisco Sys., Inc.,* 258 F.R.D. 375, 379 (C.D. Cal. 2009); *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal.1996);

Defendants need to supplement their responses without the general and boilerplate objections.

<u>INTERROGATORY NO. 1:</u>

Please state the name and, if known, the address, the email address and telephone number of each individual likely to have discoverable information, along with the subject of that information, related to the allegations in the operative Complaint and/or Answer(s) to the Complaint.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

August 14, 2025

**2 |** P a g e

### DEFECTIVE RESPONSE INTERROGATORY NO. 1:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds that the individuals listed below were primarily responsible for the Metacard program and are likely to have information related to the allegations in the operative Complaint.

| Name | Role | Contact |
|------|------|---------|
| John Shahidi | President | jhs@fullsend.com |
| Kyle Forgeard | Owner/CEO | kyle@fullsend.com |
| Sam Shahidi | COO | sammy@fullsend.com |
| Drew Hill | Director of Operations | drew@fullsend.com |
| Roland Shen | Web Development | roland@happydad.com |
| Alan Ardalan | Accounting | alan@shots.com |
| Jennifer Jaeger | Operations | jenn@fullsend.com |

### BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

The interrogatory seeks the identification of witnesses with relevant information to the claims in the case. It seeks the identification of all witnesses, not just the ones you want to testify. Also, we need addresses for non directors.

Lastly, what attorney client privilege magic conjures up the refusal to identify witnesses? We are all ears to figure that out.

### INTERROGATORY NO. 2:

Please identify each individual and, if known, the address, the email address and telephone number of every person who was involved with the inception/development/marketing/sales/information technology for Metacard and/or Bored Jerky, including a short summary of their role.

### DEFECTIVE RESPONSE INTERROGATORY NO. 2:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional

**KRISTENSEN LAW GROUP**     SANTA BARBARA 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts     **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law | massachusettsinjury.law

August 14, 2025

**3** | P a g e

to the needs of this case. Defendant further objects to this Interrogatory as duplicative of Interrogatory No. 1. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant refers to its response to Interrogatory No. 1 above.

<u>**BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**</u>

The interrogatory seeks the identification of witnesses with relevant information to the claims in the case. It seeks the identification of all witnesses, not just the ones you want to testify. Also, we need addresses for non directors.

Lastly, what attorney client privilege magic conjures up the refusal to identify witnesses? We are all ears to figure that out.

<u>**INTERROGATORY NO. 3:**</u>

Please identify each purchaser of a Metacard, NFT and, if known, their address, the email address and telephone number.

<u>**DEFECTIVE RESPONSE INTERROGATORY NO. 3:**</u>

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information outside of its possession, custody, or control. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds that it does not have the necessary knowledge or information to identify the identity of each Metacard purchaser or their contact information. Metacard purchases were conducted through cryptocurrency wallets.

<u>**BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**</u>

The general objections are non-sense. Also, if you have any information, they need to be produced.

<u>**INTERROGATORY NO. 4:**</u>

Please IDENTIFY ALL BANK ACCOUNTS on which YOU OR ANYONE ELSE ACTING ON YOUR BEHALF is a named account owner since January 1, 2020.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA** 120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101 **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 I Boston, MA 02109 **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law

August 14, 2025

**4 |** P a g e

## DEFECTIVE RESPONSE INTERROGATORY NO. 4:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant or not proportional to the needs of the case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information outside Defendant's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding this Interrogatory.

## BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

We are trying to follow the money.

## INTERROGATORY NO. 7:

State the total amount of money or cryptocurrency raised from the sale of Metacard NFTs and provide a detailed breakdown of how those funds were used or distributed. In your answer, include:(a) the total number of NFTs sold and the revenue received (in USD or ETH, specifying the conversion if needed), and (b) for each major category of expenditure or distribution, the amount and purpose.

## DEFECTIVE RESPONSE INTERROGATORY NO. 7:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent that the requested information is in the public domain and therefore equally accessible to Plaintiff. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

On January 19, 2022, ten thousand (10,000) Metacard NFTs were sold at the price of approximately .75 Ethereum ("ETH") per Metacard (the "Metacard Sale"). Defendants raised approximately 7,400 ETH from the sale. Based on the price of ETH at the time of the Metacard Sale, this converted to approximately $23 million ($23,000,000) U.S. dollars ("USD").

Of the funds received from the Metacard Sale, most went to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid for events and benefits for Metacard holders. Another portion of the funds went toward compensating individuals who were involved in the operations and/or marketing of Metacard. Finally, another portion of the funds went toward other expenses, such as marketing expenses, server costs, and the domain purchase.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

August 14, 2025

**5 |** P a g e

## BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

The objections are wholly improper. Attorney client privilege? The objections got to go, and you need to spell out the expenditures in dollar amounts, just like you did for the amount raised.

## INTERROGATORY NO. 8:

Identify all bank accounts, cryptocurrency wallets, or other financial accounts that held the proceeds from Metacard NFT sales or were used to transact Metacard-related finances. For each account or wallet, provide the name of the financial institution or platform (or blockchain address), the name of the account holder or controller (e.g., Metacard LLC account at Bank X, or Ethereum wallet controlled by John Shahidi), and the persons authorized to access or manage those funds. In addition, for each such account, indicate the current balance or disposition of funds if the account was later emptied or closed. (This interrogatory traces where the money went and who had control over it.)

## DEFECTIVE RESPONSE INTERROGATORY NO. 8:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

The ETH from the Metacard Sale was initially received by a contract wallet controlled by Defendant. The ETH was subsequently distributed into various cryptocurrency wallets belonging to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), and to the individuals referenced in the Response to Interrogatory No. 7 above as compensation for their involvement in the operations and/or marketing of Metacard. To transact finances relating to Metacard, Defendant either (1) made payments directly from a cryptocurrency wallet belonging to the Nelk corporate entities, or (2) transferred ETH from a cryptocurrency wallet belonging to the Nelk corporate entities to a cryptocurrency exchange such as Coinbase or Kraken in order to exchange the ETH for USD, and subsequently transferred the funds in USD to a bank account belonging to Nelk USA, Inc.

## BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

The objections are wholly improper. Attorney client privilege? You need to fully respond, so we can see where the money went.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101 **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109 **T** 617 913 0363

kristensen.law | massachusettsinjury.law

August 14, 2025

**6** | P a g e

### L.R. 37-1 Meeting Within 10 Days

Please let us know when you are free on or before August 25, 2025 for a Zoom.  We look forward to seeking to narrow these issues. We intend to diligently prosecute this case.

Regards,

John P. Kristensen

cc: Jarrett Ellzey (via email only)
   Josh Sanders (via email only)
   Tommy Kherker (via email only)
   Leigh Montgomery (via email only)

**KRISTENSEN LAW GROUP** **SANTA BARBARA**  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts **BOSTON**  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law

# EXHIBIT 4



August 22, 2025

**Via Email**
Brian M. French ([bfrench@cooley.com](mailto:bfrench@cooley.com))
Rona S. Li ([rproper@cooley.com](mailto:rproper@cooley.com))
Katherine Bechtel ([kbechtel@cooley.com](mailto:kbechtel@cooley.com))
Luke Cadigan ([lcadigan@cooley.com](mailto:lcadigan@cooley.com))
William K. Pao ([wpao@cooley.com](mailto:wpao@cooley.com))
Ariana Bustos ([abustos@cooley.com](mailto:abustos@cooley.com))
**Cooley LLP**
55 Hudson Yards
New York, NY 10001-2157

*REQUEST FOR MEET & CONFER RE: L.R. 37-1 CONFERENCE TO DISCUSS THE DEFENDANTS'
DEFECTIVE RESPONSES TO CERTAIN REQUESTS FOR PRODUCTION*

> Re:     Smith v. Shahidi, Nelk USA, Inc. et al.

Dear Counsel:

This correspondence is sent pursuant to L.R. 37-1 pertaining to just some of Defendants'
Defective Responses to Requests for Production. L.R. 37-1 requires a meaningful meet and confer
occur by September 2, 2025.

### General and Boilerplate Objections Are Improper and Need to Be Removed

The responses are couched in numerous general objections, and then boilerplate objections.

Before we discuss the specific responses, we need to discuss the general and boilerplate
objections. First, there were no declarations or evidence supporting the objections. *See, e.g., A.
Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate
objections such as 'overly burdensome and harassing' are improper—**especially when a party fails
to submit any evidentiary declarations supporting such objections....** Similarly, boilerplate
relevancy objections, without setting forth any explanation or argumeNelkt why the requested
documents are not relevant, are improper."); *Tubio v. Adidas America, Inc.*, 2023 WL 9420334 *3 (C.D.
Cal. Nov. 27, 2023); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009); *Paulsen v. Case
Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996);

Defendants need to supplement their responses without the general and boilerplate
objections.

### REQUEST NO. 1:

Plaintiffs sought insurance documents. These are discoverable. The objections must be
waived and a compliant response provided.

**KRISTENSEN LAW GROUP**     **SANTA BARBARA** 120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101 **T** 805 837 2000
Licensed in California & Massachusetts     **BOSTON** 53 State Street, Suite 500 I Boston, MA 02109 **T** 617 913 0363

**kristensen.law | massachusettsinjury.law**

August 22, 2025

**2** | P a g e

### REQUEST NO. 2:

Plaintiffs sought all documents regarding the ownership structure of the three corporate defendants. These are discoverable. The objections must be waived and a compliant response provided and all responsive documents provided.

### REQUEST NO. 3:

Plaintiffs sought all documents identifying the roles, responsibilities, and involvement of any individual in the conception, launch, and operation of the Metacard NFT project. This includes organizational charts, internal memos, or communications describing who was in charge of finances, marketing, project development, customer relations, and other operational aspects. These are discoverable. The objections must be waived and a compliant response provided and all responsive documents provided.

### REQUEST NOS. 4 TO 28:

Zero documents were produced. The objections were meritless. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

The objections must be waived and a compliant response provided and all responsive documents provided.

### REQUESTS SEEKING METACARD OR BORED JERKY DOCUMENTS FROM SPECIFIC INDIVIDUALS:

Requests 29 to 54 sought documents, including electronic information sent to or from specific individuals about the Metacard NFT project and the Bored Jerky plan. Zero documents were produced. The objections were meritless. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

The objections must be waived and a compliant response provided and all responsive documents provided.

### REQUESTS SEEKING FINANCIAL DOCUMENTS

Plaintiffs are trying to follow the money. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

The objections must be waived and a compliant response provided and all responsive documents provided.

**KRISTENSEN LAW GROUP**     **SANTA BARBARA**  120 Santa Barbara St., Suite C9 l Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts     **BOSTON**  53 State Street, Suite 500 l Boston, MA 02109  **T** 617 913 0363

kristensen.law  l  massachusettsinjury.law

August 22, 2025

**3** | P a g e

### L.R. 37-1 MEETING WITHIN 10 DAYS

Please let us know when you are free on or before September 2, 2025 for a Zoom. We look forward to seeking to narrow these issues. We intend to diligently prosecute this case.

Regards,

John P. Kristensen

cc:     Jarrett Ellzey (via email only)
        Josh Sanders (via email only)
        Tommy Kherker (via email only)
        Leigh Montgomery (via email only)

**KRISTENSEN LAW GROUP**     **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts     **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

**kristensen.law  |  massachusettsinjury.law**

# EXHIBIT 5



September 1, 2025

**Via Email**
Brian M. French (bfrench@cooley.com)
Rona S. Li (rproper@cooley.com)
Katherine Bechtel (kbechtel@cooley.com)
Luke Cadigan (lcadigan@cooley.com)
William K. Pao (wpao@cooley.com)
Ariana Bustos (abustos@cooley.com)
**Cooley LLP**
55 Hudson Yards
New York, NY 10001-2157

***FOLLOW UP ON REQUEST FOR MEET & CONFER RE: L.R. 37-1 CONFERENCE TO DISCUSS THE
DEFENDANTS' DEFECTIVE RESPONSES TO CERTAIN REQUESTS FOR PRODUCTION***

**Re:      Smith v. Shahidi, Nelk USA, Inc. et al.**

Dear Counsel:

This correspondence is a follow up to our August 22, 2025 request sent pursuant to L.R.
37-1 pertaining to just some of Defendants' Defective Responses to Requests for Production.
L.R. 37-1 requires a meaningful meet and confer occur by September 2, 2025.

**General and Boilerplate Objections Are Improper and Need to Be Removed**

We have provided Defendants in writing three times with case law from the Central
District that general objections and boilerplate objections are improper and will be overruled.
This infects each and every response to the requests for production. Furthermore, the following
case law should provide an incentive:

An entity that withholds discovery materials based on a privilege must provide sufficient
information (i.e., a privilege log) to enable the requesting party to evaluate the
applicability of the privilege or other protection. Fed.R.Civ.P. 26(b)(5); see Clarke v.
American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). Failure to provide
sufficient information may constitute a waiver of the privilege. See Eureka Financial
Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) (a
"blanket objection" to each document on the ground of attorney-client privilege with no
further description is clearly insufficient); Peat, Marwick, Mitchell & Co. v. West, 748
F.2d 540, 542 (10th Cir. 1984) (attorney-client privilege waived when defendant did not
make a timely and sufficient showing that the documents were protected by privilege).

It's been over a month, and we have no privilege log, no declaration supporting a single
objection to date. Plaintiff contends those objections have now been waived.

**KRISTENSEN LAW GROUP**  **SANTA BARBARA** 120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law

September 1, 2025
**2 |** P a g e

## REQUEST NO. 1:

All **DOCUMENTS** including any insurance records, the complete policy (including any addendums or documents identifying additional insureds, etc.) for any policy of insurance through which **YOU** were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of this matter.

## RESPONSE TO REQUEST NO. 1:

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiff regarding this Request.

## LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

Plaintiffs sought insurance documents. These are discoverable. See Fed. R. Civ. P. 26(a)(1)(A)(iv) ("[a] party must, without awaiting a **discovery** request provide to the other parties ... for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."). *See also Johnson v. United States*, 2018 WL 613677688 *1 (C.D. Cal. July 10, 2018) (Compelling insurance policies of non-parties - the requested insurance policies and information are relevant and proportionate subjects that will assist the parties in making informed decisions concerning their claims and defenses.)

The objections must be waived and a compliant response provided. In a case with an underlying claim of $23M, producing any actual insurance policies is not unduly burdensome.

## REQUEST NO. 2:

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) regarding the ownership/structure of **NELK, NELK USA**, and **METACARD, LLC**, including in by-laws, corporate minutes, shareholder percentages and filings with the California Secretary of State or any federal (Canada too), provincial, state or local entity.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law | massachusettsinjury.law



September 1, 2025

**3 |** P a g e

## RESPONSE TO REQUEST NO. 2:

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the term "filings" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show the ownership and/or corporate structure of Nelk, Inc., Nelk USA, Inc., and Metacard, LLC.

## LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

First, the objections, general and boilerplate, need to be withdrawn. The objection that four attorneys at Cooley struggle to grasp what a filing is with a Secretary of State is rich, and so egregious that it may by itself be worthy of section 11 sanctions. At least under the standard defense counsel portends to uphold their adversaries.

Plaintiffs need all responsive documents. The documents regarding the ownership structure of the three corporate defendants is discoverable. "The structure of the corporation is not too complicated for a corporate deponent to be expected to discuss knowledgeably." *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 2014 WL 12639323 *3 (C.D. Cal. Dec. 19, 2014). *See also Taylor v. Shippers Transport Express, Inc.*, 2013 WL 12114614 5 (C.D. Cal. Sept. 11, 2013):

> Corporate structures and flow charts are discovery, and not unduly burdensome. To the extent it is not clear from [defendant's] supplemental response if [defendant] has produced <u>all</u> responsive documents in its possession, custody, or control—i.e., as described by plaintiff, "corporate structure flow charts applicable to the class period"— the Motion to compel a further response is granted. Along with any responsive documents, [defendant] shall provide plaintiff with a declaration, signed under penalty of perjury by a corporate officer or director, which confirms that it has produced <u>all</u> responsive documents in its possession, custody or control. Additionally, to the extent [defendant] claims that, having conducted a thorough search, it has already produced all responsive documents in its possession, custody or control, it shall provide plaintiff with a declaration to that effect, signed under penalty of perjury by a corporate officer or director.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law



September 1, 2025

**4 |** P a g e

> The objections must be waived and a compliant response provided and all responsive documents provided.

### REQUEST NO. 3:

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) identifying the roles, responsibilities, and involvement of any individual in the conception, launch, and operation of the Metacard NFT project. This includes organizational charts, internal memos, or communications describing who was in charge of finances, marketing, project development, customer relations, and other operational aspects.

### RESPONSE TO REQUEST NO. 3:

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to identify the individuals involved in the conception, launch, and operation of the Metacard project and their respective roles and responsibilities.

### LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

Plaintiffs sought all documents identifying the roles, responsibilities, and involvement of any
individual in the conception, launch, and operation of the Metacard NFT project. This includes organizational charts, internal memos, or communications describing who was in charge of finances, marketing, project development, customer relations, and other operational aspects. These are discoverable. Who did what for Metacard is basic discovery. There is no declaration saying it is unduly burdensome.

The promised documents have not arrived. Plaintiffs are entitled to enough responsive documents so it is clear who had what roles, responsibilities, and involvement of any individual in the conception, launch, and operation of the Metacard NFT project

**KRISTENSEN LAW GROUP**     **SANTA BARBARA**  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts     **BOSTON**  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

September 1, 2025

**5 |** P a g e

The objections must be waived and a compliant response provided and all responsive documents provided. *See Hartsock v. Goodyear Tire & Rubber Co.,* 2014 WL 51237, *3–4 (D.S.C. Jan.7, 2014) (finding no error with the magistrate's judge's Order compelling production of six organizational charts and finding the charts to be necessary for discovering potential witnesses where defendant failed to show that the request was over broad and unduly burdensome) (citing *Stambler v. Amazon.com, Inc.,* 2011 WL 10538668, at *8 (E.D.Tex. May 23, 2011) (finding relevant, and compelling production of, organizational charts for multiple departments)) and *Cunningham v. Standard Fire Ins. Co.,* 2008 WL 2902621, at *2 (D.Colo. July 24, 2008) (permitting discovery of organizational charts beyond just the claims department at issue)); *see also Impact, LLC v. United Rentals, Inc.,* 2009 WL 413713, *9 (E.D.Ark. Feb.18, 2009) (granting request for production of current non-privileged organizational charts); *Clearone Commc'n, Inc. v. Chiang,* 2007 WL 4166137, *4 (D.Utah. Nov.20, 2007) (granting request for production of documents sufficient to show the organizational structure of defendant).

The objections must be waived and a compliant response provided and the responsive documents produced.

## REQUEST NO. 4:

All agreements or contracts between or among any of the Defendants (including with third parties and vendors) relating to the Metacard project or the FullSend Metacard venture. This includes partnership or joint venture agreements, operating agreements for Metacard LLC, employment or consulting contracts (if any) for individuals working on the project, and any documents delineating authority or decision-making structure for the project.

## RESPONSE TO REQUEST NO. 4:

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" agreements or contracts relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources. Defendants further object to the phrase "relating to the Metacard project or the FullSend Metacard venture," as vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101 **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109 **T** 617 913 0363

**kristensen.law | massachusettsinjury.law**



<u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

The contracts related to the Metacard project and venture tells who did what, how much they were paid. It is an easy production to prepare and highly relevant.

<u>**REQUEST NO. 5:**</u>

All **DOCUMENTS** (including, but not limited to, **EMAILS** and **TEXT MESSAGES**) reflecting the initial sale of Metacard NFTs, including records of how many NFTs were sold, the price of each NFT, total funds raised (approximately $23 million), and identification of the bank accounts or cryptocurrency wallets where the proceeds were deposited. Include transaction records (such as ETH wallet transactions) and any summaries or spreadsheets of sales results.

<u>**RESPONSE TO REQUEST NO. 5:**</u>

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive non-privileged Documents within Defendants' possession, custody, or control sufficient to show how many Metacard NFTs were sold in the initial sale, the price of each Metacard, the total funds raised, and the bank accounts or cryptocurrency wallets where the sale proceeds were deposited.

<u>**LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY**</u>

The objections are improper. There has been no privilege log to date. The responsive documents promised must be produced forthwith.

<u>**REQUEST NO. 6:**</u>

Any and all **DOCUMENTS** showing how the proceeds from the Metacard NFT sales were used or distributed. This should include bank statements, crypto wallet transaction

**KRISTENSEN LAW GROUP**          **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts          **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law | massachusettsinjury.law

September 1, 2025

**7 |** P a g e

logs, accounting ledgers, and records of any **transfers or payments** of those funds – whether to Defendants, to other individuals, or to third- party vendors. (For example, documents evidencing payments to Kyle Forgeard, John Shahidi, or any entity controlled by them from the NFT sale proceeds.)

## RESPONSE TO REQUEST NO. 6:

In addition to their General Objections, Defendants specifically object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "any and all" Documents relating to the Request. Defendants further object to this Request to the extent that it seeks documents that are irrelevant or not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, work- product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity. Defendants further object to this Request to the extent that it seeks documents outside Defendants' possession, custody, or control. Defendants further object to this Request to the extent that such documents or information are public and therefore equally available to Plaintiff, or that such documents or information are duplicative or cumulative of documents or information that have already been produced to Plaintiff by other sources.

Subject to and without waiving the foregoing objections, Defendants will search for and produce non-privileged Documents, if any, responsive to the Request that are in Defendants' possession, custody, or control, subject to a reasonable, good faith search pursuant to an agreed-upon protocol.

## LEGAL AND FACTUAL REASONS WHY A FURTHER RESPONSE IS NECESSARY

The objections are improper. There has been no privilege log to date. The responsive documents promised must be produced forthwith.

## REQUEST NOS. 7 TO 28:

Zero documents were produced. The objections were meritless. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

The objections must be waived and a compliant response provided and all responsive documents provided.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law



September 1, 2025

**8 |** P a g e

## REQUESTS SEEKING METACARD OR BORED JERKY DOCUMENTS FROM SPECIFIC INDIVIDUALS:

Requests 29 to 54 sought documents, including electronic information sent to or from specific individuals about the Metacard NFT project and the Bored Jerky plan. Zero documents were produced. The objections were meritless. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

Defendants have provided no protocol for production, even though they suggested they would do so.

The objections must be waived and a compliant response provided and all responsive documents provided.

## REQUESTS SEEKING FINANCIAL DOCUMENTS

Plaintiffs are trying to follow the money. They were all reasonably particularized. Despite the objections, there is no privilege log, and no declaration supporting those objections.

The objections must be waived and a compliant response provided and all responsive documents provided. The protective order provides adequate assurances to protect against any right to privacy.

### SEPTEMBER 2, 2025

We look forward to seeing you on September 2, 2025 via Zoom.  We look forward to seeking to narrow these issues. We intend to diligently prosecute this case.

Regards,

John P. Kristensen

cc:     Jarrett Ellzey (via email only)
        Josh Sanders (via email only)
        Tommy Kherker (via email only)
        Leigh Montgomery (via email only)

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

# EXHIBIT 6



September 3, 2025

**Via Email**
Brian M. French (bfrench@cooley.com)
Rona S. Li (rproper@cooley.com)
Katherine Bechtel (kbechtel@cooley.com)
Luke Cadigan (lcadigan@cooley.com)
William K. Pao (wpao@cooley.com)
Ariana Bustos (abustos@cooley.com)
**Cooley LLP**
55 Hudson Yards
New York, NY 10001-2157

**REQUEST FOR FURTHER MEET & CONFER RE: L.R. 37-1 CONFERENCE TO DISCUSS THE DEFENDANTS' DEFECTIVE RESPONSES TO CERTAIN INTERROGATORIES**

Re:    *Smith v. Shahidi, Nelk USA, Inc. et al.*

Dear Counsel:

This correspondence follows up my meet and confer with Rona and Kate on Friday, August 22, 2025. As I indicated, we need all the general and boilerplate objections withdrawn. Furthermore, we have no declarations regarding any objections. I previously provided that case law. Here it is again.

Rona suggested that our original correspondence was not adequate under L.R. 37-1. There seemed to be a suggestion that we need a citation to a completely identical situation. First, regarding your defective objections, we provided the case law. Pertaining to the other interrogatories, we are providing more here. We look forward to our further meeting on September 9, 2025. We believe you know our positions at this point.

**General and Boilerplate Objections Are Improper and Need to Be Removed**

The responses are couched in numerous general objections, and then boilerplate objections.

Before we discuss the specific responses, we need to discuss the general and boilerplate objections. First, there were no declarations or evidence supporting the objections. *See, e.g., A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—**especially when a party fails to submit any evidentiary declarations supporting such objections....** Similarly, boilerplate relevancy objections, without setting forth any explanation are improper."); *Tubio v. Adidas America, Inc.*, 2023 WL 9420334 *3 (C.D. Cal. Nov. 27, 2023); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996).

Defendants need to supplement their responses without the general and boilerplate objections.

**KRISTENSEN LAW GROUP**    **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

September 3, 2025

**2** | P a g e

During the meet and confer on August 22, 2025, the Defendants indicated they are going to keep the objections. Please let us know. We will be seeking to overrule those objections.

Interrogatory No. 2 seeks the identification of specific people who were involved with Metacard and/or Bored Jerky. These are Defendants' employees or agents. The prior meet and confer correspondence said the following.

## INTERROGATORY NO. 2:

Please identify each individual and, if known, the address, the email address and telephone number of every person who was involved with the inception/development/marketing/sales/information technology for Metacard and/or Bored Jerky, including a short summary of their role.

## DEFECTIVE RESPONSE INTERROGATORY NO. 2:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory as duplicative of Interrogatory No. 1. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant refers to its response to Interrogatory No. 1 above.

## BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

The interrogatory seeks the identification of witnesses with relevant information to the claims in the case. It seeks the identification of all witnesses, not just the ones you want to testify. Also, we need addresses for non directors.

Lastly, what attorney client privilege magic conjures up the refusal to identify witnesses? We are all ears to figure that out.

## FURTHER REASONS WHY THE RESPONSE IS DEFECTIVE

The request for witnesses is clearly within the scope of discovery. The interrogatory sought the names of all individuals who were involved with Metacard and/or Bored Jerky, and a short summary of their role.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

**KRISTENSEN LAW GROUP**    SANTA BARBARA  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    BOSTON  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law

September 3, 2025

**3** | P a g e

Fed.R.Civ.P. 26(a)(1) (requiring production of the name, address, and telephone number of individuals likely to have discoverable information relevant to the disputed facts of a case); Fed.R.Civ.P. 26(b)(1) ("the scope of discovery [includes] ... the identity and location of persons who know of any discoverable matter"); *see also Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996) (requiring disclosure of the addresses and telephone numbers of defendant's employees, and noting that defendant's concern that plaintiff would contact the employees outside of defendant's presence was not "cause to unilaterally disregard its duties of disclosure under Rule 26(a)").

"Central to the discovery process is the identification of potential witnesses." *Puerto v. Sup. Ct.*, 158 Cal.App.4th 1242, 1249 (2008). The *Puerto* Court succinctly explained the request for the identity of witness as "[t]his is basic civil discovery." Id. at 1254.

There was no declaration supporting your boilerplate objections that this request was overly broad, unduly burdensome or not proportional. Plaintiffs are seeking at least $23M for fraud. The identity of Defendants employees is not a large burden. This is basic civil discovery. "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis*, 276 F.R.D. at 352; *accord Algee v. Nordstrom Inc.*, 2012 WL 1575314, at *4 (N.D. Cal. May 3, 2012); *Sandres v. Corr. Corp. of Am.*, 2011 WL 475068, at *4 (E.D. Cal. Feb. 4, 2011) ("[P]roviding residential telephone numbers and addresses for percipient witnesses is 'ordinary' and 'routine' and does not constitute a serious invasion of privacy rights.")

As I explained, this is standard discovery. You do not get to just name relevant witnesses that you want, but need to identify the people with information that we would like to know about. The parties have a dispute. <span style="color:red">Defendants need to waive all responses and provide further responses, without objections. Also, we need the addresses and contact information for all non-directors.</span>

## INTERROGATORY NO. 3:

Please identify each purchaser of a Metacard, NFT and, if known, their address, the email address and telephone number.

## DEFECTIVE RESPONSE INTERROGATORY NO. 3:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it seeks information outside of its possession, custody, or control. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory to the extent it seeks to require it to disclose information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds that it does not have the necessary knowledge or information to identify the identity of each Metacard purchaser or their contact information. Metacard purchases were conducted through cryptocurrency wallets.

## BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE

The general objections are non-sense. Also, if you have any information, they need to be produced.

**KRISTENSEN LAW GROUP**   **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts   **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109  **T** 617 913 0363

**kristensen.law | massachusettsinjury.law**

September 3, 2025

**4 |** P a g e



## FURTHER REASONS WHY THE RESPONSE IS DEFECTIVE

We are requesting the contact information of the putative class members, if you have them. If you do not, we are requesting the wallet information, as we can use that to contact the putative class members.

All grounds for objection to an interrogatory must be stated "with specificity." FRCP 33(b)(4). Where an interrogatory is overbroad, the responding party should answer whatever part of the question is proper, object to the balance and provide some meaningful explanation of the basis for the objection. *Mitchell v. National R.R. Passenger Corp.*, 208 FRD 455, 458, fn. 4 (D DC 2002). There was no specificity or declarations.

Discovery of putative class members is routinely provided. Generally, the Ninth Circuit has favored "allowing class contact discovery unless it is apparent that [p]laintiff cannot maintain the action on behalf of the class. *Goundar v. Redfin Corp.*, 2014 WL 12524649, at *2 (C.D. Cal. July 21, 2014). Indeed, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole*, 571 F.3d at 942 (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)) (internal quotations omitted). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313 (citations omitted); *see also Faraji v. Target Corp.*, 2017 WL 8292781 (C.D. Cal. April 28, 2017).

If you are aware of certain putative class members (maybe they showed up at an event, or contacted you), then we are entitled to that information. If you only have the wallet address, please provide that. Each wallet address is uniquely identified and linked to an email address and bank account, ensuring that, like an email address, it is specific to a particular user. *CipherBlade, LLC v. CipherBlade, LLC*, 2024 WL 69164 (D. Alaska Jan. 5, 2024) (permitting service of summons via NFT and blockchain to digital wallets.). If it is good for jurisdictional purposes, it is good for us.

Further, notice has been approved to similar claims. See *DraftKings*

## INTERROGATORY NO. 7:

State the total amount of money or cryptocurrency raised from the sale of Metacard NFTs and provide a detailed breakdown of how those funds were used or distributed. In your answer, include:(a) the total number of NFTs sold and the revenue received (in USD or ETH, specifying the conversion if needed), and (b) for each major category of expenditure or distribution, the amount and purpose.

## DEFECTIVE RESPONSE INTERROGATORY NO. 7:

Defendant incorporates herein the General Objections stated above. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Interrogatory on the grounds that it seeks sensitive personal information and violates applicable privacy rights. Defendant further objects to this Interrogatory to the extent that the requested information is in the public domain and therefore equally accessible to Plaintiff. Defendant further objects to this Interrogatory to the extent it seeks

**KRISTENSEN LAW GROUP**    **SANTA BARBARA** 120 Santa Barbara St., Suite C9 | Santa Barbara, CA 93101 **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON** 53 State Street, Suite 500 | Boston, MA 02109 **T** 617 913 0363

kristensen.law | massachusettsinjury.law

September 3, 2025

**5** | P a g e

to require it to disclose information subject to the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:

On January 19, 2022, ten thousand (10,000) Metacard NFTs were sold at the price of approximately .75 Ethereum ("ETH") per Metacard (the "Metacard Sale"). Defendants raised approximately 7,400 ETH from the sale. Based on the price of ETH at the time of the Metacard Sale, this converted to approximately $23 million ($23,000,000) U.S. dollars ("USD").

Of the funds received from the Metacard Sale, most went to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid for events and benefits for Metacard holders. Another portion of the funds went toward compensating individuals who were involved in the operations and/or marketing of Metacard. Finally, another portion of the funds went toward other expenses, such as marketing expenses, server costs, and the domain purchase.

**BRIEF REASONS WHY THE RESPONSE IS DEFECTIVE**

The objections are wholly improper. Attorney client privilege? The objections got to go, and you need to spell out the expenditures in dollar amounts, just like you did for the amount raised.

**FURTHER REASONS WHY THE RESPONSE IS DEFECTIVE**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

We are not seeking that much information. It should be readily available and not difficult to allocate. Plaintiff is not seeking the exact dollar amount at this time. Defendants indicated in their response where the $23 million went:

Of the funds received from the Metacard Sale, most went to the Nelk corporate entities (Nelk USA, Inc. and Metacard, LLC), which paid for events and benefits for Metacard holders. Another portion of the funds went toward compensating individuals who were involved in the operations and/or marketing of Metacard. Finally, another portion of the funds went toward other expenses, such as marketing expenses, server costs, and the domain purchase.

It appears there are four areas where the $23 million went: (1) most went to corporate entities; (2) for events and benefits for Metacard holders; (3) toward compensating individuals who were involved in the operations and/or marketing of Metacard; (4) other expenses, such as marketing expenses, server costs, and the domain purchase.

If most went to Nelk corporate entities, which ones, and how much? Also, where did the rest go?

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  |  massachusettsinjury.law

September 3, 2025
**6** | P a g e

Secondarily, what events and benefits for Metacard holders occurred, and how much?

Third, which individual were compensated for "operations and/or marketing" and how much?

Fourth, how much for other expenses, such as marketing expenses, server cowsts and the domain purchase.

### L.R. 37-1 MEETING WITHIN 10 DAYS

We look forward to our meeting on September 9 and seeking to narrow these issues. We intend to diligently prosecute this case.

Regards,

John P. Kristensen

cc:      Jarrett Ellzey (via email only)
          Josh Sanders (via email only)
          Tommy Kherker (via email only)
          Leigh Montgomery (via email only)

**KRISTENSEN LAW GROUP**    **SANTA BARBARA**  120 Santa Barbara St., Suite C9 I Santa Barbara, CA 93101  **T** 805 837 2000
Licensed in California & Massachusetts    **BOSTON**  53 State Street, Suite 500 I Boston, MA 02109  **T** 617 913 0363

kristensen.law  I  massachusettsinjury.law

# EXHIBIT 7

COOLEY LLP
WILLIAM K. PAO (252637)
(wpao@cooley.com)
ARIANA BUSTOS (345918)
(abustos@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone:   (213) 561-3250
Facsimile:   (213) 561-3244

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
RONA S. LI (*pro hac vice*)
(rproper@cooley.com)
KATHERINE BECHTEL (*pro hac vice*)
(kbechtel@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:   (212) 479-6000
Facsimile:   (212) 479-6275

LUKE C. CADIGAN (*pro hac vice*)
(lcadigan@cooley.com)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone:   (617) 937-2300
Facsimile:   (617) 937-2400

*Attorneys for Defendants John Shahidi, Nelk, Inc.,*
*Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| TRENTON SMITH and MICHAEL BURROW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN SHAHIDI, NELK, INC., METACARD, LLC, NELK USA, INC., and KYLE FORGEARD<br><br>Defendants. | Case No. 8:25-cv-161-FWS-DFM<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER** |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

1. **INTRODUCTION**

This Stipulated Protective Order shall govern the action entitled *Smith v. Shahidi*, Case No. 8:25-cv-00161-FWS-DFM, the ("Action"), filed by Plaintiffs Trenton Smith and Michael Burrow (collectively, "Plaintiffs") against Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard (collectively, "Defendants") (jointly, the "Parties").

A. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. **GOOD CAUSE STATEMENT**

The Parties believe this case may involve documents, materials, or information that needs special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. It may involve confidential and proprietary materials and information consisting of, among other things, the Defendants' confidential business or financial information, information regarding confidential business practices, or other commercial information (including information implicating privacy rights of third parties) that is generally unavailable

to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Finally, it may involve inadvertent production of information subject to the attorney-client privilege, attorney work product doctrine, or other similar evidentiary privileges and protections.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things belonging to a Designating Party who believes in good faith that the disclosure of such information to another Party or Non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Prior to final disposition of this litigation, the provisions of this Stipulated Protective Order may be modified (including, without limitation, with respect to particular information) at any time by stipulation of the parties and approval by order of the Court, or upon motion by a party for good cause shown.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

**Commented [1]:** We need to hold copies of our files for 5 years per CA ethics

**Commented [2R1]:** That shouldn't have any effect on this section of the PO.

**Commented [JK3R1]:** This is correct. Section is good. JPK

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting

Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does

not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days~~14 days~~ of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rules 37 and 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each

**Commented [4]:** Same as LR 37

**Commented [5R4]:** Ok

**Commented [6]:** Time frame needs to be consistent with LR 37

**Commented [7R6]:** This is not inconsistent with LR 37's requirement for the parties to confer within 10 days of the date of service of the challenge notice.

**Commented [JK8R6]:** Rona fill in number of days

challenged designation. ~~In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.~~

**Commented [9]:** Designating Party has the Burden and must file

**Commented [JK10R9]:** JPK to send draft language re IDC brief letter format.

**Commented [JK11R9]:** This language is fine.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass, to impose unnecessary expenses and burdens on other parties, or to attempt to make documents available in another proceeding) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, and the jury;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any

information or item designated "HIGHLY CONFIDENTIAL" may be disclosed only to:

(a) the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel, and the jury;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-

1 Party, if requested.

2      (c) If the Non-Party fails to seek a protective order from this court within 14
3 days of receiving the notice and accompanying information, the Receiving Party may
4 produce the Non-Party's confidential information responsive to the discovery
5 request. If the Non-Party timely seeks a protective order, the Receiving Party will not
6 produce any information in its possession or control that is subject to the
7 confidentiality agreement with the Non-Party before a determination by the court.
8 Absent a court order to the contrary, the Non-Party will bear the burden and expense
9 of seeking protection in this court of its Protected Material.

10 **10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
12 Protected Material to any person or in any circumstance not authorized under this
13 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
14 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
15 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
16 persons to whom unauthorized disclosures were made of all the terms of this Order,
17 and (d) request such person or persons to execute the "Acknowledgment and
18 Agreement to Be Bound" that is attached hereto as Exhibit A.

19 **11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
20      **PROTECTED MATERIAL**

21      When a Producing Party gives notice to Receiving Parties that certain
22 inadvertently produced material is subject to a claim of privilege or other protection,
23 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
24 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
25 may be established in an e-discovery order that provides for production without prior
26 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
27 parties reach an agreement on the effect of disclosure of a communication or
28 information covered by the attorney-client privilege or work product protection, the

1  parties may incorporate their agreement in the stipulated protective order submitted
2  to the court.

3  **12.   MISCELLANEOUS**

4      12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
5  person to seek its modification by the Court in the future.

6      12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to
8  disclosing or producing any information or item on any ground not addressed in this
9  Stipulated Protective Order. Similarly, no Party waives any right to object on any
10  ground to use in evidence of any of the material covered by this Protective Order.

11      12.3 <u>Filing Protected Material</u>. Without written permission from the
12  Designating Party or a court order secured after appropriate notice to all interested
13  persons, a Party may not file in the public record in this Action any Protected
14  Material. A Party that seeks to file under seal any Protected Material must comply
15  with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant
16  to a court order authorizing the sealing of the specific Protected Material at issue.
17  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request
18  establishing that the Protected Material at issue is privileged, protectable as a trade
19  secret, or otherwise entitled to protection under the law. If a Receiving Party's request
20  to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by
21  the court, then the Receiving Party may file the information in the public record
22  pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

23  **13.   FINAL DISPOSITION**

24      After the final disposition of this Action, as defined in paragraph 4, within 60
25  days of a written request by the Designating Party, each Receiving Party must return
26  all Protected Material to the Producing Party or destroy such material. Designating
27  Party's counsel agrees to maintain records for five years after the written request. As
28  used in this subdivision, "all Protected Material" includes all copies, abstracts,

Cooley LLP
Attorneys at Law
Los Angeles (Downtown)

14

**Commented [12]:** See prior point re 5 years

**Commented [13R12]:** I believe the ethical rules to which you're referring pertain to documents from an attorney's client, not documents produced by opposing counsel in litigation.

**Commented [JK14R12]:** JPK to send draft language for Cooley to maintain.

**Commented [JK15R12]:** Opinion No. 475 (1994) of the Los Angeles County Bar Association, Professional Responsibility and Ethics Committee, recommends a minimum retention period of five years past the date the matter was closed for attorneys' client files. The five-year period is drawn by analogy to rule 4-100(B)(3), Rules of Professional Conduct, requiring that attorneys preserve for five years records and accountings of funds, securities, and other properties of clients coming into their possession.

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any willful violation of the Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Pursuant to Local Rule 5-4.3.4, the filer of this document confirms that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:                    COOLEY LLP

                          */s/ DRAFT*
                          _____
                          BRIAN M. FRENCH (*pro hac vice*)
                          (bfrench@cooley.com)
                          RONA S. LI (*pro hac vice*)
                          (rproper@cooley.com)
                          KATHERINE BECHTEL (*pro hac vice*)
                          (kbechtel@cooley.com)
                          55 Hudson Yards
                          New York, NY 10001-2157
                          Telephone: (212) 479-6000
                          Facsimile: (212) 479-6275

                          WILLIAM K. PAO (252637)
                          (wpao@cooley.com)
                          ARIANA BUSTOS (345918)
                          (abustos@cooley.com)
                          355 S. Grand Avenue, Suite 900
                          Los Angeles, CA 90071-1560
                          Telephone:  (213) 561-3250
                          Facsimile:  (213) 561-3244

                          LUKE C. CADIGAN (*pro hac vice*)
                          (lcadigan@cooley.com)
                          500 Boylston Street, 14th Floor
                          Boston, MA 02116-3736
                          Telephone: (617) 937-2300
                          Facsimile: (617) 937-2400

                          *Attorneys for Defendants John Shahidi, Nelk,
                          Inc., Metacard, LLC, Nelk USA, Inc., and
                          Kyle Forgeard*

Dated:                    KRISTENSEN LAW GROUP & EKSM, LLP

                          */s/ DRAFT*
                          _____
                          John P. Kristensen (224132)
                          (john@kristensen.law)
                          120 Santa Barbara Street, Suite C9
                          Santa Barbara, CA 93101
                          Telephone: (805) 837-2000
                          *Attorneys for Plaintiffs Trenton Smith and
                          Michael Burrows*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [**date**] in the case of *Smith v. Shahidi*, Case No. 8:25-cv-00161-FWS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where signed: _____

Printed Name:_____

Signature:_____

# EXHIBIT 8

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: SACV 25-00161-FWS (DFMx)　　　　　　　　Date: May 29, 2025
Title: Trenton Smith et al v. John Shahidi et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

　Rolls Royce Paschal　　　　　　　　　　　　　　　Not Reported
　　Deputy Clerk　　　　　　　　　　　　　　　　　Court Reporter

Attorneys Present for Plaintiff:　　　　　　Attorneys Present for Defendant:

　　Not Present　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　SCHEDULING ORDER**

　　The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), **VACATES** the Scheduling Conference set for June 12, 2025, and sets the following schedule:

| | |
|---|---|
| Check one: [ X ] Jury Trial  or  [ ] Bench Trial **[Tuesday at 8:00 a.m.]** | **11/17/2026** |
| Parties' *Estimated* Trial Length | **4 days** |
| Pretrial Conference & Hearing on Motions in Limine **[Thursday at 8:30 a.m.]** | **10/29/2026** |
| Last Date to Hear Motion to Amend Pleadings /Add Parties **[Thursday]** | |
| Non-Expert Discovery Cut-Off **(no later than deadline for filing dispositive motions)** | **4/29/2026** |
| Expert Disclosure (Initial) | **5/14/2026** |
| Expert Disclosure (Rebuttal) | **5/28/2026** |
| Expert Discovery Cut-Off | **6/11/2026** |
| Last Date to **Hear** Motions **[Thursday]**<br> • Motion for Summary Judgment due at least 6 weeks before hearing<br> • All other motions due at least 4 weeks before hearing<br> • Opposition due 2 weeks after Motion is filed<br> • Reply due 1 week after Opposition is filed | **8/6/2026** |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>　　[ X ] 1. Magistrate Judge<br>　　[ ] 2. Court's Mediation Panel<br>　　[ ] 3. Private Mediation | **8/20/2026** |

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 25-00161-FWS (DFMx)                    Date: May 29, 2025

Title: Trenton Smith et al v. John Shahidi et al

| | |
|---|---|
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• Memoranda of Contentions of Fact & Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact & Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only | **10/8/2026** |
| **Trial Filings (second round**)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | **10/15/2026** |

**cc: ADR**                                   Initials of Deputy Clerk:  rrp

# EXHIBIT 9

**NOTE: CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENTON SMITH and MICHAEL BURROW, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:25-cv-00161-FWS-DFM |
| Plaintiffs, | **ORDER RE REQUEST FOR CLARIFICATION OF COURT ORDER [66]** |
| v. | **CLASS ACTION** |
| JOHN SHAHIDI, NELK, INC., METACARD, LLC, NELK USA, INC., and KYLE FORGEARD, | |
| Defendants. | |

///

///

///

Having reviewed and considered the Request for Clarification of Court Order [66], the court **ORDERS** the court's May 30, 2025, Operative Scheduling Order [65], **MODIFIED** to read as follows (with changes indicated by italics):[1]

| EVENT | DATE |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial<br>**Tuesday at 8:00 a.m.** | **First Day:**<br>**11/17/2026** |
| Parties' Estimated Trial Length | **4 days** |
| Final Pretrial Conference & Hearing on Motions in Limine<br>**Thursday at 8:30 a.m.** | 10/29/2026 |
| Last Date to Hear Motion to Amend Pleadings /Add Parties<br>**Thursday** | |
| Last Date to File Motion for Class Certification | 10/2/2025 |
| Last Date to File Opposition to Motion for Class Certification | *11/13/2025* |
| Last Date to File Reply in Support of Motion for Class Certification | *12/11/2025* |
| Last Date to Schedule In-Person Hearing on Motion for Class Certification<br>**Thursday at 10:00 a.m.** | 1/22/2026 |
| Non-Expert Discovery Cut-Off | 4/29/2026 |
| Expert Disclosure (Initial) | 5/14/2026 |
| Expert Disclosure (Rebuttal) | 5/28/2026 |
| Expert Discovery Cut-Off | 6/11/2026 |
| Last Date to **Hear** Motions<br>**Thursday at 10:00 a.m.**<br>• Motion for Summary Judgment (due at least 6 weeks before hearing)<br>• All other motions (due at least 4 weeks before hearing)<br>• Opposition (due 2 weeks after Motion is filed)<br>• Reply (due 1 week after Opposition is filed) | 8/6/2026 |

---

[1] This Order is now the Operative Scheduling Order in this case. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").

| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[x] 1. Magistrate Judge (with Court approval)<br>[  ] 2. Court's Mediation Panel<br>[  ] 3. Private Mediation | **8/20/2026** |
|---|---|
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• Daubert Motions with Proposed Orders[2]<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52]<br>(bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Affirmative Deposition Designation(s) | **10/1/2026** |

///
///
///

---

[2] *Daubert* motions and oppositions to *Daubert* motions shall not exceed ten (10) pages in length.

| Trial Filings (second round) | 10/8/2026 |
|---|---|
| • Oppositions to Motions in Limine<br>• Oppositions to Daubert Motions[3]<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• Objections and Counter Deposition Designation(s) | |
| • Objections to Counter Designation(s) and Counter-Counter Deposition Designation(s) | 10/15/2026 |

**IT IS SO ORDERED**.

Dated:  June 13, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

CC: ADR

---

[3] Pursuant to this court's order on pretrial and trial procedures, the parties shall not file replies to the motions in limine.  (*See* Dkt. 64 at 4 ("Unless the court determines otherwise, counsel shall not file any replies.").)  In addition, unless the court determines otherwise, the parties shall not file replies to any *Daubert* motions.