COOLEY LLP
WILLIAM K. PAO (252637)
(wpao@cooley.com)
ARIANA BUSTOS (345918)
(abustos@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
RONA S. LI (*pro hac vice*)
(rproper@cooley.com)
KATHERINE BECHTEL (*pro hac vice*)
(kbechtel@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

LUKE C. CADIGAN (*pro hac vice*)
(lcadigan@cooley.com)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| TRENTON SMITH and MICHAEL BURROW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN SHAHIDI, NELK, INC., METACARD, LLC, NELK USA, INC., and KYLE FORGEARD<br><br>Defendants. | Case No. 8:25-cv-161-FWS-DFM<br><br>**DECLARATION OF RONA S. LI IN SUPPORT OF DEFENDANTS' POSITIONS IN JOINT STIPULATION RE: PLAINTIFF'S DISCOVERY MOTION** |

I, Rona S. Li, hereby declare as follows:

1. I am an attorney at the law firm of Cooley LLP, counsel for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard (collectively, "Defendants") in this action. I submit this declaration in support of Defendants' positions in the Joint Stipulation regarding Plaintiff's discovery motion. I have personal knowledge of the facts set forth in this declaration and if called upon to testify, I could and would testify to such facts.

2. On May 22, 2025, I met and conferred with Plaintiff's counsel Leigh Montgomery. Ms. Montgomery proposed that initial disclosures be exchanged after resolution of Defendants' motion to dismiss, and I agreed. When Plaintiff's counsel John Kristensen later inquired about initial disclosures on July 8, 2025, I reminded him of my agreement with Ms. Montgomery to exchange initial disclosures after the motion to dismiss was decided.

3. On May 28, 2025, one week after Plaintiff filed his Amended Complaint in this action, Plaintiff's counsel filed a nearly identical complaint in California state court asserting the same allegations, on behalf of the same putative class, against the same Defendants, for the same alleged misconduct. *See Husary v. Shahidi*, No. 30-2025-01487294-CU-BT-CXC (Cal. Super. Ct. June 2, 2025). The only difference is a claim under California's Unfair Competition Law, which is premised on the alleged fraud and CLRA violations asserted in this action.

4. On July 25, 2025, I sent Plaintiff's counsel a draft protective order, and on July 28, Mr. Kristensen replied with his comments. On August 4, I sent Mr. Kristensen a further revised draft protective order responding to his comments. Mr. Kristensen did not respond to my email until nearly a month later.

5. On August 14, 2025, Mr. Kristensen sent a letter seeking a conference about certain Interrogatories.

6. On August 22, 2025, I met and conferred with Plaintiff's counsel regarding the issues raised in Mr. Kristensen's August 14 letter. I stated that

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

2

DECL. OF RONA S. LI ISO DEFENDANTS'
POSITIONS IN JOINT STIPULATION
8:25-CV-161-FWS-DFM

Defendants would supplement their Interrogatory responses as necessary. Specifically, with regard to Interrogatory Nos. 1 and 2, I stated that Defendants would remove privilege objections that were inadvertently included, and that Defendants were not withholding the names of any witnesses on the basis of privilege. With regard to Interrogatory No. 3 seeking the names and contact information of each Metacard purchaser, I explained that due to the anonymous nature of cryptocurrency transactions, Defendants did not possess such information but could provide the cryptocurrency wallet addresses corresponding to the January 19, 2022 Metacard sale. With regard to Interrogatory Nos. 7 and 8, I stated that Defendants would supplement their responses with additional detail when they were in a position to do so and reminded Plaintiff's counsel that discovery was in the early stages. I also asked Plaintiff's counsel if he could provide authorities supporting some of the positions taken in his August 14 letter, and I informed him that we would review any such authorities.

7. On August 22, 2025, after the parties' conference, Mr. Kristensen sent another letter seeking a conference about certain Requests for Production ("RFPs").

8. On August 25, 2025, Plaintiff's counsel noticed a deposition of Drew Hill for September 24.

9. On September 1, 2025 (Labor Day), the evening before the parties' scheduled discovery conference, Mr. Kristensen sent a follow-up to his August 22 letter raising new issues and providing new authorities that were not contained in the August 22 letter. Mr. Kristensen also sent comments on the draft protective order that I had emailed him on August 4.

10. On September 2, 2025, I met and conferred with Plaintiff's counsel regarding the issues raised in Mr. Kristensen's August 22 letter. I informed Plaintiff's counsel that I was not prepared to substantively discuss the new issues and points raised in the letter that Mr. Kristensen had sent the night before our conference, but that we could schedule another conference to discuss those issues and points. With

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

3

DECL. OF RONA S. LI ISO DEFENDANTS'
POSITIONS IN JOINT STIPULATION
8:25-CV-161-FWS-DFM

regard to the issues raised in Mr. Kristensen's August 22 letter, I stated that those issues were prematurely raised because Defendants had agreed to produce responsive, non-privileged documents in response to most of the RFPs at issue as well as a privilege log, but discovery was still in the early stages. With regard to RFP No. 1, I stated that we would ask Defendants whether there was a responsive insurance policy. With regard to RFPs 29 through 55 broadly seeking all documents "regarding the Metacard NFT Project and/or Bored Jerky" from various individuals, I stated that those RFPs were overly broad, targeted certain individuals who had no involvement with Metacard or Bored Jerky, and targeted certain other individuals who are outside of Defendants' control. I further stated that, as set forth in Defendants' responses to RFPs 29 through 55, Defendants would produce any responsive documents within the scope of production in response to Plaintiff's other RFPs. I also informed Plaintiff's counsel that Mr. Hill was not available on September 24. Plaintiff's counsel agreed that Mr. Hill could be deposed on a later date if the parties agreed to continue the class certification deadline.

11. On September 3, 2025, Mr. Kristensen sent another letter seeking a conference about Interrogatory Nos. 2, 3, and 7. Mr. Kristensen's letter set forth Plaintiff's position, for the first time, that the information sought in Interrogatory No. 3 was for class certification purposes. On September 5, 2025, I spoke with Mr. Kristensen over the phone regarding the deposition of Mr. Hill and asked what discovery he sought for Plaintiff's class certification motion. Mr. Kristensen did not articulate what discovery he believed was necessary for class certification.

12. On September 9, 2025, I met and conferred with Plaintiff's counsel regarding the issues raised in Mr. Kristensen's letters of August 14, August 22, September 1, and September 3. Both during the conference and in a follow-up email sent the same day, I asked Plaintiff's counsel to identify the discovery they thought was necessary for their class certification motion so we could frontload that discovery and provide it in advance of the motion deadline. I also reminded Plaintiff's counsel

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

4

DECL. OF RONA S. LI ISO DEFENDANTS'
POSITIONS IN JOINT STIPULATION
8:25-CV-161-FWS-DFM

that the parties should be focusing on class certification at this stage in the case, consistent with the Court-ordered case schedule and Ninth Circuit authority. Plaintiff's counsel did not identify any discovery necessary for class certification beyond Interrogatory No. 3. I informed Plaintiff's counsel that we would serve a supplemental response to Interrogatory No. 3 by the end of the month in advance of the class certification motion deadline.

13. With regard to RFP No. 1, I informed Plaintiff's counsel that we had conferred with our client and determined that there are no insurance policies responsive to RFP No. 1.

14. With regard to the other issues raised in Mr. Kristensen's letters, I reiterated that those issues were prematurely raised because discovery was at an early stage, the parties agreed to not exchange initial disclosures until after resolution of the motion to dismiss, a protective order had not been finalized, and the fact discovery deadline was not until the end of April 2026 (which the parties have now agreed to continue until June 10, 2026). I also reiterated that Defendants had agreed to produce non-privileged documents responsive to RFPs 2-28 (with the exception of RFP 25, which Plaintiff's counsel agreed to drop), as well as to RFPs 29-54 to the extent those documents are within the scope of Defendants' production in response to the other RFPs. Additionally, with regards to RFPs 31-55, I stated that Defendants' initial disclosures would clarify which individuals were relevant witnesses and which individual were Defendants' agents. I further stated that the parties could address Plaintiff's concerns about the scope of production through the process of negotiating custodians and search parameters, and that if Plaintiff believed there were any deficiencies after reviewing Defendants' production, the parties could discuss those issues at that time.

15. On the issue of Defendants' General Objections to the Interrogatories and RFPs, I stated that we could address any concerns about which documents would be produced versus withheld when the parties negotiated the parameters of discovery,

such as custodians and search terms. I also stated that Defendants would supplement their response and/or provide a declaration if necessary to specify which documents were being withheld and the basis for withholding such documents, and that Defendants would produce a privilege log associated with their document productions.

16. With regard to Interrogatory No. 2, I reiterated that Defendants would supplement their response to identify additional individuals if necessary as discovery proceeds. I also stated that Defendants would identify individuals likely to have discoverable information relevant to the litigation in their initial disclosures as required by Federal Rule of Civil Procedure 26(a), and reminded Plaintiff's counsel that the parties had agreed to hold off on exchanging initial disclosures until after resolution of the motion to dismiss. With regard to Interrogatory Nos. 7 and 8, I reiterated that Defendants would supplement their responses with additional detail when they were in a position to do so and reminded Plaintiff's counsel that discovery was in the early stages.

17. Finally, I informed Plaintiff's counsel that we would not agree to his proposed term in the protective order requiring Defendants' counsel to retain our clients' documents for five years following final resolution of this action. I stated that the law imposed no such obligation, and that each party could manage its own client document retention decisions. I also informed Plaintiff's counsel that I would send our comments on the draft protective order later that day. Plaintiff's counsel asked me to discuss the proposed document retention provision with my team one more time before making a final decision on that provision, and I agreed.

18. On September 16, 2025, Judge Slaughter dismissed the AC without prejudice and granted Plaintiff leave to file an amended pleading by October 7, 2025. Dkt. No. 74.

19. On September 17, 2025, I conferred with Mr. Kristensen, who stated that Plaintiff intends to file an amended pleading. Mr. Kristensen also confirmed his

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

6

DECL. OF RONA S. LI ISO DEFENDANTS'
POSITIONS IN JOINT STIPULATION
8:25-CV-161-FWS-DFM

prior agreement to continue the case schedule and to postpone Plaintiff's deposition of Drew Hill noticed for September 24 to a later date.

20. On September 22, 2025, Plaintiff filed the parties' joint stipulation to continue the case schedule. Dkt. No. 76. Under the continued case schedule, class certification briefing will conclude on January 22, 2026, and the fact discovery cut-off will be June 10, 2026. *Id*. A true and correct copy of the proposed order setting forth the continued case schedule is attached hereto as **Exhibit A**.

21. On September 22, 2025, Defendants' counsel served a supplemental response to Interrogatory No. 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of September 2025.

By: */s/ Rona S. Li*
Rona S. Li

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

7

DECL. OF RONA S. LI ISO DEFENDANTS'
POSITIONS IN JOINT STIPULATION
8:25-CV-161-FWS-DFM

# EXHIBIT A

John P. Kristensen (SBN 224132)
**KRISTENSEN LAW GROUP**
120 Santa Barbara Street, Suite C9
Santa Barbara, California 93101
Telephone: (805) 837-2000
john@kristensen.law

Jarrett L. Ellzey* (Texas Bar No. 24040864)
Leigh S. Montgomery* (Texas Bar No. 24052214)
Tommy Kherkher* (Texas Bar No. 24113389)
Josh Sanders * (Arkansas Bar No. 2001037)
**EKSM, LLP**
4200 Montrose Blvd., Ste. 200
Houston, Texas 77006
Phone: (888) 350-3931

*Attorneys for Plaintiff and the Putative Class*
(* denotes *pro hac vice*)

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| TRENTON SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN SHAHIDI, an individual; NELK, INC. dba NELK, FULL SEND, a Canadian Company, METACARD, LLC, a Delaware Limited Liability Company; NELK USA, INC., a Delaware Corporation; KYLE FORGEARD, an individual,<br><br>Defendants. | Case No. 8:25-cv-00161-FWS-DFM<br><br>**[PROPOSED] ORDER GRANTING JOINT STIPULATION TO CONTINUE CASE SCHEDULE FOR GOOD CAUSE**<br><br>[Filed concurrently with the Joint Stipulation to Continue Case Schedule for Good Cause and Declaration of John P. Kristensen]<br><br>Complaint Filed: January 29, 2025 |

**[PROPOSED] ORDER GRANTING JOINT STIPULATION TO CONTINUE CASE SCHEDULE FOR GOOD CAUSE**

- 1 -

# [PROPOSED] ORDER

Having considered the Parties' Joint Stipulation to Continue the Case Schedule for Good Cause and the supporting Declaration of John P. Kristensen, and good cause appearing, the Court **ORDERS** the June 13, 2025 Operative Schedule Order [67] **MODIFIED** to read as follows:

| EVENT | DATE |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial<br>**Tuesday at 8:00 a.m.** | **First Day:<br>1/12/2027** |
| Parties' Estimated Trial Length | **4 days** |
| Final Pretrial Conference & Hearing on Motions in Limine<br>**Thursday at 8:30 a.m.** | 12/10/2026 |
| Last Date to Hear Motion to Amend Pleadings /Add Parties<br>**Thursday** | |
| Last Date to File Motion for Class Certification | 11/13/2025 |
| Last Date to File Opposition to Motion for Class Certification | 12/26/2025 |
| Last Date to File Reply in Support of Motion for Class Certification | 1/22/2026 |
| Last Date to Schedule In-Person Hearing on Motion for Class Certification<br>**Thursday at 10:00 a.m.** | 3/5/2026 |
| Non-Expert Discovery Cut-Off | 6/10/2026 |
| Expert Disclosure (Initial) | 6/25/2026 |
| Expert Disclosure (Rebuttal) | 7/9/2026 |
| Expert Discovery Cut-Off | 7/23/2026 |
| Last Date to **Hear** Motions<br>**Thursday at 10:00 a.m.**<br>• Motion for Summary Judgment (due at least 6 weeks before hearing)<br>• All other motions (due at least 4 weeks before hearing)<br>• Opposition (due 2 weeks after Motion is filed)<br>• Reply (due 1 week after Opposition is filed) | 9/17/2026 |

| EVENT | DATE |
|---|---|
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[x] 1. Magistrate Judge (with Court approval) [ ] 2. Court's Mediation Panel<br>[ ] 3. Private Mediation | 10/1/2026 |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• Daubert Motions with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>Affirmative Deposition Designation(s) | 11/12/2026 |

**IT IS SO ORDERED.**

Dated: September ___, 2025

_____
HON. FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE