John P. Kristensen (SBN 224132)
**KRISTENSEN LAW GROUP**
120 Santa Barbara St., Suite C9
Santa Barbara, California 93101
Telephone: (805) 837-2000
*john@kristensen.law*

Jarrett L. Ellzey (*Pro Hac Vice*)
Leigh S. Montgomery (*Pro Hac Vice*)
Tommy Kherkher (*Pro Hac Vice*)
Josh Sanford (*Pro Hac Vice*)
**EKSM, LLP**
1105 Milford Street
Houston, Texas 77006
Telephone: (888) 350-3931

*Attorneys for Plaintiff and the Putative Class*

# THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRENTON SMITH, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>  vs.<br><br>JOHN SHAHIDI, an individual; NELK, INC. dba NELK, FULL SEND, a Canadian Company, METACARD, LLC, a Delaware Limited Liability Company; NELK USA, INC., a Delaware Corporation; KYLE FORGEARD, an individual.<br><br>  Defendants. | Case No.: 8:25-cv-161-FWS-DFM<br><br>**[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]**<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>Hearing Date: Oct. 14, 2025<br>Time:    10:00 a.m.<br><br>Discovery Cut Off: April 9, 2026<br>Pretrial Conference: Oct. 29, 2026<br>Trial Date: Nov. 17, 2026 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**
- 1 -

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Trenton Smith ("Plaintiff" or "Smith") hereby submits the following Supplemental Memorandum in Support of Plaintiff's Motion to Compel Further Responses to Discovery and the Protective Order pursuant to Local Rule 37-2.3.

## I. INTRODUCTION

Defendant Nelk, Inc., Nelk USA, Inc., and Metacard, LLC's ("Defendants" or "Nelk") Opposition is based not on the merits, but instead on an effort to delay. In doing so, Defendants misrepresent Plaintiff's position and ignore the Scheduling Order (DE ) entered in this matter. The Court permitted Plaintiff leave to further plead scienter in this fraud case.

## II. PLAINTIFF NEVER AGREED THAT ONLY ONE ISSUE IN DISCOVERY WAS REQUESTED FOR CLASS CERTIFICATION

Defendants suggest that Plaintiff's agreed that only one issue was needed for their class certification motion. That is not true. That is why there is nothing in writing suggesting that position. Instead of indicating that each item was needed for class certification and also trial, Plaintiff simply pointed out in multiple correspondences why specific discovery was necessary. *See* Kristensen Decl., ¶¶ 2-9, Ex. 1-5.

## III. THE SCHEDULING ORDER IS CLEAR – DISCOVERY IS NOT PHASED

Defendants' argument about phasing discovery is misplaced. On May 19, 2025, the Court set a briefing schedule for challenges to the operative Complaint, but denied a stipulation to have the scheduling conference after the hearing on the motion to dismiss. *See* Dkt. 54, p. 3:10-13, Dkt. 56, p. 3:8:18.

In the subsequent Joint Rule 26(f) Report filed on May 25, 2025, the parties jointly stated:

> The parties do not believe discovery should be conducted in phases, other than in separatxing the fact discovery from expert discovery, as contemplated

by the Court's scheduling order and submission by the Parties in accordance therewith.

See Dkt. 61, p. 7:20-25.

The Court then set the Scheduling Order. *See* Dkt. 63.

Plaintiff's counsel's declaration to continue the October 2, 2025, class certification deadline stated the following:

> 3. The Parties have been diligently pursuing discovery and continue to meet and confer on issues relevant to class certification.
>
> 4. The Parties have engaged in written discovery, document production, and the identification and noticing the deposition of a director for Defendants, and attempts to schedule another witness, Judd Warshaw. Plaintiff served written discovery to Defendants (Interrogatories and Requests for Production) on or about July 7, 2025. Defendants served responses on August 6, 2025. Plaintiff sent correspondence seeking L.R. 37-1 conferences on August 14, 2025, August 22, 2025, September 1, 2025 and September 3, 2025. Three Zoom conferences occurred on August 22, 2025, September 2, 2025, and September 9, 2025.

See Dkt. 76.1, p. 2:12-21.

Discovery was never phased. Plaintiff never differentiated some discovery for phasing. Nothing in Plaintiff's communications state that Plaintiff only sought some discovery for class certification. Defendants have not produced any declarations that the discovery is unduly burdensome. They are simply seeking to cut Plaintiff's right to discovery off five months after they agreed not to phase discovery. "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." *Reece v. Basi*, No. 2:11-cv-2712 TLN AC P, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x. 685 (9th Cir. 2017) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

///

Plaintiff sought the following information, and it is all relevant towards class certification or at this point.

| Discovery Request | Aimed At Merits and Class Cert. |
|---|---|
| Sought the identification of witnesses (Rog 2) | Who was involved is basic discovery. |
| Putative Class Members (Rog 3) | Only item Defendants agreed to supplement. |
| Allocations of the Distribution by Defendants After Receiving $23M (Rog 7 and 8) | Common Scheme – Predominance. |
| Insurance Policies without Objections (DFP 1) | Rule 26 |
| Corporate structure and employee flowcharts of the entities, including corporate minutes about Metacard. (DFP 2, 24, and 27) | Common Scheme – Predominance. |
| Roles involved in the Metacard NFT project (DFP 3) | Who was involved is basic discovery. |
| Contracts related to the Metacard NFT project (DFP 4) | Common Scheme – Predominance. |
| Distribution of the $23 million (DFP 6) | Common Scheme – Predominance. |
| Financial and accounting documents, marketing, investment related documents, complaints and buyback programs, disclaimers and terms with purchasers of NFTs (DFP 7 to 23, 26, 28) | Common Scheme – Predominance. |

| | |
|---|---|
| Documents to or from specific individuals regarding the Metacard NFT project and the Bored Jerky Plan (DFP 29 to 54) | Common Scheme – Predominance. |

The responsive documents are relevant towards class certification and the merits. Almost any document or discovery request is in this fraud case. Precluding Plaintiff from discovery as premature when it can be used to show a common scheme materially prevents Plaintiff from certifying the class.

### IV. CONCLUSION

Defendants need to supplement their responses, withdraw the objections, and produce the responsive documents.

Respectfully Submitted,

Dated: September 30, 2025         **KRISTENSEN LAW GROUP**

/s/ *John P. Kristensen*
John P. Kristensen
***Attorney for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that on Tuesday, September 30, 2025, a true and correct copy of the attached **PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**, was served via CM/ECF to all participants of record, pursuant to Fed. R. Civ. P. 5:

/s/ *John P. Kristensen*
John P. Kristensen