1  COOLEY LLP
   WILLIAM K. PAO (252637)
2  (wpao@cooley.com)
   ARIANA BUSTOS (345918)
3  (abustos@cooley.com)
   355 S. Grand Avenue, Suite 900
4  Los Angeles, CA 90071-1560
   Telephone:   (213) 561-3250
5  Facsimile:    (213) 561-3244

6  BRIAN M. FRENCH (*pro hac vice*)
   (bfrench@cooley.com)
7  RONA S. LI (*pro hac vice*)
   (rproper@cooley.com)
8  KATHERINE BECHTEL (*pro hac vice*)
   (kbechtel@cooley.com)
9  55 Hudson Yards
   New York, NY 10001-2157
10 Telephone: (212) 479-6000
   Facsimile: (212) 479-6275

11
   LUKE C. CADIGAN (*pro hac vice*)
12 (lcadigan@cooley.com)
   500 Boylston Street, 14th Floor
13 Boston, MA 02116-3736
   Telephone: (617) 937-2300
14 Facsimile: (617) 937-2400

15 *Attorneys for Defendants John Shahidi, Nelk, Inc.,*
   *Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*
16

17              **UNITED STATES DISTRICT COURT**

18      **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

19

20 TRENTON SMITH, Individually and           Case No. 8:25-cv-161-FWS-DFM
   on Behalf of All Others Similarly
21 Situated,                                 **CLASS ACTION**

22                        Plaintiff,          **MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN
23        vs.                                SUPPORT OF DEFENDANTS'
                                             MOTION TO DISMISS SECOND
24 JOHN SHAHIDI, NELK, INC.,                 AMENDED COMPLAINT FOR
   METACARD, LLC, NELK USA, INC.,            DAMAGES**
25 and KYLE FORGEARD

26                        Defendants.         Courtroom: 10D
                                             Judge:    Hon. Fred W. Slaughter
27                                           Date:     November 20, 2025
                                             Time:     10:00 a.m.
28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION .................................................................................. 1

4    II.    BACKGROUND .................................................................................. 1

     III.    LEGAL STANDARDS ........................................................................ 3

5    IV.    ARGUMENT ....................................................................................... 5

6           A.    The SAC Still Fails To Allege Scienter Or Negligence As To
                  Any Challenged Statement .......................................................... 5

7           B.    The SAC Fails To Allege Falsity Or Reliance As To Any
                  Statement Made Between His First And Second Metacard

8                 Purchases .................................................................................... 6

9           C.    The CLRA And Civil Conspiracy Claims Still Fail For The
                  Same Reasons As Before ............................................................ 8

10          D.    Plaintiff's Claims Are Barred Because He Now Admits He
                  Knowingly Declined Defendants' Rescission Offer .................... 8

11          E.    The SAC Should Be Dismissed With Prejudice This Time ................ 9

12   V.    CONCLUSION ................................................................................. 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

- i -

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD FIRST AM. COMPL.
8:25-CV-161-FWS-DFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Apparel S'holder Litig.*,
   855 F. Supp. 2d 1043 (C.D. Cal. 2012)................................................................7

*ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA*,
   2023 WL 4155366 (C.D. Cal. May 26, 2023)..................................................4, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................3

*Bergeron v. Monex Deposit Co.*,
   2020 WL 3655495 (C.D. Cal. Apr. 29, 2020)....................................................4

*Bui v. Zuru LLC*,
   2024 WL 5680719 (C.D. Cal. Aug. 8, 2024) .....................................................9

*Chinatown Neighborhood Ass'n v. Harris*,
   794 F.3d 1136 (9th Cir. 2015) ...........................................................................10

*Coast Surgery Ctr. v. United Healthcare Ins.*,
   2024 WL 650174 (C.D. Cal. Jan. 5, 2024).........................................................4

*Coleman-Anacleto v. Samsung Elecs. Am.*,
   2017 WL 86033 (N.D. Cal. Jan. 10, 2017) ........................................................4

*Evanston Ins. v. Frederick*,
   2024 WL 5261203 (C.D. Cal. Nov. 19, 2024) (Slaughter, J.) ..........................10

*Fischer v. Comfrt LLC*,
   2025 WL 1827769 (C.D. Cal. June 30, 2025)....................................................9

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
   689 F. Supp. 3d 760 (C.D. Cal. 2023)................................................................9

*Golden W. Wings LLC v. ShiftPixy*,
   2023 WL 6787815 (C.D. Cal. Sep. 11, 2023) (Slaughter, J.) ............................3

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

- ii -

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD FIRST AM. COMPL.
8:25-CV-161-FWS-DFM

**TABLE OF AUTHORITIES**
**continued**

Page(s)

*Harris v. PFI W. Stores*,
    2020 WL 3965022 (C.D. Cal. Apr. 9, 2020)......................................................9

*Hernandez v. Nissan N. Am.*,
    2023 WL 3806377 (C.D. Cal. Mar. 29, 2023) .................................................7

*Indigo Grp. USA v. Polo Ralph Lauren Corp.*,
    2011 WL 13128301 (C.D. Cal. Oct. 25, 2011) ...............................................7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009).....................................................................3, 7

*Khoja v. Orexigen Therapeutics*,
    899 F.3d 988 (9th Cir. 2018)..........................................................................3

*Liberty City Movie v. U.S. Bank, N.A.*,
    824 F. App'x 505 (9th Cir. 2020)....................................................................4

*Lolicel (Pty) Ltd. v. Stanmar Int'l [USA]*,
    2023 WL 3134599 (S.D. Cal. Apr. 27, 2023) ..............................................7-8

*In re MacBook Keyboard Litig.*,
    2019 WL 6465285 (N.D. Cal. Dec. 2, 2019) ..................................................9

*Miron v. Herbalife Int'l*,
    11 F. App'x 927 (9th Cir. 2001)......................................................................6

*OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*,
    68 Cal. Rptr. 3d 828 (Cal. Ct. App. 2007) .....................................................4

*Overton v. Bird Brain*,
    2012 WL 909295 (C.D. Cal. Mar. 15, 2012) ..................................................9

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013).......................................................................10

*In re Syntex Corp. Sec. Litig.*,
    855 F. Supp. 1086 (N.D. Cal. 1994)...............................................................7

*Tosh-Surryhne v. Abbott Lab'ys*,
    2011 WL 4500880 (E.D. Cal. Sep. 27, 2011) .................................................9

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-iii-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1

**TABLE OF AUTHORITIES**
**continued**

2

**Page(s)**

3

*Tsai v. Wang,*
4
    2017 WL 2587929 (N.D. Cal. June 14, 2017) ........................................................ 6

5

*UMG Recordings v. Glob. Eagle Ent.,*
6
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) ........................................................ 4, 6, 7

7

*Vavak v. Abbott Lab'ys,*
    2011 WL 10550065 (C.D. Cal. June 17, 2011) ...................................................... 9
8

9

*Vieira v. Mentor Worldwide,*
    392 F. Supp. 3d 1117 (C.D. Cal. 2019), *aff'd*, 845 F. App'x 503
10
    (9th Cir. 2021) ...................................................... 10

11

*Wasco Prods. v. Southwall Techs.,*
12
    435 F.3d 989 (9th Cir. 2006) ...................................................... 5

13

**Other Authorities**

14

Fed. R. Civ. P.
15
    9(b) ...................................................... 3, 5
    12(b)(6) ...................................................... 3
16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-iv-

**MEM. OF POINTS & AUTHORITIES ISO**
**DEFENDANTS' MTD SECOND AM. COMPL.**
**8:25-CV-161-FWS-DFM**

## I.    INTRODUCTION

This Court already explained why Plaintiff's claims fail. The Second Amended Complaint ("SAC") changes nothing—if anything, it is weaker than the last.

Like its predecessor, the SAC alleges no facts showing that Defendants did not intend to perform when they made promises about the Metacard program. That defect remains fatal. Plaintiff's sole attempt to cure it—alleging that Defendants transferred proceeds from the cryptocurrency wallet used for the initial sales—is meaningless. Moving funds to operate the program, pay expenses, and fund benefits Plaintiff admits were delivered is how businesses function, not evidence that any promise was fraudulent. Indeed, had Defendants done the opposite and left the funds untouched, Plaintiff would no doubt be arguing *that* as evidence of fraud instead.

Worse still, the SAC now admits that Plaintiff saw Defendants' refund offer and declined it—the same offer the Court previously said did not moot the case because Plaintiff had sworn he never saw it. That reversal is dispositive. Having declined a full refund plus interest months before filing suit, Plaintiff's claims are moot.

After three attempts, Plaintiff still cannot allege fraud, negligence, or any other actionable wrong. The SAC confirms this case has reached its end and should be dismissed with prejudice.

## II.    BACKGROUND[1]

As the Court is familiar with the facts from the previous motion to dismiss, Defendants limit this Background to the essentials.

On January 19, 2022, Defendants sold 10,000 Metacard NFTs. ¶ 53. The day before the sale, Defendants promoted the Metacard program by describing perks such as access to future projects, merchandise, and exclusive events. ¶¶ 33-46. Plaintiff

---

[1] "¶" refers to paragraphs of the SAC. Capitalized terms not defined herein have the same meaning as in the SAC. Unless otherwise noted, all emphasis is added, and all internal citations, quotation marks, and alterations are omitted. Defendants accept Plaintiff's well-pleaded allegations as true solely for purposes of this motion.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-1-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD FIRST AM. COMPL.
8:25-CV-161-FWS-DFM

alleges that he relied on certain of these statements in purchasing a Metacard on January 19, 2022. ¶¶ 131-32.

"Immediately after the initial sale," Defendants began transferring the proceeds and using them to develop the Metacard program and deliver perks. ¶¶ 56, 65, 68, 73, 75. Plaintiff admits that Defendants provided a range of perks, including exclusive access to events, substantial discounts on branded products, access to private forums, raffles, and other promotional giveaways. ¶¶ 65, 68, 73, 75.

In the weeks following the sale, Defendants made aspirational statements about what they hoped the Metacard community could become. ¶¶ 57, 64, 67, 70, 72, 76-78. Plaintiff now alleges that he bought a second Metacard on March 31, 2022 (which he somehow failed to mention in his first two complaints). ¶ 134. Yet he never specifies which statement(s) he relied on in making that purchase, alleging only that he "consumed multiple of Defendant's post-release statements regarding the Metacard project between January and March 2022." ¶ 133.

In April 2024, Defendants offered every Metacard holder the option either to participate in a new product initiative or to receive a full refund of their purchase price plus interest through a Token Rescission Agreement (the "Agreement"). *See* ¶¶ 109-112; Declaration of Rona S. Li ("Li Decl."), Exs. 1-3. Plaintiff—who previously swore he never saw the refund offer—now admits that he did and "declined" to accept it. ¶ 137.

Plaintiff filed this action on January 29, 2025 and the First Amended Complaint ("FAC") on May 21, 2025. Dkt. Nos. 1, 57. Defendants moved to dismiss, and on July 10, 2025, the Court granted the motion. Dkt Nos. 68, 74. The Court held that Plaintiff failed to allege scienter or negligence because he pleaded no facts showing that Defendants lacked intent to perform their promises when they were made. Dkt. No. 74 ("MTD Order") at 9-10. The Court also dismissed the CLRA claim for failure to show that legal remedies were inadequate, or that injunctive relief was necessary to prevent actual or imminent harm. *Id.* at 12-13. And it dismissed the civil

Cooley LLP
Attorneys at Law
Los Angeles (Downtown)

-2-

Mem. of Points & Authorities ISO
Defendants' MTD Second Am. Compl.
8:25-cv-161-FWS-DFM

1   conspiracy claim for lack of an underlying tort and for failure to plead any conspiracy

2   with particularity. *Id.* at 13-14.[2] The Court declined, however, to dismiss on the basis

3   of Defendants' refund offer, noting that Plaintiff alleged he never saw the offer and

4   thus could not have declined it. *Id.* at 6-7.

5          The SAC adds nothing to cure these defects. It repackages the same allegations

6   the Court already rejected and tacks on two new ones—a second Metacard purchase

7   and routine transfers of funds between Defendants' accounts—that do not plausibly

8   suggest fraud, negligence, or any other actionable wrongdoing. Worse yet, the SAC

9   now admits that Plaintiff saw the refund offer and chose to decline it, ¶ 137, mooting

10  his claims.

## III.   LEGAL STANDARDS

12          To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege

13  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

14  *Twombly*, 550 U.S. 544, 570 (2007). It must contain "factual content that allows the

15  court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not accept

17  "allegations that are merely conclusory, unwarranted deductions of fact, or

18  unreasonable inferences." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1008 (9th

19  Cir. 2018).

20          Because Plaintiff's claims sound in fraud, they must also satisfy Rule 9(b),

21  which requires pleading "the circumstances constituting fraud" with particularity.

22  Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

23  2009). Generalized or collective allegations that "lump multiple defendants together"

24  do not suffice. *Golden W. Wings LLC v. ShiftPixy*, 2023 WL 6787815, at *3 (C.D.

25  Cal. Sep. 11, 2023) (Slaughter, J.).

26

27

28

---

[2] The Court also dismissed Plaintiff's fiduciary duty claim. Order at 11-12. The SAC does not reassert it.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-3-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1  **Fraud.** Fraud claims require: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Coast Surgery Ctr. v. United Healthcare Ins.*, 2024 WL 650174, at *8 (C.D. Cal. Jan. 5, 2024) (Slaughter, J.). Where, as here, the theory is promissory fraud, the complaint must allege "why the promise was false when made," which "requires pleading facts from which it can be inferred that the promisor had no intention of performing at the time the promise was made." *UMG Recordings v. Glob. Eagle Ent.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015) ("Mere nonperformance of a promise does not suffice to show the falsity of the promise."). Reliance requires allegations that the plaintiff "actually relied on the defendant's misrepresentations," and that he was "reasonable in doing so." *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 68 Cal. Rptr. 3d 828, 855 (Cal. Ct. App. 2007).

**California Consumers Legal Remedies Act.** CLRA claims require (1) a misrepresentation, (2) the defendant's knowledge of it, (3) the plaintiff's reliance, and (4) resulting damages. *See Bergeron v. Monex Deposit Co.*, 2020 WL 3655495, at *3 (C.D. Cal. Apr. 29, 2020); *Coleman-Anacleto v. Samsung Elecs. Am.*, 2017 WL 86033, at *7 (N.D. Cal. Jan. 10, 2017) ("A plaintiff must sufficiently allege a defendant's knowledge at the time of sale in order to state a CLRA claim under an affirmative misrepresentation theory just as a plaintiff must do so in order to state a CLRA claim under a fraudulent omission theory.").

**Civil Conspiracy.** Civil conspiracy claims require "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA*, 2023 WL 4155366, at *11 (C.D. Cal. May 26, 2023) (Slaughter, J.). "[A] civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." *Liberty City Movie v. U.S. Bank, N.A.*, 824 F. App'x 505, 508 (9th Cir. 2020). A civil conspiracy claim

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-4-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1    must be pleaded with particularity under Rule 9(b)'s heightened pleading standard

2    where the claim sounds in fraud. *Wasco Prods. v. Southwall Techs.*, 435 F.3d 989,

3    990–91 (9th Cir. 2006).

4    **IV.    ARGUMENT**

5         Plaintiff's claims all rest on the same premise: that when Defendants made

6    promises about the Metacard program, they lacked any intent to perform them. But

7    like the FAC, the SAC alleges no facts supporting that inference. That failure alone

8    defeats every claim. The SAC also fails to plead falsity or reliance as to any statement

9    made between Plaintiff's first and second Metacard purchases—statements he

10   challenges for the first time here. Because Plaintiff now admits he saw Defendants'

11   refund offer and declined it, his claims are moot. And the CLRA and civil-conspiracy

12   claims fail for the same reasons the Court dismissed them before.

13        **A.    The SAC Still Fails To Allege Scienter Or Negligence As To Any**
14            **Challenged Statement**

15        The Court already held that the FAC failed to allege scienter or negligence

16   because it failed to "allege that Defendants did not intend to perform at the time the

17   promises were made." MTD Order at 10. It also observed that "allegations that

18   Defendants provided some benefits and planned to provide further benefits

19   demonstrate Defendants did intend to perform on their promises." *Id.* Nothing in the

20   SAC changes that conclusion. It largely repleads the same allegations—and repeats

21   the same admissions.

22        The SAC's only new allegation addressed to scienter—that Defendants

23   transferred proceeds out of the cryptocurrency wallet used for the initial sales,

24   ¶¶ 158-162—adds nothing. Movement of funds is exactly what one would expect if

25   Defendants were using them to fund operations and deliver the benefits Plaintiff

26   concedes they did. Had the funds remained untouched, Plaintiff would no doubt call

27   *that* evidence of fraud. Such a heads-I-win-tails-you-lose approach to pleading

28   cannot state a fraud claim. The SAC does not offer a single factual allegation that the

Cooley LLP
Attorneys at Law
Los Angeles (Downtown)

-5-

Mem. of Points & Authorities ISO
Defendants' MTD Second Am. Compl.
8:25-cv-161-FWS-DFM

transfers were for purposes unrelated to the Metacard program—much less that Defendants intended such misuse when any promise was made.

The SAC also notes that the Metacard purchase contracts included a royalty provision for secondary sales, ¶¶ 7, 9, 11, but does not explain why that matters. To the extent the allegation is intended to show a profit motive, it adds nothing— the FAC already alleged as much by pointing to the sale proceeds themselves. As the MTD Order explained, that cannot overcome Plaintiff's failure to allege that Defendants did not intend to honor their promises when made. MTD Order at 10.

In sum, Plaintiff asks the Court to infer fraudulent intent from the ordinary operation of a business. It should decline. The Court should dismiss on the same basis as before: "Plaintiff fails to sufficiently allege Defendants intended to defraud Plaintiff at the time the promises were made." MTD Order at 10; *see also Miron v. Herbalife Int'l*, 11 F. App'x 927, 930 (9th Cir. 2001) ("[T]o state a viable claim for misrepresentation, a plaintiff must show that the defendant did not intend to perform the promises at the time they were made"); *UMG Recordings*, 117 F. Supp. 3d at 1108 ("Mere nonperformance of a promise does not suffice to show the falsity of the promise."); *Tsai v. Wang*, 2017 WL 2587929, at *6 (N.D. Cal. June 14, 2017) ("[T]he allegations in the complaint fail to give rise to a plausible inference that Defendant did not intend to honor his promises to deliver wines to Plaintiff at the time he made them.").

### B.    The SAC Fails To Allege Falsity Or Reliance As To Any Statement Made Between His First And Second Metacard Purchases

As the Court already ruled on falsity and reliance as to the pre-sale statements, Defendants do not revisit the issues here. But the SAC appears to challenge a new tranche of statements—those made after Plaintiff's January 19, 2022 purchase but before his March 31, 2022 purchase.[3] Plaintiff does not adequately allege falsity or

---

[3] Defendants do not address the statements made after Plaintiff's second purchase on March 31, 2022, as they could not have induced either purchase. *See* ¶¶ 70, 72, 76-78, 106, 108-112, 114-115.

Cooley LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-6-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1 reliance as to these newly challenged statements.

2     *First*, Plaintiff does not adequately allege that any of these statements were

3 false. The SAC quotes remarks such as "I *think* the NFT shit is so cool," "I *want*

4 something that will go up in value," and "our *goal* is not to make this a fan club."

5 ¶¶ 57, 70, 94. But the SAC nowhere alleges that Defendants did not think, want, or

6 intend those things. Such statements are quintessential opinions and aspirations—

7 subjective expressions of hope or enthusiasm, not falsifiable assertions of fact. *See,*

8 *e.g.*, *In re Am. Apparel S'holder Litig.*, 855 F. Supp. 2d 1043, 1072 (C.D. Cal. 2012)

9 (words such as "pursuing," "looking to build," "going to be," and "committed to" are

10 goals, not facts); *In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1095 (N.D. Cal.

11 1994) (statements that "we're doing well and I think we have a great future" were

12 inactionable puffery). To the extent Plaintiff challenges statements of future intent—

13 such as plans to open a sports bar—they are not actionable as fraud. *See Indigo Grp.*

14 *USA v. Polo Ralph Lauren Corp.*, 2011 WL 13128301, at *3 (C.D. Cal. Oct. 25,

15 2011) (predictions as to future events are opinions, not actionable fraud). And that an

16 idea did not ultimately materialize "does not suffice to show the falsity of the

17 promise." *UMG Recordings*, 117 F. Supp. 3d at 1108.

18     *Second*, Plaintiff does not adequately allege reliance on any of these

19 statements. The Court found the FAC adequately alleged reliance on the pre-sale

20 statements (*i.e.*, January 18, 2022 statements) because it specifically "allege[d] a list

21 of representations that Plaintiff relied on." MTD Order at 10. Here, by contrast, the

22 SAC says only that Plaintiff "consumed multiple of Defendant's post-release

23 statements regarding the Metacard project between January and March 2022." ¶ 133.

24 That is wholly insufficient. *See Kearns*, 567 F.3d at 1126–27 (affirming dismissal

25 where plaintiff "failed to specify which sales material he relied upon in making his

26 decision to buy a CPO vehicle"); *Hernandez v. Nissan N. Am.*, 2023 WL 3806377, at

27 *4 (C.D. Cal. Mar. 29, 2023) (dismissing where complaint "fails to identify when

28 Plaintiffs viewed the marketing materials"); *Lolicel (Pty) Ltd. v. Stanmar Int'l [USA]*,

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-7-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

2023 WL 3134599, at *8 (S.D. Cal. Apr. 27, 2023) (dismissing where "Plaintiff has
not particularly identified which misrepresentations upon which it was justified in
relying on").

### C. The CLRA And Civil Conspiracy Claims Still Fail For The Same Reasons As Before

The Court previously dismissed Plaintiff's request for equitable relief under
the CLRA for the independent reason that he failed to show that legal remedies were
inadequate or that injunctive relief was needed to prevent future harm. MTD Order
at 12-13. The SAC does not even attempt to cure those defects. It adds no allegations
suggesting a continuing injury, imminent threat, or lack of adequate legal remedies.
The Court should therefore dismiss again.

The civil conspiracy claim fares no better. The Court dismissed it for lack of
an underlying tort and failure to plead a conspiracy with particularity. MTD Order at
13-14. The SAC adds only one new allegation: that Defendants transferred funds
from the cryptocurrency wallet used for the initial sales. ¶ 189. But that allegation is
not only conclusory and innocuous, *Supra* Part 5-6, it is "insufficient to allege, with
particularity, when or where the conspiracy was formed or how it was carried out by
specific Defendants." MTD Order at 14; *see ARF Dashnaktsutyun*, 2023 WL
4155366, at *11–12 (dismissing conspiracy claim where plaintiff failed to allege
when, where, or by whom the conspiracy was formed).

### D. Plaintiff's Claims Are Barred Because He Now Admits He Knowingly Declined Defendants' Refund Offer

The Court previously declined to dismiss based on Defendants' refund offer,
reasoning that Plaintiff alleged he never saw it and therefore could not have accepted
it. MTD Order at 6. That premise is now gone. The SAC admits that Plaintiff did see
the offer—and that he consciously declined to take it.[4] ¶ 137.

---

[4] Plaintiff's verified discovery responses confirm that he saw the refund offer within
24 hours of its announcement. *See* Li Decl., Ex. 4.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-8-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1    That admission is dispositive. Defendants offered every Metacard holder a full

2    refund of their purchase price plus interest in April 2024—months before this suit

3    was filed.[5] *See* ¶¶ 109-112, 118; Li Decl., Exs. 1-3. Courts in this Circuit consistently

4    hold that a plaintiff who refuses a *pre*-litigation refund lacks Article III standing

5    because he "would have been fully compensated by the refund offer." *Harris v. PFI*

6    *W. Stores*, 2020 WL 3965022, at *3 (C.D. Cal. Apr. 9, 2020); *see, e.g.*, *Bui v. Zuru*

7    *LLC*, 2024 WL 5680719, at *5 (C.D. Cal. Aug. 8, 2024) (collecting cases); *Vavak v.*

8    *Abbott Lab'ys*, 2011 WL 10550065, at *3 (C.D. Cal. June 17, 2011); *Tosh-Surryhne*

9    *v. Abbott Lab'ys*, 2011 WL 4500880, at *3 (E.D. Cal. Sep. 27, 2011); *see also In re*

10   *Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 689 F. Supp. 3d

11   760, 776–77 (C.D. Cal. 2023) (plaintiff could not seek damages under the CLRA

12   after declining refund).[6] That admission also renders irrelevant Plaintiff's quibble

13   over how the offer was disseminated; he saw and declined it, so it makes no

14   difference to his claims how or where Defendants announced it.

15       Because Plaintiff now admits he saw and rejected that refund, his claims are

16   moot and should be dismissed.

17       **E.    The SAC Should Be Dismissed With Prejudice This Time**

18       This is Plaintiff's third attempt to state a claim, and he still cannot do so.

19   Despite the Court's order explaining the defects in the FAC, the SAC largely repeats

20   the same allegations. If anything, it got worse: it now admits that Plaintiff's prior

21

22

23   [5] In opposing Defendants' previous motion to dismiss, Plaintiff pointed to the FAC's
     (false) allegation that the refund offer did not include interest. *See* FAC ¶ 102. The
24   SAC rightly abandons that contention.

25   [6] Some cases have reached a different result where the refund offer was made only
     *after* litigation had commenced, *see Fischer v. Comfrt LLC*, 2025 WL 1827769, at
26   *7 (C.D. Cal. June 30, 2025), or where it was partial or limited to certain purchasers,
     *see In re MacBook Keyboard Litig.*, 2019 WL 6465285, at *8 (N.D. Cal. Dec. 2,
27   2019); *Overton v. Bird Brain*, 2012 WL 909295, at *4 (C.D. Cal. Mar. 15, 2012).
28   None of those circumstances apply here.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-9-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

1  claim that he never saw the refund offer was untrue.[7] Leave to amend would "not

2  serve any purpose," so dismissal should be with prejudice. *Chinatown Neighborhood*

3  *Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015); *see, e.g.*, *Evanston Ins. v.*

4  *Frederick*, 2024 WL 5261203, at *5 (C.D. Cal. Nov. 19, 2024) (Slaughter, J.)

5  (denying leave to amend because "nothing in the record suggests that [the pleading

6  party] could allege any new facts that would suffice to plausibly state a claim");

7  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of

8  leave to amend where "Plaintiffs have had ample opportunity to properly plead a case

9  and have failed to do so"); *Vieira v. Mentor Worldwide*, 392 F. Supp. 3d 1117, 1132–

10  33 (C.D. Cal. 2019) ("The Court denies leave to amend because Plaintiffs have not

11  explained how further amendment could cure the pleading deficiencies in their

12  Complaint. As Plaintiffs have had two opportunities to properly plead their claims,

13  the Court concludes that granting further leave to amend would be futile."), *aff'd*,

14  845 F. App'x 503 (9th Cir. 2021).

15  **V.  CONCLUSION**

16      For the foregoing reasons, the SAC should be dismissed with prejudice.

---

[7] Between this reversal and the omission of Plaintiff's second Metacard purchase from his first two complaints, one wonders whether Plaintiff is really the one steering this putative class action.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-10-

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

Dated: October 21, 2025

Respectfully submitted,

COOLEY LLP

*/s/ William K. Pao*
WILLIAM K. PAO (252637)
(wpao@cooley.com)
ARIANA BUSTOS (345918)
(abustos@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone:   (213) 561-3250
Facsimile:    (213) 561-3244

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
RONA S. LI (*pro hac vice*)
(rproper@cooley.com)
KATHERINE BECHTEL (*pro hac vice*)
(kbechtel@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

LUKE C. CADIGAN (*pro hac vice*)
(lcadigan@cooley.com)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-11-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *L.R. 11-6.2 CERTIFICATE OF COMPLIANCE*

The undersigned, counsel of record for Defendants certifies that this brief contains 3,301 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 21, 2025                COOLEY LLP

 */s/ William K. Pao*
WILLIAM K. PAO (252637)
(wpao@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone:   (213) 561-3250
Facsimile:   (213) 561-3244

*Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

MEM. OF POINTS & AUTHORITIES ISO
DEFENDANTS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM