COOLEY LLP
WILLIAM K. PAO (252637)
(wpao@cooley.com)
ARIANA BUSTOS (345918)
(abustos@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
RONA S. LI (*pro hac vice*)
(rproper@cooley.com)
KATHERINE BECHTEL (*pro hac vice*)
(kbechtel@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

LUKE C. CADIGAN (*pro hac vice*)
(lcadigan@cooley.com)
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

*Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| TRENTON SMITH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN SHAHIDI, NELK, INC., METACARD, LLC, NELK USA, INC., and KYLE FORGEARD<br><br>Defendants. | Case No. 8:25-cv-161-FWS-DFM<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>Courtroom: 10D<br>Judge: Hon. Fred W. Slaughter<br>Date: November 20, 2025<br>Time: 10:00 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1
II. ARGUMENT ...................................................................................................... 1
    A. The Opposition Concedes That Only Statements Made Before January 19, 2022 Are Legally Relevant .................................................. 1
    B. The SAC Fails To Allege That Any Defendant Acted With Scienter ................................................................................................... 2
    C. Plaintiff's CLRA And Civil Conspiracy Claims Fail .......................... 4
    D. Plaintiff's Claims Relating To His First Purchase Are Barred Because He Knowingly Declined Defendants' Refund Offer .............. 5
    E. The SAC Should Be Dismissed With Prejudice .................................. 5
III. CONCLUSION ................................................................................................... 6

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

- i -

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA*,
2023 WL 4155366 (C.D. Cal. May 26, 2023) .................................................. 4-5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 6

*In re Barrack*,
217 B.R. 598 (B.A.P. 9th Cir. 1998) ................................................................... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 6

*Canard v. Bricker*,
2015 WL 1967943 (N.D. Cal. Apr. 30, 2015) ..................................................... 4

*Citizens for Free Speech v. Cnty. of Alameda*,
338 F. Supp. 3d 995 (N.D. Cal. 2018), *aff'd*, 953 F.3d 655
(9th Cir. 2020) ............................................................................................... 1-2, 5

*Eisen v. Porsche Cars N. Am.*,
2012 WL 841019 (C.D. Cal. Feb. 22, 2012) ....................................................... 4

*Evanston Ins. Co. v. Frederick*,
2024 WL 5261203 (C.D. Cal. Nov. 19, 2024) (Slaughter, J.) ............................. 6

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................................................. 1

*Kidron v. Movie Acquisition Corp.*,
40 Cal. App. 4th 1571 (1995) .............................................................................. 5

*Lacey v. State Farm Gen. Ins. Co.*,
2025 WL 1363069 (C.D. Cal. May 5, 2025) ....................................................... 3

*Master Replicas v. Levitation Arts*,
2008 WL 11340280 (C.D. Cal. Sep. 4, 2008) ................................................... 3-4

*McVicar v. Goodman Glob. Inc.*,
2014 WL 12573992 (C.D. Cal. Nov. 13, 2014) ................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

- ii -

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

## TABLE OF AUTHORITIES
continued

Page(s)

*Miller v. Ford Motor Co.*,
   620 F. Supp. 3d 1045 (E.D. Cal. 2022) .................................................................. 2, 4

*Miron v. Herbalife Int'l*,
   11 F. App'x 927 (9th Cir. 2001) .............................................................................. 4

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) ................................................................................... 6

*Petersen v. Allstate Indemnity Co.*,
   281 F.R.D. 413 (C.D. Cal. 2012) ............................................................................ 3

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ................................................................................. 5

*Tenzer v. Superscope, Inc.*,
   39 Cal. 3d 18 (1985) ............................................................................................... 3

*Tsai v. Wang*,
   2017 WL 2587929 (N.D. Cal. June 14, 2017) ....................................................... 4

*UMG Recordings v. Glob. Eagle Ent.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) .................................................................. 2

*Vieira v. Mentor Worldwide*,
   392 F. Supp. 3d 1117 (C.D. Cal. 2019), *aff'd*, 845 F. App'x 503
   (9th Cir. 2021) ..................................................................................................... 5-6

*Whitaker v. Tesla Motors*,
   985 F.3d 1173 (9th Cir. 2021) ................................................................................. 6

**Other Authorities**

Local Rule 15-1 ............................................................................................................ 6

Judge Slaughter Civil Standing Order, Section IX.b .................................................... 6

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-iii-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

## I. INTRODUCTION

The SAC changes nothing that matters. This Court already held that Plaintiff failed to allege "that Defendants did not intend to perform at the time the promises were made," and that his own allegations "demonstrate Defendants *did* intend to perform on their promises." MTD Order at 10. The SAC's only new allegations—fund transfers and a routine royalty clause—describe ordinary business operations, not deceit. Plaintiff still fails to plead scienter and, therefore, still fails to state a claim. The Opposition also confirms that Plaintiff has failed to plead falsity or reliance as to any post-January 19, 2022 statement, and that his claims based on his first Metacard purchase are moot. The Court should dismiss again; this time with prejudice.

## II. ARGUMENT

### A. The Opposition Concedes That Only Statements Made Before January 19, 2022 Are Legally Relevant

As Defendants' MTD explained, the SAC alleges no falsity or reliance as to any statement made after Plaintiff's January 19, 2022 purchase and before his March 31, 2022 purchase. MTD at 6-8.[1] The Opposition confirms the point. It identifies no post-January 19 statement on which Plaintiff relied; instead, it repeats that Plaintiff relied on the same pre-sale statements for both purchases. Opp'n at 10-11.[2] That is a concession that no statement between those dates could have induced either purchase. *See Citizens for Free Speech v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D.

---

[1] "¶" refers to paragraphs of the Second Amended Complaint ("SAC"). Dkt. 80. "MTD" refers to Defendants' Motion to Dismiss. Dkt. No. 89-1. "Opp'n" refers to Plaintiff's Opposition to Defendants' Motion to Dismiss. Dkt. No. 92. Unless otherwise noted, all emphasis is added, and all internal citations, quotation marks, and alterations are omitted.

[2] Indeed, the Opposition highlights that the SAC's sole allegation about reliance on statements made after January 19, 2022 is the vague claim that Plaintiff made his second purchase after "relying on the misrepresentation by Defendants." ¶ 134. This is plainly insufficient to allege reliance. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009) (affirming dismissal where plaintiff "failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle").

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

1

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

Cal. 2018) ("By failing to respond to the [defendant's] contention [in the motion to dismiss], Plaintiffs have effectively conceded its validity."), *aff'd*, 953 F.3d 655 (9th Cir. 2020); *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1066 (E.D. Cal. 2022) ("Plaintiffs' failure to respond to Defendant's arguments is a concession of those arguments.").

Nor does the Opposition identify any intervening statement that was false when made. Its passing mention of a supposed "sports bar" comment, Opp'n at 11, is neither a developed argument nor a viable misrepresentation theory. More to the point, the SAC does not allege that Plaintiff ever heard or relied on that statement. And besides, "[m]ere nonperformance of a promise does not suffice to show the falsity of the promise." *UMG Recordings v. Glob. Eagle Ent.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015).

Because the SAC alleges neither falsity nor reliance for any statement made between Plaintiff's two purchases, only the pre-sale statements preceding January 19, 2022 remain in play—and, as shown below, those fail for the same reasons this Court dismissed last time.

**B.     The SAC Fails To Allege That Any Defendant Acted With Scienter**

The Court already held that Plaintiff failed to allege "that Defendants did not intend to perform at the time the promises were made"—and, to the contrary, that his allegations of delivered benefits "demonstrate Defendants *did* intend to perform on their promises." MTD Order at 10. Nothing in the SAC changes that. Its only additions—fund transfers and a routine royalty clause—offer no contemporaneous facts suggesting any Defendant did not intend to perform when making a pre-sale statement.

Plaintiff alleges that, in the months following the Metacard launch, Defendants transferred proceeds from the wallet that initially received sales to other "wallets controlled by Defendants." ¶ 93. That does not suggest Defendants never intended to

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-2-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

perform; it reflects ordinary business operations.³ The SAC contains no factual allegation—not one—that funds were used for purposes unrelated to the Metacard program. To the contrary, the SAC alleges that the same Defendants who controlled the relevant wallets (*e.g.*, NELK, Inc., NELK USA, Inc.) were responsible for operations, funding events, and providing benefits to holders. ¶¶ 65, 68, 73, 75. Transfers between wallets controlled by those same parties are consistent with running the business, not evading it. And Plaintiff's own allegations of delivered benefits, as this Court already recognized, "demonstrate Defendants *did* intend to perform on their promises." MTD Order at 10.

Plaintiff's second "new" allegation fares no better. He points to a resale royalty in the Metacard smart contract and calls it evidence of fraudulent intent. ¶ 9. But royalties are a routine feature of countless contracts (not just NFTs) and have no logical link to any intent not to perform. If anything, a mechanism to generate continuing revenue supports the opposite inference: that Defendants expected the program to persist and sought to fund it sustainably.⁴

---

³ The Opposition purports to quote Defendants as asserting that "these transfers merely reflect the 'conversion of cryptocurrency to cash to operate the business.'" Opp'n at 1. While converting cryptocurrency to USD was indeed one purpose of the transfers (along with standard security measures, as cryptocurrency wallets are vulnerable to hacking), that quoted language *appears nowhere* in Defendants' MTD or in any other document provided to Plaintiff. After prominently featuring a fictitious quote in their Introduction, one is left to question how much of Plaintiff's counsel's filings are AI-generated and unverified. *Cf. Lacey v. State Farm Gen. Ins. Co.*, 2025 WL 1363069, at *3 (C.D. Cal. May 5, 2025) (attorneys acted in bad faith by filing an AI-generated brief "without any attempt to verify the accuracy of that material").

⁴ *Petersen v. Allstate Indemnity Co.*, 281 F.R.D. 413 (C.D. Cal. 2012) is wholly inapposite. *Petersen* involved an insurer (already a distinguishable scenario) that refused to perform the moment performance became costly—conduct the court found sufficient to infer that the insurer never intended to perform under the policy. Here, by contrast, Plaintiff alleges that "Defendants provided some benefits and planned to provide further benefits." MTD Order at 10. The same flaw pervades Plaintiff's other cases, which likewise turned on complete nonperformance or contemporaneous repudiation—not ongoing delivery of promised benefits. *See Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18 (1985); *Master Replicas v. Levitation Arts*, 2008 WL 11340280

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-3-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

Accordingly, dismissal is again required because the SAC "does not sufficiently allege that Defendants did not intend to perform at the time the promises were made." MTD Order at 10; *see also Miron v. Herbalife Int'l*, 11 F. App'x 927, 930 (9th Cir. 2001) ("[T]o state a viable claim for misrepresentation, a plaintiff must show that the defendant did not intend to perform the promises at the time they were made."); *Tsai v. Wang*, 2017 WL 2587929, at *6 (N.D. Cal. June 14, 2017) ("[T]he allegations in the complaint fail to give rise to a plausible inference that Defendant did not intend to honor his promises to deliver wines to Plaintiff at the time he made them.").

### C. Plaintiff's CLRA And Civil Conspiracy Claims Fail

Plaintiff's CLRA claim adds nothing new. He repeats arguments the Court already rejected, and the same defect remains: The SAC "does not sufficiently allege that Defendants did not intend to perform at the time the promises were made." MTD Order at 9-10. The CLRA claim thus fails for the same reason as the fraud claim. *See Eisen v. Porsche Cars N. Am.*, 2012 WL 841019, *3 (C.D. Cal. Feb. 22, 2012) (dismissing fraud and CLRA claims that did not meet the heightened Rule 9(b) standard); *McVicar v. Goodman Glob. Inc.*, 2014 WL 12573992, at *10 (C.D. Cal. Nov. 13, 2014) (dismissing CLRA claim in part because plaintiff failed to sufficiently allege knowledge at the time of the alleged misrepresentations).[5]

Nor does the SAC salvage the civil conspiracy claim. The Opposition identifies no allegation showing when, where, or by whom any conspiracy was formed—only that Defendants "worked together." ¶ 51. That is not enough. *See ARF*

---

(C.D. Cal. Sep. 4, 2008); *Canard v. Bricker*, 2015 WL 1967943 (N.D. Cal. Apr. 30, 2015); *In re Barrack*, 217 B.R. 598 (B.A.P. 9th Cir. 1998).

[5] Plaintiff appears to have abandoned his request for injunctive relief under the CLRA. *See* Opp'n at 12. In the event he tries to revive it, it fails for the same reasons it did before. MTD Order at 12-13 (dismissing request for equitable relief under the CLRA because Plaintiff failed to allege that legal remedies are inadequate or that injunctive relief was required to prevent future harm); *see also Miller*, 620 F. Supp. 3d at 1066 ("Plaintiffs' failure to respond to Defendant's arguments is a concession of those arguments.").

Cooley LLP
Attorneys at Law
Los Angeles (Downtown)

-4-

Reply Mem. of Points & Authorities
ISO Defs' MTD Second Am. Compl.
8:25-cv-161-FWS-DFM

*Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA*, 2023 WL 4155366, at *11-12 (C.D. Cal. May 26, 2023) (dismissing conspiracy claim lacking specific formation facts). The only new allegation—that Defendants transferred proceeds from the initial sales wallet—describes business operations, not conspiracy. And the only case Plaintiff cites confirms that "conspiracies cannot be established by suspicions. There must be some evidence. Mere association does not make a conspiracy." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995). Because the SAC alleges no underlying fraud, the derivative conspiracy claim necessarily fails as a matter of law.

### D. Plaintiff's Claims Relating To His First Purchase Are Barred Because He Knowingly Declined Defendants' Refund Offer

Plaintiff does not meaningfully dispute that his claims arising from the *first* Metacard purchase are moot, given his admission that he knowingly declined a refund offer that would have made him whole. *See* Opp'n at 13-14. That silence is a concession. *See Citizens for Free Speech*, 338 F. Supp. 3d at 1005 ("By failing to respond to the [defendant's] contention [in the motion to dismiss], Plaintiffs have effectively conceded its validity."), *aff'd*, 953 F.3d 655 (9th Cir. 2020).

Instead, Plaintiff contends that the refund offer would not have made him whole on his *second* purchase. Opp'n at 14. Defendants recognize that raises a factual dispute, which the Court cannot resolve here. But Plaintiff still fails to state a claim on the second purchase for the reasons explained above.

### E. The SAC Should Be Dismissed With Prejudice

Plaintiff has now had three chances to plead these claims and still cannot do so. That alone warrants dismissal with prejudice. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so"); *Vieira v. Mentor Worldwide*, 392 F. Supp. 3d 1117, 1132–33 (C.D. Cal. 2019) ("The Court denies leave to amend because Plaintiffs have not explained how further amendment

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-5-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

could cure the pleading deficiencies in their Complaint. As Plaintiffs have had two opportunities to properly plead their claims, the Court concludes that granting further leave to amend would be futile."), *aff'd*, 845 F. App'x 503 (9th Cir. 2021).

Plaintiff offers no explanation of how a fourth attempt could cure these defects. His only suggestion—that he might "realize[]" facts through discovery, Opp'n at 14—gets the law backwards. "Discovery cannot cure a facially insufficient pleading," and "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Whitaker v. Tesla Motors*, 985 F.3d 1173, 1177 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy . . . Rule 8 *before* the discovery stage, not after it.") (emphasis in original).

Plaintiff also flouted this Court's procedural requirements for seeking leave to amend. He did not submit a proposed amended complaint under Local Rule 15-1, and did not explain the substance or effect of any proposed amendment under this Court's Civil Standing Order. *See* L.R. 15-1; Judge Slaughter Civil Standing Order, Section IX.b. Those failures confirm that dismissal this time should be with prejudice. *See Evanston Ins. Co. v. Frederick*, 2024 WL 5261203, at *5 (C.D. Cal. Nov. 19, 2024) (Slaughter, J.) (denying leave to amend because "nothing in the record suggests that [the pleading party] could allege any new facts that would suffice to plausibly state a claim").

## III. CONCLUSION

For these reasons and those in Defendants' Motion to Dismiss, the SAC should be dismissed with prejudice.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-6-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

| | | |
|---|---|---|
| 1 | Dated: November 6, 2025 | Respectfully submitted, |
| 2 | | COOLEY LLP |
| 3 | | */s/ William K. Pao* |
| 4 | | WILLIAM K. PAO (252637) (wpao@cooley.com) |
| 5 | | ARIANA BUSTOS (345918) (abustos@cooley.com) |
| 6 | | 355 S. Grand Avenue, Suite 900 Los Angeles, CA 90071-1560 |
| 7 | | Telephone:  (213) 561-3250 Facsimile:   (213) 561-3244 |
| 8 | | |
| 9 | | BRIAN M. FRENCH (*pro hac vice*) (bfrench@cooley.com) |
| 10 | | RONA S. LI (*pro hac vice*) (rproper@cooley.com) |
| 11 | | KATHERINE BECHTEL (*pro hac vice*) (kbechtel@cooley.com) |
| 12 | | 55 Hudson Yards New York, NY 10001-2157 |
| 13 | | Telephone: (212) 479-6000 Facsimile: (212) 479-6275 |
| 14 | | LUKE C. CADIGAN (*pro hac vice*) |
| 15 | | (lcadigan@cooley.com) 500 Boylston Street, 14th Floor |
| 16 | | Boston, MA 02116-3736 Telephone: (617) 937-2300 |
| 17 | | Facsimile: (617) 937-2400 |
| 18 | | *Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and* |
| 19 | | *Kyle Forgeard* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-7-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,106 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 6, 2025                    COOLEY LLP

/s/ William K. Pao
WILLIAM K. PAO (252637)
(wpao@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

*Attorneys for Defendants John Shahidi, Nelk, Inc., Metacard, LLC, Nelk USA, Inc., and Kyle Forgeard*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES (DOWNTOWN)

-8-

REPLY MEM. OF POINTS & AUTHORITIES
ISO DEFS' MTD SECOND AM. COMPL.
8:25-CV-161-FWS-DFM