1 | John P. Kristensen (SBN 224132)
2 | **KRISTENSEN LAW GROUP**
 | 120 Santa Barbara Street, Suite C9
3 | Santa Barbara, California 93101
 | Telephone: 805-837-2000
4 | john@kristensen.law
5 |
6 | Jarrett L. Ellzey* (Texas Bar No. 24040864)
 | Leigh S. Montgomery* (Texas Bar No. 24052214)
7 | Tommy Kherkher* (Texas Bar No. 24113389)
8 | **EKSM, LLP**
 | 4200 Montrose Blvd., Ste. 200
9 | Houston, Texas 77006
 | Phone: (888) 350-3931
10 |
11 | **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**
12 | (* denotes *pro hac vice*)

13 | ### THE UNITED STATES DISTRICT COURT
14 | ### CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

15 |

| | |
|---|---|
| TRENTON SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN SHAHIDI, an individual; NELK, INC. dba NELK, FULL SEND, a Canadian Company, METACARD, LLC, a Delaware Limited Liability Company; NELK USA, INC., a Delaware Corporation; KYLE FORGEARD, an individual,<br><br>    Defendants. | ) Case No. 8:25-cv-161-FWS-DFM<br>)<br>)<br>)<br>) **CLASS ACTION**<br>)<br>)<br>)<br>)<br>) **[PROPOSED] ORDER GRANTING**<br>) **PLAINTIFF'S MOTION FOR**<br>) **CLASS CERTIFICATION**<br>)<br>)<br>)<br>)<br>)<br>) Courtroom: 10D<br>) Judge: Hon. Fred W. Slaughter<br>) Hearing Date: January 8, 2026<br>) Time:  10:00 a.m. PST |

On _____, at _____ Plaintiff's Motion for Class Certification came on for hearing. The Court, having read and considered the parties' papers and their supporting documents, the arguments of counsel, and documents and records on file in the action before this Court, and good cause appearing therefore, issues an order as follows:

This case stems from Plaintiff's allegations that Defendants engaged in fraud and misrepresentation in relation to the sale of a certain non-fungible token ("NFT") known as the Full Send Metacard ("Metacard"). Plaintiff alleges that Defendants misled purchasers regarding the benefits of owning a Metacard. According to Plaintiff, after the original mint and sale of 10,000 Metacards, Defendants pocketed and used the funds raised form the sale for their own personal benefit, leaving purchasers "holding the bag." Defendants earned even more money on secondary market sales of the Metacard, which Plaintiffs allege Defendants also used for their own benefit. As a result, Plaintiff brings causes of action for fraud, violation of the California Legal Remedies Act and civil conspiracy.

Plaintiff requests certification of the following class:

**All persons who purchased a Metacard through the**
**date of class certification.**

Excluded from the Class are Defendant's officers and directors, and any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are Members of the judiciary to whom this case is assigned, their families and Members of their staff. Finally, excluded from the Class are any individuals who signed the "Token Rescission Agreement" with Defendant Metacard LLC.

Plaintiff's request for class certification is governed by Fed. R. Civ. P. 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 343, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011); *Rusoff v. Happy Grp., Inc.*, No. 21-CV-08084-AMO, 2024 WL 5339463, at *7 (N.D. Cal. Sept. 27, 2024). A class may be maintained where the four prerequisites of

1   Rule 23(a) have been met—numerosity, commonality, typicality, and adequacy—and

2   where the action classifies as one of the three types of actions identified in Rule 23(b).

3   *Id*. at 345, 349. The Court finds that those requirements have been met in this case.

4        **Numerosity:** Numerosity requires a showing that the class is so numerous that

5   joinder of all members individually would be impracticable. *Makaron v. Enagic USA,*

6   *Inc.*, 324 F.R.D. 228, 231 (C.D. Cal. 2018). The Court finds that numerosity is met in

7   this case. As Plaintiff's expert Jeremy Clark notes, the Metacard purchase required

8   unique digital address linked to a digital wallet, and Defendant put measures in place

9   to limit the number of Metacards that could be purchased. At the original sale, 10,000

10  Metacards were sold to 5,226 unique addresses, most of which purchased only a single

11  Metacard. This supports a finding that there are thousands of individual class members.

12  Therefore, numerosity is met in this case.

13       **Typicality:** Under Rule 23(a)(3) "the claims or defenses of the representative

14  parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. Proc.

15  23(a)(3). Typicality tests "whether other members have the same or similar injury,

16  whether the action is based on conduct which is not unique to the named plaintiffs, and

17  whether other class members have been injured by the same course of conduct." *Wolin*

18  *v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "Measures

19  of typicality include whether other members have the same or similar injury, whether

20  the action is based on conduct which is not unique to the named plaintiffs, and whether

21  other class members have been injured by the same course of conduct." *Ruiz Torres v.*

22  *Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (internal quotation marks

23  omitted). Typicality is met in this case. The uniformity of pre-sale messaging and its

24  immediacy to the sale, as well as the standard procedure used by all Metacard

25  purchasers, suggests that Plaintiff's claim is typical of the Class.

26       **Adequacy:** Rule 23(a)(4) provides that class representatives must "fairly and

27  adequately protect the interests of the class." *Jaguar Land Rover N. Am., LLC*, 617

28  F.3d at 1172. Plaintiff has affirmed that he has no conflict of interest with other Class

Members, is subject to no unique defenses, and is committed to pursuing claims on behalf of himself and the Class Members as he has done so far in this case. Likewise, Plaintiff's counsel have no conflict with the Class Members, have vigorously litigated this case thus far, as evidenced by the record, and are highly qualified and experienced in pursuing class claims.

**Predominance and Commonality:** Rule 23(a)(2) requires that there be "questions of law or fact common to the class." *Jaguar Land Rover N. Am., LLC*, 617 F.3d at 1172 (quoting Fed. R. Civ. P. 23(a)(2)). Predominance is related to commonality in that it asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues. *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1200 (9th Cir. 2024), *cert.* denied, 145 S. Ct. 2852 (2025). Determining whether common issues predominate requires some examination of the elements of the plaintiff's claims. *Id*.

Commonality and predominance are met in this case. Plaintiff's CLRA claim asks whether members of the public are likely to be deceived by a representation, and the test is an objective one—the "reasonable consumer" test. *Rusoff*, 2024 WL 5339463, at *11. Accordingly, the finder of fact need not examine Class Members' individual interactions with Metacard. *See Id*. at *13.

Plaintiff's fraud claim requires proof of the following elements: (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages. *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469, 169 Cal. Rptr. 3d 619, 625 (2014). "[R]eliance may be presumed if the defendant's misrepresentations or omissions were material." *Id*. "A misrepresentation is judged to be material if a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Id*. (internal quotation and editing marks omitted). Therefore, like the CLRA claim, the finder of fact need not examine Class Members' individual reliance on Defendants'

1  statements.

2      Thus, the common questions at issue in Plaintiff's common law fraud claims

3  will be similar to those at issue in Plaintiff's CLRA claim. One of those common

4  questions will whether Defendants' representations made in the podcast episode and

5  livestream were false or misleading. This is a common question—the answer will be

6  the same for every Class Member because it examines the statements made and

7  Defendants' universal intent. For example, this case will ask whether Defendants'

8  statement that they have a "team" and a "budget" was false or misleading, and the

9  answer to that question will depend on Defendants' words and actions and will be the

10 same for every Class Member. This is true for every statement made by Defendants in

11 their livestream and podcast episode. *See Yokoyama v. Midland Nat. Life Ins. Co.*, 594

12 F.3d 1087, 1093 (9th Cir. 2010) ("Plaintiffs' case will not require the fact-finder to

13 parse what oral representations each broker made to each plaintiff. Instead, the fact-

14 finder will focus on the standardized written materials given to all plaintiffs and

15 determine whether those materials are likely to mislead consumers acting reasonably

16 under the circumstances.").

17     Similarly, for both Plaintiff's common law fraud claim and CLRA claim, the

18 finder of fact will have to determine whether each of Defendants' statements in the

19 podcast episode and livestream was "material." This analysis is judged on an objective

20 standard and therefore will not vary from Class Member to Class Member. The finder

21 of fact will also examine what, if any, benefits of the Metacard were provided. There

22 are no individualized questions with respect to this issue as well because Defendants

23 intended that any benefits of the Metacard would be available to all Metacard holders.

24 Depo. Hill 187:22–188:21.

25     The falsity and materiality of Defendants' statements are key elements of

26 Plaintiff's fraud and CLRA claims. Going through each statement, Defendants' efforts

27 (or lack thereof) to deliver on those standards, and Defendants' knowledge of the

28 falsity of its statements are all substantial factors geared assessing the ultimate issues

1  in this case. The same is true for the question of whether those statements were
2  material.  These are questions that either depend on Defendants' own statement of
3  mind and actions or are judged on an objective standard, meaning the answers will not
4  vary from Class Member to Class Member. Therefore, these are "common,
5  aggregation-enabling, issues" that will be far more prevalent and important than any
6  "non-common, aggregation-defeating, individual issues" that Defendants might
7  identify. As such, common questions predominate in this case with respect to
8  Plaintiff's fraud and CLRA claims.

9       Plaintiff's civil conspiracy claim requires proof of three elements: "(1) the
10  formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the
11  conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie*
12  *Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581, 47 Cal. Rptr. 2d 752, 757 (1995).
13  Once again, the answers to these questions are primarily aimed at *Defendants'* actions,
14  meaning the answers will not vary from Class Member to Class Member. Accordingly,
15  questions surrounding Plaintiff's civil conspiracy claim are common to the Class
16  Members and predominate over individual questions.

17       **Superiority:** Superiority requires a consideration of (A) the class members'
18  interests in individually controlling the prosecution or defense of separate actions; (B)
19  the extent and nature of any litigation concerning the controversy already begun by or
20  against class members; (C) the desirability or undesirability of concentrating the
21  litigation in the particular forum; and (D) the likely difficulties in managing a class
22  action. ." *Jaguar Land Rover N. Am., LLC*, 617 F.3d at 1175.

23       Superiority is met in this case. Plaintiff has affirmed that he is aware of no other
24  Class Member who is interested in individually controlling the prosecution or defense
25  of an action separate from this case.  Because almost all of the relevant facts involve
26  virtual or digital platforms, including podcasts, livestreams, discord channels,
27  cryptocurrency, digital transfers and digital wallets, the location of the relevant event
28  is dispersed. However, California is the home state of Plaintiff and was the home state

or principal place of business of Defendants Shahidi, Forgeard, Nelk USA, Inc., and Metacard, LLC. at the time of the events at issue, making this forum preferable to all others. Further, there are no apparent difficulties in managing a class action that would be unusual or particular to this case. Accordingly, each factor is either neutral or weighs in favor of superiority and thus class certification.

**Certification:** Because the requirements of Rule 23 have been met in this case, the Court GRANTS Plaintiff's request for class certification and certifies the class as requested by Plaintiff. The parties are to confer regarding a notice plan and submit that plan to the Court no later than _____.

**IT IS SO ORDERED.**


Dated: _____, 2025


_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE